| | |
|---|---|
| BREE BERNWANGER - # 331731<br>bbernwanger@aclunc.org<br>MICHELLE (MINJU) Y. CHO - # 321939<br>mcho@aclunc.org<br>LAUREN DAVIS - # 357292<br>ldavis@aclunc.org<br>SHILPI AGARWAL - # 270749<br>sagarwal@aclunc.org<br>AMERICAN CIVIL LIBERTIES UNION<br>FOUNDATION OF NORTHERN<br>CALIFORNIA<br>39 Drumm Street<br>San Francisco, CA 94111<br>Telephone: (415) 621-2493<br><br>MAYRA JOACHIN - # 306065<br>mjoachin@aclusocal.org<br>EVA BITRAN - # 302081<br>ebitran@aclusocal.org<br>OLIVER MA - # 354266<br>oma@aclusocal.org<br>AMERICAN CIVIL LIBERTIES UNION<br>FOUNDATION OF SOUTHERN<br>CALIFORNIA<br>1313 West 8th Street<br>Los Angeles, CA 90017<br>Telephone: (213) 977-5000 | BRISA VELAZQUEZ OATIS - # 339132<br>bvoatis@aclu-sdic.org<br>AMERICAN CIVIL LIBERTIES UNION<br>FOUNDATION OF SAN DIEGO &<br>IMPERIAL COUNTIES<br>P.O. Box 87131<br>San Diego, CA 92138-7131<br>Telephone: (619) 398-4199<br><br>*Attorneys for Plaintiffs*<br><br>AJAY S. KRISHNAN - # 222476<br>akrishnan@keker.com<br>FRANCO MUZZIO - # 310618<br>fmuzzio@keker.com<br>ZAINAB O. RAMAHI - # 332139<br>zramahi@keker.com<br>JULIA GREENBERG - # 333864<br>jgreenberg@keker.com<br>Keker, Van Nest & Peters LLP<br>633 Battery Street<br>San Francisco, CA 94111-1809<br>Telephone:    415 391 5400<br>Facsimile:     415 397 7188<br><br>*Attorneys For Plaintiff Oscar Morales Cisneros* |

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

FRESNO DIVISION

| | |
|---|---|
| UNITED FARM WORKERS, et al.,<br><br>    Plaintiffs,<br><br>    v.<br><br>KRISTI NOEM, IN HER OFFICIAL CAPACITY AS SECRETARY OF THE DEPARTMENT OF HOMELAND SECURITY; et al.,<br><br>    Defendants. | Case No. 1:25-cv-00246-JLT-BAM<br><br>**[PROPOSED] ORDER GRANTING MOTION FOR PRELIMINARY INJUNCTION**<br><br>Date:        April 11, 2025<br>Time:       9:00 a.m.<br>Dept.:       Courtroom 4, 7th Floor<br>Judge:      Hon. Jennifer L. Thurston<br><br>Date Filed: February 26, 2025<br><br>Trial Date:  None set |

**[PROPOSED] ORDER**

Plaintiffs Motion for Preliminary Injunction came before this Court on April 11, 2025. Having considered Plaintiffs' Motion and supporting papers, Defendants' Opposition and supporting papers, and the arguments of counsel, the Court finds that Plaintiffs have demonstrated a strong likelihood of success on the merits; that, absent an injunction, they face immediate, irreparable injury from Defendants' actions: and that the balance of the equities and the public interest favor immediate injunctive relief.

Therefore, the Court hereby **GRANTS** the motion and orders the following:

- Border Patrol is enjoined from conducting detentive stops in this district unless there is reasonable suspicion that the person stopped is a noncitizen present within the United States in violation of U.S. immigration law, as required by the Fourth Amendment of the United States Constitution.

- Border Patrol is enjoined from effecting warrantless arrests in this district unless there is probable cause that the noncitizen being arrested is likely to escape before a warrant can be obtained, as required by 8 U.S.C. § 1357(a)(2).

- Any Border Patrol agent who conducts a detentive stop in this District must, as soon as practicable, document the facts and circumstances surrounding the stop in narrative form. This documentation shall include the specific, particularized facts that supported the agent's reasonable suspicion that: (i) for vehicle stops, the vehicle contained a noncitizen present within the United States in violation of U.S. immigration law; and (ii) for stops on foot, the person stopped was a noncitizen within the United States in violation of U.S. immigration law. The documentation shall also include the date and time that the agent completed it.

- Any Border Patrol agent who conducts a warrantless arrest in this District must comply with all requirements set forth in DHS's "Broadcast Statement of Policy" on compliance with 8 U.S.C. § 1357(a)(2), including but not limited to the requirement that as soon as practicable after an arrest, agents document in writing "the facts and circumstances surrounding the warrantless arrest" and the "specific, particularized

1

facts supporting the conclusion that the [individual] was likely to escape before a warrant could be obtained."

- Every 60 days until this litigation is terminated or the Court rules otherwise, Border Patrol shall release to Plaintiffs' counsel the above-described documentation describing Border Patrol's detentive stops and warrantless arrests within this District, or if requested by Plaintiffs' counsel concerning specific individual detentive stops or warrantless arrests, no later than seven days after the request.

- Within 60 days of this order, Defendants will submit to the Court and Plaintiffs' counsel a directive setting forth guidance to Border Patrol agents concerning how they should determine whether "reasonable suspicion" exists when conducting detentive stops, including vehicle stops, in this District. This guidance will include, among other things, that refusal to answer questions does not, without more, constitute a basis for reasonable suspicion to justify a detentive stop.

- Within 90 days of this order, Defendants will submit to the Court and Plaintiffs' counsel documentation showing that they have trained Border Patrol agents who have performed or will perform Border Patrol operations in this District on the requirements articulated in the bullets above.

**IT IS SO ORDERED.**

Dated: _____     _____
                           HON. JUDGE JENNIFER L. THURSTON