|  |  |
|---|---|
| UNITED FARM WORKERS, *et al.*, | Case No. 1:25-cv-00246-JLT-CDB |
| Plaintiffs, | ORDER GRANTING *EX PARTE* MOTION FOR EXTENSION OF TIME TO RESPOND TO PLAINTIFFS' MOTIONS FOR PRELIMINARY INJUNCTION AND PROVISIONAL CLASS CERTIFICATION |
| v. |  |
| KRISTI NOEM, *et al.*, |  |
| Defendants. | (Doc. 27) |

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

Plaintiffs United Farm Workers ("UFW"), Oscar Morales Cisneros, Wilder Munguia Esquivel, Yolanda Aguilera Martinez, Juan Vargas Mendez, and Maria Guadalupe Hernandez Espinoza (collectively, "Plaintiffs") initiated his action with the filing of a complaint against Defendants Kristi Noem in her official capacity as Secretary of the Department of Homeland Security, Pete R. Flores in his official capacity as Acting Commissioner of U.S. Border Patrol, Michael W. Banks in his official capacity as Chief of U.S. Border Patrol, and Gregory K. Bovino in his official capacity as Chief Patrol Agent for El Centro Sector of the U.S. Border Patrol (collectively, "Defendants") on February 26, 2025. (Doc. 1). On March 7, 2025, Plaintiffs filed motions for provisional class certification (Doc. 14) and for preliminary injunction (Doc. 15). Defendants' responses to the pending motions are currently due on March 21, 2025.

///

1

**Motion for 17-Day Extension of Time to File Responses to Plaintiffs' Motions**

Pending before the Court is Defendants' *ex parte* motion for an extension of time to respond to Plaintiffs' motions for preliminary injunction and provisional class certification, filed on March 14, 2025. (Doc. 27). Defendants represent that they require additional time to discuss with the agency the facts of this case and whether there are aspects of Plaintiffs' requested relief that may be resolved without further litigation. (*Id.* at 2). Defendants represent that on March 11, 2025, its counsel met and conferred with Plaintiffs via email pursuant to the Court's standing order (Doc. 10) to ascertain their position on the instant motion and that on March 13, 2025, Plaintiffs' counsel responded with a proposal to which Defendants could not agree at this time, which Defendants note as an opposition to the instant motion. (*Id.* ¶ 3). Defendants represent that good cause exists to grant the requested extension as Plaintiffs' complaint and motions, totaling hundreds of pages, raise numerous complex issues which require input and guidance from the Defendant agencies, and therefore more time is needed to respond. (*Id.* ¶ 4). Defendants represent Plaintiffs will not be prejudiced by the requested extension as the request is of a reasonable length of time, will conserve judicial resources, and may render some aspects of the litigation moot. (*Id.* ¶ 5). Defendants contend that "while Plaintiffs claim they are at risk of imminent, irreparable harm, neither their complaint nor their motion for preliminary injunction allege that CBP has conducted any operations in this district since January 2025[] . . . [a]nd, in any event, CBP is now aware of the allegations in this lawsuit and the potential for new allegations that may arise from any future operations. (*Id.* ¶ 6).

**Conclusion and Order**

Accordingly, good cause appearing, IT IS HEREBY ORDERED that Defendants shall have until **April 7, 2025**, to respond to Plaintiffs' motions for preliminary injunction and provisional class certification. *See* E.D. Cal. Local Rule 144(c). Any reply brief to any filed opposition to the motions shall be in accordance with Local Rule 230(d). *See* E.D. Cal. Local Rule 230(d).

IT IS SO ORDERED.

Dated: **March 17, 2025**

UNITED STATES MAGISTRATE JUDGE