BREE BERNWANGER - # 331731
bbernwanger@aclunc.org
MICHELLE (MINJU) Y. CHO - # 321939
mcho@aclunc.org
LAUREN DAVIS - # 357292
ldavis@aclunc.org
SHILPI AGARWAL - # 270749
sagarwal@aclunc.org
AMERICAN CIVIL LIBERTIES UNION
FOUNDATION OF NORTHERN
CALIFORNIA
39 Drumm Street
San Francisco, CA 94111
Telephone: (415) 621-2493

MAYRA JOACHIN - # 306065
mjoachin@aclusocal.org
EVA BITRAN - # 302081
ebitran@aclusocal.org
OLIVER MA - # 354266
oma@aclusocal.org
AMERICAN CIVIL LIBERTIES UNION
FOUNDATION OF SOUTHERN
CALIFORNIA
1313 West 8th Street
Los Angeles, CA 90017
Telephone: (213) 977-5000

BRISA VELAZQUEZ OATIS - # 339132
bvoatis@aclu-sdic.org
AMERICAN CIVIL LIBERTIES UNION
FOUNDATION OF SAN DIEGO &
IMPERIAL COUNTIES
P.O. Box 87131
San Diego, CA 92138-7131
Telephone: (619) 398-4199

*Attorneys for Plaintiffs*

AJAY S. KRISHNAN - # 222476
akrishnan@keker.com
FRANCO MUZZIO - # 310618
fmuzzio@keker.com
ZAINAB O. RAMAHI - # 332139
zramahi@keker.com
JULIA L. GREENBERG - # 333864
jgreenberg@keker.com
KEKER, VAN NEST & PETERS LLP
633 Battery Street
San Francisco, CA 94111-1809
Telephone:    415 391 5400
Facsimile:    415 397 7188

*Attorneys for Plaintiff Oscar Morales Cisneros*

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

FRESNO DIVISION

| | |
|---|---|
| UNITED FARM WORKERS, et al.,<br><br>      Plaintiffs,<br><br>  v.<br><br>KRISTI NOEM, IN HER OFFICIAL CAPACITY AS SECRETARY OF THE DEPARTMENT OF HOMELAND SECURITY; et al.,<br><br>      Defendants. | Case No. 1:25-cv-00246-JLT-CDB<br><br>**PLAINTIFFS' REPLY ISO MOTION FOR PROVISIONAL CLASS CERTIFICATION**<br><br>Date:     April 28, 2025<br>Time:     1:30 p.m.<br>Dept.:    Courtroom 4, 7th Floor<br>Judge:   Hon. Jennifer L. Thurston<br><br>Date Filed: February 26, 2025<br><br>Trial Date: None set |

# TABLE OF CONTENTS

**Page**

I. INTRODUCTION .................................................................................................................1

II. ARGUMENT .........................................................................................................................2

    A. The Proposed Classes Meet the Requirements of Rule 23(a)(1)–(4) ......................2

        1. Numerosity..................................................................................................2

        2. Commonality...............................................................................................3

        3. Typicality ....................................................................................................5

        4. Adequacy ....................................................................................................7

    B. The Proposed Classes Meet the Requirements of Rule 23(b)(2).............................8

    C. The Proposed Classes Are Properly Ascertainable..................................................9

III. CONCLUSION...................................................................................................................10

# TABLE OF AUTHORITIES

Page(s)

**Federal Cases**

*Armstrong v. Davis*,
   275 F.3d 849 (9th Cir. 2001) ........................................................................................6, 7

*Arnold v. United Artists Theatre Cir., Inc.*,
   158 F.R.D. 439 (N.D. Cal. 1994) ........................................................................................2

*B.K. Snyder*,
   922 F.3d 957 (9th Cir. 2019) ..............................................................................................5

*Ellis v. Costco Wholesale Corp.*,
   657 F.3d 970 (9th Cir. 2011) ..............................................................................................5

*Ferguson v. Randy's Trucking, Inc.*,
   No. 1:15-cv-00697-JLT, 2016 WL 4082900 (E.D. Cal. Mar. 11, 2016) ..............................10

