| | |
|---|---|
| BREE BERNWANGER - # 331731<br>bbernwanger@aclunc.org<br>MICHELLE (MINJU) Y. CHO - # 321939<br>mcho@aclunc.org<br>LAUREN DAVIS - # 357292<br>ldavis@aclunc.org<br>SHILPI AGARWAL - # 270749<br>sagarwal@aclunc.org<br>AMERICAN CIVIL LIBERTIES UNION<br>FOUNDATION OF NORTHERN<br>CALIFORNIA<br>39 Drumm Street<br>San Francisco, CA 94111<br>Telephone: (415) 621-2493<br><br>MAYRA JOACHIN - # 306065<br>mjoachin@aclusocal.org<br>EVA BITRAN - # 302081<br>ebitran@aclusocal.org<br>OLIVER MA - # 354266<br>oma@aclusocal.org<br>AMERICAN CIVIL LIBERTIES UNION<br>FOUNDATION OF SOUTHERN<br>CALIFORNIA<br>1313 West 8th Street<br>Los Angeles, CA 90017<br>Telephone: (213) 977-5000 | BRISA VELAZQUEZ OATIS - # 339132<br>bvoatis@aclu-sdic.org<br>AMERICAN CIVIL LIBERTIES UNION<br>FOUNDATION OF SAN DIEGO &<br>IMPERIAL COUNTIES<br>P.O. Box 87131<br>San Diego, CA 92138-7131<br>Telephone: (619) 398-4199<br><br>*Attorneys for Plaintiffs*<br><br>AJAY S. KRISHNAN - # 222476<br>akrishnan@keker.com<br>FRANCO MUZZIO - # 310618<br>fmuzzio@keker.com<br>ZAINAB O. RAMAHI - # 332139<br>zramahi@keker.com<br>JULIA GREENBERG - # 333864<br>jgreenberg@keker.com<br>KEKER, VAN NEST & PETERS LLP<br>633 Battery Street<br>San Francisco, CA 94111-1809<br>Telephone:   415 391 5400<br>Facsimile:    415 397 7188<br><br>*Attorneys for Plaintiff Oscar Morales Cisneros* |

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

FRESNO DIVISION

| | |
|---|---|
| UNITED FARM WORKERS, et al.,<br><br>   Plaintiffs,<br><br>   v.<br><br>KRISTI NOEM, IN HER OFFICIAL CAPACITY AS SECRETARY OF THE DEPARTMENT OF HOMELAND SECURITY; et al.,<br><br>   Defendants. | Case No. 1:25-cv-00246-JLT-CDB<br><br>**PLAINTIFFS' REPLY ISO MOTION FOR PRELIMINARY INJUNCTION**<br><br>Date:       April 28, 2025<br>Time:      1:30 p.m.<br>Dept.:      Courtroom 4, 7th Floor<br>Judge:     Hon. Jennifer L. Thurston<br><br>Date Filed: February 26, 2025<br><br>Trial Date: None set |

# TABLE OF CONTENTS

**Page(s)**

I. INTRODUCTION ..................................................................................................1

II. ARGUMENT IN RESPONSE TO DEFENDANTS' OPPOSITION .................2

    A. Defendants have not mooted Plaintiffs' claims. ........................................2

    B. Defendants do not meaningfully dispute that Plaintiffs will suffer irreparable harm absent injunctive relief. ................................................4

    C. The balance of the equities favors Plaintiffs and the proposed class. .......5

    D. This Court has jurisdiction to adjudicate Plaintiffs' claims and order classwide relief. ..........................................................................................6

III. IRLI'S AMICUS BRIEF IS NOT PERSUASIVE ...............................................9

    A. Plaintiffs have standing to pursue injunctive relief. ..................................9

    B. Plaintiffs and the proposed class are entitled to the relief requested. ....10

IV. CONCLUSION....................................................................................................10

# TABLE OF AUTHORITIES

Page(s)

**Cases**

*A. O. v. Cuccinelli*,
  457 F. Supp. 3d 777 (N.D. Cal. 2020) ...................................................................................3

*Al Otro Lado v. Exec. Office for Immigr. Rev.*,
  120 F.4th 606 (9th Cir. 2024) ................................................................................................9

*ArcBest II, Inc. v. Oliver*,
  593 F. Supp. 3d 957 (E.D. Cal. 2022) ...................................................................................3

*Bell v. City of Boise*,
  709 F.3d 890 (9th Cir. 2013) .............................................................................................2, 3

*Biden v. Texas*,
  597 U.S. 785 (2022) ..............................................................................................................8

*Buchanan Bros Inc. v. A2Z Xtreme Airgun LLC*,
  2023 WL 6038159 (D. Ariz. Sept. 15, 2023) ........................................................................6

