YAAKOV M. ROTH
Acting Assistant Attorney General
Civil Division
SAMUEL P. GO
Assistant Director
MARY L. LARAKERS
Senior Litigation Counsel
TIM RAMNITZ
Senior Litigation Counsel
CAROLYN D. DILLARD
Trial Attorney
OLGA Y. KUCHINS
Trial Attorney
U.S. Department of Justice
Office of Immigration Litigation
General Litigation and Appeals Section
P.O. Box 878, Ben Franklin Station
Washington, DC 20044
771-202-1392
Olga.y.kuchins@usdoj.gov

Attorneys for Defendants

IN THE UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED FARM WORKERS, et al.,<br><br>Plaintiffs,<br><br>v.<br><br>KRISTI NOEM, SECRETARY OF HOMELAND SECURITY, et al.,<br><br>Defendants. | No. 1:25-cv-00246-JLT-CDB<br><br>**DEFENDANTS' *EX PARTE* APPLICATION TO VACATE SCHEDULING CONFERENCE AND SET ASIDE JOINT SCHEDULING REPORT AND RULE 26 REQUIREMENTS RE: INITIAL DISCLOSURES AND DISCOVERY CONFERENCE**<br><br>Scheduling Conf. Date: June 4, 2025<br>Time:                 9:30 a.m.<br><br>Hon. Jennifer L. Thurston, United States District Judge |

## *EX PARTE* APPLICATION

Defendants, by and through undersigned counsel, make this *ex parte* application for an order vacating the June 4, 2025, scheduling conference and setting aside the Joint Scheduling Report and Rule 26 of the Federal Rules of Civil Procedure ("Rule 26") requirements regarding initial disclosures and discovery conference. *See* ECF No. 24, Court's Order of March 10, 2025. This is the first such request.

Urgency. This order is sought by means of an *ex parte* application because the deadline for the parties to meet and confer about the discovery plan pursuant to Rule 26(f) is May 14, 2025, and thus, there is insufficient time for a required noticed motion under L.R. 230. Accordingly, an *ex parte* application is appropriate. *See Mission Power Eng'g Co. v. Cont'l Cas. Co.*, 883 F. Supp. 488, 489 (C.D. Cal. 1995); *accord Perez v. Cnty. of Kern*, No. 1:25-CV-00358-KES-CDB, 2025 WL 1166577, at *1 (E.D. Cal. Apr. 22, 2025).

Meet and Confer Efforts: On May 9, 2025, counsel for Defendants emailed Plaintiffs' counsel, expressing Defendants' position that they are exempt from the Rule 26(f) conference and asking if they would agree to vacate the scheduling conference. After receiving no response, on May 12, 2025, counsel for Defendants again emailed Plaintiffs' counsel requesting Plaintiffs' position on the instant motion. On May 13, 2025, Plaintiffs notified Defendants that they oppose the instant motion.

DATED: May 13, 2025

Respectfully submitted,

YAAKOV M. ROTH
Acting Assistant Attorney General Civil Division
SAMUEL P. GO
Assistant Director

MARY L. LARAKERS
Senior Litigation Counsel

TIM RAMNITZ
Senior Litigation Counsel

DEFENDANTS' *EX PARTE* APPLICATION TO VACATE
SCHEDULING CONFERENCE AND SET ASIDE JOINT
SCHEDULING REPORT AND RULE 26 REQUIREMENTS
RE: INITIAL DISCLOSURES AND
DISCOVERY CONFERENCE

1

CAROLYN D. DILLARD
Trial Attorney

OLGA Y. KUCHINS
Trial Attorney
United States Department of Justice
Civil Division
Office of Immigration Litigation
General Litigation and Appeals Section
P.O. Box 878, Ben Franklin Station
Washington, DC 20044
Tel.: (771) 202-1392
Fax: (202) 305-7000
Email: Olga.Y.Kuchins@usdoj.gov
Bar No. 312901

*Attorneys for Defendants*

DEFENDANTS' *EX PARTE* APPLICATION TO VACATE
SCHEDULING CONFERENCE AND SET ASIDE JOINT
SCHEDULING REPORT AND RULE 26 REQUIREMENTS
RE: INITIAL DISCLOSURES AND
DISCOVERY CONFERENCE

2

**MEMORANDUM OF POINTS AND AUTHORITIES**

Defendants, by and through undersigned counsel, make this *ex parte* application for an order vacating the June 4, 2025, scheduling conference, and setting aside the Joint Scheduling Report and Rule 26 requirements regarding initial disclosures and discovery conference. *See* ECF No. 24, Court's Order of March 10, 2025. This is the first such request.

