BREE BERNWANGER - # 331731
bbernwanger@aclunc.org
MICHELLE (MINJU) Y. CHO - # 321939
mcho@aclunc.org
LAUREN DAVIS - # 357292
ldavis@aclunc.org
SHILPI AGARWAL - # 270749
sagarwal@aclunc.org
AMERICAN CIVIL LIBERTIES UNION
FOUNDATION OF NORTHERN
CALIFORNIA
39 Drumm Street
San Francisco, CA 94111
Telephone: (415) 621-2493

MAYRA JOACHIN - # 306065
mjoachin@aclusocal.org
EVA BITRAN - # 302081
ebitran@aclusocal.org
OLIVER MA - # 354266
oma@aclusocal.org
AMERICAN CIVIL LIBERTIES UNION
FOUNDATION OF SOUTHERN
CALIFORNIA
1313 West 8th Street
Los Angeles, CA 90017
Telephone: (213) 977-5000

BRISA VELAZQUEZ OATIS - # 339132
bvoatis@aclu-sdic.org
AMERICAN CIVIL LIBERTIES UNION
FOUNDATION OF SAN DIEGO &
IMPERIAL COUNTIES
P.O. Box 87131
San Diego, CA 92138-7131
Telephone: (619) 398-4199

AJAY S. KRISHNAN - # 222476
akrishnan@keker.com
FRANCO MUZZIO - # 310618
fmuzzio@keker.com
ZAINAB O. RAMAHI - # 332139
zramahi@keker.com
JULIA GREENBERG - # 333864
jgreenberg@keker.com
KEKER, VAN NEST & PETERS LLP
633 Battery Street
San Francisco, CA 94111-1809
Telephone:    415 391 5400
Facsimile:     415 397 7188

*Attorneys for Plaintiffs*

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

FRESNO DIVISION

| | |
|---|---|
| UNITED FARM WORKERS, et al., <br><br> Plaintiffs, <br><br> v. <br><br> KRISTI NOEM, IN HER OFFICIAL CAPACITY AS SECRETARY OF THE DEPARTMENT OF HOMELAND SECURITY; et al., <br><br> Defendants. | Case No. 1:25-cv-00246-JLT-CDB <br><br> **PLAINTIFFS' OPPOSITION TO DEFENDANTS' EX PARTE MOTION TO VACATE SCHEDULING CONFERENCE AND SET ASIDE JOINT SCHEDULING REPORT AND RULE 26 REQUIREMENTS RE: INITIAL DISCLOSURES AND DISCOVERY CONFERENCE** <br><br> Judge:    Hon. Jennifer L. Thurston <br> Magistrate Judge: Hon. Christopher D. Baker <br><br> Date Filed:  February 26, 2025 <br><br> Trial Date:  None set |

1

PLAINTIFFS' OPPOSITION TO DEFENDANTS' EX PARTE MOTION TO VACATE SCHEDULING
CONFERENCE AND SET ASIDE JOINT SCHEDULING REPORT AND RULE 26 REQUIREMENTS
Case No. 1:25-cv-00246-JLT-CDB

2972882

I.     INTRODUCTION

This action challenges three distinct, unlawful Border Patrol policies and practices: (1) detentive stops without regard to reasonable suspicion, in violation of the Fourth Amendment; (2) warrantless arrests without evaluation of flight risk, in violation of federal statute and regulation; and (3) expelling people from the country without securing a knowing and voluntary waiver of their rights, in violation of the Fifth Amendment.  Plaintiffs do not bring their constitutional claims under the APA, nor are they required to.  Defendants' attempt to exempt this case from civil discovery and Rule 26's requirements ignores that constitutional claims challenging agency actions "may proceed independently of the [APA] review procedures."  *Juliana v. United States*, 947 F.3d 1159, 1168 (9th Cir. 2020).  When a case asserts such independent constitutional claims, the suit is not "an action for review of an administrative record," Plaintiffs are entitled to civil discovery, and Rule 26's exceptions to Defendants participation in initial disclosures and the 26(f) conference do not apply.  The Court should deny Defendants' motion and order Defendants to comply with their obligations under Rule 26 and this Court's orders.

