UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED FARM WORKERS, *et al.*,<br><br>    Plaintiffs,<br><br>    v.<br><br>KRISTI NOEM, *et al.*,<br><br>    Defendants. | Case No. 1:25-cv-00246-JLT-CDB<br><br>ORDER DENYING DEFENDANTS' MOTION FOR ADMINISTRATIVE RELIEF TO VACATE SCHEDULING CONFERENCE<br><br>(Doc. 50) |

Pending before the Court is the construed administrative motion for relief of Defendants Kristi Noem, in her official capacity as Secretary of the Department of Homeland Security, Pete R. Flores, in his official capacity as Acting Commissioner of U.S. Border Patrol, Michael W. Banks, in his official capacity as Chief of U.S. Border Patrol, and Gregory K. Bovino, in his official capacity as Chief Patrol Agent for El Centro Sector of the U.S. Border Patrol (collectively, "Defendants") to vacate the scheduling conference and set aside joint scheduling report and Federal Rule of Civil Procedure 26 requirements regarding initial disclosures and discovery conference, filed on May 13, 2025. (Doc. 50). On May 19, 2025, Plaintiffs United Farm Workers ("UFW"), Oscar Morales Cisneros, Wilder Munguia Esquivel, Yolanda Aguilera Martinez, Juan Vargas Mendez, and Maria Guadalupe Hernandez Espinoza (collectively, "Plaintiffs") filed their opposition (Doc. 55) to Defendants' motion pursuant to the Court's order (Doc. 53). The Court finds and rules as follows.

## I. Relevant Background[1]

Plaintiffs initiated this action with the filing of a complaint on February 26, 2025, seeking declaratory and injunctive relief related to detentive stops and arrests by Border Patrol. (Doc. 1). Plaintiffs "seek to represent three classes of individuals who have been or will be subjected to the three unlawful practices this lawsuit alleges: detentive stops regardless of reasonable suspicion of unlawful presence, arrests regardless of probable cause of flight risk, and voluntary departure without a knowing and voluntary waiver of rights." (*Id*. at 61-62, ¶ 312). Specifically, Plaintiffs identify the following claims for relief: (1) warrantless arrests without probable cause of flight risk in violation of 8 U.S.C. § 1357(a)(2); (2) warrantless arrests without probable cause of flight risk in violation 8 C.F.R. § 287.8(c)(2)(ii); (3) stops without reasonable suspicion in violation of the Fourth Amendment; and (4) voluntary departure without a knowing and voluntary waiver of rights in violation of the Fifth Amendment. (*Id*. at 65-69). Plaintiffs seek declaratory and injunctive relief, enjoining further violations of their rights under the applicable statutes and the U.S. Constitution. (*Id*. at 69-70).

Following this action's reassignment to the undersigned and the presiding district judge (*see* Doc. 20), on March 10, 2025, amended civil new case documents issued and an initial scheduling conference was set for June 4, 2025, before the undersigned. (Doc. 24).

On March 7, 2025, Plaintiffs filed a motion for provisional class certification (Doc. 14) and for a preliminary injunction (Doc. 15). Following briefing by the parties and amicus curiae in support of Defendants' opposition, a hearing was held before the presiding district judge on April 28, 2025. (Doc. 46).

The next day, the Court granted Plaintiffs' motion for provisional class certification and for a preliminary injunction. (Doc. 47). Regarding the provisional class certification, the Court's order: (1) defined the classes as Suspicionless Stop Class and Warrantless Arrest Class; (2) appointed Oscar Morales Cisneros, Wilder Munguia Esquivel, and Yolanda Aguilera Martinez as class representatives for both the Suspicionless Stop and Warrantless Arrest Classes; and (3) appointed Bree Bernwanger,

---

[1] This background narrative is derived largely from the presiding district judge's April 29, 2025, order granting Plaintiffs' motion for provisional class certification and motion for preliminary injunction (*see* Doc. 47 at 2-24).

