# Exhibit H

1  BRETT A. SHUMATE
   Assistant Attorney General
2  Civil Division
   SAMUEL P. GO
3  Assistant Director
4  MARY L. LARAKERS
   Senior Litigation Counsel
5  OLGA Y. KUCHINS
   Trial Attorney
6  CAROLYN D. DILLARD
   Trial Attorney
7  TIM RAMNITZ
8  Senior Litigation Counsel
   U.S. Department of Justice
9  Office of Immigration Litigation
   General Litigation and Appeals Section
10 P.O. Box 878, Ben Franklin Station
   Washington, DC 20044
11 202-616-2686

12 Attorneys for Defendants
13

14
                    IN THE UNITED STATES DISTRICT COURT
15
                       EASTERN DISTRICT OF CALIFORNIA
16

17 | UNITED FARM WORKERS, et al.,              | No. 1:25-cv-00246-JLT-CDB

18 |          Plaintiffs,

19 |     v.

20 | KRISTI NOEM, Secretary of the United States
   | Department of Homeland Security, et al.,
21
   |          Defendants.
22

Requests for Admission differently than Defendants; and/or (b) the discovery of new information supporting additional objections and/or responses.

**OBJECTIONS AND RESPONSES TO REQUESTS FOR ADMISSIONS**

**RFA NO. 1**:

Admit that, as of January 1, 2022, no Agent at El Centro Sector Border Patrol had received training on the standard for reasonable suspicion before commencing his or her duties.

**Defendants' Objections and Response to RFA No. 1:**

Defendants incorporate their objection to Plaintiffs' definition of "training" and will construe this request as meaning official, written training.

Defendants object to the word Agent as vague and ambiguous. Defendants interpret the word "Agent" to mean a United States Border Patrol Agent ("BPA").

Subject to and without waiving the objections above, Defendants respond as follows. Defendants deny that BPAs at El Centro Sector Border Patrol had not received training on the standard for reasonable suspicion. During their time at the Border Patrol Academy, trainees receive approximately 110 hours of legal training presented by attorneys employed by CBP's Office of Chief Counsel, including training on the standard for reasonable suspicion. Agents receive additional on-the-job training and periodic refreshers throughout their careers related to this topic.

**RFA NO. 2**:

Admit that, as of January 1, 2022, no Agent at El Centro Sector Border Patrol had received training on how to assess the likelihood that a person would escape before a Warrant could issue for their Arrest, as described in 8 U.S.C. § 1357(a)(2) before commencing his or her duties.

**Defendants' Objections and Response to RFA No. 2**:

Defendants incorporate their objection to Plaintiffs' definition of "training" and will construe this request as meaning official, written training.

Defendants object to the word Agent as vague and ambiguous. Defendants interpret the word "Agent" to mean a BPA.

Subject to and without waiving the objections above, Defendants respond as follows. Defendants deny that El Centro Sector Border Patrol had not received training on the standard described in 8 U.S.C. § 1357(a)(2). During their time at the Border Patrol Academy, trainees

4

receive approximately 110 hours of legal training presented by attorneys employed by CBP's Office of Chief Counsel, including training regarding the requirements for engaging in warrantless arrests. Agents receive additional on-the-job training and periodic refreshers throughout their careers related to this topic.

**RFA NO. 3**:

Admit that, as of January 1, 2022, no Agent at El Centro Sector Border Patrol had received training on how to ensure that an individual's election of voluntary departure is knowing and voluntary prior to commencing his or her duties.

**Defendants' Objections and Response to RFA No. 3**:

Defendants incorporate their objection to Plaintiffs' definition of "training" and will construe this request as meaning official, written training.

Defendants object to the word Agent as vague and ambiguous. Defendants interpret the word "Agent" to mean a BPA.

Subject to and without waiving the objections above, Defendants respond as follows. Defendants deny that El Centro Sector Border Patrol had not received training on the standard for a knowing and voluntary election of voluntary departure. During their time at the Border Patrol Academy, trainees receive approximately 110 hours of legal training presented by attorneys employed by CBP's Office of Chief Counsel, including training on the process for voluntary departure. Agents receive additional on-the-job training and periodic refreshers throughout their careers related to this topic.

**RFA NO. 4:**

Admit that, prior to the issuance of the El Centro Sector Muster to all El Centro Sector employees on April 4, 2025, El Centro Sector Border Patrol did not follow the nationwide policy issued by DHS and ICE following the Castañon-Nava litigation, outlined in the Nava Broadcast Statement of Policy.

**Defendant's Objections and Response to RFA No. 4**:

Defendants object to this RFA as irrelevant, outside the scope of this litigation, and not necessary for resolution of the case, which involves USBP.

Defendants object to this RFA because "follow" is ambiguous and subject to interpretation.

5

Subject to and without waiving the objections above, Defendants respond as follows. Defendants admit that the "Broadcast Statement of Policy" dated November 23, 2021, does not and did not at any time apply to employees of U.S. Customs and Border Protection, to include agents of the U.S. Border Patrol. Defendants deny that U.S. Border Patrol had a policy or practice of violating the law including the Fourth Amendment, Fifth Amendment, and 8 U.S.C. § 1357(a)(2).

