BREE BERNWANGER - # 331731
bbernwanger@aclunc.org
MICHELLE (MINJU) Y. CHO - # 321939
mcho@aclunc.org
LAUREN DAVIS - # 357292
ldavis@aclunc.org
SHILPI AGARWAL - # 270749
sagarwal@aclunc.org
AMERICAN CIVIL LIBERTIES UNION
FOUNDATION OF NORTHERN
CALIFORNIA
39 Drumm Street
San Francisco, CA 94111
Telephone: (415) 621-2493

MAYRA JOACHIN - # 306065
mjoachin@aclusocal.org
EVA BITRAN - # 302081
ebitran@aclusocal.org
AMERICAN CIVIL LIBERTIES UNION
FOUNDATION OF SOUTHERN
CALIFORNIA
1313 West 8th Street
Los Angeles, CA 90017
Telephone: (213) 977-5000

BRISA VELAZQUEZ OATIS - # 339132
bvoatis@aclu-sdic.org
AMERICAN CIVIL LIBERTIES UNION
FOUNDATION OF SAN DIEGO &
IMPERIAL COUNTIES
P.O. Box 87131
San Diego, CA 92138-7131
Telephone: (619) 398-4199

AJAY S. KRISHNAN - # 222476
akrishnan@keker.com
JASON GEORGE - # 307707
jgeorge@keker.com
JULIA GREENBERG - # 333864
jgreenberg@keker.com
REAGHAN E. BRAUN - # 340526
rbraun@keker.com
Keker, Van Nest & Peters LLP
633 Battery Street
San Francisco, CA 94111-1809
Telephone:     415 391 5400
Facsimile:      415 397 7188

*Attorneys for Plaintiffs*

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

FRESNO DIVISION

| | |
|---|---|
| UNITED FARM WORKERS, et al., | Case No. 1:25-cv-00246-JLT-CDB |
| Plaintiffs, | **[PROPOSED] ORDER GRANTING PLAINTIFFS' MOTION TO ENFORCE PRELIMINARY INJUNCTION** |
| v. | |
| KRISTI NOEM, IN HER OFFICIAL CAPACITY AS SECRETARY OF THE DEPARTMENT OF HOMELAND SECURITY; et al., | Date:    October 7, 2025<br>Time:    9:00 a.m.<br>Dept.:   Courtroom 4, 7th Floor<br>Judge:   Hon. Jennifer L. Thurston |
| Defendants. | Date Filed: February 26, 2025 |
| | Trial Date: None set |

# [PROPOSED] ORDER GRANTING MOTION TO ENFORCE

Plaintiffs Motion to Enforce Preliminary Injunction came before this Court on October 7, 2025. Having considered Plaintiffs' Motion and Reply and supporting papers, Defendants' Opposition and supporting papers, and the arguments of counsel, the Court finds that Plaintiffs have demonstrated that Defendants have violated the Court's preliminary injunction by (1) issuing a directive regarding "reasonable suspicion" that fails to accurately reflect the law governing the reasonable suspicion analysis in this District and that fails to provide guidance that could reasonably be expected to correct the conduct violating the Fourth Amendment at issue in this case, in violation of Section 4.e of the preliminary injunction; (2) conducting stops without reasonable suspicion and warrantless arrests without probable cause that the person being arrested is likely to escape before a warrant can be obtained in a July 17, 2025 operation in and near the Home Depot parking lot on Florin Road in Sacramento, California, in violation of Sections 4.a and 4.b of the preliminary injunction; and (3) failing to adequately document stops and warrantless arrests, in violation of Sections 4.c. and 4.d of the preliminary injunction.

