UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED FARM WORKERS, *et al.*,<br><br>    Plaintiffs,<br><br>  v.<br><br>KRISTI NOEM, *et al.*,<br><br>    Defendants. | Case No. 1:25-cv-00246-JLT-CDB<br><br>ORDER ON PARTIES' REQUESTS TO SEAL<br><br>(Docs. 79, 80, 86)<br><br>**7-DAY DEADLINE** |

Pending before the Court are the parties' various notices and requests to seal numerous documents filed in redacted form in connection with Defendants' motion to dismiss and Plaintiffs' motion to enforce preliminary injunction. (Docs. 79, 80, 86). At the undersigned's direction and consistent with Local Rule 141 (*see* Doc. 87), the parties emailed to the undersigned's chambers their requests and proposed documents to be sealed.

As set forth in more detail below, the Court will grant the parties' requests to seal in part and direct them to submit to the Clerk of the Court their relevant filings made in connection with the sealing requests that were emailed to the undersigned's chambers. Separately, the Court will direct Plaintiffs to submit to the Clerk of the Court modified, redacted filings to be substituted for the currently docketed versions of these same filings.

**Relevant Background**

Plaintiffs initiated this action with the filing of a complaint on February 26, 2025, seeking

declarative and injunctive relief related to detentive stops and arrests by U.S. Border Patrol agents. (Doc. 1). Plaintiffs "seek to represent three classes of individuals who have been or will be subjected to the three unlawful practices this lawsuit alleges: detentive stops regardless of reasonable suspicion of unlawful presence, arrests regardless of probable cause of flight risk, and voluntary departure without a knowing and voluntary waiver of rights." *Id*. at 61-62, ¶ 312. Specifically, Plaintiffs identify the following claims for relief: (1) warrantless arrests without probable cause of flight risk in violation of 8 U.S.C. § 1357(a)(2); (2) warrantless arrests without probable cause of flight risk in violation 8 C.F.R. § 287.8(c)(2)(ii); (3) stops without reasonable suspicion in violation of the Fourth Amendment; and (4) voluntary departure without a knowing and voluntary waiver of rights in violation of the Fifth Amendment. *Id*. at 65-69. Plaintiffs seek declaratory and injunctive relief, enjoining further violations of their rights under the applicable statutes and the U.S. Constitution. *Id*. at 69-70.

On April 29, 2025, the Court granted Plaintiffs' motion for provisional class certification and for a preliminary injunction. (Doc. 47). Regarding the provisional class certification, the Court's order: (1) defined the classes as Suspicionless Stop Class and Warrantless Arrest Class; (2) appointed Oscar Morales Cisneros, Wilder Munguia Esquivel, and Yolanda Aguilera Martinez as class representatives for both the Suspicionless Stop and Warrantless Arrest Classes; and (3) appointed Bree Bernwanger, Michelle (Minju) Y. Cho, Lauren Davis, and Shilpi Agarwal, Mayra Joachin, Eva Bitran, and Oliver Ma, Brisa Velazquez Oatis, Ajay S. Krishnan, Franco Muzzio, Zainab O. Ramahi, and Julia L. Greenberg as Class Counsel for the provisional classes. *Id.* at 86. As to the preliminary injunction, the Court ordered, *inter alia*: (1) within 60 days and every 60 days thereafter until this litigation is terminated or the Court rules otherwise, Border Patrol shall release to Plaintiffs' counsel the documentation describing Border Patrol's detentive stops and warrantless arrests within this District, or if requested by Plaintiffs' counsel concerning specific individual detentive stops or warrantless arrests, no later than seven days after the request; (2) within 60 days of the order, Defendants shall serve to Plaintiffs' counsel a directive setting forth the guidance given to Border Patrol agents concerning how they should determine whether "reasonable suspicion" exists when conducting detentive stops, including

1  vehicle stops, in this District; and (3) within 90 days of the order and every 30 days thereafter
2  until all agents associated with the El Centro Sector and those who are charged with making
3  detentive stops and warrantless arrests in this District have been trained, Defendants shall serve
4  to Plaintiffs' counsel documentation showing that they have trained the Border Patrol agents
5  who have performed, or will perform, operations in this District on the requirements articulated
6  above. *Id.* at 87-88.

