BREE BERNWANGER - # 331731
bbernwanger@aclunc.org
MICHELLE (MINJU) Y. CHO - # 321939
mcho@aclunc.org
LAUREN DAVIS - # 357292
ldavis@aclunc.org
SHILPI AGARWAL - # 270749
sagarwal@aclunc.org
AMERICAN CIVIL LIBERTIES UNION
FOUNDATION OF NORTHERN
CALIFORNIA
39 Drumm Street
San Francisco, CA 94111
Telephone: (415) 621-2493

MAYRA JOACHIN - # 306065
mjoachin@aclusocal.org
EVA BITRAN - # 302081
ebitran@aclusocal.org
AMERICAN CIVIL LIBERTIES UNION
FOUNDATION OF SOUTHERN
CALIFORNIA
1313 West 8th Street
Los Angeles, CA 90017
Telephone: (213) 977-5000

BRISA VELAZQUEZ OATIS - # 339132
bvoatis@aclu-sdic.org
AMERICAN CIVIL LIBERTIES UNION
FOUNDATION OF SAN DIEGO &
IMPERIAL COUNTIES
P.O. Box 87131
San Diego, CA 92138-7131
Telephone: (619) 398-4199

*Attorneys for Plaintiffs*

AJAY S. KRISHNAN - # 222476
akrishnan@keker.com
JASON GEORGE - # 307707
jgeorge@keker.com
JULIA L. GREENBERG - # 333864
jgreenberg@keker.com
REAGHAN E. BRAUN - # 340526
rbraun@keker.com
KEKER, VAN NEST & PETERS LLP
633 Battery Street
San Francisco, CA 94111-1809
Telephone:    415 391 5400
Facsimile:    415 397 7188

*Attorneys for Plaintiffs*

MARIO MARTINEZ - # 200721
mmartinez@farmworkerlaw.com
EDGAR IVÁN AGUILASOCHO - # 285567
eaguilasocho@farmworkerlaw.com
MARTINEZ AGUILASOCHO LAW, INC.
900 Truxtun Avenue, Suite 300
Bakersfield, CA 93301
Telephone: (661) 859-1174
Facsimile: (661) 840-6154

*Attorneys for Plaintiff United Farm Workers*

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF CALIFORNIA
FRESNO DIVISION

| | |
|---|---|
| UNITED FARM WORKERS, et al.,<br><br>    Plaintiffs,<br><br>    v.<br><br>KRISTI NOEM, IN HER OFFICIAL CAPACITY AS SECRETARY OF THE DEPARTMENT OF HOMELAND SECURITY; et al.,<br><br>    Defendants. | Case No. 1:25-cv-00246-JLT-CDB<br><br>**OPPOSITION TO MOTION TO STAY IN LIGHT OF LAPSE OF APPROPRIATIONS**<br><br>Dept.:    Courtroom 4, 7th Floor<br>Judge:    Hon. Jennifer L. Thurston<br><br>Date Filed: February 26, 2025<br><br>Trial Date:  None set |

Plaintiffs oppose Defendants' request for a stay. Proceeding with litigation will not prejudice Defendants but will cause Plaintiffs irreparable harm. The Government's contingency plan expressly permits its attorneys to work with full pay in any case in which a court denies a motion for a stay. And contrary to the Government's assertions, the federal defendants in this case—including Border Patrol—will continue their enforcement activities without interruption during the government shutdown.

1. Plaintiffs appreciate the challenges that the lapse in appropriations creates for everyone, including the government's attorneys and their clients, and the burden on the Court to prioritize cases. However, Defendants overstate the strictures of the Anti-Deficiency Act. The Department of Justice's contingency plan expressly authorizes its attorneys to continue litigation in any case in which a court denies a stay. In such an event, "the Government will comply with the court's order, which would constitute express legal authorization for the activity to continue." Declaration of Bree Bernwanger ("Bernwanger Decl.") Ex. 1 at 3. As a result, "the litigation will become an excepted activity," *id.*, and the responsible attorneys will be "excepted" employees who "shall be paid" for all work performed during the lapse in appropriations. Bernwanger Decl. Ex. 2 at 45; *see also* 31 U.S.C. § 1341(c)(2). Accordingly, denying the stay would not prejudice Defendants' counsel. *See Kornitzky Grp., LLC v. Elwell,* 912 F.3d 637, 638 (D.C. Cir. 2019) (holding that denial of stay was consistent with Anti-Deficiency Act and collecting similar cases).

**2.** Indeed, the Government has filed similar requests in litigation across the country, and several courts have readily denied them. *See, e.g.,* Bernwanger Decl. Ex.6 (*State of Rhode Island, et al. v. Trump et al,* No. 25-cv-00128-JJM-AEM) (TEXT ORDER denying 83 Motion to Stay: "The Court is required to continue its constitutional functions, and therefore the Motion to Stay is DENIED. Department of Justice contingency plan states: 'If a court denies such a request [to stay or continue] and orders a case to continue, the Government will comply with the court's order, which would constitute express legal authorization for the activity to continue.'"); *see also* Bernwanger Decl. Ex. 7 (*United States of America et Al V. Google LLC*, No. 20-cv-03010-APM) **(**MINUTE ORDER denying 1445 Motion for a Temporary Stay of Further Proceedings in Light of Lapse of Appropriations) (citing *Kornitzky Grp* and the contingency plan language).

