# EXHIBIT A

## El Centro Sector Muster

**This Muster states the underlying laws and policies applicable to investigative detentions initiated by El Centro Sector Border Patrol Agents pursuant to the Fourth Amendment in the Eastern District of California, and is to be interpreted consistently with all controlling Supreme Court and Ninth Circuit case law.**

The guidance contained herein applies to all investigative detentions, also known as detentive stops, *Terry* stops, or roving patrol stops, conducted pursuant to INA § 287 [8 U.S.C. § 1357].

U.S. Border Patrol Agents ("BPAs") may briefly detain a person if the agent has reasonable suspicion, based on specific articulable facts, that the person stopped is, was, or is about to be, engaged in a violation of a law the BPA has the authority to enforce. An investigative detention is a temporary seizure of a person to investigate a specific reasonable suspicion of unlawful activity. The BPA's actions during the stop must be geared toward confirming or eliminating the BPA's reasonable suspicion of unlawful activity.

BPAs must develop reasonable suspicion before initiating an investigative stop. To develop reasonable suspicion, BPAs must identify specific, articulable facts, that when taken together with rational inferences from those facts, would lead a reasonable, objective BPA to believe that the person stopped is, was, or is about to be, engaged in a violation of a law the BPA has the authority to enforce. BPAs must evaluate the totality of the circumstances when assessing whether they have developed reasonable suspicion. BPAs may use their training and experience to provide meaning and context for the facts used to develop reasonable suspicion.

Information that may be considered when developing reasonable suspicion includes, but is not limited to:

- the location of an individual or vehicle in proximity to the border;
- the characteristics of the area in which the individual or vehicle is encountered;
- the previous travel patterns of the area, including foot or vehicle traffic;
- recent illegal border crossings in the area;
- the time of day an individual or vehicle is encountered;
- the association of the area with criminal activity;
- attempts to evade law enforcement, such as flight on foot or dangerous or erratic driving patterns;
- details revealed from records checks.

In the context of roving patrol stops, BPAs may also consider whether a certain type of vehicle is frequently used to transport contraband or illegal aliens, whether a vehicle contains components capable of smuggling aliens, and whether a vehicle appears heavily loaded with passengers. In areas where Hispanic individuals are common, an individual's apparent Hispanic race or ethnicity is not a relevant factor supporting reasonable suspicion. However, indicators that an individual is a foreign national based on mode of dress or haircut may be considered in developing reasonable suspicion, along with the presence of other, relevant factors.

An individual's refusal to answer a BPA's questions does not, without additional articulable facts, constitute a basis for reasonable suspicion to justify an investigative detention.