BRETT A. SHUMATE
Assistant Attorney General
Civil Division
SAMUEL P. GO
Assistant Director
MARY L. LARAKERS
Senior Litigation Counsel
TIM RAMNITZ
Senior Litigation Counsel
CAROLYN D. DILLARD
Trial Attorney
OLGA Y. KUCHINS
Trial Attorney
AYSHA T. IQBAL
Trial Attorney
U.S. Department of Justice
Office of Immigration Litigation
General Litigation and Appeals Section
P.O. Box 878, Ben Franklin Station
Washington, DC 20044
202-451-7672
Aysha.T.Iqbal@usdoj.gov
Attorneys for Defendants

IN THE UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED FARM WORKERS, et al.,<br><br>Plaintiffs,<br><br>v.<br><br>KRISTI NOEM, Secretary of the United States Department of Homeland Security, et al.,<br><br>Defendants. | No. 1:25-cv-00246-JLT-CDB<br><br>**DEFENDANTS' MOTION TO STAY LITIGATION PENDING APPEAL**<br><br>Date: December 1, 2025<br>Time: 9:00 a.m.<br>Place: Courtroom 4, 7th Floor<br>Judge: Hon. Jennifer L. Thurston |

### NOTICE OF MOTION AND MOTION TO STAY LITIGATION PENDING APPEAL

PLEASE TAKE NOTICE that on Monday, December 1, 2025, at 9:00 a.m., in the Courtroom of the Honorable Jennifer L. Thurston, Defendants, Kristi Noem, Secretary of the Department of Homeland Security, Rodney S. Scott, in his official capacity as Commissioner of U.S. Customs and Border Protection, Micheal W. Banks, Chief of U.S. Border Patrol, and Gregory K. Bovino, Chief Patrol Agent for El Centro Sector of the U.S. Border Patrol, will respectfully move this Court for a stay of litigation.

This motion is made upon this Notice, the attached Memorandum of Points and Authorities, and all pleadings, records, and other documents on file with the Court in this action, and upon such oral argument as may be presented at the hearing of this motion. Defendants also make this motion after counsel for the parties conferred via email on September 25 and September 29, 2025, pursuant to this Court's Standing Order. Plaintiffs' counsel confirmed that Plaintiffs would oppose Defendants' Motion to Stay Litigation Pending Appeal.

DATED: October 17, 2025

Respectfully submitted,

BRETT A. SHUMATE
Assistant Attorney General
Civil Division

SAMUEL P. GO
Assistant Director

MARY L. LARAKERS
Senior Litigation Counsel

AYSHA T. IQBAL
Trial Attorney
United States Department of Justice
Civil Division
Office of Immigration Litigation
P.O. Box 878, Ben Franklin Station
Washington, DC 20044
Tel.: (202) 451-7672
Fax: (202) 305-7000
Email: Aysha.T.Iqbal@usdoj.gov
DC Bar No. 241424
*Attorneys for Defendants*

Motion to Stay Litigation Pending Appeal

1

## MEMORANDUM OF POINTS AND AUTHORITIES

## INTRODUCTION

On April 29, 2025, this Court issued a memorandum opinion and order granting Plaintiffs' motion for a preliminary injunction (PI order). ECF No. 47; *United Farm Workers v. Noem*, ___ F. Supp. 3d___, 2025 WL 1235525 (E.D. Cal. 2025). Defendants now move the Court to the stay litigation in this case entirely, pending appeal of the Court's April 29, 2025, PI order in the Ninth Circuit Court of Appeals, No. 25-4047.[1] Defendants' appeal of the Court's PI order challenges this Court's subject matter jurisdiction over the claims subject underlying the PI, and, by extension, this entire case. As such, "it makes no sense for [this case] to go forward while the court of appeals cogitates on whether there should be one." *Coinbase, Inc. v. Bielski*, 599 U.S. 736, 741 (2023) (citations omitted). The Supreme Court's decision in *Coinbase*, based on the principle espoused in *Griggs v. Provident Consumer Discount Co.*, 459 U.S. 56 (1982), requires a stay of litigation while the PI order is on appeal.