*General Telephone Co. of Southwest v. Falcon*,
   457 U.S. 147 (1982) .......................................................................................................4, 5

*Gonzalez v. ICE*,
   975 F.3d 788 (9th Cir. 2020) ...................................................................................... *passim*

*Hanlon v. Chrysler Corp.*,
   150 F.3d 1011 (9th Cir. 1998) .........................................................................................3, 6

*James v. Uber Techs. Inc.*,
   338 F.R.D. 123 (N.D. Cal. 2021) ........................................................................................5

*Kamar v. RadioShack Corp.*,
   375 F. App'x 734 (9th Cir. 2010) ........................................................................................9

*Kidd v. Mayorkas*,
   343 F.R.D. 428 (C.D. Cal. 2023) ........................................................................................6

*Moreno v. Napolitano*,
   213 F. Supp. 3d 999 (N.D. Ill. 2016) ..................................................................................4

*Moreno v. Napolitano*,
   No. 11-cv-05452, 2014 WL 4911938 (N.D. Ill. Sept. 30, 2014) .........................................4

*Olean Wholesale Grocery Coop., Inc. v. Bumble Bee Foods LLC*,
   31 F.4th 651 (9th Cir. 2022) (en banc) ...............................................................................5

*Ortega-Melendres v. Arpaio*,
   836 F. Supp. 2d 959 (D. Ariz. 2011), *aff'd sub nom. Melendres v. Arpaio*, 695
   F.3d 990 (9th Cir. 2012) .....................................................................................................4

*Parsons v. Ryan*,
   289 F.R.D. 513 (D. Ariz. 2013), *aff'd*, 754 F.3d 657 (9th Cir. 2014) .................................2, 8

*Pena v. Taylor Farms Pacific, Inc.*,
   305 F.R.D. 197 (E.D. Cal. 2015) .........................................................................................9

*Republic of the Philippines v. Marcos*,
   862 F.2d 1355 (9th Cir. 1988) ..............................................................................................4

*Rodriguez v. Hayes*,
   591 F.3d 1105 (9th Cir. 2010) ..........................................................................................7, 8

*Sueoka v. United States*,
   101 F. App'x 649 (9th Cir. 2004) .........................................................................................2

*Wal-Mart Stores, Inc. v. Dukes*,
   564 U.S. 338 (2011)..........................................................................................................3, 5

*Willis v. Enterprise Drilling Fluids, Inc.*
   No. 1:15-cv-00688-JLT, 2015 WL 6689637 (E.D. Cal. Oct. 28, 2015)............................9, 10

**Federal Rules**

Fed. R. Civ. P. 23(a)(2)...................................................................................................................3

Fed. R. Civ. P. 23(b)(2)...................................................................................................................8

I.  **INTRODUCTION**

Defendants' opposition to provisional class certification ignores Plaintiffs' arguments. It is undoubtedly true that every time that Border Patrol illegally performed a suspicionless stop of a person of color during its January 2025 sweep in Kern County, Border Patrol violated the law in a different and particularized way. But the common practice running through each of these stops—which is described at length in Plaintiffs' motion for provisional class certification, Dkt. 14-1 ("Mot.") and motion for preliminary injunction, Dkt. 15-1—is that Border Patrol performed each one without an individualized assessment of reasonable suspicion.

How do we know this? Because at least a dozen examples show Border Patrol detained people without knowing anything about them besides their appearance and location at the time. Likewise, every time Border Patrol effectuated a warrantless arrest, it did so without assessing flight risk. Again, we know this because every example in the record demonstrates Border Patrol never asked a single question to assess flight risk, nor did they have prior knowledge of who they were arresting.

These practices violate the Fourth Amendment and federal law. When such violations appear systemic, as here, courts routinely grant class certification. *See* Mot. 3, 11. Defendants ignore their systemic practices and focus instead on whether someone showed ID or someone else qualifies for relief from deportation. These are red herrings that the Court may justifiably ignore.