*Cancino-Castellar v. Nielsen*,
  338 F. Supp. 3d 1107 (S.D. Cal. 2018) .................................................................................7

*City of Los Angeles v. Lyons*,
  461 U.S. 95 (1983) ..........................................................................................................9, 10

*Dep't of Homeland Sec. v. Regents of the Univ. of Cal.*,
  591 U.S. 1 (2020) ..............................................................................................................6, 7

*Doe v. Hagee*,
  473 F. Supp. 2d 989 (N.D. Cal. 2007) ................................................................................10

*Easyriders Freedom F.I.G.H.T. v. Hannigan*,
  92 F.3d 1486 (9th Cir. 1996) ................................................................................................2

*Fikre v. FBI*,
  904 F.3d 1033 (9th Cir. 2018) ..............................................................................................3

*Florida v. Bostick*,
  501 U.S. 429 (1991) ..............................................................................................................3

*Forest Guardians v. Johanns*,
  450 F.3d 455 (9th Cir. 2006) ............................................................................................2, 3

*Garland v. Aleman Gonzalez*,
  596 U.S. 543 (2022) ..............................................................................................................9

*Gonzalez v. U.S. Immigr. & Customs Enf't*,
 975 F.3d 788 (9th Cir. 2020) ...................................................................................................8, 9

*Hodgers–Durgin v. de la Vina*,
 199 F.3d 1037 (9th Cir. 1999) .....................................................................................................10

*Index Newspapers LLC v. City of Portland*,
 480 F. Supp. 3d 1120 (D. Or. 2020) .............................................................................................5

*INS v. Lopez-Mendoza*,
 468 U.S. 1032 (1984).....................................................................................................................5

*J.E.F.M. v. Lynch*,
 837 F.3d 1026 (9th Cir. 2016) .....................................................................................................7

*Jennings v. Rodriguez*,
 583 U.S. 281 (2018).................................................................................................................7, 8

*L.A. Cnty. v. Davis*,
 440 U.S. 625 (1979).......................................................................................................................2

*LaDuke v. Nelson*,
 762 F.2d 1318 (9th Cir. 1985) .....................................................................................................10

*Medina v. U.S. Dep't of Homeland Sec.*,
 2017 WL 2954719 (W.D. Wash. Mar. 14, 2017) .........................................................................8

*Melendres v. Arpaio*,
 695 F.3d 990 (9th Cir. 2012) ...........................................................................................4, 5, 9

*Nasrallah v. Barr*,
 590 U.S. 573 (2020).......................................................................................................................6

*Pinocci v. Flynn*,
 729 F. Supp. 3d 1060 (D. Mont. 2024).........................................................................................6

*Preiser v. Newkirk*,
 422 U.S. 395, 402 (1975)...............................................................................................................4

*R.W. v. Columbia Basin Coll.*,
 77 F.4th 1214 (9th Cir. 2023) .......................................................................................................3

*Roy v. Cnty. of L.A.*,
 2018 WL 914773 (C.D. Cal. Feb. 7, 2018)...................................................................................8

*S.E.C. v. Murphy*,
 626 F.2d 633 (9th Cir. 1980) .......................................................................................................5

*Singh v. Gonzales*,
 499 F.3d 969 (9th Cir. 2007) .......................................................................................................6

*B.K. ex rel. Tinsley v. Snyder*,
    922 F.3d 957 (9th Cir. 2019) ...................................................................................................9

*U.S. v. Montero-Camargo*,
    208 F.3d 1122 (9th Cir. 2000) (en banc) ................................................................................3

*U.S. v. W. T. Grant Co.*,
    345 U.S. 629 (1953) ................................................................................................................5

*U.S. v. Wahchumwah*,
    710 F.3d 862 (9th Cir. 2013) ..................................................................................................9

*Unknown Parties v. Johnson*,
    2016 WL 8188563 (D. Ariz. Jan. 3, 2017) ...........................................................................10

*W. Virginia v. Env't Prot. Agency*,
    597 U.S. 697 (2022) ................................................................................................................9

*White v. Lee*,
    227 F.3d 1214 (9th Cir. 2000) ................................................................................................3

*Zadvydas v. Davis*,
    533 U.S. 678 (2001) ................................................................................................................5

*Zepeda v. I.N.S.*,
    753 F.2d 719 (9th Cir. 1983) ..................................................................................................5

**Statutes**

8 U.S.C. §§ 1221-1232 .................................................................................................................8

8 U.S.C. § 1229(a) .........................................................................................................................6

8 U.S.C. § 1252(a)(5) .................................................................................................................1, 6

8 U.S.C. § 1252(f)(1) .............................................................................................................1, 8, 9

8 U.S.C. § 1357 .....................................................................................................................1, 2, 6, 9

**Regulations**

8 C.F.R. § 1239.1(a) ......................................................................................................................8

8 C.F.R. § 1240.1 ..........................................................................................................................6

**Constitutional Provisions**

Fourth Amendment ...............................................................................................................1, 2, 9

## I. INTRODUCTION

The facts underlying this motion are not in dispute. Defendants do not dispute they conducted widespread detentive stops without reasonable suspicion. Defendants do not dispute they arrested dozens of people without warrants and without any individualized consideration of flight risk. Defendants do not dispute their practices irreparably harmed Plaintiffs and the proposed class. And Defendants do not contest Plaintiffs' legal claims that these practices are illegal, running roughshod over the Fourth Amendment and 8 U.S.C. § 1357.