On February 26, 2025, Plaintiffs filed a complaint for declaratory and injunctive relief alleging that United States Border Patrol ("USBP") agents engaged in a pattern and practice of conducting unlawful stops and arrests, and a pattern of coercing arrestees into accepting voluntary departure, in violation of the Fourth and Fifth Amendment, 8 U.S.C. § 1357(a)(2), and 8 C.F.R. § 287.8(c)(2)(ii). ECF No. 1 at 2, 44, 65-69. On April 16, 2025, Plaintiffs served Defendants with the Summons and Complaint in accordance with Rule 4(i) of the Federal Rules of Civil Procedure. ECF No. 44.

On March 10, 2015, the Court issued an Order Setting Mandatory Scheduling Conference for June 4, 2025, at 9:30 a.m., in accordance with Rule 16(b) of the Federal Rules of Civil Procedure. *See* ECF No. 24, Court's Order of March 10, 2025.

Defendants seek to vacate the June 4, 2025, scheduling conference and set aside the Joint Scheduling Report and Rule 26 requirements regarding initial disclosures and discovery conference because this proceeding, which is an action for review on an administrative record, is exempt from regular pretrial proceedings. *See* Fed. R. Civ. P. 26(a)(1)(B)(i); L.R. 282. Rule 26(a)(1)(B)(i) provides that "an action for review on an administrative record" is "exempt from initial disclosure." An action for review on an administrative record is also exempt from the requirements of Rule 26(f) which provide for a discovery conference among and between the parties and the creation of a discovery plan. *See* F. R. Civ. P. 26(f)(1) ("Except in a proceeding exempted from initial disclosure requirements . . .").

This action is indisputably one "for review on an administrative record." Fed. R. Civ. P. 26(a)(1)(B)(i). Indeed, Plaintiffs have asserted a waiver of sovereign immunity under the Administrative

DEFENDANTS' *EX PARTE* APPLICATION TO VACATE
SCHEDULING CONFERENCE AND SET ASIDE JOINT
SCHEDULING REPORT AND RULE 26 REQUIREMENTS
RE: INITIAL DISCLOSURES AND
DISCOVERY CONFERENCE

3

Procedure Act ("APA") and have alleged that United States Border Patrol ("USBP") has a policy and practice that violates the Fourth and Fifth Amendment, 8 U.S.C. § 1357(a)(2), and 8 C.F.R. § 287.8(c)(2)(ii). ECF No. 1 at 2, 7, 44, 65-69.

Under the APA, Courts can "hold unlawful and set aside agency action, findings and conclusions" that are, *inter alia*, "not in accordance with law," "contrary to constitutional right," "short of statutory right," or "without observance of procedure required by law. 5 U.S.C. § 706(2); *Mt. St. Helens Mining and Recovery Ltd. Partnership v. U.S.*, 384 F.3d 721, 727 (9th Cir. 2004). The cases are legion which hold that judicial review of agency action under this standard is confined to the administrative record compiled by the agency. *See, e.g.*, *Camp v. Pitts*, 411 U.S. 138, 141-42 (1973); *see also Florida Power & Light Co. v. Lorion*, 470 U.S. 729, 742-745 (1985); *National Audubon Society v. U.S. Forest Service*, 4 F.3d 832, 841 (9th Cir. 1993); *Proietti v. Levi*, 530 F.2d 836, 838 (9th Cir. 1976). On the other hand, *de novo* review of agency action divorced from an administrative record is *not* permitted under this standard. *See Camp v. Pitts, supra*, 411 U.S. at 141-42; *National Organization for Women v. Social Security Administration*, 736 F.2d 727, 734 (D.C. Cir. 1984); *Proietti*, *supra*, 530 F.2d at 838.

Consequently, because the only waiver of sovereign immunity identified by Plaintiffs is the APA, *see* ECF No. 1 at 7, and because such claims are reviewed under the APA, judicial review ultimately will depend upon a "review of [the] administrative record," and this action is therefore exempt from the requirements of Rule 26(a)(1) and Rule 26(f). *See* Fed. R. Civ. P. 26(a)(1)(B)(i); Fed. R. Civ. P. 26(f)(1); *West v. Secretary of Transportation*, No. C06-5516RBL, 2007 WL 1215082, *1 (W.D. Wash. 2007) ("Because Fed. R. Civ. P. 26(a)(1)(E)(i) exempts actions to review an administrative record from these requirements, the motions [by Defendants seeking relief from the Court's Minute Order, which requires the parties to complete a Rule 26(f) conference, serve initial disclosures, and file a Joint Status Report] will be GRANTED.").