II.    BACKGROUND

In a nearly weeklong campaign in January 2025, over sixty Border Patrol agents from the El Centro Sector traveled hundreds of miles to Kern County and the surrounding area to target Latinos and other people of color *en masse* for unlawful detentive stops and warrantless arrests in "Operation Return to Sender."  Dkt. 1 at ¶ 1.  El Centro Sector Border Patrol agents engaged in three sets of legal violations, each associated with a putative plaintiff class: **(1)** the agents stopped people without the individualized reasonable suspicion required by the Fourth Amendment, **(2)** they effectuated unlawful warrantless arrests without individualized assessment of flight risk as required by 8 U.S.C. § 1357(a)(2) and 8 C.F.R. § 287.8(c)(2)(ii); and then **(3)** they coerced certain arrestees into agreeing to voluntary departure without a knowing and voluntary waiver of rights, in violation of the Fifth Amendment.  *See, e.g.*, Dkt. 1 at ¶¶ 2, 39–41, 260, 265, 272–277.  On April 29, 2025, the Court entered an order provisionally certifying a class concerning the first and second sets of legal violations and, among other things, preliminarily enjoined Defendants' illegal conduct.  Dkt. 47 at 85, 86.

Additionally, since mid-March, Plaintiffs have made five requests to schedule a Rule 26(f) conference "as soon as practicable"—as the Federal Rules require. Decl. of Zainab O. Ramahi at ¶¶ 2–5. Defendants consistently responded that a conference was "not practicable" because they were too busy and wanted to schedule the conference closer to the deadline. *Id.* It was not until May 9—after nearly two months of repeated delay and evasion—that Defendants finally disclosed they believe this case is exempt from Rule 26 altogether. *Id.* These exchanges suggest that Defendants' last-minute legal position is simply an effort to further delay discovery.

### III.    LEGAL STANDARD

"When reviewing constitutional challenges to agency decisionmaking, courts make an independent assessment of the facts and the law." *Rydeen v. Quigg*, 748 F. Supp. 900, 906 (D.D.C. 1990); *see also Chiayu Chang v. U.S. Citizenship & Immigr. Servs.*, 254 F. Supp. 3d 160, 163 (D.D.C. 2017) ("Constitutional claims, for example, are reviewed with no deference to the agency."). Where plaintiffs assert that agency conduct violates constitutional rights independent from any claim under the APA, courts regularly require the parties to proceed under the ordinary civil rules. *See Grill v. Quinn*, 2012 WL 174873, at *2 (E.D. Cal. Jan. 20, 2012) (ordering production of discovery outside the administrative record to allow for independent review of plaintiffs' constitutional claim); *Rueda Vidal v. U.S. Dep't of Homeland Sec.*, 536 F. Supp. 3d 604, 612 (C.D. Cal. 2021) ("Where plaintiffs have a constitutional claim that exists outside of the APA, then the APA's administrative record requirement does not govern the availability of discovery, and, by extension, [] consideration of other extra-record evidence."); *Immigrant Def. L. Ctr. v. Mayorkas*, 2024 WL 2103964, at *9 (C.D. Cal. Apr. 2, 2024) (where "the discovery on Plaintiffs' constitutional claims … do[es] not relate to … the agency decision that is challenged," discovery is not limited to the administrative record).

### IV.    ARGUMENT

####      A.    Plaintiffs are entitled to Rule 26 discovery.

Plaintiffs assert constitutional claims under the Fourth and Fifth Amendments that are legally and factually independent of their statutory APA claims under 8 U.S.C. § 1357(a)(2) and 8 C.F.R. § 287.8(c)(2)(ii). As courts in this circuit regularly hold, Rule 26(a)(1)(B)(i) does not

apply under these circumstances.

For example, in *Grill v. Quinn*, the Court considered a plaintiff's dual claims—one challenging the substance of an agency decision under the APA and another asserting that the process leading to that decision violated the Fifth Amendment's guarantee of procedural due process. 2012 WL 174873, at *2. The government argued that because the APA provides for judicial review of agency action that is "contrary to constitutional right," the Fifth Amendment claim should also be subject to APA review procedures, including its limitations on discovery. *Id.* at *1. The Court rejected that argument, holding that "[a] direct constitutional challenge is reviewed independent of the APA," and that such claims are not limited to the administrative record. *Id.* at *2. The court allowed discovery to proceed on the due process claim, recognizing that constitutional claims are not confined by the APA's procedural restrictions. *Id.*