Michelle (Minju) Y. Cho, Lauren Davis, and Shilpi Agarwal, Mayra Joachin, Eva Bitran, and Oliver Ma, Brisa Velazquez Oatis, Ajay S. Krishnan, Franco Muzzio, Zainab O. Ramahi, and Julia L. Greenberg as Class Counsel for the provisional classes. (*Id.* at 86). As to the preliminary injunction, the Court ordered, *inter alia*: (1) within 60 days and every 60 days thereafter until this litigation is terminated or the Court rules otherwise, Border Patrol shall release to Plaintiffs' counsel the documentation describing Border Patrol's detentive stops and warrantless arrests within this District, or if requested by Plaintiffs' counsel concerning specific individual detentive stops or warrantless arrests, no later than seven days after the request; (2) within 60 days of the order, Defendants shall serve to Plaintiffs' counsel a directive setting forth the guidance given to Border Patrol agents concerning how they should determine whether "reasonable suspicion" exists when conducting detentive stops, including vehicle stops, in this District; and (3) within 90 days of the order and every 30 days thereafter until all agents associated with the El Centro Sector and those who are charged with making detentive stops and warrantless arrests in this District have been trained, Defendants shall serve to Plaintiffs' counsel documentation showing that they have trained the Border Patrol agents who have performed, or will perform, operations in this District on the requirements articulated above. (*Id.* at 87-88).

On May 13, 2025, Defendants filed the pending *ex parte* application to vacate scheduling conference and set aside joint scheduling report and Rule 26 requirements regarding initial disclosures and discovery conference. (Doc. 50). The next day, after Plaintiffs filed a notice of intent to file opposition to Defendants' *ex parte* application (Doc. 52), the Court construed Defendants' *ex parte* application as a motion for administrative relief pursuant to Local Rule 233. (Doc. 53). The Court found Defendants failed to show a satisfactory explanation for the need for the issuance of relief on an *ex parte* basis as the declaration of Defendants' counsel Olga Y. Kuchins in support of the *ex parte* application (Doc. 50 at 9, ¶ 2) showed Defendants first raised with Plaintiffs their position that they are exempt from Rule 26's initial disclosure and discovery conference requirements a mere five days prior to the deadline to meet and confer pursuant to Rule 26. (*Id.*). The Court ordered any opposition by Plaintiffs to be filed no later than May 19, 2025, and that Defendants shall not file a reply and deemed the motion submitted before the undersigned without need for hearing. (*Id.*). Lastly, the

1   Court continued the June 4, 2025, scheduling conference to July 8, 2025, at 10:00 AM.  (*Id.*).  On May
2   19, 2025, Plaintiffs filed the opposition to Defendants' motion.  (Doc. 55).

3   **II.     <u>Governing Legal Standards</u>**

4         As noted in the Order Setting Mandatory Scheduling Conference, Federal Rule of Civil
5   Procedure 16 "requires the Court to enter a Scheduling Conference Order within 90 days of the date of
6   the Complaint being served upon the [D]efendant[s]."  (Doc. 24 at 1); *see* Fed R. Civ. P. 16(b).

7         Unless a matter is exempted from initial disclosures (discussed *infra*), Federal Rule of Civil
8   Procedure 26(f) requires the parties to meet and confer at least 21 days prior to a court's scheduling
9   conference regarding certain discovery matters and to prepare and submit to the court a written
10  discovery report.  Fed. R. Civ. P. 26(f)(1) & (2).  This Court's order setting a scheduling conference
11  also requires the parties' report to identify proposed dates and deadlines for the filing of and hearings
12  on non-dispositive and dispositive pre-trial motions, pre-trial conference, trial commencement,
13  settlement, and related pending matters, as applicable.

14        Federal Rule of Civil Procedure 26(d) provides that a "party may not seek discovery from any
15  source before the parties have conferred as required by Rule 26(f), except in a proceeding exempted
16  from initial disclosure under Rule 26(a)(1)(B), or when authorized by these rules, by stipulation or by
17  court order."  Fed. R. Civ. P. 26(d).

18        Federal Rule of Civil Procedure 26(a) provides for required initial disclosures "[e]xcept as
19  exempted by Rule 26(a)(1)(B) or as otherwise stipulated or ordered by the court[.]"  Fed. R. Civ. P.
20  26(a)(1)(A).  Relevant here, under Rule 26(a)(1)(B)(i), "an action for review on an administrative
21  record" is exempt from the initial disclosure requirement.  Fed. R. Civ. P. 26(a)(1)(B)(i).