**RFA NO. 7:**

Admit that no Agents at El Centro Sector Border Patrol were trained on the standard for reasonable suspicion as part of Operation Return to Sender.

**Defendants' Objections and Response to RFA No. 7**:

Defendants incorporate their objection to Plaintiffs' definition of "training" and will construe this request as meaning official, written training.

Defendants object to the word Agent as vague and ambiguous. Defendants interpret the word "Agent" to mean a BPA.

Subject to and without the objections above, Defendants respond as follows. Defendants deny that no El Centro Sector BPAs were trained on the standard for reasonable suspicion prior to participating in Operation Return to Sender. During their time at the Border Patrol Academy, trainees receive approximately 110 hours of legal training presented by attorneys employed by CBP's Office of Chief Counsel, including training regarding the requirements for engaging in warrantless arrests. Agents receive additional on-the-job training and periodic refreshers throughout their careers related to this topic.

**RFA NO. 8**:

Admit that no Agents at El Centro Sector Border Patrol were trained on how to assess the likelihood that a person would escape before a Warrant could issue for their Arrest, as described in 8 U.S.C. § 1357(a)(2) as part of Operation Return to Sender.

**Defendants' Objections and Response to RFA No. 8**:

Defendants incorporate their objection to Plaintiffs' definition of "training" and will construe this request as meaning official, written training.

Defendants object to the word Agent as vague and ambiguous. Defendants interpret the word "Agent" to mean a BPA.

7

Subject to and without waiving the objections above, Defendants respond as follows. Defendants deny that no El Centro Sector BPAs were trained on conducting warrantless arrests under 8 U.S.C. § 1357(a)(2) prior to participating in Operation Return to Sender. During their time at the Border Patrol Academy, trainees receive approximately 110 hours of legal training presented by attorneys employed by CBP's Office of Chief Counsel, including training regarding the requirements for engaging in warrantless arrests. Agents receive additional on-the-job training and periodic refreshers throughout their careers related to this topic.

**RFA NO. 9:**

Admit that no Agents at El Centro Sector Border Patrol were trained on how to ensure that an individual's election of voluntary departure is knowing and voluntary as part of Operation Return to Sender.

**Defendants' Objections and Response to RFA No. 9**:

Defendants incorporate their objection to Plaintiffs' definition of "training" and will construe this request as meaning official, written training.

Defendants object to the word Agent as vague and ambiguous. Defendants interpret the word "Agent" to mean a BPA.

Subject to and without waiving the objections above, Defendants respond as follows. Defendants deny that no El Centro Sector BPAs were trained on the standard for a knowing and voluntary election of voluntary departure prior to participating in Operation Return to Sender. During their time at the Border Patrol Academy, trainees receive approximately 110 hours of legal training presented by attorneys employed by CBP's Office of Chief Counsel, including training on the process for voluntary departure. Agents receive additional on-the-job training and periodic refreshers throughout their careers related to this topic.

**RFA NO. 10**:

Admit that neither El Centro Sector Border Patrol nor its parent agencies, U.S. Border Patrol and CBP, has promulgated any policy or guidance requiring compliance with 8 U.S.C. § 1357(a)(2).

**Defendants' Objections and Response to RFA No. 10**:

Defendants incorporate their objection to Plaintiffs' definition of "policy, procedure, or practice" and construe this as requesting official, written policies, procedures, or practices.

8

**RFA NO. 54:**

Admit that one or more El Centro Sector Border Patrol Agents have been involved in conducting multi-day enforcement operations in San Bernadino County since January 1, 2025.

**Defendants' Objections and Response to RFA No. 54**:

Defendants object to this RFA because "enforcement operations" and "conducting" are ambiguous and subject to interpretation.

Defendants object to the word Agent as vague and ambiguous. Defendants interpret the word "Agent" to mean a United States BPA.

Defendants object to this RFA as irrelevant, not necessary for the resolution of this case, and outside the scope of this litigation, which concerns the Eastern District of California.

Subject to and without waiving the above objections, Defendants deny that one or more El Centro Sector BPAs have been involved in conducting multi-day operations to enforce U.S. immigration law in San Bernadino County since January 1, 2025.

Dated: August 25, 2025

Respectfully submitted,

BRETT A. SHUMATE
Assistant Attorney General

SAMUEL P. GO
Assistant Director

MARY L. LARAKERS
Senior Litigation Counsel

By: s/ Tim Ramnitz
TIM RAMNITZ
Senior Litigation Counsel
U.S. Department of Justice Civil Division
Office of Immigration Litigation
District Court Section
P.O. Box 868, Ben Franklin Station
Washington, D.C. 20044
Tel: (202) 616-2686
tim.ramnitz@usdoj.gov

Attorneys for Defendants

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on August 25, 2025, I served a copy the foregoing document via email to all Plaintiffs' counsel of record via email as agreed between the Parties.