Therefore, the Court hereby **GRANTS** the motion and orders the following:

1. The Court's previously issued preliminary injunction issued on April 29, 2025 remains in full force and effect;

2. Defendants shall issue a new muster or directive as required by Section 4.e of the Court's preliminary injunction, Dkt. 47 at 87, that accurately reflects the governing law on reasonable suspicion as applied to this District and provides guidance to Border Patrol agents to remedy the violations at issue in the preliminary injunction order, including by:

    a. explaining that characteristics, profiles, or generalizations that are shared with a substantial number of people who are lawfully in the country have minimal probative value and are insufficient alone or in combination to create reasonable suspicion;

    b. explaining how the reasonable suspicion analysis differs at or near the border from this District, including by removing a "reasonable Border Patrol agent" as the standard for reasonable suspicion in this District, and by explaining how the

1

      factors Defendants have previously allowed Border Patrol agents to consider, including in the June 27, 2025 Muster, differ in relevance and weight in this District;

    c. explaining that "flight" has minimal probative value and is an insufficient basis for reasonable suspicion in various circumstances, including where aggressive tactics create innocent explanations for such flight;

    d. explaining in detail the analysis for when an interaction is a detentive stop and the factors relevant to whether a reasonable person would have believed that he was not free to leave; and

    e. explaining the limitations on the "violations" Border Patrol agents are allowed to enforce, how that limits the bases for reasonable suspicion, and expressly stating the standard for reasonable suspicion for civil immigration stops.

3. **Within 14 days of this order**, Defendants shall:

    a. Prepare and serve on Plaintiffs the new muster or directive regarding reasonable suspicion;

    b. Prepare and serve on Plaintiffs training materials reflecting the guidance in the new muster or directive that includes relevant examples from conduct in this case;

    c. Serve on Plaintiffs the training materials that have been used to train Border Patrol agents regarding warrantless arrests following the Court's April 29, 2025 preliminary injunction order; and

    d. Serve on Plaintiffs a list of Border Patrol personnel who planned and carried out the July 17, 2025 operation at and around Home Depot on Florin Road in Sacramento.

4. **Within 21 days of service of the above muster or directive and training materials (within 35 days of this order)**, following a meet and confer, Plaintiffs may file objections to the new muster or directive and the above training materials. Defendants may file a response to the objections within 14 days of the objections; and Plaintiffs may file a reply within 7 days of the response. Following the Court's resolution of objections, the

following shall occur:

    a. <u>As soon as practicable or at a date ordered by the Court</u>, Defendants shall issue the new muster or directive regarding reasonable suspicion.

    b. <u>Within 60 days of the resolution of Plaintiffs' objections</u>, Defendants shall conduct training of all Border Patrol agents who have participated in the planning or execution of operations in this District since January 1, 2025 using the new reasonable suspicion training materials and modified warrantless arrest training materials, if applicable. Any Border Patrol agents who will participate in the planning or execution of an operation in this District thereafter must also receive this training on reasonable suspicion and warrantless arrests prior to such involvement.

    c. The Border Patrol personnel who planned and carried out the July 17, 2025 operation at the Home Depot on Florin Road in Sacramento are barred from participating in operations in this District, until those agents and personnel are provided the above-referenced training.

5. The following requirements apply to Border Patrol's required documentation of detentive stops and warrantless arrests in this District:

    a. Border Patrol agents must document all stops and warrantless arrests in this District regardless of whether Defendants consider such stops or warrantless arrests to involve an immigration violation.

    b. Border Patrol agents may not use boilerplate or copy-and-pasted language when describing (1) the factual basis for individualized reasonable suspicion for a detentive stop, or (2) the individualized assessment of flight risk required for warrantless arrests, as required under the Court's preliminary injunction order. In the documentation, the individualized basis for reasonable suspicion and the individualized assessment of probable cause of flight risk should be clearly demarcated from other material through headings or other means.

    c. The preliminary injunction's requirement that Defendants provide documentation

of stops and arrests within 7 days of Plaintiffs' request is modified to 4 days to facilitate access to witnesses and evidence.

**IT IS SO ORDERED.**

Dated: _____

_____
HON. JENNIFER L. THURSTON
UNITED STATES DISTRICT JUDGE