7  Defendants filed a notice of appeal of the Court's class certification and preliminary
8  injunction orders on June 26, 2025. (Doc. 59). The continued deadline for Defendants to file
9  their opening brief in the Ninth Circuit is September 26, 2025. *See United Farm Workers of*
10 *America, et al. v. Noem*, No. 25-4047 (Doc. 11).

11 On July 14, 2025, Defendants filed a motion to dismiss Plaintiffs' complaint in its
12 entirety under Fed. R. Civ. P. 12(b)(1) & (6) on various grounds, including standing, mootness,
13 and failure to state a claim. (Doc. 64). In connection with their opposition to the motion to
14 dismiss, Plaintiffs filed one of the instant, pending requests to seal documents (Doc. 79) after
15 their earlier request was denied by the Court (*see* Docs. 73, 75).

16 On August 29, 2025, Plaintiffs filed a motion to enforce the preliminary injunction and
17 filed in connection therewith another of the instant, pending requests to seal documents. (Doc.
18 80). In response to Plaintiffs' motion to enforce the preliminary injunction, Defendants filed
19 one of the instant, pending requests to seal documents in which they note that some of their
20 proposed and competing sealing requests apply to the same documents that are the subject of
21 Plaintiffs' sealing request in connection with the motion to dismiss. (Doc. 86).

22 **Governing Legal Standard**

23 Under the First Amendment, the press and the public have a presumed right of access to
24 court proceedings and documents. *See generally Press-Enterprise Co. v. Superior Court*, 464
25 U.S. 501, 510 (1985); *Center for Auto Safety v. Chrysler Group, LLC*, 809 F.3d 1092, 1096 (9th
26 Cir. 2016); *cf. Olympic Ref. Co. v. Carter*, 332 F.2d 260, 264 (9th Cir. 1964) ("In the federal
27 judicial system trial and pretrial proceedings are ordinarily to be conducted in public."). As a
28 general rule, the public is permitted 'access to litigation documents and information produced

1  during discovery.'" *In re Roman Catholic Archbishop of Portland in Oregon*, 661 F.3d 417, 424
2  (9th Cir. 2011) (quoting *Phillips v. Gen. Motors Corp.*, 307 F. 3d 1206, 1210 (9th Cir. 2002) and
3  citing *San Jose Mercury News, Inc. v. U.S. Dist. Court*, 187 F.3d 1096, 1103 (9th Cir. 1999)).
4  This presumed right can be overcome if (1) closure serves a compelling interest; (2) there is a
5  substantial probability that, in the absence of closure, this compelling interest would be harmed;
6  and (3) there are no alternatives to closure that would adequately protect the compelling interest.
7  *Oregonian Publishing Co. v. U.S. Dist. Court*, 920 F.2d 1492, 1466 (9th Cir. 1990) (citing *Press
8  Enterprise*, 464 U.S. at 510).

9  "Unless a particular court record is one 'traditionally kept secret,' a 'strong presumption
10 in favor of access' is the starting point." *Kamakana v. City and County of Honolulu*, 447 F.3d
11 1172, 1178 (9th Cir. 2006). (quoting *Foltz v. State Farm Mut. Auto. Ins. Co.*, 331 F.3d 1122,
12 1135 (9th Cir. 2003)).  Relevant here, if a party seeks to seal a document in support of a
13 dispositive motion, the party bears the burden of overcoming this presumption by articulating
14 "'compelling reasons supported by specific factual findings'" to justify sealing the records at
15 issue. *Id.* (quoting *Foltz*, 331 F.3d at 1135).

16 **Discussion**

17 **A. Plaintiffs' Sealing Request on Defendants' Motion to Dismiss (Doc. 79)**

18 In support of their opposition to Defendants' motion to dismiss, Plaintiffs seek to seal
19 two I-213 forms that document immigration enforcement officers' encounters with and arrests
20 of two subjects on July 17, 2025, at a Home Depot near Florin Road and Bowling Drive in
21 Sacramento. (Doc. 79).  Plaintiffs and Defendants both are agreeable to the public filing of
22 redacted versions of these two exhibits; however, whereas the parties agree to certain PII-related
23 redactions (including the identifies of law enforcement personnel involved in the operation),
24 Defendants seek more extensive redactions of information contained in the I-213 forms beyond
25 PII.