3. Nor would a stay prejudice the federal agency defendants. Defendants' assertion that "employees of the federal Defendants are prohibited from working," (Mot. ¶ 2), does not apply to the specific federal Defendants in *this* case. According to Defendants' own public guidance, "significant agency activities" including "[m]aintaining law enforcement operations" will "continue during a lapse." Bernwanger Decl. Ex. 3 at 4. Indeed, 93% of all CBP employees will continue to work during the lapse. *Id.* at 39-40 (63,243 out of 67,792 CBP employees are exempted and estimated to be retained during a lapse in appropriations).

4. In contrast, a stay would prejudice Plaintiffs. This case challenges policies and practices that violate Plaintiffs' constitutional rights and federal law. As Plaintiffs detail in their pending Motion to Enforce, these policies and practices have continued despite the Court's preliminary injunction. *See* Dkt. 81. The funding lapse will not interrupt the enforcement operations of the federal defendants. *See* Bernwanger Decl. Ex. 4 (tweet from DHS Secretary Kristi Noem that "[DHS] law enforcement officers will continue to work . . . ."); *Id.* Ex. 5 (tweet from CBP Commissioner Rodney Scott that "@CBP continues to report for duty . . . .").

5. Moreover, this suit involves claims that two Plaintiffs were wrongfully expelled from the United States and remain in limbo in Mexico, and Plaintiffs' prayer for relief requests their return to the United States. Dkt. 1 ¶¶ 346-50, Prayer for Relief ¶ 11. Without that relief, they continue to experience irreparable harm. Courts have rejected similar stay requests based on government furloughs under similar circumstances. *See, e.g., Doe 1 v. Nielsen*, No. 18-cv-02349-BLF, 2019 WL 1473463, at *1  (N.D. Cal. Jan. 3, 2019) (denying government's motion to stay based on lapse in appropriations where plaintiffs remained in "limbo" in foreign country); *Roman Catholic Archbishop of Wash. v. Sebelius*, No. CV 13-1441(ABJ), 2013 WL 5570185, at *1 (D.D.C. Oct. 3, 2013) (finding indefinite stay unwarranted given alleged irreparable harm, time-sensitive nature of case, and government's unwillingness to delay enforcement of law being challenged).

6. Notably, Defendants have not moved to stay their Ninth Circuit appeal in this matter. Defendants are trying to have it both ways; while they press forward in trying to overturn this Court's preliminary injunction on appeal, they seek to stall discovery and evade consideration

of Plaintiffs' pending enforcement motion. Nothing in the Anti-Deficiency Act requires such a one-sided result.

7. For the foregoing reasons, the Court should deny Defendants' motion. To the extent the Court is inclined to issue a stay, the stay should not apply to: any motion practice related to ensuring compliance with the preliminary injunction (including Plaintiffs' pending enforcement motion) and any discovery necessary to resolve enforcement disputes. Given that Defendants have made clear their operations are continuing, Plaintiffs must have the ability to ensure those operations comply with this Court's order and do not cause further irreparable harm.

Dated: October 3, 2025

AMERICAN CIVIL LIBERTIES UNION FOUNDATION OF NORTHERN CALIFORNIA

By: */s/ Bree Bernwanger*
BREE BERNWANGER
MICHELLE (MINJU) Y. CHO
LAUREN DAVIS
SHILPI AGARWAL

Dated: October 3, 2025

By: AMERICAN CIVIL LIBERTIES UNION FOUNDATION OF SOUTHERN CALIFORNIA

*/s/ Mayra Joachin*
(as authorized on 10/3/2025)
MAYRA JOACHIN
EVA BITRAN

Dated: October 3, 2025

By: AMERICAN CIVIL LIBERTIES UNION FOUNDATION OF SAN DIEGO & IMPERIAL COUNTIES

*/s/ Brisa Velazquez Oatis*
(as authorized on 10/3/2025)
BRISA VELAZQUEZ OATIS

Attorneys for Plaintiffs

| | | |
|---|---|---|
| Dated: October 3, 2025 | | KEKER, VAN NEST & PETERS LLP |
| | By: | */s/ Ajay S. Krishnan*<br>(as authorized on 10/3/2025)<br>AJAY S. KRISHNAN<br>JASON GEORGE<br>JULIA L. GREENBERG<br>REAGHAN E. BRAUN |
| | | Attorneys for Plaintiffs |
| Dated: October 3, 2025 | By: | MARTINEZ AGUILASOCHO LAW, INC. |
| | | */s/ Edgar Ivan Aguilasocho*<br>(as authorized on 10/3/2025)<br>MARIO MARTINEZ<br>EDGAR IVÁN AGUILASOCHO |
| | | Attorneys for Plaintiff United Farm Workers |