Further, this Court should stay litigation as a matter of discretion. As the Supreme Court's order staying the preliminary injunction in *Noem v. Perdomo*, 606 U.S.___, 2025 WL 2585637 (2025) illustrates, Defendants are likely to prevail on their arguments on appeal, including that Plaintiffs lack standing to seek prospective relief. Continuing to litigate this case, when this Court likely lacks jurisdiction over the entire case, would be an inefficient use of this Court's and the parties' resources. As the declaration of Carlos O. Cantú explains, the discovery Plaintiffs seek will be a significant drain on U.S. Customs and Border Protection's resources. Ex. A, Cantú Discovery Declaration at ¶¶ 15-16. Moreover, due to the parties' respective positions on the appropriate scope of discovery in this matter, Defendants expect the parties will be forced to call upon this Court to resolve discovery disputes. As such, a stay would allow the parties to eventually move forward with clarity from the Ninth Circuit on the scope of the remaining claims and would preserve judicial resources in the interim. Additionally, a stay of this

---

[1] On October 6, 2025, the Court denied Defendants' motion to stay due to a lapse in appropriations (ECF No. 103), citing the ongoing enforcement operations Plaintiffs are challenging. ECF No. 106. Because the Court has required litigation and briefing on the parties outstanding motions to proceed—to which this motion relates—Defendants now proceed with filing the instant motion to stay. Defendants were finalizing this motion prior to the lapse in appropriations on October 1, 2025.

Motion to Stay Litigation Pending Appeal

2

litigation will not harm Plaintiffs because they are currently protected by this Court's PI order, with which Defendants are duly complying. Therefore, this Court should stay this litigation pending appeal.

**PROCEDURAL HISTORY**

On February 26, 2025, Plaintiffs filed a complaint for declaratory and injunctive relief. ECF No. 1, Compl. Plaintiffs allege that, over the course of a particular operation, U.S. Border Patrol ("USBP" or "Border Patrol") engaged in a "pattern and practice" of violating the Fourth and Fifth Amendments, 8 U.S.C. § 1357, and 8 C.F.R. § 287.8(c)(2)(ii). ECF No. 1. Specifically, Plaintiffs allege that in violation of the Fourth Amendment, 8 U.S.C. § 1357(a)(2), and 8 C.F.R. § 287.8(c)(2)(ii), Border Patrol Agents engaged in a pattern and practice of race-based stops and warrantless arrests without assessing flight risk. ECF No. 1 at ¶¶ 1-3, 236, 239, 326-45 (Claims I, II, and III) (Fourth Amendment claims). Plaintiffs further allege that in violation of the Fifth Amendment, after Border Patrol transferred arrestees to the El Centro Station, USBP agents engaged in a pattern and practice of coercing them into accepting voluntary departure to Mexico. *Id.*, at ¶¶ 234, 242-45 (Claim IV) (Fifth Amendment claim).

On March 7, 2025, Plaintiffs filed a motion for a preliminary injunction seeking to enjoin Border Patrol from conducting further operations in violation of the Fourth Amendment and 8 U.S.C. § 1357(a)(2). *See generally* ECF Nos. 15, 15-1. The Court entered a preliminary injunction on Plaintiffs' Fourth Amendment and 8 U.S.C. § 1357(a)(2) claims, enjoining Border Patrol from conducting detentive stops in the absence of reasonable suspicion of unlawful presence and effecting warrantless arrests without considering flight risk. ECF No. 47 at 86-87. On June 26, 2025, Defendants filed an appeal of the Court's orders on the Motion to Certify Class and Motion for Preliminary Injunction. ECF No. 59; *United Farm Workers of America, et al. v. Noem, et al.*, Case No. 25-4047 (9th Cir.).

On June 27, 2025, Plaintiffs served Defendants with 27 (twenty-seven) requests for production and 54 (fifty-four) requests for admissions. Defendants served responses on August 25, 2025. The parties remain in negotiations regarding the appropriate scope of discovery, the proposed protective order for the exchange of confidential information, and the stipulation regarding the exchange of electronically stored information.