The Suspicionless Stop Class and Warrantless Arrests Class (together, the "Proposed Classes") each satisfy Rule 23's criteria. Neither is a fail-safe class. And an injunction will benefit *all* class members, regardless of immigration status. Plaintiffs respectfully request that the Court provisionally certify the Proposed Classes and appoint Oscar Morales Cisneros, Wilder Munguia Esquivel, and Yolanda Aguilera Martinez ("Individual Plaintiffs") as class representatives.[1]

---

[1] Defendants inaccurately refer to Jesus Ramirez, Ernesto Campos Gutierrez, and Luis Perez Cruz as "unnamed Plaintiffs," Opp. 4, but they are non-plaintiff declarants and putative class members. Likewise, United Farm Workers is an associational plaintiff, but contrary to Defendants' characterization, their members are putative class members and not plaintiffs themselves. *See id.* 4 n.2. Together, the unrebutted facts in their sworn declarations provide evidence of Defendants' unlawful practices.

## II.    ARGUMENT[2]

### A.    The Proposed Classes Meet the Requirements of Rule 23(a)(1)–(4)

#### 1.    Numerosity

Plaintiffs have satisfied their burden to demonstrate numerosity. Border Patrol's *own reports* during "Operation Return To Sender" conservatively estimate the Proposed Classes consist of at least 78 members each. *See* Mot. 10 (citing Dkt. 15-2, Exs. 17, 18, 22); Julia L. Greenberg Decl. ISO Prelim. Inj. Reply ("Greenberg Decl."), Ex. 1. As Defendants concede, this figure is more than enough to satisfy the numerosity requirement. *See* Opp. 11 ("Generally, the numerosity factor is satisfied if the class comprises 40 or more members").

Defendants' suggestion that the Proposed Classes are not numerous, because Plaintiffs' declarations describe "only a dozen" individuals, is not the law. Opp. 12. Defendants point to no authority that requires a party to describe *each* class member's legal injury to warrant class certification. Rather, the law is clear: Plaintiffs "need not … identify all the members of the class so long as the putative class is not amorphous"—which is not the case here. *Arnold v. United Artists Theatre Cir., Inc.*, 158 F.R.D. 439, 448 (N.D. Cal. 1994), *as am. on denial of reconsideration* (Sept. 15, 1994). Moreover, Defendants' argument that "12 investigative stops and arrests" are not "indicative of a 'systemic' problem justifying a class," Opp. 12, is unpersuasive. Plaintiffs have submitted declarations and news reports showing Border Patrol consistently failed to conduct individualized assessments prior to stops or arrests. Defendants have not contested any of this evidence. *See Parsons v. Ryan*, 289 F.R.D. 513, 521 (D. Ariz. 2013), *aff'd*, 754 F.3d 657 (9th Cir. 2014) (A practice "may be inferred from widespread practices or evidence of repeated constitutional violations").

Similarly flawed is Defendants' argument that Plaintiffs "do not attempt to even estimate" the number of potential future class members. Opp. 11. Plaintiffs are not required to estimate these numbers, which depend entirely on Border Patrol's conduct (which Plaintiffs cannot predict but Border Patrol has stated it plans to repeat). *See Sueoka v. United States*, 101 F. App'x 649, 653 (9th

---

[2] Defendants argue that provisional class certification should be denied because Plaintiffs lack standing and present this same argument in opposing Plaintiffs' requested preliminary injunction. For the sake of economy, Plaintiffs refute this argument in their PI Reply Brief at Sections II.A and III.A.

Cir. 2004) (class certification appropriate without estimated number of future class members). Accordingly, the Proposed Classes are numerous.

### 2. Commonality

The Proposed Classes also satisfy the commonality requirement because they present common questions of fact and law. Commonality is "construed permissively." *Hanlon v. Chrysler Corp.*, 150 F.3d 1011, 1019 (9th Cir. 1998). At the outset, Defendants' own mootness argument demonstrates that common issues prevail. Defendants' position that their Muster resolves Plaintiffs' preliminary injunction motion, *see* Opp. 9–10, concedes that "a single injunction … would provide relief to each member of the class." *Gonzalez v. ICE*, 975 F.3d 788, 812 (9th Cir. 2020). And if a single injunction would provide classwide relief, it necessarily follows that there are "questions of law and fact common to the class." Fed. R. Civ. P. 23(a)(2).