Effectively conceding they have engaged in arrest and detention practices that violated long-settled law and targeted individuals based on the color of their skin, Defendants attempt to evade this Court's review. Defendants ask the Court to simply trust that they will not do it again, pointing to a non-binding, revocable, unenforceable "Muster" issued one business day before Defendants' opposition deadline. But the Muster does not address most of the unlawful conduct Plaintiffs challenge. This is fatal to any mootness argument. Even if the Muster addressed all unlawful conduct at issue, Defendants' purported commitment to changing their practices is belied by their refusal to make the Muster binding and enforceable after Plaintiffs asked them to enter into a stipulation. Defendants' representations concerning the Muster cannot be taken at face value given they previously publicized "Operation Return to Sender" as a targeted mission to capture drug traffickers and members of Transnational Criminal Organizations. *See* Dkt. 15-2 at 72, 14, 26, 68, 74, 92. Yet we now know Border Patrol's own data confirms Border Patrol did not know whether *anyone* arrested in "Operation Return to Sender" had *any* criminal history at the time it made the arrests. Declaration of Julia L. Greenberg ("Greenberg Decl.") ¶ 2, Ex. 1. Defendants have not come close to mooting Plaintiffs' claims.

Defendants also assert that this Court is deprived of jurisdiction by provisions of the Immigration and Nationality Act ("INA"), 8 U.S.C. §§ 1252(a)(5) and (b)(9), that govern challenges to administrative removal proceedings and removal orders. But Plaintiffs are not challenging removal proceedings or removal orders, so these provisions do not apply to their claims. Nor does 8 U.S.C. § 1252(f)(1), the INA's bar on certain classwide injunctions, apply here.

Lastly, this Court should decline to consider Immigration Law Reform Institute's ("ILRI")

improper arguments raised for the first time in its amicus briefs. But in any event, Plaintiffs have clearly established standing and a right to the relief they seek.

The Court should grant the requested preliminary injunction in its entirety.[1]

## II. ARGUMENT IN RESPONSE TO DEFENDANTS' OPPOSITION

### A. Defendants have not mooted Plaintiffs' claims.

Through sworn declarations, Plaintiffs provided nearly a dozen accounts of flagrant violations of the Fourth Amendment and 8 U.S.C. § 1357. These declarations show repeated instances where residents of this district were improperly stopped without any reasonable suspicion of an immigration offense and arrested without a warrant or any assessment of flight risk. *See* Mot. 2-7, 9-13, 17-19; Dkt. 15-4 to 15-11. In response, Defendants do not offer a *single* piece of evidence or any substantive argument disputing these accounts.

Instead, Defendants argue Plaintiffs' claims are moot because El Centro Border Patrol issued a "Muster" that purportedly provides "nearly all" the relief Plaintiffs seek. Opp. 10; Dkt. 31-2 ¶ 10. A party asserting that a case has become moot "bears the burden of establishing that there is no effective relief that the court can provide." *Forest Guardians v. Johanns*, 450 F.3d 455, 461 (9th Cir. 2006); *see also L.A. Cnty. v. Davis*, 440 U.S. 625, 631 (1979) ("A case [becomes] moot when the issues presented are no longer 'live' or the parties lack a legally cognizable interest in the outcome.").[2] The voluntary cessation of challenged conduct "does not ordinarily render a case moot." *Bell v. City of Boise*, 709 F.3d 890, 898 (9th Cir. 2013). Defendants have a "heavy burden" under a "stringent" standard to demonstrate that it is "absolutely clear that the allegedly wrongful behavior could not reasonably be expected to recur." *Id.* The government must demonstrate that (1) "the new policy addressed *all* of the objectionable measures the [government] officials took against the plaintiffs," *id.* at 900, and (2) the "change in its behavior is entrenched or permanent," including that "procedural safeguards insulat[e] the new state of affairs from arbitrary reversal,"

---

[1] Regardless of whether the Court provisionally certifies the proposed class, the Court should grant the requested injunction because Plaintiff United Farm Workers, which has members throughout this district, "would not receive the complete relief to which [it is] entitled without [district-wide] application of the injunction." *Easyriders Freedom F.I.G.H.T. v. Hannigan*, 92 F.3d 1486, 1502 (9th Cir. 1996). UFW's standing to sue on behalf of its members is not in dispute.