DEFENDANTS' *EX PARTE* APPLICATION TO VACATE
SCHEDULING CONFERENCE AND SET ASIDE JOINT
SCHEDULING REPORT AND RULE 26 REQUIREMENTS
RE: INITIAL DISCLOSURES AND
DISCOVERY CONFERENCE

4

This exemption exists because discovery is the very rare and limited exception in an action under the APA to challenge the lawfulness of an agency action or decision. *San Luis Obispo Mothers for Peace v. Nuclear Regulatory Commission*, 751 F.2d 1287, 1324 (D.C. Cir. 1984), *cert. denied*, 479 U.S. 923 (1986); *Doraiswamy v. Secretary of Labor*, 555 F.2d 832, 839-42 (D.C. Cir. 1976); *see also PublicPower Council v. Johnson*, 674 F.2d 791, 793-94 (9th Cir. 1982). Moreover, such cases are *not* decided on the basis of an evidentiary hearing or a trial *de novo*. *See Washington State Farm Bureau v. Marshall*, 625 F.2d 296, 305 (9th Cir 1980). Rather, the administrative record serves exclusively as the body of evidence for purposes of the Court's review.

Further, Plaintiffs' challenge to an alleged policy and practice equates to challenging the lawfulness of any agency action or decision under the APA. *See Roe v. Mayorkas*, No. 22-CV-10808-ADB, 2023 WL 3466327, at *14 (D. Mass. May 12, 2023) (finding plaintiffs' alleged policy of categorically denying or administratively closing applications a sufficiently alleged "particularized agency action . . . 'by which rights or obligations have been determined, or from which legal consequences will flow.'") (quoting *R.I.L-R v. Johnson*, 80 F. Supp. 3d 164, 184 (D.D.C. 2015) (quoting *Bennett v. Spear*, 520 U.S. 154, 177-78 (1997); *see also Aracely, R. v. Nielsen*, 319 F. Supp. 3d 110, 139 (D.D.C. 2018) (finding that the alleged deterrence policy "is susceptible to APA review as a 'final agency action.'")).

To be sure, Defendants by no means concede that there exists a policy or practice by USBP of violating the law. *See generally* ECF Nos 31, 32. Defendants contest that they have any such policy, pattern, or practice. However, because Plaintiffs' own complaint challenges USBP's policies and practices regarding detentive stops, warrantless arrests, and voluntary departure, and invokes sovereign immunity waiver under the APA, judicial review is limited to the administrative record. *See* ECF No. 1 at 7 ("Jurisdiction is proper and relief is available pursuant to 28 U.S.C. § 1331 (federal question), 5 U.S.C. §§ 702 and 706 (Administrative Procedure Act), 28 U.S.C. § 1651 (All Writs Act), and 28 U.S.C.

DEFENDANTS' *EX PARTE* APPLICATION TO VACATE
SCHEDULING CONFERENCE AND SET ASIDE JOINT
SCHEDULING REPORT AND RULE 26 REQUIREMENTS
RE: INITIAL DISCLOSURES AND
DISCOVERY CONFERENCE

5

§§ 2201–02 (Declaratory Judgment Act)."). And, to the extent that Plaintiffs would argue that they can avoid the APA's record rule by raising constitutional claims, such argument is unavailing. *See Moralez v. Perdue*, 2017 WL 2264855, at *3 (E.D. Cal. May 24, 2017) ("A plaintiff cannot skirt the administrative record rule by alleging constitutional violations within the administrative review process. This bootstrap argument does not broaden the review from that of the administrative record to evidence outside the record.").

Defendants recognize that there are exceptions to the record rule, but those only come into play *after* the record is produced. *See Grill v. Quinn*, No. CIV S-10-0757 GEB, 2012 WL 174873, at *2 (E.D. Cal. Jan. 20, 2012) ("Cases brought under the APA ordinarily do not consider extra record evidence, and limit such evidence to four narrow exceptions[.]") (citing *Ctr. for Biological Diversity v. U.S. Forest Serv.*, 100 F.3d 1443, 1450 (9th Cir.1996)). To the extent Plaintiffs believe that the record is insufficient, the parties can discuss at that time whether extra record discovery is appropriate and determine whether the parties can agree on any extra record discovery.

Accordingly, no pretrial proceedings are required in this matter, as judicial review is limited to the record of the administrative proceedings that have given rise to this action, and initial disclosures and discovery are inapplicable.

For these reasons, Defendants respectfully request that the Court vacate the June 4, 2025, scheduling conference and set aside the Joint Scheduling Report and Rule 26 requirements regarding initial disclosures and discovery conference. Defendants make this application in good faith and are working with the agency to attempt to expedite filing of the administrative record. *See* L.R. 261.