Likewise, in *Yocom v. U.S. Citizenship and Immigration Services*, plaintiffs sought discovery beyond the administrative record because their due process claim, which asserted that the Constitution required the defendants to give the plaintiff more process, was distinct from their APA claim, which asserted that the defendants did not adhere to the established procedural requirements. 2025 WL 886957, at *2 (S.D. Cal. Mar. 21, 2025). Defendants argued that the claims were "different theories of the same challenge," as both challenged the reliability of certain statements. *Id.* The court found that the alleged APA and due process claims did not "fundamentally overlap" and granted discovery. *Id.* at *3; *see also Liangcai Dai v. U.S. Citizenship and Immigr. Servs.*, 2017 WL 10574062, at *2 (C.D. Cal. Apr. 7, 2017) (finding plaintiff's constitutional claims not subject to the constraints of APA review and allowing discovery); *Mayorkas*, 2024 WL 2103964, at *9 (same).

Here, Plaintiffs' constitutional and APA claims are even more legally and factually distinct than the claims in *Grill* and *Yocom*, which challenged substantive and procedural aspects of the same agency conduct. Plaintiffs' constitutional claims and APA claims cover different classes, challenge different agency practices, and seek different relief. Plaintiffs and the "Suspicionless Stop Class" challenge Defendants' practice of conducting detentive stops without reasonable suspicion ***only*** under the Fourth Amendment. *See* Dkt. 1 at ¶¶ 340–345. Plaintiffs

4

PLAINTIFFS' OPPOSITION TO DEFENDANTS' EX PARTE MOTION TO VACATE SCHEDULING CONFERENCE AND SET ASIDE JOINT SCHEDULING REPORT AND RULE 26 REQUIREMENTS
Case No. 1:25-cv-00246-JLT-CDB

2972882

and the "Voluntary Departure Class" challenge Defendants' practice of administering voluntary departure without a knowing and voluntary waiver of rights *only* under the Fifth Amendment. *See* Dkt. 1 at ¶¶ 345–350. In contrast, Plaintiffs' APA claims cover *only* the "Warrantless Arrest Class" and challenge *only* Defendants' policy of effecting warrantless arrests without assessing flight risk. *See id.* at ¶¶ 326–339. Moreover, Plaintiffs' constitutional claims seek declaratory and injunctive relief, whereas their APA claims seek to vacate unlawful policies and practices. *See id.* at 68–69. Other than falsely suggesting all of Plaintiffs' claims arise under the APA, Defendants do not even try to explain how Plaintiffs' constitutional and APA claims overlap. Having failed to do so, their motion to preclude all discovery outside the administrative record must be denied. *See Mayorkas.*, 2024 WL 2103964, at *11 (finding discovery outside of the administrative record appropriate where Plaintiffs' First Amendment claims did not "fundamentally overlap" with their APA claims); *Yocom*, 2025 WL 886957, at *3 (finding that the alleged APA and due process claims did not "fundamentally overlap" and allowing additional discovery); *Nat'l TPS Alliance v. Noem*, 2025 WL 1276229, at *4 (N.D. Cal. May 2, 2025) (same). Even if Plaintiffs did not assert constitutional claims, evidence outside the administrative record would remain necessary given that Defendants dispute ***the very existence*** of an unlawful warrantless arrest practice. *See J.L. v. Cissna*, 2019 WL 2223803, *2–3 (N.D. Cal. May 29, 2019) (ordering discovery beyond the administrative record where defendants provided "no documents explaining how" they developed the policy at issue).

    **B.**    **The Government's waiver of sovereign immunity extends beyond suits arising under the APA.**

Despite Plaintiffs' independent constitutional claims, Defendants suggest that this case is exempt from Rule 26 discovery "because the only waiver of sovereign immunity identified by Plaintiffs is the APA." Dkt. 50 at 4. Not so. Sovereign immunity does not bar direct challenges to unconstitutional conduct by federal officials, as Plaintiffs assert here. *See Larson v. Domestic & Foreign Com. Corp.*, 337 U.S. 682, 689–90 (1949); *U.S. v. Yakima Tribal Ct.*, 806 F.2d 853, 859 (9th Cir. 1986) ("[S]uits that charge federal officials with unconstitutional acts are not barred by sovereign immunity."); Dkt. 1 ¶ 19. Indeed, "[t]he ability to sue to enjoin unconstitutional

5

PLAINTIFFS' OPPOSITION TO DEFENDANTS' EX PARTE MOTION TO VACATE SCHEDULING CONFERENCE AND SET ASIDE JOINT SCHEDULING REPORT AND RULE 26 REQUIREMENTS
Case No. 1:25-cv-00246-JLT-CDB

2972882

actions by state and federal officers … reflects a long history of judicial review of illegal executive action." *Armstrong v. Exceptional Child Ctr., Inc.*, 575 U.S. 320, 327 (2015).