22        The Court of Appeals has recognized certain exceptions to the "administrative record rule"
23  where discovery outside of the administrative record may be warranted.  *See Lands Council v.*
24  *Forester of Region One of the U.S. Forest Serv.*, 395 F.3d 1019, 1036 (9th Cir. 2004).  Those
25  exceptions include, for instance, where discovery is needed to determine whether the agency
26  considered all relevant factors and has explained its decision, where the agency relied on materials not
27  in the record, or where supplementation of the record would elucidate a complex subject matter.  *Id.*
28  Separately, although district courts have come to divergent conclusions based on the facts of a

1  particular case, "Ninth Circuit caselaw supports that a plaintiff may pursue a freestanding,
2  constitutional claim outside of the review procedures prescribed by the APA." *Washington v. U.S.*
3  *Dep't of Homeland Sec.*, No. 4:19-CV-5210-RMP, 2020 WL 4667543, at *6 (E.D. Wash. Apr. 17,
4  2020) (citing *Sierra Club v. Trump*, 929 F.3d 670, 698–99 (9th Cir. 2019)). *Cf. Afianian v. Duke*, No.
5  CV 17-07643 FMO (RAOx), 2018 WL 9619346, at *5-6 (C.D. Cal. Nov. 30, 2018) (collecting cases
6  where extra-record discovery for APA claims and standalone constitutional claims was permitted or
7  denied).

### III. Discussion

#### A. Parties' Contentions

Defendants' motion seeks an order vacating the scheduling conference and setting aside the Joint Scheduling Report and Rule 26 requirements regarding initial disclosures and discovery conference. (Doc. 50 at 2, 4). Defendants contend this case "is an action for review on an administrative record" and is therefore "exempt from regular pretrial proceedings" including initial disclosure and the Rule 26(f) discovery conference as provided under Rules 26(a)(1)(B)(i) & (f) and Local Rule 282. (*Id.* at 4). In support of their contention that this action seeks review on an administrative record, Defendants note that (1) Plaintiffs invoke a waiver of sovereign immunity under the Administrative Procedures Act ("APA"), and (2) assert claims of violations of the Fourth and Fifth Amendments, 8 U.S.C. § 1357(a)(2), and 8 C.F.R. § 187.8(c)(2)(ii) that are reviewable under the APA, (*Id.* at 4-5) (citing *West v. Sec'y of Transp.*, No. C06-5516RBL, 2007 WL 1215082, *1 (W.D. Wash. Apr. 20, 2007)). Defendants argue that "Plaintiffs' challenge to an alleged policy and practice equates to challenging the lawfulness of any agency action or decision under the APA," and that "discovery is the very rare and limited exception in an action under the APA to challenge the lawfulness of an agency action or decision." (*Id.* at 6) (citing cases). Defendants further argue that Plaintiffs cannot avoid the "APA's record rule by raising constitutional claims[.]" (*Id.* at 7) (citing *Moralez v. Perdue*, 2017 WL 2264855, at *3 (E.D. Cal. May 24, 2017)).

Plaintiffs contend they "do not bring their constitutional claims under the APA, nor are they required to" and that "Defendants' attempts to exempt this case from civil discovery and Rule 26's requirements ignores that constitutional claims challenging agency action 'may proceed independently

5

of the [APA] review procedures." (Doc. 55 at 2) (citing *Juliana v. United States*, 947 F.3d 1159, 1168 (9th Cir. 2020)). Plaintiffs argue that their case, in asserting "independent constitutional claims," is not "an action for review of an administrative record" and Rule 26's exceptions to initial disclosures and for a Rule 26(f) conference do not apply. (*Id.*). Plaintiffs contend they are entitled to Rule 26 discovery because their constitutional claims under the Fourth and Fifth Amendments are legally and factually independent of their statutory APA claims under 8 U.S.C. § 1357(a)(2) and 8 C.F.R. § 287.8(c)(2)(ii) and as courts in the Ninth Circuit have held, the Rule 26(a)(1)(B)(i) exception does not apply under these circumstances. (*Id.* at 3-4). Plaintiffs cite to *Grill v. Quinn*, No. CIV S-10-0757 GEB GGH PS, 2012 WL 174873, at *2 (E.D. Cal. Jan. 20, 2012), where another judge of this Court considered a plaintiff's dual claims challenging the substance of an agency decision under the APA and "another asserting that the process leading to that decision" violated Fifth Amendment procedural due process, and permitted discovery on the due process claim "while recognizing that constitutional claims are not confined by the APA's procedural restrictions." (*Id.* at 4). Plaintiffs also cite to *Yocom v. U.S. Citizenship and Immigration Servs.*, No. 22CV0839 JO (BLM), 2025 WL 886957, at *2 (S.D. Cal. Mar. 21, 2025), where the court granted discovery on the plaintiffs' constitutional due process claim because the claim did not "fundamentally overlap" with plaintiffs' APA claim. (*Id.*). Plaintiffs contend that their constitutional and APA claims "are even more legally and factually distinct than the claims in *Grill* and *Yocom*" as their claims "cover different classes, challenge different agency practices, and seek different relief[.]" (*Id.*).