26 In support of their request that the publicly-filed versions of the two sealed documents
27 include heavier redactions than are agreeable to Plaintiffs, Defendants rely on the declaration of
28 Daniel I. Parra, a supervisory official with U.S. Border Patrol ("USBP").  In general, Parra

declares that public disclosure of certain "law enforcement sensitive" information contained in the two I-213 forms would create a risk that unidentified transnational criminal organizations would obtain and use such information to undermine the mission of U.S. Customs and Border Protection (CBP) and public safety. Parra also declares that disclosure of the information sought to be sealed would permit criminals to discover and circumvent CBP's law enforcement efforts and endanger agents working in the field.

The Court has balanced the compelling interest of protecting PII, including names/signatures of law enforcement officers, against the public's right to disclosure and concurs with the parties' proposed, agreed-upon redactions of such information.

Further, the Court acknowledges the propriety of sealing sensitive law enforcement information upon a proper showing that disclosure of such information could harm law enforcement personnel or undermine law enforcement agencies' undertaking of operations. *E.g., Al Otro Lado, Inc. v. Wolf*, No. 3:17-CV-2366-BAS-KSC, 2020 WL 3487823, at *8 (S.D. Cal. June 26, 2020). The Court also is mindful that the public retains a legitimate interest in accessing sensitive law enforcement information, particularly where the information is related to the claims at issue in the case. *See Dousa v. U.S. Dep't of Homeland Sec.*, No. 19cv1255-LAB (KSC), 2020 WL 4784763, at *2 (S.D. Cal. Aug. 18, 2020). *See also Kidd v. Wolf*, No. 2:20-cv-03512-ODW (JPRx), 2023 WL 11884586, at *2 (C.D. Cal. July 3, 2023) (declining to seal deposition testimony about ICE's tactics, techniques, and procedures, which was "highly relevant to the issues raised in the case and indeed appears to go to the heart of the case itself.").

First, Parra declares that disclosure of the general demographics of law enforcement agencies' participation in Operation At Large would provide "bad actors" with information they could use to avoid or undermine immigration enforcement operations. The Court balances the compelling interest of protecting sensitive law enforcement information with the public's right to access such information and concludes that Parra's declaration is insufficient to warrant the sealing of these details. To begin with, the narrative sought to be redacted is generalized and devoid of detailed information a would-be immigrant (or unidentified transnational criminal organization) could use to alter immigration routing. Second, given the widespread public media

1  exposure afforded to the Executive Branch's recent immigration enforcement operations,
2  including by public officials and, in some cases, the participating agencies' themselves[1], it hardly
3  is a secret that the law enforcement agencies identified in the narrative are participating in or
4  supporting the efforts of USBP and CBP. *See Al Otro Lado, Inc.*, 2020 WL 3487823, at *8
5  ("Where information is 'already publicly available,' the Court cannot justify sealing it from
6  public view.") (citations omitted).[2]

7  Second, Parra declares that disclosure of surveillance tactics and techniques, while
8  lacking the acute potential for harm of privileged categories of information, could nevertheless
9  undermine law enforcement's ability to accomplish its objectives. Once again, however, the
10 nature of the operational details Defendants seek to guard from public view – including officers'
11 use of unmarked vehicles and the fact that an identified Home Depot was under surveillance –
12 are not so uniquely sensitive that the compelling interest of protecting sensitive law enforcement
13 information outweighs the public's right to know that such well-known types of enforcement
14 techniques are being employed in support of Operation At Large. Likewise, Defendants' request
15 to seal information pertaining to interview questions on the same grounds (i.e., that revealing
16 such information would enable would-be immigrants or unidentified transnational criminal
17 organizations to degrade law enforcement's mission success) fails. In particular, it is common
18 knowledge that the specific question identified in the I-213 forms (*e.g.*, prompting a subject to
19 identify their final destination) routinely is asked by immigration enforcement officials of
20 subjects suspected of illegal immigration.