On July 14, 2025, Defendants filed a motion to dismiss Plaintiffs' complaint. *See* ECF No. 64. On August 25, 2025, Plaintiffs filed their response in opposition to Defendants' motion to dismiss. *See* ECF

1   No. 74. Defendants filed their reply on September 25, 2025. *See* ECF No. 102. On August 29, 2025,
2   Plaintiffs filed a Motion to Enforce Preliminary Injunction (ECF No. 81) and Defendants' response was
3   filed on October 10, 2025. *See* ECF No. 112.

4         Defendants filed their opening brief in the Ninth Circuit on September 26, 2025. No. 25-4047,
5   ECF No. 12. In their brief, Defendants argue that this Court abused its discretion in issuing the injunction
6   because there is no likelihood of future injury in this case, in light of the Supreme Court's decision in *City*
7   *of Los Angeles v. Lyons*, 461 U.S. 95 (1983). And the Supreme Court's recent decision granting a stay in
8   *Perdomo*, 606 U.S.__, 2025 WL 2585637, endorses a straightforward application of *Lyons*: Plaintiffs must
9   show that they themselves will likely be imminently stopped in the absence of reasonable suspicion, and
10  arrested without consideration of flight risk. Next, Defendants argue that the intervening steps taken by
11  Border Patrol have rendered the claims underlying the PI moot. Further, for the same reasons that Plaintiffs
12  lack standing and because their claims are moot, Plaintiffs also cannot meet their burden of showing they
13  are likely to suffer irreparable harm absent an injunction; *i.e.*, that they would allegedly be subject again
14  to suspicionless stops and warrantless arrests without consideration of flight risk. And finally, Defendants
15  argue that the district court's injunction is an impermissible "follow the law" injunction.

16                                       **LEGAL STANDARDS**

17        "The filing of a notice of appeal is an event of jurisdictional significance—it confers jurisdiction
18  on the court of appeals and divests the district court of its control over those aspects of the case involved
19  in the appeal." *Griggs*, 459 U.S. at 58. This principle espoused in *Griggs* "requires an automatic stay of
20  district court proceedings that relate to *any aspect* of the case involved in the appeal." *Coinbase, Inc.*, 599
21  U.S. at 741 (emphasis added); *see also City of Los Angeles, Harbor Div. v. Santa Monica Baykeeper*, 254
22  F.3d 882, 886 (9th Cir. 2001) ("the filing of a notice of interlocutory appeal divests the district court of
23  jurisdiction over the particular issues involved in that appeal.")

24        District courts also have the discretionary authority to stay proceedings. "[T]he power to stay
25  proceedings is incidental to the power inherent in every court to control the disposition of the causes on
26  its docket with economy of time and effort for itself, for counsel, and for litigants." *Landis v. N. Am. Co.*,
27  299 U.S. 248, 254 (1936). That power applies "especially in cases of extraordinary public moment," when
28  "a plaintiff may be required to submit to delay not immoderate in extent and not oppressive in its

consequences if the public welfare or convenience will thereby be promoted." *Clinton v. Jones*, 520 U.S. 681, 707 (1997), citing *Landis*, 299 U.S. at 256. In determining whether to grant a stay of proceedings,[2] courts consider several factors, including: "the possible damage which may result from the granting of a stay, the hardship or inequity which a party may suffer in being required to go forward, and the orderly course of justice measured in terms of the simplifying or complicating of issues, proof, and questions of law which could be expected to result from a stay." *CMAX, Inc. v. Hall*, 300 F.2d 265, 268 (9th Cir. 1962) (citing *Landis*, 299 U.S. at 254-55). The party requesting a stay bears the burden of showing that the circumstances justify an exercise of that discretion. *See, e.g.*, *Clinton*, 520 U.S. at 708.