The Muster aside, Defendants mischaracterize Plaintiffs' claims, which challenge a systemic practice and not individual stops or arrests. "[I]n a civil-rights suit … commonality is satisfied where the lawsuit challenges a system-wide practice or policy that affects all of the putative class members." *Gonzalez*, 975 F.3d at 808. When the proposed class "does not challenge whether [immigration agents] actually had probable cause" to arrest each class member, but instead the legality of the *procedures* used to evaluate the existence of probable cause, commonality exists. *Id.* at 809.

*Gonzalez* is on all fours. The Suspicionless Stop Class does not challenge whether *every stop* was justified by reasonable suspicion, but rather whether Defendants' *practice* of conducting stops without conducting *any individualized assessment* of reasonable suspicion violates the law. Accordingly, Defendants' arguments about individual circumstances—such as that "some Border Patrol agents were wearing plain clothes and some were wearing uniforms," Opp. 14—are irrelevant. Likewise, the Warrantless Arrest Class does not challenge whether *each individual warrantless arrest* was performed without an assessment of flight risk, but instead whether Defendants' *practice* of conducting warrantless arrests without conducting *any individualized assessment* of flight risk violates the law. These are precisely the kinds of common legal and factual questions suitable for classwide relief. *See Wal-Mart Stores, Inc. v. Dukes*, 564 U.S. 338, 350

(2011) (when claims "depend upon a common contention—for example, the assertion of discriminatory bias on the part of the same supervisor," or the assertion of a single unlawful practice applied to all class members—commonality is satisfied).

Defendants misrepresent *Gonzalez*. While Defendants quote it in part—"[W]e have no doubt that the constitutional validity of a warrantless search is pre-eminently the sort of question which can only be decided in the concrete factual context of an individual case"—*see* Opp. 15, they ignore the clause immediately following—"that question is *quite different* from the question of the *adequacy of the procedures* on which the government relies to make arrests and detain individuals. On the latter issue, Fourth Amendment claims concerning government policies, practices or procedures for probable cause determinations are plainly suitable for classwide resolution," *Gonzalez*, at 809 (cleaned up).[3] Indeed, *Gonzalez affirmed* the certification of several classes challenging procedures for determining probable cause—just as Plaintiffs seek to do here.[4]

Defendants contend Plaintiffs' allegations of an unlawful, systemic pattern or practice are "unsupported" by evidence. Opp. 13. But Plaintiffs have submitted sworn declarations describing at least a dozen stops and arrests where Border Patrol failed to conduct individualized assessments of reasonable suspicion of unlawful presence or probable cause of flight risk. *See* Dkt. 15-1 at 3–5; *Republic of the Philippines v. Marcos*, 862 F.2d 1355, 1363 (9th Cir. 1988) (courts may consider declarations and affidavits in support of a motion for a preliminary injunction). The record contains **no** counter-examples and **no** counter-argument that Border Patrol in fact individually assessed reasonable suspicion or flight risk. Indeed, the new Muster—which was not issued until April 4, 2025—shows that Border Patrol had no prior policy to guide agents' stops and arrests.

Defendants' cited authorities do not support their position. In *General Telephone Co. of Southwest v. Falcon*, the plaintiff alleged that his company had a discriminatory policy, but his only

---

[3] *See also, e.g.*, *Ortega-Melendres v. Arpaio*, 836 F. Supp. 2d 959, 989 (D. Ariz. 2011), *aff'd sub nom. Melendres v. Arpaio*, 695 F.3d 990 (9th Cir. 2012) (finding commonality and certifying class alleging unlawful policy causing unconstitutional stops without reasonable suspicion).