[2] Unless otherwise indicated, internal punctuation, footnotes, and citations were omitted from, and any emphases were added to, quotations.

2934243.v3

*Fikre v. FBI*, 904 F.3d 1033, 1039 (9th Cir. 2018); *see also A. O. v. Cuccinelli*, 457 F. Supp. 3d 777, 788 (N.D. Cal. 2020). Defendants fail to carry this heavy burden.

As a threshold matter, the Muster does not address most of the unlawful conduct on which Plaintiffs seek relief. For example, by its own terms, the Muster addresses only "arrests effected by" Border Patrol agents and "Vehicle Stops." Doc. 31-1 at 2. It provides no guidance for agents to assess whether reasonable suspicion exists to support any detentive stop (including of a vehicle), and it fails altogether to address detentive stops of pedestrians. The Muster further fails to mention the constitutional prohibitions on stopping people based on "Hispanic appearance" or a refusal to consent to questioning. *See U.S. v. Montero-Camargo*, 208 F.3d 1122, 1135, 1138 (9th Cir. 2000) (en banc); *Florida v. Bostick*, 501 U.S. 429, 437 (1991). For the limited conduct the Muster does address, Defendants relaxed the mandatory requirements applicable to ICE—that all agents "must" document the "facts and circumstances" of warrantless arrests, Dkt. 15-2 at 112—to a suggestion that Border Patrol agents "should" create such documentation, Dkt. 31-1 at 3. These unaddressed issues remain "live" and require injunctive relief. *Forest Guardians*, 450 F.3d at 461.

Defendants also make no commitment to keep the Muster in place for any duration and point to no "procedural safeguards" that would prevent its withdrawal, revision, or a lack of enforcement. *Fikre*, 904 F.3d at 1039; *see also Bell*, 709 F.3d at 900 (holding that the "ease with which" an order can be altered "counsels against a finding of mootness"). After El Centro Border Patrol issued the Muster, Plaintiffs' counsel asked Defendants to stipulate to an order keeping the Muster in place until Plaintiffs' detentive stop and warrantless arrest claims are finally resolved. Defendants refused, suggesting the Muster is not long-term. *See* Greenberg Decl. ¶¶ 3-4, Ex. 2.

Moreover, unlike in cases where a changed policy had been in place for a "long time" sufficient for it to be "entrenched," *see, e.g.*, *White v. Lee*, 227 F.3d 1214, 1243 & n.25 (9th Cir. 2000) (five years), El Centro Border Patrol issued the Muster just one business day before Defendants filed their opposition. *See ArcBest II, Inc. v. Oliver*, 593 F. Supp. 3d 957, 966 (E.D. Cal. 2022) (change less than one year prior had "not been in place long"); *A. O.*, 457 F. Supp. 3d at 789 (policy established for six months "not entrenched"). Defendants' "strategic timing" merits skepticism from the Court. *R.W. v. Columbia Basin Coll.*, 77 F.4th 1214, 1226 (9th Cir. 2023).

Finally, Defendants offer no evidence the Muster will cause a change in conduct. "Operation Return to Sender" illustrated Border Patrol's adoption of practices that blatantly disregard well-defined legal requirements. The Muster's unenforceable and partial restatement of some of those requirements does not ensure Border Patrol honors them. Indeed, Defendants have refused Plaintiffs' request to periodically provide documentation showing bases for their detentive stops and warrantless arrests—documentation that should be noncontroversial if they intended to meet legal requirements.[3] Likewise, Defendants' general promise to "endeavor to conduct refresher training sessions," Dkt. 31-2 ¶ 10, is insufficient when their prior trainings on the same issues apparently failed to prevent El Centro Border Patrol from engaging in these blatantly unlawful practices. Defendants have not come close to demonstrating that Plaintiffs' claims are moot.[4]

### B. Defendants do not meaningfully dispute that Plaintiffs will suffer irreparable harm absent injunctive relief.

Defendants do not rebut Plaintiffs' evidence that Border Patrol's illegal practices are causing and will continue to cause Plaintiffs and the proposed class irreparable harm. The "deprivation of constitutional rights," standing alone, is irreparable harm. *See Melendres v. Arpaio*, 695 F.3d 990, 1002 (9th Cir. 2012). And El Centro Border Patrol's constant refrain that there is "more to come" including "return to sender round 2" in Fresno, Sacramento, and in Bakersfield, demonstrates their plans to continue to deploy unlawful practices in this district. *See* Mot. 22. In the meantime, ample and undisputed evidence shows that Plaintiffs, regardless of their immigration status, are irreparably suffering emotional distress due to fear that they will again be subjected to Border Patrol's lawless practices. *See* Mot. 20-22.