DATED: May 13, 2025

Respectfully submitted,

YAAKOV M. ROTH
Acting Assistant Attorney General Civil Division

SAMUEL P. GO
Assistant Director

DEFENDANTS' *EX PARTE* APPLICATION TO VACATE
SCHEDULING CONFERENCE AND SET ASIDE JOINT
SCHEDULING REPORT AND RULE 26 REQUIREMENTS
RE: INITIAL DISCLOSURES AND
DISCOVERY CONFERENCE

6

MARY L. LARAKERS
Senior Litigation Counsel

TIM RAMNITZ
Senior Litigation Counsel

CAROLYN D. DILLARD
Trial Attorney

OLGA Y. KUCHINS
Trial Attorney
United States Department of Justice
Civil Division
Office of Immigration Litigation
General Litigation and Appeals Section
P.O. Box 878, Ben Franklin Station
Washington, DC 20044
Tel.: (771) 202-1392
Fax: (202) 305-7000
Email: Olga.Y.Kuchins@usdoj.gov
Bar No. 312901

*Attorneys for Defendants*

DEFENDANTS' *EX PARTE* APPLICATION TO VACATE
SCHEDULING CONFERENCE AND SET ASIDE JOINT
SCHEDULING REPORT AND RULE 26 REQUIREMENTS
RE: INITIAL DISCLOSURES AND
DISCOVERY CONFERENCE

7

## **DECLARATION OF OLGA Y. KUCHINS**

I, Olga Y. Kuchins, do hereby declare and state as follows:

1. I am a Trial Attorney in the Office of Immigration Litigation, Civil Division, U.S. Department of Justice assigned to represent Defendants in *United Farm Workers, et al. v. Noem, et. al.*, No. 1:25-cv-00246-JLT-CDB. I have personal knowledge of the facts set forth herein and, if called as a witness, I could and would testify competently thereto.

2. Defendants' counsel, Mary Larakers, emailed Plaintiffs' counsel, Zainab O. Ramahi, on May 9, 2021, expressing Defendants' position of inapplicability of Rule 26(f) conference and intent to move to vacate the scheduling conference.

3. On May 12, 2025, the undersigned emailed Plaintiffs' counsel, Zainab O. Ramahi, requesting Plaintiffs' position on Defendants' request for the Court to issue an order to vacate the June 4, 2025, scheduling conference and set aside the Joint Scheduling Report and Rule 26 requirements regarding initial disclosures and discovery conference. On May 13, 2025, Plaintiffs notified Defendants that they oppose the instant motion.

I declare under penalty of perjury that the foregoing is true and correct. Executed on May 13, 2025, at San Francisco, California.

*/s/ Olga Y. Kuchins*
OLGA KUCHINS
Trial Attorney

DEFENDANTS' *EX PARTE* APPLICATION TO VACATE SCHEDULING CONFERENCE AND SET ASIDE JOINT SCHEDULING REPORT AND RULE 26 REQUIREMENTS RE: INITIAL DISCLOSURES AND DISCOVERY CONFERENCE

8

# CERTIFICATE OF SERVICE

On May 13, 2025, I electronically submitted the foregoing document with the Clerk of Court for the U.S. District Court, Eastern District of California, using the electronic case filing system of the Court. I hereby certify that I have served counsel and/or pro se parties of record electronically or by another manner authorized by Federal Rule of Civil Procedure 5(b)(2).

/s/ *Olga Y. Kuchins*
OLGA KUCHINS
Trial Attorney

DEFENDANTS' *EX PARTE* APPLICATION TO VACATE SCHEDULING CONFERENCE AND SET ASIDE JOINT SCHEDULING REPORT AND RULE 26 REQUIREMENTS RE: INITIAL DISCLOSURES AND DISCOVERY CONFERENCE

9

IN THE UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| UNITED FARM WORKERS, et al., | |
|---|---|
| Plaintiffs, | No. 1:25-cv-00246-JLT-CDB |
| v. | **[PROPOSED] ORDER** |
| KRISTI NOEM, SECRETARY OF HOMELAND SECURITY, et al., | |
| Defendants. | |

Having reviewed and considered Defendants' *Ex Parte* Application to Vacate Scheduling Conference and Set Aside the Joint Scheduling Report and Rule 26 Requirements Regarding Initial Disclosures and Discovery Conference, and finding good cause therefor,

IT IS HEREBY ORDERED that Defendants' motion is GRANTED.

Dated: _____    _____

JENNIFER L. THURSTON
UNITED STATES DISTRICT JUDGE