Further, section 702 of the APA "waives sovereign immunity broadly for all causes of action that meet its terms," including (but not limited to) direct constitutional challenges to agency action. *Navajo Nation v. Dep't of the Interior*, 876 F.3d 1144, 1172 (9th Cir. 2017). Its terms are clear: Congress waived sovereign immunity for any legal challenge to a federal agency's or official's actions "seeking relief other than money damages." 5 U.S.C. § 702. Defendants' argument improperly collapses the distinction between claims *brought under* the APA (and that therefore may be subject to Rule 26(a)(1)(B)(i)'s exemption from certain discovery requirements) and constitutional claims that *assert* section 702's general waiver of sovereign immunity. The Ninth Circuit expressly refused to import section 704's "final agency action" requirement into section 702, holding that "the language of the APA provides no support for [such] a cramped reading" of section 702's sovereign immunity waiver. *Navajo Nation*, 876 F.3d at 1172; *see also Ramon by Ramon v. Soto*, 916 F.2d 1377, 1383 (9th Cir. 1989) (applying section 702 waiver to Fifth Amendment claims).

Thus, invoking the APA's waiver of sovereign immunity does not limit the scope of review to APA procedures or tether all claims to the administrative record. Defendants' assertion that any "challenge to an alleged policy and practice equates to challenging … any agency action or decision under the APA," Dkt. 50 at 5, flies in the face of the Ninth Circuit's recognition that constitutional claims challenging agency action "may exist wholly apart from the APA." *Juliana*, 947 F.3d at 1168 (citing *Sierra Club v. Trump*, 929 F.3d 670, 699 (9th Cir. 2019)). Defendants cite no authority to the contrary, pointing only to cases that asserted both APA and constitutional challenges to the ***same*** agency action, Dkt. 50 at 5, and to *West v. Secretary of Transportation*, which did not concern ***any*** constitutional claims and expressly alleged that the challenged conduct was subject to judicial review exclusively under the APA. Amended Complaint ¶¶ 6.1-6.3, *West v. Sec. of Transp.*, 2007 WL 5042071 (W.D. Wash. April 20, 2007) ECF. No. 39; Dkt 50 at 4. Defendants do not cite a single case that says that judicial review is limited to the administrative record where the plaintiffs assert independent constitutional claims.

## V. CONCLUSION

For the foregoing reasons, Defendants' motion should be denied.

Dated: May 19, 2025

AMERICAN CIVIL LIBERTIES UNION
FOUNDATION OF NORTHERN
CALIFORNIA

By: */s/ Bree Bernwanger*
BREE BERNWANGER
MICHELLE (MINJU) Y. CHO
LAUREN DAVIS
SHILPI AGARWAL

Dated: May 19, 2025    By:

AMERICAN CIVIL LIBERTIES UNION
FOUNDATION OF SOUTHERN
CALIFORNIA

*/s/ Mayra Joachin*
MAYRA JOACHIN
EVA BITRAN
OLIVER MA

Dated: May 19, 2025    By:

AMERICAN CIVIL LIBERTIES UNION
FOUNDATION OF SAN DIEGO &
IMPERIAL COUNTIES

*/s/ Brisa Velazquez Oatis*
BRISA VELAZQUEZ OATIS

Dated: May 19, 2025

KEKER, VAN NEST & PETERS LLP

By: */s/ Ajay S. Krishnan*
AJAY S. KRISHNAN
FRANCO MUZZIO
ZAINAB O. RAMAHI
JULIA GREENBERG

Attorneys for Plaintiffs

PLAINTIFFS' OPPOSITION TO DEFENDANTS' EX PARTE MOTION TO VACATE SCHEDULING
CONFERENCE AND SET ASIDE JOINT SCHEDULING REPORT AND RULE 26 REQUIREMENTS
Case No. 1:25-cv-00246-JLT-CDB

2972882