Plaintiffs separately argue that the government's waiver of sovereign immunity extends beyond suits arising under the APA and that sovereign immunity "does not bar direct challenges to unconstitutional conduct by federal officials" as they assert in this action. (*Id.* at 5). Plaintiffs further contend that Section 702 of the APA "'waives sovereign immunity broadly for all causes of action that meet its terms,' including (but not limited to) direct constitutional challenges to agency action." (*Id.* at 6) (quoting *Navajo Nation v. Dep't of the Interior*, 876 F.3d 1144, 1172 (9th Cir. 2017)).

**B.     Analysis**

The issue before the Court is whether this action is, as Defendants contend, an action for review on an administrative record pursuant to Rule 26(a)(1)(B)(i) such that Defendants are exempt

from Rule 26 initial disclosure and discovery conference requirements.  As set forth below, the Court finds this action is not merely an action for review of an administrative record and Defendants' motion will be denied.

Plaintiffs' complaint sets forth that "[j]urisdiction is proper and relief is available pursuant to[,]" *inter alia*, 5 U.S.C. §§ 702 and 706 of the Administrative Procedure Act ("APA") and 28 U.S.C §§ 2201-02 of the Declaratory Judgment Act ("DJA").  (Doc. 1 ¶ 18).  The complaint further alleges that "Defendants do not have immunity" and cite to § 702 of the APA.  (*Id.* ¶ 19).  In the prayer for relief, Plaintiffs request the Court "[d]eclare that Defendants' actions violate the rights of Plaintiffs and the Warrantless Arrest Class under 8 U.S.C. § 1357(a)(2) and the APA[.]"  (*Id.* at 69, ¶ 5).

The federal government, "as sovereign, is immune from suit save as it consents to be sued."  *United States v. Sherwood*, 312 U.S. 584, 586 (1941) (citations omitted).  Claims against the government "must rest upon an applicable waiver of immunity."  *Navajo Nation*, 786 F.3d at 1168. "Congress has enacted several broad waivers of the United States' sovereign immunity" including § 702 of the APA, which provides:

> (1) A person suffering legal wrong because of agency action, or adversely affected or aggrieved by agency action within the meaning of a relevant statute, is entitled to judicial review thereof.  (2) An action in a court of the United States seeking relief other than money damages and stating a claim that an agency or an officer or employee thereof acted or failed to act in an official capacity ... shall not be dismissed nor relief therein be denied on the ground that it is against the United States.

(*Id.*) (citing 5 U.S.C. § 702); *see Sierra Club*, 929 F.3d at 698 ("The APA provides for judicial review of '[a]gency action made reviewable by statute and final agency action for which there is no other adequate remedy in a court.'") (citing 5 U.S.C. § 704).

While "[i]t is true that the APA is the general mechanism by which to challenge final agency action[,] … this does not mean the APA forecloses other causes of action."  *Sierra Club*, 929 F.3d at 699; *see Navajo Nation*, 876 F.2d at 1171 ("§ 702 waives sovereign immunity for all non-monetary claims; § 704's final agency action requirement constrains only actions brought under the APA.").  "In *Sierra Club*[,] … the Ninth Circuit found that 'claims challenging agency actions – particularly constitutional claims – may exist wholly apart from the APA.'"  *Yocom*, 2025 WL 886957, at *3; *see Grill*, 2012 WL 174873, at *2 ("A direct constitutional challenge is reviewed independent of the

7

APA.") (citing *Porter v. Califano*, 592 F.2d 770, 781 (5th Cir. 1979)); *accord*, *Al Otro Lado, Inc. v. McAleenan*, 394 F. Supp. 3d 1168, 1217 (S.D. Cal. 2019) ("*Sierra Club* instructs that *Navajo Nation* … 'clearly contemplate that claims challenging agency actions—particularly constitutional claims—may exist wholly apart from the APA' …. Thus, … review of the [individual plaintiffs'] constitutional claims, independently of their APA claims, is appropriate."); *California v. U.S. Dept of Homeland Sec.*, 612 F. Supp. 3d 875, 895 (N.D. Cal. 2020) ("if plaintiffs have a constitutional claim that exists outside of the APA, then the APA's administrative record requirement does not govern the availability of discovery.").