21 Third, Parra declares that revealing numbers of immigration arrests and geographic areas

---

[1] ABC News, "DHS allows US Marshals, DEA and ATF to carry out immigration enforcement" (Jan. 23, 2025), available at https://abcnews.go.com/Politics/dhs-allows-us-marshals-dea-atf-carry-immigration/story?id=118022307 (last visited Sept. 15, 2025); NBC News, "A sweeping new ICE operation shows how Trump's focus on immigration is reshaping federal law enforcement" (June 4, 2025), available at https://www.nbcnews.com/politics/justice-department/ice-operation-trump-focus-immigration-reshape-federal-law-enforcement-rcna193494 (last visited Sept. 15, 2025); Executive Office of the Governor, Ron Desantis, "Largest Joint Immigration Operation in Florida History Leads to 1,120 Criminal Alien Arrests During Weeklong Operation" (May 1, 2025), available at https://www.flgov.com/eog/news/press/2025/largest-joint-immigration-operation-florida-history-leads-1120-criminal-alien (last visited Sept. 15, 2025); DEA Atlanta X post (Jan. 26, 2025), available at https://x.com/DEAATLANTADiv/status/1883591334533136678.

[2] For the same reason, because the addresses of DHS/CBP/ICE facilities that Plaintiffs seek to redact are publicly accessible, the Court sees no compelling interest in permitting redaction of this information.

targeted would permit unidentified criminal organizations to modify their planned smuggling routes based on their knowledge of the likelihood of apprehension in a particular area, based on historical data and trends.  However, the general details sought to be concealed from the public merely include number of arrests in the "El Centro Sector" and the "San Diego Sector."  Once again, it is generally known that immigration enforcement authorities undertake immigrant arrest operations in and about El Centro and San Diego; without identifying a more specific geographic location, Parra's general averments about the risks associated with disclosure are outweighed by the public's interest in accessing the information.  Moreover, contrary to Parra's declaration, there is little risk that revealing types of statistics monitored and collected by immigration enforcement officials could reveal information that would-be immigrants or unidentified criminal organizations could use to thwart law enforcement efforts.  Thus, for instance, it is commonly known that law enforcement agencies, including those with primary duties of enforcing immigration laws, collect statistics concerning contacts and arrests.  Indeed, CBP publishes these types of statistics[3] and they are a matter of recent public record.  *See Noem v. Vasquez Perdomo*, 606 U.S. ___, 2025 WL 2585637, at *6 (Sept. 8, 2025) (Sotomayor, J., dissenting) (noting 2,800 immigration arrests in Los Angeles in June 2025 at places such as Home Depot).  Indeed, given the Executive Branch's recent pronouncements about arrest quotas in connection with immigration enforcement operations, it follows as an obvious parallel that the Executive Branch tracks arrest statistics.  *See Vasquez Perdomo v. Noem*, 148 F.4th 656, 665 n.2 (9th Cir. 2025).

The Court comes to a different conclusion regarding four sensitive details sourced on page 3 of the I-213 forms to an unidentified "intelligence bulletin."  These details are preceded in the I-213 forms, in order, with: (1) "From FY21 to present"; (2) From FY 21 to present"; (3) "In FY23 and FY24"; and (4) "On July 13, 2025."  The Parra Declaration sufficiently corroborates that disclosure of these four details would unreasonably compromise the compelling interests identified to the extent that sealing these details outweighs the public's

---

[3] U.S. Customs and Border Protection, "CBP Enforcement Statistics, available at https://www.cbp.gov/newsroom/stats/cbp-enforcement-statistics (last visited Sept. 15, 2025).

interest in disclosure.

**B. The Parties' Sealing Requests on Plaintiffs' Motion to Enforce (Docs. 80, 86)**

In support of their motion to enforce the preliminary injunction, Plaintiffs seek to seal one document that contains personal identifying information of class member Mejia Diaz, and one document that collects a set of I-213 forms that document immigration enforcement officers' encounters with and arrests of subjects on July 17, 2025, at a Home Depot near Florin Road and Bowling Drive in Sacramento. (Doc. 80). Plaintiffs and Defendants both are agreeable to the public filing of redacted versions of both exhibits; however, whereas the parties agree to certain PII-related redactions (including the identifies of law enforcement personnel involved in the operation) in the I-213 forms, Defendants seek more extensive redactions of the information contained therein beyond PII.