## ARGUMENT

This Court should stay further proceedings in this case as required by the Supreme Court's decision in *Coinbase, Inc.*, 599 U.S. at 741. Because Defendants' appeal raises issues regarding this Court's subject matter jurisdiction to consider the claims underlying the PI, arguments that also apply to the Fifth Amendment claim (*see* MTD), this entire case is necessarily "involved in the appeal" and must be stayed. It is impermissible for a district court to exercise jurisdiction over issues that are the subject of an appeal. *See City of Los Angeles, Harbor Div.*, 254 F.3d at 886.

Alternatively, a stay is also warranted as a matter of discretion. A decision on Defendants' appeal will materially impact the significant legal issues in this case, and a stay pending appeal would streamline the questions of law and promote the orderly course of justice. Moreover, Plaintiffs would not suffer hardship from a stay of proceedings because Plaintiffs are protected by the PI order in the interim. Conversely, Defendants will have to undertake significant discovery efforts that may ultimately be unnecessary if and when the claims are narrowed or dismissed. *See* Ex. A. Therefore, the balance of factors weighs in favor of granting a discretionary stay of proceedings pending the PI appeal.

---

[2] In the context of a motion to stay a particular order, courts apply the discretionary factors outlined in *Nken v. Holder*, 556 U.S. 418, 434 (2009): "(1) whether the stay applicant has made a strong showing that he is likely to succeed on the merits; (2) whether the applicant will be irreparably injured absent a stay; (3) whether issuance of the stay will substantially injure the other parties interested in the proceeding; and (4) where the public interest lies." *See Flores*, 675 F. Supp. 3d 1052, 1057 (E.D. Cal. 2023) ("Because the district courts that have addressed both tests have consistently applied *Nken* only to stays of judgments and *Landis* to stays of proceedings, the Court uses the *Nken* factors to evaluate Defendants' request to stay enforcement of the preliminary injunction and relies on the *Landis* test to evaluate the request to stay the proceedings pending the interlocutory appeal.").

### I. Coinbase Requires a Stay of Litigation.

Consistent with the Supreme Court's recent decision in *Coinbase, Inc.*, 599 U.S. at 741, this Court must stay this case while the Court of Appeals considers the threshold jurisdictional questions at the heart of this litigation. As the Supreme Court recognized, where the issue on appeal is whether the case belongs in district court at all, "the entire case is essentially 'involved in the appeal.'" *Coinbase, Inc.*, 599 U.S. at 741 (citing *Griggs*, 459 U.S. at 58). "[I]t makes no sense for [a case] to go forward while the court of appeals cogitates on whether there should be one." *Id.* Here, the issues pending before the Court of Appeals include (1) whether there is jurisdiction to consider the claims that are the subject of the PI, given that Plaintiffs lack standing to seek prospective relief and the claims are moot, (2) whether the PI is an impermissible "follow the law" injunction, (3) whether Plaintiffs established irreparable harm, (4) and whether a classwide injunction is prohibited by 8 U.S.C. § 1252(f)(1). Therefore, consistent with the Supreme Court's decision in *Coinbase*, this entire case is "involved in the [preliminary injunction] appeal," because the appeal concerns the scope of this Court's jurisdiction—a decision on which is sure to impact the proceedings in this case. Moreover, because the Supreme Court's *Perdomo* stay order signals that the government is likely to succeed on the merits of the appeal in that case, which invokes an identical Article III standing challenge, the government is also likely to ultimately succeed on the merits of its appeal on the same issue.[3] Accordingly, the Court should stay further proceedings in this case pending the outcome of the preliminary injunction appeal.