[4] Defendants also cite *Moreno v. Napolitano*, *see* Opp. 15, but that case *rejected* Defendants' argument here. *See* 213 F. Supp. 3d 999, 1003 (N.D. Ill. 2016); *Moreno v. Napolitano*, No. 11-cv-05452, 2014 WL 4911938, at *8 (N.D. Ill. Sept. 30, 2014) ("Defendants, however, misunderstand the nature of Plaintiffs' claims. Rather than challenge the reasonableness or constitutionality of each individual decision to issue a detainer, Plaintiffs are challenging the general policies and procedures used by Defendants … .").

support for that claim was his own experience. 457 U.S. 147, 157 (1982); *see* Opp. 13 (describing *Falcon* plaintiff as alleging an unlawful policy "without offering any evidence"); *see also Ellis v. Costco Wholesale Corp.*, 657 F.3d 970, 983 (9th Cir. 2011) (stating "there is no question common to the class" if plaintiff has "no evidence" of a common unlawful practice). But Plaintiffs *have* submitted evidence of an unlawful pattern or practice. Defendants rely on *B.K. v. Snyder* to argue that "factual differences surrounding each encounter" defeat commonality, Opp. 14, but that court stated an allegation that a policy or practice is "facially invalid," as here, is sufficient to establish commonality. 922 F.3d 957, 977 (9th Cir. 2019).

Defendants further argue Border Patrol's practices are unsuitable for class resolution by relying on *Olean Wholesale Grocery Coop., Inc. v. Bumble Bee Foods LLC*, 31 F.4th 651, 669 (9th Cir. 2022) (en banc), and *James v. Uber Techs. Inc.*, 338 F.R.D. 123 (N.D. Cal. 2021).[5] *See* Opp. 15. But those cases sought class certification under Rule 23(b)(3). This is not a Rule 23(b)(3) action. It is error to "conflate Rule 23(b)(3)'s predominance requirement with commonality under Rule 23(a)(2)," because "'the predominance criterion [of Rule 23(b)(3)] is *far more demanding*' than the commonality requirement of Rule 23(a)(2)." *Gonzalez*, 975 F.3d at 808. And contrary to Defendants' characterizations of those cases, *James* found all Rule 23(a) factors satisfied and certified a (b)(3) class as to several claims. 338 F.R.D. at 134. Similarly, *Olean* affirmed the district court's grant of class certification, finding all required factors satisfied.[6] 31 F.4th at 685.

Because Plaintiffs' Proposed Classes challenge a pattern or practice, their claims *do not* require this Court to investigate the individual circumstances of each stop or arrest. They require only that this Court assess whether the challenged practices exist, and if so, whether they are lawful, resolving the claims "in one stroke." *Wal-Mart*, 564 U.S. at 350.

### 3. Typicality

The claims of the Individual Plaintiffs here are typical of the members of the Proposed

---

[5] Defendants suggest Plaintiffs challenge Border Patrol's actions only during a few days in January 2025, ignoring Plaintiffs' challenge to any future actions where Border Patrol fails, as a matter of policy or practice, to conduct individualized assessments of reasonable suspicion or probable cause.

[6] Defendants cite footnote 15 of *Olean*, but the parenthetical that follows suggests they intended to cite to footnote 14, which is about fail-safe classes. Either way, any point about a fail-safe class (addressed *infra* in Section III) is inapplicable to an argument about commonality.

Classes, because they all arise from Border Patrol's pattern or practice of conducting unlawful stops and arrests. *See Armstrong v. Davis*, 275 F.3d 849, 868 (9th Cir. 2001) (typicality is satisfied "when each class member's claim arises from the same course of events, and each class member makes similar legal arguments to prove the defendant's liability"). Typicality is "permissive." *Hanlon*, 150 F.3d at 1020. Defendants rehash their commonality arguments, suggesting that Plaintiffs' claims call for an individualized assessment of each stop or arrest. *See* Opp. 17. They are incorrect. The class representatives are typical because they were subjected to the same unlawful practice as other class members; ***how*** that unlawful practice played out in their individual stops or arrests is irrelevant.