Defendants suggest the Muster and their vague promise of a single set of "refresher training[s]" undermines this clear showing of irreparable harm. They are wrong. Where a party facing an injunction claims to have changed course, courts will evaluate "all the circumstances," including "the bona fides of the expressed intent to comply, the effectiveness of the discontinuance

---

[3] Defendants likewise have refused Plaintiffs' request to schedule a Rule 26(f) conference, obstructing Plaintiffs' ability to take discovery on Border Patrol's supposed policy change. Greenberg Decl. Ex. 3.

[4] Defendants cite to *Preiser v. Newkirk* for the proposition that there is "no reasonable expectation that the wrong will be repeated." 422 U.S. 395, 402 (1975). But *Preiser* concerned the government returning an inmate to a medium-security prison after he had been improperly transferred to maximum security. *Preiser* does not establish that an incomplete and seemingly revocable "Muster" moots a policy challenge.

and, in some cases, the character of the past violations." *U.S. v. W. T. Grant Co.*, 345 U.S. 629, 633 (1953); *see also S.E.C. v. Murphy*, 626 F.2d 633, 655 (9th Cir. 1980) (holding "recognition of the wrongful nature of [past] conduct" relevant). Here, Defendants have done nothing to explicitly recognize "the wrongful nature" of their practices, and there has been no bona fide change in policy. The "character of their past violations" was egregious: Border Patrol agents stopped U.S. citizens and lawful permanent residents seemingly based on nothing more than their skin color, and then slashed tires and smashed windows when someone remained silent or asked why they had been stopped. Mot. 3, 4; *see also Index Newspapers LLC v. City of Portland*, 480 F. Supp. 3d 1120, 1153 (D. Or. 2020) ("egregious" violations support injunctive relief). The Muster does not cover **any** of this conduct. And this Court has every reason to doubt the "bona fides" of Border Patrol's "expressed intent to comply," given its history of false statements about "Operation Return to Sender." *See* Greenberg Decl. ¶ 2, Ex. 1. The Muster does not prevent the ongoing irreparable harm.

### C.  The balance of the equities favors Plaintiffs and the proposed class.

"[I]t is always in the public interest to prevent the violation of a party's constitutional rights." *Melendres*, 695 F.3d at 1002. The narrowly tailored preliminary relief Plaintiffs request here—requiring compliance with the law and monitoring of that compliance—is standard and necessary in cases like this one. Mot. 23–24 (collecting cases). Defendants, meanwhile, will suffer no material harm from being ordered to comply with the law. *See Zepeda v. I.N.S.*, 753 F.2d 719, 727 (9th Cir. 1983) (an agency "cannot reasonably assert that it is harmed in any legally cognizable sense by being enjoined from constitutional violations").

Defendants argue that the equities favor them because they purport to be in compliance with the law after issuing the Muster. Opp. 13. This argument fails due to the Muster's various deficiencies, discussed above. Moreover, Defendants' cynical suggestion that an injunction should be denied because two named plaintiffs are allegedly undocumented immigrants—and thus should have no recourse to challenge unlawful stops and arrests—demonstrates exactly why preliminary injunctive relief is needed to prevent further violations of the law.[5] *Cf. Zadvydas v. Davis*, 533 U.S.

---

[5] Defendants' reliance on *INS v. Lopez-Mendoza*, 468 U.S. 1032, 1047 (1984), is misplaced. That case addressed the applicability of the exclusionary rule in deportation proceedings. It does not entitle Border Patrol to target communities with unlawful racial profiling practices.

678, 679 (2001) ("[T]he Due Process Clause applies to all persons within the United States, including [noncitizens], whether their presence is lawful, unlawful, temporary, or permanent.")

Given that Defendants purport to be "committed to conducting enforcement operations . . . in compliance with the Fourth Amendment, 8 U.S.C. § 1357, and Supreme Court and Ninth Circuit case law," Dkt. 31-2 at 3, the requested injunction should not burden them. *See Buchanan Bros Inc. v. A2Z Xtreme Airgun LLC*, 2023 WL 6038159, at *3 (D. Ariz. Sept. 15, 2023) (expressed "interest[] in . . . voluntary cessation . . . suggests that Defendants would not suffer significant harm"); *cf. Pinocci v. Flynn*, 729 F. Supp. 3d 1060, 1068 (D. Mont. 2024) ("Considering that Flynn … suspended the behavior at issue the hardship imposed by issuing an injunction is minimal.").