In cases involving "both judicial review under the APA and related constitutional challenges[,]" the Court must determine whether discovery is lawfully permitted. *Yocom*, 2025 WL 886957, at *3. Discovery is unnecessary where APA claims and constitutional claims "fundamentally overlap." *California*, 612 F. Supp. 2d at 897 (collecting cases). However, "discovery may be appropriate for a constitutional claim involving agency action." (*Id.* at 896) (collecting cases). To determine whether claims fundamentally overlap, a court must "examine the particular facts of the claims involved and the discovery requested." (*Id.*).

The Court finds that Plaintiffs' APA claims and constitutional claims do not fundamentally overlap. *Grill* is procedurally similar to the instant case and involved an APA claim and a procedural due process claim challenging the process by which the government made its decision regarding the plaintiff's permit. In opposing the plaintiff's motion to compel discovery, the defendants in *Grill* argued the action was for review on an administrative record under the APA and the government is therefore exempt from Rule 26 requirements. *Grill*, 2012 174873, at *1. The plaintiff argued that his constitutional claim for lack of procedural due process is not subject to the APA and that discovery should be permitted. (*Id.*). The *Grill* Court found it "is entitled to look beyond the administrative record" in regard to plaintiff's direct constitutional challenge because such are "reviewed independent of the APA." (*Id.* at *2). In assessing the procedural due process claim, the court found that the existing administrative record was lacking as "not all the reasons for the [government's] decision are in the record"—noting that the government's "purported approval followed by a quick retraction" supplied "a reasonable inference to support some behind-the-scenes decision making"—and held this

8

"itself is grounds for discovery in an APA action." (*Id.*). The *Grill* Court permitted limited discovery where the plaintiff's constitutional claims, in challenging the process by which the government made its decision, were ostensibly intertwined to the substantive APA claim challenging that decision.

In *Yocom*, the plaintiffs sought discovery relating to their constitutional procedural due process claim because such claim "is distinct from their APA claim[.]" *Yocom*, 2025 WL 886957, at *2. The court rejected the government's argument that the constitutional claim is "redundant" of the APA claim and the claims "fundamentally overlap" because the claims "involve 'meaningful' differences." (*Id.* at 3). The court explained that the plaintiff's requested discovery "is limited in scope and directed toward the evidence required for the constitutional claim." (*Id.*) (citing *Rueda Vidal v. U.S. Dep't of Homeland Sec.*, 536 F. Supp. 3d 604, 612 (C.D. Cal. 2021) ("Where 'plaintiffs have a constitutional claim that exists outside of the APA, then the APA's administrative record requirement does not govern the availability of discovery,' and by extension, to consideration of other extra-record evidence.") (quoting *California*, 612 F. Supp. 3d at 895)). The court inferred from the Ninth Circuit's opinion in *Rueda Vidal* that "additional discovery may be necessary to develop the factual record" as to the constitutional claim and such cannot be said "to be merely 'redundant' of the APA claim[.]" (*Id.*) (citing *Yocom*, 2024 WL 2206342, at *3). The claims in *Yocom*, like in *Grill*, asserted challenges to the substance of the government decision under the APA while raising constitutional claims challenging the procedure leading to that decision.

Here, the Court agrees with Plaintiffs that their claims under the APA and under the Fourth and Fifth Amendments are "even more legally and factually distinct" than in *Grill* and *Yocom*. (Doc. 55 at 4). Following the Court's order granting Plaintiffs' motion for provisional class certification and granting Plaintiffs' motion for a preliminary injunction (Doc. 47), this action proceeds on two defined classes—the Suspicionless Stop Class and the Warrantless Arrest Class—both of which challenge different agency practices and seek different relief. Plaintiffs' constitutional claims raised through the Suspicionless Stop Class challenge Border Patrol detentive stops without reasonable suspicion under the Fourth Amendment while claims of the Warrantless Arrest Class, raised under the APA, challenge the government's policy of effecting warrantless arrests without proper assessment of flight risk. (*See generally* Doc. 1).