In support of their request that the publicly-filed versions of the I-213 forms include heavier redactions than are agreeable to Plaintiffs, Defendants rely on a substantially similar version of the declaration of Daniel I. Parra as was filed in connection Defendants' request that the Court require more robust redaction of the I-213 forms filed by Plaintiffs in opposition to Defendants' motion to dismiss. Once again, Parra declares that public disclosure of certain "law enforcement sensitive" information contained in the I-213 forms would create a risk that unidentified transnational criminal organizations would obtain and use such information to undermine CBP's mission and public safety. Parra also declares that disclosure of the information sought to be sealed would permit criminals to discover and circumvent CBP's law enforcement efforts and endanger agents working in the field.

For the same reasons noted above, the Court will permit the parties to redact the agreed-upon PII. Moreover, the Court will direct Plaintiffs to redact the I-213 forms to the same extent it directed redaction of similar information contained in exhibits filed in support of their opposition to Defendants' motion to dismiss (*see supra*). Having balanced the compelling interests identified within the Parra Declaration against the public's interest in accessing sensitive law enforcement information, the Court will direct Plaintiffs to make the following, additional redactions: call signs, event codes, system database names, and medical information

obtained from detained/arrested subjects. *See* (Doc. 86, Declaration of Daniel I. Parra, Exhibit D) (to be filed under seal).

Separately, Plaintiffs have filed a redacted version of their brief in support of their motion to enforce preliminary injunction. (Doc. 81-1). Consistent with the rulings herein, Plaintiffs will be directed to transmit to the Clerk of the Court an updated version of the brief, specifically: (1) removing the third and fourth redactions at the top of page 8; (2) removing the redaction at the top of page 18; (3) removing the redaction in footnote 9 on page 18.

**Conclusion and Order**

For the foregoing reasons, IT IS HEREBY ORDERED that the parties' requests to seal (Docs. 79, 80, 86) are GRANTED IN PART. Within seven (7) days of entry of this order:

1. Plaintiffs shall transmit in a single email to the Operations Section of the Clerk of the Court (ApprovedSealed@caed.uscourts.gov): (1) a copy of this order, and (2) all documents (requests to seal, declarations, exhibits) submitted to chambers of the undersigned in connection with their request to seal (Doc. 79). The email subject line shall bear the case name/number and title "Plaintiffs' Documents to seal – Doc. 79."

2. Plaintiffs shall transmit in a single email to the Operations Section of the Clerk of the Court (ApprovedSealed@caed.uscourts.gov): (1) a copy of this order, and (2) all documents (requests to seal, declarations, exhibits) submitted to chambers of the undersigned in connection with their request to seal (Doc. 80). The email subject line shall bear the case name/number and title "Plaintiffs' Documents to seal – Doc. 80."

3. Plaintiffs shall transmit in a single email to the Operations Section of the Clerk of the Court (ApprovedSealed@caed.uscourts.gov): (1) a copy of this order, and (2) all documents (response and exhibit) submitted to chambers of the undersigned in connection with their response to Defendants' request to seal (Doc. 86). The email subject line shall bear the case name/number and title "Plaintiffs' Documents to seal – Doc. 86."

4. Defendants shall transmit in a single email to the Operations Section of the Clerk of the Court (ApprovedSealed@caed.uscourts.gov): (1) a copy of this order, and (2) all documents (response, declaration, exhibits) submitted to chambers of the undersigned in connection with

1 their response to Plaintiffs' request to seal (Docs. 79, 80).  The email subject line shall bear the
2 case name/number and title "Defendants' Documents to seal – Docs. 79, 80."

3       5.  Defendants shall transmit in a single email to the Operations Section of the Clerk of
4 the Court (ApprovedSealed@caed.uscourts.gov): (1) a copy of this order, and (2) all documents
5 (request, declaration, exhibits) submitted to chambers of the undersigned in connection with their
6 request to seal (Doc. 86).  The email subject line shall bear the case name/number and title
7 "Defendants' Documents to seal – Doc. 86."

8       6.  Plaintiffs shall transmit in a single email to the Operations Section of the Clerk of the
9 Court (ApprovedSealed@caed.uscourts.gov): for filing on the public docket redacted versions
10 of the exhibits and memorandum discussed herein (Docs. 74-6, 74-7, 81-1, 81-7) that the Clerk
11 of the Court will substitute for the currently-accessible, redacted versions of those filings.

12 IT IS SO ORDERED.

13 Dated:   **September 15, 2025**

14 UNITED STATES MAGISTRATE JUDGE