The Supreme Court's decision in *Coinbase* is not just limited to interlocutory appeals regarding

---

[3] Importantly, Justice Kavanaugh—writing in concurrence with the majority—found that the Government made a sufficient showing to obtain a stay pending appeal and emphasized the significance of the Government's interests in immigration enforcement, while stressing the need of the Judiciary to not "improperly restrict reasonable Executive Branch enforcement of the immigration laws." *See Perdomo*, 606 U.S.___, 2025 WL 2585637, at *5 (Kavanaugh, J., concurring). Furthermore, Justice Kavanaugh found that the Government demonstrated a strong prospect of reversal of the district court's TRO based on two alternative grounds: (1) Plaintiffs likely lack Article III standing under *Los Angeles v. Lyons*, 461 U.S. 95 (1983) for a broad injunction which restricts immigration officers from making the purported violative investigative stops; and (2) even assuming standing, the government has a fair prospect of succeeding on the Fourth Amendment issue and onerous restriction of what constitutes "reasonable suspicion." *Id.* at *2-3 (Kavanaugh, J., concurring). Not only is the government likely to prevail on the merits, but Justice Kavanaugh further noted the government's likely irreparable harm and outweighing equities that also weighed in favor of staying the district court's injunction. *Id.* at *3-5.

Motion to Stay Litigation Pending Appeal

6

arbitration. *City of Martinsville, Virginia v. Express Scripts, Inc.*, 128 F.4th 265, 270-71 (4th Cir. 2025). "In relying on *Griggs*, *Coinbase* did not discriminate between arbitration and other appeals. . ." *Id.* at 271. "*Coinbase* confirmed that *Griggs* was not a makeshift guideline with limited sweep but a general principle about the allocation of power among multiple courts with claims over the same case." *Id.* at 272. The Ninth Circuit's decision in *California by and through Harrison v. Express Scripts, Inc.*, 139 F.4th 763 (9th Cir. 2025), does not compel the opposite conclusion. In *California*, the Ninth Circuit was asked to stay a district court order remanding the case to state court. The Court, in considering whether to stay that remand order, and by extension, stay the litigation, held that *Coinbase* does not extend to the federal officer removal context specifically because staying remand orders in this context implicates serious federalism concerns not raised in the typical case. *Id.* at 768. Here, *Coinbase* and *Griggs* apply in full force. There are no federalism concerns here and no rationale for ignoring the "*Griggs* principle"—which was not limited to arbitration—and which the Supreme Court expressly held "resolves [*Coinbase*]." *Coinbase*, 599 U.S. 741.

Indeed, following the Ninth Circuit's decision in *California*, district courts have continued to apply the *Griggs* principle to stay litigation where appropriate and required. *See, e.g.*, *Newsom v. Trump*, No. 25-cv-04870-CRB, 2025 WL 2609917, at *2 (N.D. Cal., Sept. 9, 2025) (staying proceedings while the issue on appeal before the Ninth Circuit is "inextricably tied up with the merits of Plaintiffs' new motion."); *S.L. et al. v. Cnty. of Riverside et al.*, No. 5:24-cv-00249, 2025 WL 2652874, at *4-7 (C.D. Cal., Sept. 15, 2025) (finding that the claim that is on appeal is automatically stayed as the court is divested of jurisdiction over that claim, and further, exercising discretionary power to stay proceedings on the remaining claims in the interest of judicial efficiency). The Supreme Court expressly held that any part of a case "involved in the appeal, big or small, it lies beyond the district court's reach because two courts should not attempt to assert jurisdiction over a case simultaneously." *Express Scripts, Inc.*, 128 F.4th at 271 (internal quotations omitted). As such, *Coinbase* not only counsels for a stay in this matter, but requires it.

Courts within the Ninth Circuit, both before and after *Coinbase*, have recognized that a stay of litigation is appropriate pending interlocutory appeals. For example, in *American Encore v. Fontes*, where the preliminary injunction was on appeal, the court, applying *Griggs*, decided that "most—if not all—of