Courts have repeatedly rejected Defendants' position. In *Kidd v. Mayorkas*, the court certified a class "challeng[ing] [Immigration and Customs Enforcement's ("ICE")] policies or practices on a systemwide basis," rejecting the argument that "factual differences across various ICE encounters" defeat typicality. 343 F.R.D. 428, 439 (C.D. Cal. 2023). The court found class representatives and unnamed class members shared "the same interest": "prevent[ing] the violation of [class members'] constitutional rights by challenging and changing ICE's policies and practices." *Id.* at 440. Similarly, in *Gonzalez*, the Ninth Circuit affirmed the district court's finding of typicality, rejecting the government's argument that the class representative was atypical because, among other things, there were "unique" circumstances around his probable cause determination. 975 F.3d at 810–12. Any differences were irrelevant because Mr. Gonzalez's *legal* claim was "no different than [that of] any other class member." *Id.* at 812. And in *Armstrong*, the Ninth Circuit held typicality existed for a class of disabled prisoners and parolees, even though their disabilities varied widely (including "sight, hearing, learning, developmental and mobility"), because each class member's injuries "result[ed] from the same, injurious course of conduct" by the defendants. 275 F.3d at 869; *see id.* (finding differences "in the nature of the specific injuries suffered by the various class members" "insufficient to defeat typicality").

The same is true here. For the purposes of typicality, it does not matter whether, as Defendants contend, some class members are eligible for removal relief while others are not. Opp.

18.[7] Nor does it matter that some class members are U.S. citizens or lawful permanent residents and others are not. In fact, the presence of U.S. citizens and permanent residents in the class *proves* Plaintiffs' point: all class members, *regardless* of immigration status or other specific circumstances, uniformly challenge "the same, injurious course of conduct." *Armstrong*, 275 F.3d at 869. Accordingly, the claims of the Individual Plaintiffs are typical.

### 4. Adequacy

The Individual Plaintiffs seeking to represent the Proposed Classes are adequate, as are the experienced attorneys seeking to represent them. *See* Mot. 14. Defendants fail to show otherwise. Their argument repeats the same attacks made for commonality and typicality. *See* Opp. 18. But courts regularly deny challenges to adequacy that do so. *See, e.g.*, *Gonzalez*, 975 F.3d at 809 (declining to separately address the government's adequacy challenge because it was "coextensive" with its typicality challenge); *Rodriguez v. Hayes*, 591 F.3d 1105, 1125 (9th Cir. 2010) (rejecting the government's adequacy challenge because it only "re-assert[ed] their commonality and typicality arguments").

Plaintiffs have submitted evidence about the qualifications of proposed class counsel and the lack of conflict between Individual Plaintiffs and unnamed class members. *See* Dkt. 14-2; 14-3; 15-9 ¶ 23; 15-10 ¶ 21; 15-11 ¶ 15. Defendants do not contest this evidence, which should dispose of the issue. Yet Defendants suggest, without reasoning, that Plaintiffs cannot adequately protect the interests of those "with different factual bases for their claims, different avenues of possible relief, etc." Opp. 18. But this is irrelevant. As explained, Plaintiffs' claims are limited to the legality of Defendants' procedures, which are applied uniformly to the class. Individual class members' immigration histories or bases for relief have no bearing on those common questions. *Accord Gonzalez*, 975 F.3d at 809–12 (finding U.S. citizen could adequately represent class members with diverse immigration statuses and differing facts informing probable cause determinations).

---

[7] Nor does it matter that "all three proposed class representatives provided the agents with their identification," which is not dispositive of any legal issue in this case. Opp. 17. Showing an ID does not establish whether someone is a flight risk, nor bear on whether the stop—which occurred *before* the ID was requested—was suspicionless, so it is irrelevant for typicality. Further, this characterization is incorrect. Mr. Munguia Esquivel's ID was forcibly extracted from his pocket without consent; he did not "provide[]" it to the agent. Opp. 17; *see* Dkt. 15-10 ¶ 7.

Accordingly, Plaintiffs have satisfied all Rule 23(a) requirements.

### B.    The Proposed Classes Meet the Requirements of Rule 23(b)(2)

In addition to satisfying the requirements of Rule 23(a), the Proposed Classes meet the requirements of Rule 23(b)(2). Rule 23(b)(2)'s "requirements are unquestionably satisfied when members of a putative class seek uniform injunctive or declaratory relief from policies or practices that are generally applicable to the class as a whole." *Parsons*, 754 F.3d at 688. In a (b)(2) class, courts need not "examine the viability or bases of class members' claims for declaratory and injunctive relief, but only … whether class members seek uniform relief from a practice applicable to all of them." *Rodriguez*, 591 F.3d at 1125. Because they seek uniform relief from a generally applied practice, the Proposed Classes are quintessential (b)(2) classes.