### D. This Court has jurisdiction to adjudicate Plaintiffs' claims and order classwide relief.

This Court should reject Defendants' jurisdictional arguments, which rely on interpretations of two INA provisions the Supreme Court has repeatedly rejected. The provisions Defendants cite, 8 U.S.C. §§ 1252(a)(5) and (b)(9), consolidate "a noncitizen's various challenges arising from [a] removal proceeding" that has resulted in a final order of removal. *Nasrallah v. Barr*, 590 U.S. 573, 580 (2020).[6] Section 1252(a)(5) confers exclusive jurisdiction to review removal orders in the courts of appeals, and § 1252(b)(9) channels "[j]udicial review of all questions of law and fact . . . arising from any action taken or proceeding brought to remove [a noncitizen]" into that review. The limited scope of these provisions is well-settled: they "apply ***only*** to . . . claims seeking judicial review of orders of removal." *Singh v. Gonzales*, 499 F.3d 969, 978 (9th Cir. 2007). "[W]here, as here, the parties are not challenging any removal proceedings," district courts have jurisdiction. *Dep't of Homeland Sec. v. Regents of the Univ. of Cal.*, 591 U.S. 1, 19 (2020) ("*Regents*").

Defendants' arguments to the contrary misconstrue Plaintiffs' claims and controlling law. Citing *Jennings v. Rodriguez*, 583 U.S. 281 (2018), Defendants argue that because Plaintiffs challenge stops and detentions intended to remove purported noncitizens, § 1252(b)(9) bars jurisdiction because they are "actions taken to remove them." Opp. 6-7. But Plaintiffs challenge

---

[6] Removal proceedings are administrative proceedings governed by the INA that determine whether a particular noncitizen is removable, inadmissible, or eligible for certain forms of immigration status under the INA. 8 U.S.C. § 1229(a); 8 C.F.R. § 1240.1 (limiting immigration judges' authority).

Defendants' unlawful stop and arrest ***practices***, not individual "actions taken." Compl. ¶¶ 234-39, 276-83. *Jennings* did not hold that the INA bars review of such practices: Justice Alito, writing for three justices, rejected the argument that § 1252(b)(9) stripped the Supreme Court of jurisdiction. *Jennings*, 583 U.S. at 293-94. He explained that an "expansive interpretation of § 1252(b)(9)" as applying broadly to "any claim" that "technically can be said to" "arise from actions taken to remove" noncitizens would lead to "absurd" "results that no sensible person could have intended." *Id.* Two years later, in *Regents*—which Defendants ignore—a majority of the Court resolved any post-*Jennings* ambiguity about § 1252(b)(9)'s ambit, holding that it "certainly" "does not present a jurisdictional bar" to claims that "are not challenging any removal proceedings." 591 U.S. at 19.

In any event, Plaintiffs' claims do not even "technically" arise from removal proceedings, because Plaintiffs challenge conduct that occurs before removal proceedings begin, and regardless of whether removal proceedings ever follow. Defendants entirely fail to address the holding in *Nava v. Department of Homeland Security* that unlawful stops and arrests executed "before the government has any legitimate reason to believe that the subject is removable cannot be" actions "taken . . . to remove" the noncitizens. 435 F. Supp. 3d 880, 891-92 (N.D. Ill 2020). That is precisely the conduct at issue here: Plaintiffs challenge unlawful detentive stops and arrests occurring before the Border Patrol agents "had any reason to believe" Plaintiffs and proposed class members "had violated an immigration law." *Id.* at 891. Such practices "cannot be said to have a close relation to removal proceedings." *Id.*; *see also Regents* 591 U.S. at 19.

For the same reasons, Defendants' reliance on the Ninth Circuit's decision in *J.E.F.M. v. Lynch* (which predates *Jennings* and *Regents*) is misplaced. Opp. 7–8. Plaintiffs in *J.E.F.M.* alleged that a statute denying appointed counsel to children in removal proceedings violated due process. Defendants point to dicta—the panel's statement that access to counsel claims are "routinely raised in petitions for review"—and try to recast it as a "test" for whether § 1252(b)(9) applies. Opp. 7. But *J.E.F.M.* never endorsed such a "test"; the panel was clear that "claims that are independent of or collateral to the removal process do not fall within the scope of § 1252(b)(9)." *J.E.F.M. v. Lynch*, 837 F.3d 1026, 1032 (9th Cir. 2016); *see Cancino-Castellar v. Nielsen*, 338 F. Supp. 3d 1107, 1114 (S.D. Cal. 2018) ("[*J.E.F.M.*] may treat § 1252(b)(9) too broadly in light of *Jennings*").