The Court notes that in opposition to Plaintiffs' motions for provisional class certification and for preliminary injunctive relief, Defendants argued that "the Court lacks jurisdiction to review Plaintiffs' claims under 8 U.S.C. §§ 1252(a)(5) and (b)(9)." *See* (Doc. 47 at 24). Specifically, Defendants argued that "if a claim challenges a 'decision to detain an alien in the first place or seek removal,' a district court lacks jurisdiction to consider that claim and it instead must be reviewed through the administrative process." (*Id.* at 25). The Court rejected Defendants' argument, noting that the authorities on which they relied do not preclude a plaintiff from asserting a constitutional claim in the district court that, as here, "does not arise from removal proceedings." (*Id*. at 27); *see id.* at 28 ("the claims of the proposed classes here do not 'arise from' removal proceedings, but instead relate to issues which ripened before removal proceedings began."). The Court further explained that class members' claims "do not seek review of final orders of removal, do not challenge detention by the Attorney General pending removal proceedings, or challenge a part of the process by which removability of putative class members may be determined."  (*Id*. at 29).

In light of the complaint's allegations, it is inconceivable that Plaintiffs' Fourth Amendment and Fifth Amendment claims are amenable to adjudication based exclusively on an existing, administrative record. For instance, it is alleged in the complaint that all eight plaintiffs were stopped by Defendants without reasonable suspicion. (Doc. 1 ¶ 342). The complaint separately alleges that four of the plaintiffs were expelled by Defendants without securing a knowing and voluntary waiver of their rights. *Id*. ¶ 347. These claims will require the Court ultimately to undertake fact-intensive inquiries that, naturally, will be best informed only if the parties have recourse to extra-record discovery. *E.g., Ornelas v. United States*, 517 U.S. 690, 703 (1996) (noting that determinations of probable cause and reasonable suspicion entail a "fact-intensive review") (Scalia, J., dissenting); *United States v. Inocencio*, 40 F.3d 716, 722 (5th Cir. 1994) (noting that whether a Border Patrol agent acted with reasonable suspicion is "a fact intensive test" to be examined under the totality of circumstances).

Separately, the undersigned notes that Plaintiffs challenge not merely Defendants' discrete adjudication and application of agency policy as to them and other class members, as might otherwise be achievable based exclusively on an administrative record.  Rather, as reflected in the complaint's

10

repeated allegations of Defendants' engagement in unlawful patterns and practices, they challenge an agency's general course of conduct, and as such, limited discovery outside the administrative record may be necessary. *See, e.g., Manker v. Spencer*, 3:18-cv-372 (CSH), 2019 WL 5846828, at *19-20 (D. Conn. Nov. 7, 2019).

Because this action does not merely present the question of whether the process at issue was arbitrary and capricious under the APA, but additionally, independent constitutional claims for which the record of the agency's decision making would not comprehensively address, discovery outside the administrative record is warranted. *See Puerto Rico Pub. Hous. Admin. v. U.S. Dep't of Hous. & Urban Dev.*, 59 F. Supp. 2d 310, 327-28 (D.P.R. 1999).

*   *   *   *   *

In short, because Plaintiffs' complaint advances claims that are not entirely amenable to "review on an administrative record," this action is not exempt from the initial disclosure and the discovery scheduling meet/confer requirements under Rule 26. At this stage, the Court has not been called upon to define the scope and nature of available discovery and expects the parties will, consistent with this order, cooperate to ensure proposed discovery is consistent with the principles of relevance and proportionality. *See* Fed. R. Civ. P. 26(b)(1).

### IV. Conclusion and Order

Based on the foregoing, IT IS HEREBY ORDERED that:

1. Defendants' construed motion for administrative relief to vacate the scheduling conference (Doc. 50) is DENIED; and
2. The parties are reminded of their obligation to file a joint scheduling conference statement in compliance with the procedures set forth in the Order Setting Mandatory Scheduling Conference (Doc. 24) in advance of the Scheduling Conference set for July 8, 2025, at 10:00 AM (Doc. 53).

IT IS SO ORDERED.

Dated: **May 23, 2025**

UNITED STATES MAGISTRATE JUDGE

11