the substantive legal issues in this case are implicated in the pending interlocutory appeal. The Ninth Circuit could disagree with this Court's findings in the appealed preliminary injunction order. And this Court is bound by whatever the Ninth Circuit decides." *See* No. CV-24-01673, 2025 WL 1839464, at *3 (D. Ariz., Jun. 26, 2025). And in *California v. Health and Human Services*, the parties had initially stipulated to a stay pending appeal, but plaintiffs sought to lift the stay, and the court declined to lift the stay, finding it would be improper per *Griggs* because the Ninth Circuit was reviewing issues of standing and mootness in the appeal of the court's preliminary injunction order. *See* No. 27-cv-05783, 2018 WL 11671579, at *1 (N.D. Cal., Dec. 13, 2018); *see also Brown v. Google, LLC*, No. 4:20-cv-03664-YGR, 2024 WL 5682633, at *2 (N.D. Cal., Nov. 8, 2024) (finding a stay was required, per *Griggs*, where there were "'aspects of the case involved in the appeal' intertwined with the Court's consideration of the motions pending before it."); *Renard v. San Diego Unified Port District*, No. 06-CV-2665 H (BLM), 2007 WL 9724156, at *2 (S.D. Cal., Mar. 20, 2007) (finding the court lacks jurisdiction over a motion to reconsider a denial of injunctive relief that addresses aspects of the case that are involved in the appeal); *Newsom*, No. 25-cv-04870-CRB, 2025 WL 2609917, at *2. Additionally, although the Court's PI order did not address Plaintiffs' Fifth Amendment Voluntary Departure claims, those claims are also necessarily "involved in the appeal" because Defendants' standing arguments on appeal also apply to Plaintiffs' Fifth Amendment claims seeking prospective relief. Specifically, Plaintiffs lack standing to seek prospective relief all together because they cannot show *they* are likely to be subject to the *same injury* again based on an isolated, completed operation that forms the basis of the complaint. And, even if those claims were not determined to be involved in the appeal, Courts regularly stay claims related to interlocutory appeals where there is the potential that "[t]he appeal will simplify issues and questions of law for the case moving forward." *See BioCorRx, Inc. v. Calista Therapeutics, Inc.*, No. 8:24-cv-00640-JVS-JDE, 2024 WL 4472376, at *3 (C.D. Cal., Aug. 14, 2024) (finding the court lacks jurisdiction over issues involved in the appeal and also staying aspects of the case not involved in the appeal to promote economy of time and efficiency so that all claims can proceed simultaneously). As such, because "the Court simply cannot proceed where it does not have jurisdiction to do so," the Court should stay proceedings entirely pending the appeal. *Id.* at *2.

### II. The Court Should Stay the Litigation as a Matter of Discretion.

A stay of merits proceedings pending the final resolution of Defendants' appeal is likewise warranted as a matter of discretion. The balance of factors, including: "the possible damage which may result from the granting of a stay, the hardship or inequity which a party may suffer in being required to go forward, and the orderly course of justice measured in terms of the simplifying or complicating of issues, proof, and questions of law which could be expected to result from a stay," establishes the importance of a stay. *See CMAX, Inc.*, 300 F.2d at 268 (citing *Landis*, 299 U.S. at 254-55). Defendants' pending appeal implicates important legal issues that the parties and the Court will necessarily have to address in future proceedings, including whether Plaintiffs have standing to seek prospective relief, and whether those claims are now moot. An appellate decision on those issues will thus provide the Court and the parties with significant aid in the ultimate resolution of this case.

The first *CMAX* factor supports a stay. There is no risk of damage, and Plaintiffs would not suffer hardship as a result of a stay of proceedings, because they are currently protected by a preliminary injunction. At this time, there is no need for discovery to proceed, and the policies and practices of the agencies that are at issue can be discovered at any time should this case proceed after the appeal. Because this case presents purely legal issues, this Court can swiftly issue relief on any claims that survive appellate review.

Conversely, as to the second *CMAX* factor, there is great potential for harm to Defendants absent a stay given the time and expense of classwide discovery. The Cantú Discovery Declaration outlines the onerous, layered process required for the review and production of responsive discovery documents. Ex. A. At the outset, the parties have not yet even agreed on search terms or a search protocol, and there remain pending preliminary items over which the parties anticipate litigating, such as the terms of the protective order and electronically stored information protocol. *Id*. at ¶ 10. Once the discovery parameters are finalized, and the documents are pulled from the search, the agency estimates that the documents produced, based on a sample search for documents associated with a fraction of the potential custodians, would require at least "3,333 hours of attorney time to complete, including review for responsiveness, sensitive information, and privileged information, and application of appropriate redactions." *Id.* at ¶ 15.