Defendants repeat their arguments that classwide relief is unavailable because "each [noncitizen] detained by [Border Patrol] has a unique set of circumstances and unique avenues for seeking relief." Opp. 19. For the same reasons addressed above, Defendants are incorrect. *First*, Plaintiffs allege, with evidence, that Defendants have "acted or refused to act on grounds that apply generally to the class"—namely, with a pattern or practice of conducting unlawful stops and arrests. Fed. R. Civ. P. 23(b)(2); Dkt. 15-1 at 3–5. *Second*, because all class members "seek the exact same relief" "from a single practice," it is irrelevant that the unlawful practice "may have affect[ed] different members of the class in different ways." *Rodriguez*, 591 F.3d at 1125–26 (cleaned up). Because (b)(2) classes seek only equitable relief, "[t]he fact that some class members may have suffered no injury or different injuries from the challenged practice does not prevent the class from meeting" the Rule's requirements. *Id.*

Contrary to Defendants' argument, Opp. 19, Plaintiffs' claims have nothing to do with class members' removal proceedings or what immigration relief they may be eligible for. Indeed, Defendants' unlawful practices ensnare noncitizens *as well as* citizens who, by definition, cannot be placed in removal proceedings. *See, e.g.*, Dkt. No. 15-4 ¶¶ 4–13 (describing stop and arrest of U.S. citizen during "Operation Return To Sender"). The classwide injury is not the outcome of any ensuing immigration process, but rather the harm of being subjected to the unconstitutional or unlawful practice itself. Rule 23(b)(2) is satisfied.

### C. The Proposed Classes Are Properly Ascertainable

Defendants also wrongly assert that the Proposed Classes are fail safe. They are not. A class is fail-safe if it is not ascertainable without a legal determination; it "exist[s] when the class itself is defined in a way that precludes membership unless the liability of the defendant is established." *Kamar v. RadioShack Corp.*, 375 F. App'x 734, 736 (9th Cir. 2010). Where, as here, class membership relies on "factual question[s] and requires no impermissible preliminary determination of liability," the class is not fail-safe. *Pena v. Taylor Farms Pacific, Inc.*, 305 F.R.D. 197, 213 (E.D. Cal. 2015).

*Willis v. Enterprise Drilling Fluids, Inc.* is instructive. No. 1:15-cv-00688-JLT, 2015 WL 6689637 (E.D. Cal. Oct. 28, 2015) (Thurston, J.). It involved a subclass of members who were not timely paid their wages, and where the defendant allegedly "had a 'policy and practice' of failing to pay … the wages due." *Id.* at *6–7. The Court held the proposed subclass was not fail-safe because "[i]f Plaintiff succeeds in establishing *the existence of unlawful policies or practices common to all the class members*, the Court would not be required to determine the legal merits of each class members' claims…." *Id.* at *7 (emphasis added).

So too here. Ascertaining membership in the Suspicionless Stop Class[8] involves answering "factual question[s]" that "require[] no … preliminary determination of liability," *Pena*, 305 F.R.D. at 213—namely, (1) whether Border Patrol stopped the person in this District since January 6, 2025, and (2) whether Border Patrol has a pattern or practice of not conducting an individualized assessment of reasonable suspicion prior to a stop. *After* the class is ascertained, the Court may consider the legality of the challenged pattern or practice, and class members will be bound by that judgment whether they win or lose. *See Willis*, 2015 WL 6689637, at *7. This is a classic example of a proper class.

Likewise, ascertaining membership in the Warrantless Arrest Class[9] requires answering

---

[8] The **Suspicionless Stop Class** is defined as "All persons who, since January 6, 2025, have been or will be subjected to a detentive stop by Border Patrol in this district pursuant to a practice of conducting stops without warrants and without an individualized assessment of reasonable suspicion whether the person (1) is engaged in an offense against the United States or (2) is a noncitizen unlawfully in the United States." Mot. 2.