7
PLAINTIFFS' REPLY ISO MOTION FOR PRELIMINARY INJUNCTION
Case No. 1:25-cv-00246-JLT-CDB

Many courts have held that claims like those asserted by Plaintiffs, which challenge Defendants' conduct *before* removal proceedings begin, are collateral to the removal process and reviewable in district court. *See, e.g.*, *Nava*, 435 F. Supp. 3d at 892; *Roy v. Cnty. of L.A.*, 2018 WL 914773, at *18 (C.D. Cal. Feb. 7, 2018); *Medina v. U.S. Dep't of Homeland Sec.*, 2017 WL 2954719, at *11 (W.D. Wash. Mar. 14, 2017). Indeed, removal proceedings do not begin until the Government files a "notice to appear," the charging document for alleged violations of civil immigration law, in immigration court. 8 C.F.R. § 1239.1(a). Because Defendants' unlawful practices sweep in citizens and noncitizens alike, their stops and arrests do not necessarily result in removal proceedings at all. And unlike the string of decisions on petitions for review Defendants cite, Opp. 7, Plaintiffs do not ask this Court to review an order of removal, opine on any person's removability, or decide what evidence can be used in removal proceedings.

Defendants' argument that Plaintiffs must bring their claims in a petition for review of a final removal order fails to acknowledge this is not actually possible. Plaintiff Yolanda Aguilera Martinez is a lawful permanent resident. Dkt. 15-11 ¶ 2. She is not in removal proceedings. She does not have a removal order. Plaintiff United Farm Workers is a labor union. It cannot be placed in removal proceedings or ordered removed. And Plaintiffs Wilder Munguia Esquivel and Oscar Morales Cisneros, though in removal proceedings, do not have removal orders, and "it is possible that no such order would ever be entered." *Jennings*, 583 U.S. at 293. Yet all Plaintiffs and proposed class members—citizens and noncitizens alike—risk being swept into Defendants' dragnet, stopped without reasonable suspicion, and arrested without evaluation of flight risk. Requiring Plaintiffs to raise claims through petitions for review of removal orders that do not exist would "deprive [Plaintiffs] of any meaningful chance for judicial review." *Id.*

The INA also does not bar classwide relief for warrantless arrests. 8 U.S.C. § 1252(f)(1) prohibits lower courts from issuing classwide injunctions that restrain the operation of a limited subset of INA provisions, codified at 8 U.S.C. §§ 1221-1232.[7] *See Gonzalez v. U.S. Immigr. & Customs Enf't*, 975 F.3d 788, 813 (9th Cir. 2020) (§ 1252(f)(1)'s "limitations on injunctive relief

---

[7] § 1252(f)(1) is a limitation on remedies a court can order, not on a court's subject matter jurisdiction. *Biden v. Texas*, 597 U.S. 785, 801 (2022).

do not apply to other provisions of the INA"). Plaintiffs' claims arise under § 1357, Compl. ¶¶ 326-45, which is not a covered provision. *See Gonzalez*, 975 F.3d at 814. Defendants argue Plaintiffs' claims cannot be "untangled" from covered provisions, Opp. 9-10, but the Ninth Circuit rejected a nearly identical argument, holding that § 1252(f)(1) does not "categorically insulate immigration enforcement" from classwide injunctions. *Id.* at 812. And § 1252(f)(1) **permits** classwide injunctions with a "collateral effect" on covered statutes. *Garland v. Aleman Gonzalez*, 596 U.S. 543, 553 & n.4 (2022); *accord Al Otro Lado v. Exec. Office for Immigr. Rev.*, 120 F.4th 606, 627-28 (9th Cir. 2024). Even if Plaintiffs' claims somehow affected Defendants' ability to make arrests "on a warrant" under § 1226 or serve notices to appear in immigration court under § 1229, § 1252(f)(1) would not apply.

### III.   IRLI'S AMICUS BRIEF IS NOT PERSUASIVE

IRLI's "amicus" brief is improper as it raises merits issues that Defendants did not raise. Generally, "arguments not raised in a party's opening brief are deemed waived," and "the court will not consider arguments raised only in amicus briefs." *U.S. v. Wahchumwah,* 710 F.3d 862, 868 (9th Cir. 2013). If the Court considers IRLI's arguments, they fail on the merits.

#### A.     Plaintiffs have standing to pursue injunctive relief.

To have standing to assert a claim for injunctive relief, a plaintiff must demonstrate "that he is realistically threatened by a repetition of [the violation]." *City of Los Angeles v. Lyons*, 461 U.S. 95, 109 (1983). A plaintiff can demonstrate such injury is likely to recur when the harm is part of a "pattern of officially sanctioned . . . behavior, violative of the plaintiffs' [federal] rights." *Melendres*, 695 F.3d at 997-98. IRLI, like Defendants, does not dispute that Border Patrol has an unlawful practice of violating the Fourth Amendment and § 1357. The existence of this practice makes future injury "sufficiently likely" for standing, even if the likelihood of "a particular individual plaintiff" being subjected to a future violation is not itself "high."[8] *Melendres*, 695 F.3d at 998 (finding three incidents of challenged conduct enough to establish "pattern or practice"); *B.K. ex rel. Tinsley v. Snyder*, 922 F.3d 957, 974 (9th Cir. 2019) (finding five occasions of