Likewise, the third CMAX factor counsels for granting a stay. If the Government is successful on

appeal—as it has preliminarily been in *Perdomo*—this entire case will be narrowed exponentially and any classwide discovery the parties will have already conducted will have been a waste of scarce agency resources. Given that a decision from the Ninth Circuit would potentially narrow the scope of the claims, simplify the issues, and provide clarity on the scope of discovery, it is a significant waste of resources for Defendants to proceed with discovery and litigation at this juncture.

Numerous other district courts have recognized the futility in continuing to litigate in the district court while an appeal is pending. *See, e.g.*, *Finder v. Leprino Foods Company*, No. 1:13-CV-02059-AWI-BAM, 2017 WL 1355104, at *4 (E.D. Cal., Jan. 20, 2017) ("Allowing the Ninth Circuit to conclusively resolve the validity of roughly half of Plaintiffs' claims (the type of which have escaped review in the past) will dramatically clear the landscape of this action."); *Gilbert v. 7-Eleven, Inc.*, No. 2:21-cv-01984 WBS KJN, 2023 WL 8477959, at *1 (E.D. Cal., Dec. 7, 2023) (staying Plaintiff's motion for attorney's fees in the interest of judicial economy where the Defendant filed a notice of appeal "[b]ecause defendant's appeal presumably involves the issue of whether plaintiff proved a violation of the Americans with Disabilities Act and the Unruh Act, the appeal may resolve whether plaintiff is entitled to any attorney's fees at all."). Courts have also recognized that a stay is appropriate where "going forward with discovery could cause appreciable hardship for Defendants." *Coalition on Homelessness v. City and County of San Francisco*, No. 22-cv-05502-DMR, 2024 WL 815552, at *9 (N.D. Cal., Feb. 23, 2024) (considering the *Landis* factors); *Electric Solidus, Inc. v. Proton Management Ltd.*, No. 2:24-cv-08280, 2025 WL 1712363, at *4 (C.D. Cal., May 27, 2025) ("[J]udicial efficiency weighs in favor of a stay, as the *Coinbase* stay creates a practical dilemma where judicial resources may be wasted considering the substantial overlap between operative facts, witnesses, and legal issues, which threatens duplicative discovery and conflicting rulings."). On balance, a stay of proceedings is merited under the *Landis* factors. At a minimum, the Court must stay further litigation on the Fourth Amendment, 8 U.S.C. § 1357(a)(2), and 8 C.F.R. § 287.8(c)(2)(ii) claims, but in the interest of economy, and based on the balance of factors, should stay the entire litigation. Accordingly, this Court should stay any further litigation on the merits of Plaintiffs' claims pending the resolution of jurisdictional issues involved in the appeal of the preliminary injunction.

# CONCLUSION

For the compelling reasons discussed above, the Court should stay this litigation pending appeal.

DATED: October 17, 2025

Respectfully submitted,

BRETT A. SHUMATE
Assistant Attorney General
Civil Division

SAMUEL P. GO
Assistant Director

MARY L. LARAKERS
Senior Litigation Counsel

/s/ *Aysha T. Iqbal*
AYSHA T. IQBAL
Trial Attorney
United States Department of Justice
Civil Division
Office of Immigration Litigation, GLA
P.O. Box 878, Ben Franklin Station
Washington, DC 20044
Tel.: (202) 451-7672
Fax: (202) 305-7000
Email: Aysha.T.Iqbal@usdoj.gov
DC Bar No. 241424
*Attorneys for Defendants*

**CERTIFICATE OF SERVICE**

On October 17, 2025, I electronically submitted the foregoing document with the Clerk of Court for the U.S. District Court, Eastern District of California, using the electronic case filing system of the Court. I hereby certify that I have served counsel and/or pro se parties of record electronically or by another manner authorized by Federal Rule of Civil Procedure 5(b)(2).

                                              */s/ Aysha T. Iqbal*
                                              AYSHA T. IQBAL
                                              Trial Attorney