[9] The **Warrantless Arrest Class** is defined as "All persons whom Border Patrol, since January 6, 2025, has arrested or will arrest without a warrant in this district." Mot. 2.

only factual questions: (1) whether Border Patrol arrested the person without a warrant in this District since January 6, 2025, and (2) whether Border Patrol has a pattern or practice of not conducting an individualized assessment of flight risk prior to an arrest. Again, once the class is ascertained, the Court need not address the legal merits of each arrest to assess the legality of the challenged pattern or practice, and class members will be bound by this Court's judgment.

Moreover, the Warrantless Arrest Class is not "impermissibly overly broad." Opp. 11. The class is properly tailored by focusing on persons in the district who were arrested without a warrant since January 6, 2025. Despite arguing that this class definition may include a "great number of members who could not have been harmed," *id.*, Defendants do not actually point to any. Because Border Patrol's practice may have affected all arrests in the District since January 6, Defendants point to no specific evidence to object to this class definition, and the Proposed Classes directly tie to Plaintiffs' motion for a preliminary injunction to stop Border Patrol's unlawful stop and arrest practices, this class definition is not overbroad.[10]

### III.  CONCLUSION

For the foregoing reasons, this Court should grant Plaintiffs' motion for provisional class certification.[11]

///
///
///
///
///

---

[10] If the Court is inclined to find the Warrantless Arrest Class is overbroad, Plaintiffs respectfully request the Court narrow its definition (as Defendants' own cited cases recognize is permissible) to clarify the intended scope of the class as follows: "All persons whom Border Patrol, since January 6, 2025, has arrested or will arrest without a warrant in this district, <u>pursuant to a practice of conducting arrests without warrants and without an individualized assessment of probable cause that the person is likely to flee before a warrant can be obtained</u>." *See Ferguson v. Randy's Trucking, Inc.*, No. 1:15-cv-00697-JLT, 2016 WL 4082900, at *5 (E.D. Cal. Mar. 11, 2016) (Thurston, J.) ("[T]he Court may cure the defects of a proposed class definition where the class is overbroad."). This would address Defendants' overbreadth concern but would not create a fail-safe class for the reasons addressed in *Willis*.

[11] If the Court denies Plaintiffs' accompanying motion for preliminary injunction, Plaintiffs respectfully request to withdraw this motion for provisional class certification, as Plaintiffs will seek class certification in full after discovery is complete.

| | | | |
|---|---|---|---|
| Dated: April 17, 2025 | | | AMERICAN CIVIL LIBERTIES UNION FOUNDATION OF NORTHERN CALIFORNIA |
| | | By: | */s/ Bree Bernwanger*<br>BREE BERNWANGER<br>MICHELLE (MINJU) Y. CHO<br>LAUREN DAVIS<br>SHILPI AGARWAL |
| Dated: April 17, 2025 | | By: | AMERICAN CIVIL LIBERTIES UNION FOUNDATION OF SOUTHERN CALIFORNIA |
| | | | */s/ Mayra Joachin* (as authorized April 17, 2025)<br>MAYRA JOACHIN<br>EVA BITRAN<br>OLIVER MA |
| Dated: April 17, 2025 | | By: | AMERICAN CIVIL LIBERTIES UNION FOUNDATION OF SAN DIEGO & IMPERIAL COUNTIES |
| | | | */s/ Brisa Velazquez Oatis* (as authorized April 17, 2025)<br>BRISA VELAZQUEZ OATIS |
| | | | *Attorneys for Plaintiffs* |
| Dated: April 17, 2025 | | | KEKER, VAN NEST & PETERS LLP |
| | | By: | */s/ Ajay S. Krishnan* (as authorized April 17, 2025)<br>AJAY S. KRISHNAN<br>FRANCO MUZZIO<br>ZAINAB O. RAMAHI<br>JULIA L. GREENBERG |
| | | | *Attorneys for Plaintiff Oscar Morales Cisneros* |