---

[8] The Muster does not bear on Plaintiffs' standing because "[i]t is the doctrine of *mootness*, not standing, that addresses whether an intervening circumstance has deprived the plaintiff of a personal stake in the outcome of the lawsuit." *W. Virginia v. Env't Prot. Agency*, 597 U.S. 697, 719 (2022).

challenged conduct enough to establish standing). Plaintiffs' sworn declarations detail nearly a dozen unlawful stops, during which Border Patrol indiscriminately detained and arrested people of color in agricultural areas and Latino neighborhoods. Mot. 1, 3; *see also* Dkts.15-2 through 15-11.

Plaintiffs' undisputed evidence establishes that Defendants intend to replicate "Operation Return to Sender" throughout this District. For example, El Centro Border Patrol has announced plans to conduct operations in "other locals [sic] such as Fresno and especially Sacramento," as well as a return to Bakerfield. Mot. 6-7 (citing Braun Decl. Exs. 3, 10, 17); *see id* at 22 (Chief Bovino and El Centro Border Patrol's promises to "catch even more people next time" and "pump those numbers up"). Border Patrol has publicly condoned the operation, declaring it a "success from day one." *See* Mot. 1; *Doe v. Hagee*, 473 F. Supp. 2d 989, 997 (N.D. Cal. 2007) (distinguishing *Lyons* because plaintiffs' alleged likelihood of encounter with Marines recruiter and Marines "condoned" the challenged "practice"); *see also LaDuke v. Nelson,* 762 F.2d 1318, 1324 (9th Cir. 1985) (distinguishing *Lyons* because of the absence "of any written or oral pronouncements by the [*Lyons* defendant] sanctioning" the unlawful conduct).[9]

**B.    Plaintiffs and the proposed class are entitled to the relief requested.**

IRLI also argues that Plaintiffs' requested relief "has no basis in law." IRLI Br. 6-7. Not so. The requested injunctive relief—including that Defendants provide documentation that they are following the Constitution, well-established law, and their own purported policies—is standard in cases like this one. *Unknown Parties v. Johnson*, 2016 WL 8188563 (D. Ariz. Jan. 3, 2017) (granting preliminary injunction requiring quarterly production of Border Patrol data related to injunction's terms); *see also* Mot. 23-24 (collecting cases). There is no risk of "running afoul of separation of powers principles," IRLI Br. 6, because "the executive branch has no discretion with which to violate constitutional rights." *See LaDuke*, 762 F.2d at 1325.

**IV.    CONCLUSION**

For the foregoing reasons, the Court should grant Plaintiffs' motion.

---

[9] *Hodgers–Durgin v. de la Vina*, 199 F.3d 1037 (9th Cir. 1999) is easily distinguishable: in that case, plaintiffs drove weekly on a route where Border Patrol agents were present "nearly every day," but had only been stopped once in ten years. *Id.* at 1042-44. Here, Plaintiffs allege ongoing fear of performing daily activities in their home communities because of Border Patrol's unlawful practices.

| | | |
|---|---|---|
| Dated:  April 17, 2025 | | AMERICAN CIVIL LIBERTIES UNION FOUNDATION OF NORTHERN CALIFORNIA |
| | By: | /s/ *Bree Bernwanger* (as authorized April 17, 2025) <br> BREE BERNWANGER <br> MICHELLE (MINJU) Y. CHO <br> LAUREN DAVIS <br> SHILPI AGARWAL |
| Dated:  April 17, 2025 | By: | AMERICAN CIVIL LIBERTIES UNION FOUNDATION OF SOUTHERN CALIFORNIA |
| | | /s/ *Mayra Joachin* (as authorized April 17, 2025) <br> MAYRA JOACHIN <br> EVA BITRAN <br> OLIVER MA |
| Dated:  April 17, 2025 | By: | AMERICAN CIVIL LIBERTIES UNION FOUNDATION OF SAN DIEGO & IMPERIAL COUNTIES |
| | | /s/ *Brisa Velazquez Oatis* (as authorized April 17, 2025) <br> BRISA VELAZQUEZ OATIS <br><br> Attorneys for Plaintiffs |
| Dated:  April 17, 2025 | | KEKER, VAN NEST & PETERS LLP |
| | By: | /s/ *Ajay S. Krishnan* (as authorized April 17, 2025) <br> AJAY S. KRISHNAN <br> FRANCO MUZZIO <br> ZAINAB O. RAMAHI <br> JULIA GREENBERG <br><br> Attorneys for Plaintiff Oscar Morales Cisneros |