BREE BERNWANGER - # 331731
bbernwanger@aclunc.org
MICHELLE (MINJU) Y. CHO - # 321939
mcho@aclunc.org
LAUREN DAVIS - # 357292
ldavis@aclunc.org
SHILPI AGARWAL - # 270749
sagarwal@aclunc.org
AMERICAN CIVIL LIBERTIES UNION
FOUNDATION OF NORTHERN
CALIFORNIA
39 Drumm Street
San Francisco, CA 94111
Telephone: (415) 621-2493

MAYRA JOACHIN - # 306065
mjoachin@aclusocal.org
EVA BITRAN - # 302081
ebitran@aclusocal.org
AMERICAN CIVIL LIBERTIES UNION
FOUNDATION OF SOUTHERN
CALIFORNIA
1313 West 8th Street
Los Angeles, CA 90017
Telephone: (213) 977-5000

BRISA VELAZQUEZ OATIS - # 339132
bvoatis@aclu-sdic.org
AMERICAN CIVIL LIBERTIES UNION
FOUNDATION OF SAN DIEGO &
IMPERIAL COUNTIES
P.O. Box 87131
San Diego, CA 92138-7131
Telephone: (619) 398-4199

*Attorneys for Plaintiffs*

AJAY S. KRISHNAN - # 222476
akrishnan@keker.com
JASON GEORGE - # 307707
jgeorge@keker.com
JULIA L. GREENBERG - # 333864
jgreenberg@keker.com
REAGHAN E. BRAUN - # 340526
rbraun@keker.com
KEKER, VAN NEST & PETERS LLP
633 Battery Street
San Francisco, CA 94111-1809
Telephone:     415 391 5400
Facsimile:      415 397 7188

*Attorneys for Plaintiffs*

MARIO MARTINEZ - # 200721
mmartinez@farmworkerlaw.com
EDGAR IVÁN AGUILASOCHO - # 285567
eaguilasocho@farmworkerlaw.com
MARTINEZ AGUILASOCHO LAW, INC.
900 Truxtun Avenue, Suite 300
Bakersfield, CA 93301
Telephone: (661) 859-1174
Facsimile: (661) 840-6154

*Attorneys for Plaintiff United Farm Workers*

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF CALIFORNIA
FRESNO DIVISION

| | |
|---|---|
| UNITED FARM WORKERS, et al., <br><br> Plaintiffs, <br><br> v. <br><br> KRISTI NOEM, IN HER OFFICIAL CAPACITY AS SECRETARY OF THE DEPARTMENT OF HOMELAND SECURITY; et al., <br><br> Defendants. | Case No. 1:25-cv-00246-JLT-CDB <br><br> **PLAINTIFFS' OPPOSITION TO DEFENDANTS' MOTION TO STAY LITIGATION PENDING APPEAL** <br><br> Date:        December 1, 2025 <br> Time:        9:00 AM <br> Dept.:       Courtroom 4, 7th Floor <br> Judge:       Hon. Jennifer L. Thurston <br><br> Date Filed: February 26, 2025 <br><br> Trial Date:  None set |

# TABLE OF CONTENTS

**Page**

I.      INTRODUCTION ..................................................................................................1

II.     PROCEDURAL BACKGROUND..........................................................................2

        A.      The Preliminary Injunction and Appeal....................................................3

        B.      Ongoing District Court Litigation and Defendants' Evasion of Discovery............3

III.    ARGUMENT .......................................................................................................4

        A.      Neither *Coinbase* nor *Griggs* compels a stay of proceedings..................................4

        B.      There is no basis for a discretionary stay under any standard. ...............................9

                1.      The *Nken* factors weigh decisively against a stay.......................................9

                2.      Defendants are not entitled to a stay under *CMAX*. ...................................11

IV.     CONCLUSION...................................................................................................13

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*American Encore v. Fontes*,
  No. CV-24-01673-PHX-MTL, 2025 WL 1839464 (D. Ariz. June 26, 2025) ..........................8

*Avery v. TEKsystems, Inc.*,
  757 F. Supp. 3d 973 (N.D. Cal. 2024) ..................................................................................8

*Badon v. Berry's Reliable Res., L.L.C.*,
  No. 23-30345, 2025 WL 2206972 (5th Cir. Aug. 4, 2025) ....................................................7

*BioCorRx, Inc. v. Calista Therapeutics, Inc.*,
  No. 8:24-cv-00640-JVS-JDE, 2024 WL 4472376 (C.D. Cal., Aug. 14, 2024) ......................8

*Brown v. Google, LLC*,
  No. 4:20-cv-03664-YGR, 2024 WL 5682633 (N.D. Cal., Nov. 8, 2024) ...............................8

*Brown v. Taylor*,
  No. CV 22-09203-MEM-FKS, 2024 WL 1600314 (C.D. Cal. Apr. 3, 2024) .........................6

*California by & through Harrison v. Express Scripts, Inc.*,
  139 F.4th 763 (9th Cir. 2025) ("*California ex rel*") ...................................... *passim*

*California Trout, Inc. v. United States Bureau of Reclamation*,
  115 F. Supp. 3d 1102 (C.D. Cal. 2015) ...............................................................................11

*California v. Health & Hum. Servs.*,
  No. 17-CV-05783-HSG, 2018 WL 11671579 (N.D. Cal. Dec. 13, 2018) .............................8

*Cheverez v. Plains All Am. Pipeline*,
  LP, No. CV15-4113 PSG, 2016 WL 4942328 (C.D. Cal. Feb. 25, 2016).............................11

*City of Martinsville, Virginia v. Express Scripts, Inc.*,
  128 F.4th 265 (4th Cir. 2025) ...............................................................................................7

*City of Sacramento v. Wells Fargo & Co.*,
  No. CV 18-cv-00416-KJM-GGH, 2019 WL 11093495 (E.D. Cal. Nov. 20,
  2019) ...................................................................................................................................11

*CMAX, Inc. v. Hall*,
  300 F.2d 265 (9th Cir. 1962) ..................................................................................9, 11, 12

*Coalition on Homelessness v. City and County of San Francisco*,
  No. 22-cv-05502-DMR, 2024 WL 815552 (N.D. Cal. Feb. 23, 2024)...................................12

*Coinbase, Inc. v. Bielski*,
  599 U.S. 736 (2023)...................................................................................... *passim*

ii

*Doe #1 v. Trump*,
    957 F.3d 1050 (9th Cir. 2020) ...................................................................................10

*Electric Solidus, Inc. v. Proton Management Ltd.*,
    No. 2:24-cv-08280, 2025 WL 1712363 (C.D. Cal., May 27, 2025).........................12

*Finder v. Leprino Foods Company*,
    No. 1:13-CV-02059-AWI-BAM, 2017 WL 1355104 (E.D. Cal., Jan. 20, 2017) ..................12

*Flores v. Bennett*,
    675 F. Supp. 3d 1052 (E.D. Cal. 2023)...............................................................9, 10

*FTC v. Standard Oil Co. of Cal.*,
    449 U.S. 232 (1980)..................................................................................................10

*Gilbert v. 7-Eleven, Inc.*,
    No. 2:21-cv-01984 WBS KJN, 2023 WL 8477959 (E.D. Cal., Dec. 7, 2023)......................12

*Griggs v. Provident Consumer Discount Co.*,
    459 U.S. 56 (1982)............................................................................................. *passim*

*Landis v. N. Am.Co.*,
    299 U.S. 248 (1936)..............................................................................................8, 9

*Leiva-Perez v. Holder*,
    640 F.3d 962 (9th Cir. 2011) ......................................................................................9

*Manchester Farms, Inc. v. Supremas, Inc.*,
    165 F. Supp. 3d 1366 (M.D. Ga. 2016) ......................................................................11

*Melendres v. Arpaio*,
    695 F.3d 990 (9th Cir. 2012) ......................................................................................11

*Newsom v. Trump*,
    No. 25-CV-04870-CRB, 2025 WL 2609917 (N.D. Cal. Sept. 9, 2025)............................7, 8

*Nken v. Holder*,
    556 U.S. 418 (2009)..........................................................................................2, 8, 9, 10

*Nken v. Holder*,
    566 U.S. 418 (2009)......................................................................................................9

*Noem v. Perdomo*,
    606 U.S. __, 2025 WL 2585637 (2025) ....................................................................10

*Noem v. Perdomo*,
    606 U.S. __, 2025 WL 2586537 (2025) ......................................................................9

*Pandolfi v. Aviagames, Inc.*,
    No. 23-CV-05971-EMC, 2024 WL 4951258 (N.D. Cal. Dec. 3, 2024)..................................8

iii

*Plotkin v. Pac. Tel. & Tel. Co.*,
    688 F.2d 1291 (9th Cir. 1982) ...........................................................................................1

*Ranchers Cattlemen Action Legal Fund United Stockgrowers of Am. v. U.S. Dep't of Agr.*,
    499 F.3d 1108 (9th Cir. 2007) ...........................................................................................6

*Renard v. San Diego Unified Port Dist.*,
    No. 06-CV-2665 H (BLM), 2007 WL 9724156 (S.D. Cal. Mar. 20, 2007) ............................8

*S. Or. Barter Fair v. Jackson County*,
    372 F.3d 1128 (9th Cir.2004) ...........................................................................................6

*S.L. v. County of Riverside*,
    No. 5:24-cv-00249-CAS-SPx, 2025 WL 2652874 (C.D. Cal. Sept. 15, 2025) ........................8

*Schultz v. Emory Univ.*,
    No. 23-12929, 2024 WL 4534428 (11th Cir. Oct. 21, 2024) ...................................................7

*Shouldertap Techs, Inc. v. Fizz Social Corp.*,
    No. 25 CIV. 1487 (ALC) (SLC), 2025 WL 2371152 (S.D.N.Y. Aug. 14, 2025) ..................10

*Song v. MTC Fin., Inc.*,
    812 F. App'x 609 (9th Cir. 2020)............................................................................................4

*United States v. Hansen*,
    40 F.4th 1049 (9th Cir. 2022) (Gould, J., concurring)...........................................................10

*Vasquez Perdomo v. Noem*,
    No. 2:25-cv-05605-MEMF-SP (C.D. Cal. Oct. 10, 2025)............................................. *passim*

*Vasquez Perdomo v. Noem*,
    No. 25-4312 .......................................................................................................................10

**Statutes**

8 U.S.C. § 1357(a)(2).................................................................................................................12

**Other Authorities**

8 C.F.R. § 287.8(c)(2)(ii).............................................................................................................12

Fed. R. Civ. Proc. 23..................................................................................................................3

Fed. R. Civ. Proc. 26(f)..............................................................................................................3

PLAINTIFFS' OPPOSITION TO MOTION TO STAY LITIGATION PENDING APPEAL
Case No. 1:25-cv-00246-JLT-CDB

3262640

## I.    INTRODUCTION

For the third time in as many weeks, Defendants ask the Court to stay this litigation. And for the third time, Defendants offer no legal basis for their request.

Defendants filed a notice of appeal four months ago. They have since repeatedly sought affirmative relief from this Court, including through their pending motion to dismiss. Yet now, for the first time, Defendants claim that the filing of their interlocutory appeal of the Preliminary Injunction Order ("PI Appeal") unilaterally (and automatically) divests this Court of jurisdiction ***over the entire case***. This request flouts the well-settled rule that "an appeal from an interlocutory order does not divest the trial court of jurisdiction to continue with other phases of the case." *Plotkin v. Pac. Tel. & Tel. Co.*, 688 F.2d 1291, 1293 (9th Cir. 1982).

Defendants' Motion is based on two arguments. Both fail. ***First***, Defendants argue that a stay is mandatory based on *Coinbase, Inc. v. Bielski*, 599 U.S. 736 (2023) and *Griggs v. Provident Consumer Discount Co.*, 459 U.S. 56 (1982). Neither case supports their position. *Coinbase*'s holding exclusively concerned ***arbitration***. Specifically, the Court held an automatic stay is triggered by an interlocutory appeal of the denial of a motion to compel arbitration. 599 U.S. at 742–44. By its own terms, *Coinbase* is inapposite. And to the extent any ambiguity remained about its scope, the Ninth Circuit resolved it, expressly declining to extend *Coinbase* beyond the arbitration context. *See California by & through Harrison v. Express Scripts, Inc.*, 139 F.4th 763, 768 (9th Cir. 2025) ("*California ex rel*") ("*Coinbase* read in conjunction with relevant Supreme Court precedent counsels in favor of limiting the *Coinbase* holding to the arbitration context."). *Griggs*, too, offers Defendants no relief. *Griggs* stands for the principle that district courts should not attempt to simultaneously adjudicate the ***same issues*** that are pending before a court of appeals. *See* 459 U.S. at 58. But Plaintiffs do not seek adjudication of any such issues.

The impetus of Defendants' Motion appears not to be genuine concern about conflicting rulings but instead a desire to avoid ordinary discovery. But as the district court in *Pedro Vasquez Perdomo et al v. Kristi Noem et al.* recently explained in denying a similar stay request, "there can be no serious argument that this Court does not have jurisdiction to handle the merits of the underlying case just because an appeal of temporary, preliminary relief is pending." Greenberg

Decl. Ex. A (Minute Order at 8, *Vasquez Perdomo v. Noem*, No. 2:25-cv-05605-MEMF-SP, (C.D. Cal. Oct. 10, 2025), ECF No. 220 ("Perdomo MTS Order")). The Court should reach the same result here.

 **Second**, Defendants argue in the alternative that they are entitled to a discretionary stay because Plaintiffs will suffer no harm and Defendants will incur discovery burdens. Mot. at 9-10. Wrong again. Plaintiffs face continuing and imminent violations of their constitutional rights and, as explained in Plaintiffs' Motion to Enforce (Dkt. 81), the PI Order alone has not deterred Defendants from continuing to commit constitutional violations. As for burden, Defendants fail to cite any legally-cognizable harm they will incur absent a stay, pointing only to the inconvenience of standard civil discovery. But the case, including discovery, will proceed regardless of the outcome of the PI Appeal. And if Defendants have a genuine claim of burden, they can avail themselves of the normal meet-and-confer and discovery processes. Defendants refuse to do so. Thus, Defendants have failed to justify a grant of a discretionary stay. *See* Greenberg Decl. Ex. A (*Perdomo* MTS Order) at 8 (holding that a stay of all proceedings was unwarranted because "there would be harm to the Plaintiffs of not being permitted to develop the record factually" and "there is no identified hardship or inequity for the Defendants in being required to go forward in this litigation just as it is required to go forward in myriad other litigation").

 A stay is an "intrusion" into the judicial process and "is not a matter of right, even if irreparable injury might otherwise result[.]" *Nken v. Holder*, 556 U.S. 418, 427 (2009). Defendants have not justified the extraordinary relief they seek. The Court should see Defendants' motion for what it is: yet another attempt to avoid civil discovery and this Court's judicial review all while their immigration enforcement activities push forward. The Motion should be denied.

## II.    PROCEDURAL BACKGROUND

 This lawsuit challenges the U.S. Border Patrol's unlawful policies, patterns, and practices of conducting stops without reasonable suspicion, effecting warrantless arrests without evaluating probable cause of flight risk, and expelling people from the U.S. via administrative voluntary departure without a knowing and voluntary waiver of rights. Dkt. 1 ¶¶ 326-350. These practices

violate the Fourth and Fifth Amendments, federal law, and federal regulations. *Id.*

### A.    The Preliminary Injunction and Appeal

After a series of immigration raids across the Bakersfield region, Plaintiffs filed suit on February 26, 2025. Dkt. 1. Plaintiffs moved to provisionally certify two classes and for a preliminary injunction on their Fourth Amendment, statutory, and regulatory claims. Dkt. 15. Plaintiffs submitted nearly a dozen declarations from putative class members—including a United States citizen and longtime lawful permanent resident—who Border Patrol agents had stopped without reasonable suspicion or arrested without any evaluation of flight risk during the raids. Plaintiffs did not move for preliminary relief on their Fifth Amendment claims related to voluntary departure and have not yet moved to certify the class related to those claims.

On April 29, 2025, the Court provisionally certified the classes associated with Plaintiffs' stop and arrest claims and granted Plaintiffs' motion for preliminary injunction. Dkt. 47. As the Court noted, Defendants "d[id] not challenge the sufficiency of Plaintiffs' evidence to show a likelihood of success on the merits" in its opposition to Plaintiffs' motion for preliminary injunction. *Id.* at 76. Nor did Defendants argue that the alleged conduct complied with the law. Instead, Defendants argued that the Court lacked jurisdiction and the matter was moot. *Id.*

Defendants appealed the preliminary injunction four months ago, on June 27, 2025. Dkt. 59. After seeking two extensions from the Ninth Circuit, Defendants filed their opening brief on September 26, 2025, raising issues of standing, mootness, jurisdiction, and the form of the injunction. No. 25-4047, (9th Cir. Sept. 26, 2025) Dkt 12.1 ("Def.'s Opening Brief") (also available at Dkt. 117-9); *see also* Mot. at 4. On appeal, Defendants do not challenge Plaintiffs' substantive claims under the Fourth Amendment or federal law and do not challenge class certification under Rule 23. *Id.*

### B.    Ongoing District Court Litigation and Defendants' Evasion of Discovery

Since the start, Defendants have dragged their feet on discovery and have repeatedly refused to comply with basic discovery obligations. Less than a month after this Court granted Plaintiffs' Motion for a PI, Defendants filed an emergency *ex parte* motion seeking to relieve themselves of the Rule 26(f) conference, the mandatory scheduling conference, and all civil

discovery obligations beyond producing the administrative record. Dkt. 50. Judge Baker denied the motion, noting that "it is inconceivable that Plaintiffs' . . . claims are amenable to adjudication based exclusively on an existing, administrative record." Dkt. 56.

Despite Judge Baker's clear directive, Defendants continue to stonewall. For instance, Plaintiffs served their first set of document requests on June 27, 2025. Greenberg Decl. ¶ 3. And yet, to date, Defendants have not produced a single responsive document, beyond their purported Administrative Record, *id.* ¶ 5, although Defendants have agreed to do so, *id.* ¶¶ 4-5, and Mr. Cantú's declaration makes clear they have identified thousands, Dkt. 115-1 ¶¶ 7-8. As another example, Defendants have also delayed negotiations on search terms and custodians. Greenberg Decl. ¶ 5. Indeed, the first time Defendants let on that they had even run search terms was when they **filed this Motion**. *See id.* ¶ 11, Dkt. 115-1 ¶¶ 6-9.[1] To the extent Defendants have concerns about specific requests or search terms, Plaintiffs have repeatedly offered to meet and confer, *see* Greenberg Decl. ¶¶ 6-9, and continue to be available to try to narrow any disputes.

Meanwhile, Defendants have not shied away from motion practice before this Court. Since filing their appeal, Defendants have filed multiple motions, including to stay discovery on other grounds. *See* Dkt. 64 (motion to dismiss); Dkt. 86 (motion to seal); Dkt. 88 (motion to extend time); Dkt. 100 (motion to exceed page limit); Dkt. 103 (motion to stay during government shutdown); Dkt. 107 (motion to clarify whether stay denial applied to discovery). In the months since Defendants filed their appeal, they did not so much as hint at the meritless position that they advance now: that the notice of appeal filed four months ago stripped this Court of jurisdiction and automatically stayed this litigation in its entirety.

## III.    ARGUMENT

### A.    Neither *Coinbase* nor *Griggs* compels a stay of proceedings.

"[I]t is firmly established that an appeal from an interlocutory order does not divest the trial court of jurisdiction to continue with other phases of the case." *Song v. MTC Fin., Inc*., 812 F. App'x 609, 610 (9th Cir. 2020) (citing *Plotkin v. Pac. Tel. & Tel. Co*., 688 F.2d 1291, 1293

---

[1] Mr. Cantú's declaration is notably silent as to when Defendants ran searches and whether Defendants ever actually began the document review he describes. Dkt. 115-1.

1  (9th Cir. 1982).) In *Coinbase*, the Supreme Court carved out a narrow exception, holding that

2  district courts must stay proceedings during the appeal of a denied ***motion to compel arbitration***.

3  599 U.S. at 742-44. Since then, the Ninth Circuit has expressly "limit[ed] the *Coinbase* holding to

4  the arbitration context." *California ex rel*, 139 F.4th at 768.

5      By its own terms, *Coinbase* is limited to arbitration denials. In *Coinbase*, "[t]he sole

6  question [was] whether a district court must stay its proceedings while an interlocutory appeal on

7  ***arbitrability*** is ongoing." 599 U.S. at 740.[2] The Court answered in the affirmative, relying on

8  *Griggs*, which held that an appeal "divests the district court of its control over those ***aspects of***

9  ***the case involved in the appeal***.'" *Id.* at 740, 143 (quoting *Griggs*, 459 U.S. at 58). Because the

10  question on appeal in the arbitration context "is whether the case belongs in arbitration or instead

11  in the district court, the ***entire case*** is essentially 'involved in the appeal.'" *Id.* at 741 (quoting

12  *Griggs*, 459 U.S. at 58). The Court reasoned that "[i]f the district court could move forward with

13  pre-trial and trial proceedings while the appeal on arbitrability was ongoing, then many of the

14  asserted benefits of arbitration (efficiency, less expense, less intrusive discovery, and the like)

15  would be irretrievably lost." *Id.* at 743; *California ex rel*, 139 F.4th at 770 (noting the "unique

16  features of arbitration [] help explain *Coinbase's* contention that a denial of a motion to compel

17  arbitration makes it so the entire case is essentially involved in the appeal"). Thus, *Coinbase* rises

18  and falls within the arbitration context.

19      Although this case bears none of the "unique features of arbitration," Defendants

20  nonetheless argue that, like the appeal in *Coinbase*, their appeal also involves "the entire case"

21  because it concerns the "scope of this Court's jurisdiction." Mot. at 6. This argument

22  misunderstands *Coinbase* as well as the nature of their own appeal. *Coinbase* did not implicate

23  the district court's jurisdiction, much less create an automatic-stay rule for all cases with

24  jurisdiction-related appeals. Indeed, *California ex rel* (an appeal of an order remanding a case to

25  state court) ***did*** raise jurisdictional issues, and yet ***declined*** to apply *Coinbase*. *See* 139 F.4th at

26  768. Instead, as the Ninth Circuit explained, the touchstone for whether an automatic stay applies

27  is whether the appeal involves issues that, if successful, would provide an "entitlement to avoid

28  _____

[2] All emphasis has been added unless otherwise noted.

litigation altogether." *Id.* at 771 n.7.

Not so here. As Defendants concede, their appeal does not involve Plaintiffs' Fifth Amendment claim, so that claim will necessarily proceed. *See* Mot. at 8. On the Fourth Amendment claims, Defendants have not challenged the underlying merits. *See id.* at 6. Even the jurisdictional issues Defendants raise on appeal are not, ***at this stage***, dispositive because they are inherently ***factual***. For instance, a ruling from the Ninth Circuit on the preliminary record about whether Plaintiffs have shown a likelihood of proving future harm for standing purposes would not foreclose an alternative result on a different (and further developed) record. *See* Greenberg Decl. Ex. A (*Perdomo* MTS Order) at 6-7 ("[I]t seems anomalous to stay all proceedings—and prohibit further factual development—when there is a significant possibility that the Supreme Court's decision was based upon a determination based upon the preliminary factual record."). Likewise, even if the Ninth Circuit were to find the circumstances that gave rise to the PI are moot (they are not), that ruling would not foreclose Plaintiffs' ability to seek relief based on different facts or alternative theories (i.e., their Fifth Amendment claim). *See id.* at 7. And of course, a determination regarding the scope of the injunction will not resolve the underlying merits of Plaintiffs' constitutional claims.

Indeed, Defendants themselves seem unable to identify any effect that a reversal of the preliminary injunction would have on this litigation other than vague speculation that a reversal of the PI "is sure to impact the proceedings in this case." Mot. at 6. That is a far cry from the effect of the appeal in *Coinbase*, which could have transformed litigation into arbitration. *See Brown v. Taylor*, No. CV 22-09203-MEM-FKS, 2024 WL 1600314, at *4 (C.D. Cal. Apr. 3, 2024) (denying *Coinbase* stay pending PI appeal because "regardless of whether [the plaintiff] won [the PI], the case would eventually proceed to the MSJ stage."). By contrast, the Ninth Circuit's ruling will not determine the outcome of the litigation because "[a] ruling on [a] motion for a preliminary injunction leaves open the final determination of the merits of the case." *Ranchers Cattlemen Action Legal Fund United Stockgrowers of Am. v. U.S. Dep't of Agr.*, 499 F.3d 1108, 1114 (9th Cir. 2007); *see also S. Or. Barter Fair v. Jackson County*, 372 F.3d 1128, 1136 (9th Cir.2004). Thus, the concerns that animated the *Coinbase* decision—that the appellant

would avoid discovery altogether if successful on appeal—do not apply here.

The Court should therefore reject Defendants' attempt to frame *California ex rel* as the exception and *Coinbase* as the rule. The cases make plain that the opposite is true. *See California ex rel Harrison*. 139 F.4th at 768, 773 "([T]he Supreme Court's decision in *Coinbase* . . . merely represents **a carve-out in favor of arbitration**.") And Defendants' argument that *California ex rel* was based solely on "federalism concerns" inherent in removal orders wholly ignores the fact that the panel expressly stated a broader concern that an expansive reading of *Coinbase* would lead to stays in a wide variety of cases. *California ex rel,* 139 F.4th at 767 n.5 (expressing concern that the defendants' view "would ostensibly sweep . . . areas of litigation . . . .[that] *Coinbase* [did not] mention . . . ."). Indeed, adopting Defendants' position here would suggest that virtually all appeals of preliminary injunctions would result in automatic case-wide stays. Nothing in *Coinbase* suggests that it was meant to have such far-reaching effects. And *California ex rel* forecloses Defendants' attempt to rely on the Fourth Circuit's view that *Coinbase* applies more broadly. Mot. at 7 (*citing City of Martinsville, Virginia v. Express Scripts, Inc.*, 128 F.4th 265, 270-71 (4th Cir. 2025)). The Ninth Circuit already considered and rejected the Fourth Circuit's analysis, noting that it diverged from a consensus of circuit courts refusing to extend *Coinbase*. 139 F.4th at 767 & n.2.[3] Thus, *City of Martinsville* is not persuasive (let alone binding) authority.

None of the other cases Defendants cite offer any persuasive reason for this Court to adopt the sweeping rule they propose. Defendants point to *Newsom v. Trump*, No. 25-CV-04870-CRB, 2025 WL 2609917, at *1 (N.D. Cal. Sept. 9, 2025), mischaracterizing it as a case where the court "stay[ed] litigation" pending an interlocutory appeal. Mot. at 7. But that is not what the court did. In *Newsom*, the district court issued a temporary restraining order barring a National Guard deployment, which the Ninth Circuit stayed pending appeal. *Id.* at *1. Plaintiffs then sought a preliminary injunction against a subsequent threatened deployment on the same legal theory. *Id.* at *2. Citing *Coinbase* and *Griggs*, the district court in *Newsom* held that it was "not the typical

---

[3] Indeed, numerous other circuit courts have similarly declined to extend *Coinbase* to other contexts. *See id.* at 767 & n.2 (collecting cases); *see also Schultz v. Emory Univ.*, No. 23-12929, 2024 WL 4534428, at *3 (11th Cir. Oct. 21, 2024) (exercising jurisdiction over class certification appeal while district court decided motion to decertify); *Badon v. Berry's Reliable Res., L.L.C.*, No. 23-30345, 2025 WL 2206972, at *4 (5th Cir. Aug. 4, 2025) (denying stay request under *Coinbase*).

case" because the Ninth Circuit had "stayed" the previously issued TRO and the question was

whether "***Plaintiffs' motion for a preliminary injunction***" could proceed. *Id.* at *2-*3. The case

did not involve a run-of-the-mill appeal of a preliminary injunction order with no express

appellate stay; nor was it a request to stay the entire litigation like that at issue here. And even in

*Newsom*, the other claims not up on appeal proceeded to a full bench trial. *Id.* at *1. Nothing in

*Newsom* supports a blanket stay.

Defendants also cite cases where a court declined to exercise jurisdiction over a ***specific***

motion that overlapped with an issue on appeal, but none of those cases support the proposition

that an interlocutory appeal divests the district court of jurisdiction over the entire case. *See* Mot.

7-8; *Brown v. Google, LLC*, No. 4:20-cv-03664-YGR, 2024 WL 5682633, at *2 (N.D. Cal., Nov.

8, 2024) (staying settlement approval while intervenors who oppose settlement appeal denial of

motion to intervene); *Renard v. San Diego Unified Port Dist.*, No. 06-CV-2665 H (BLM), 2007

WL 9724156, at *1 (S.D. Cal. Mar. 20, 2007) (denying plaintiff's motion to reconsider denial of

preliminary injunction where plaintiff had already appealed denial); *California v. Health & Hum.*

*Servs.*, No. 17-CV-05783-HSG, 2018 WL 11671579, at *1 (N.D. Cal. Dec. 13, 2018) (denying

motion to lift a stipulated stay to amend complaint because the proposed amendments had already

been raised by the defense on appeal).

To the contrary, courts regularly ***deny*** blanket stays based on interlocutory appeals, as

"there can be no serious argument that [district courts] do[] not have jurisdiction to the handle the

merits of the underlying case just because an appeal of temporary, preliminary relief is pending."

*See* Greenberg Decl. Ex. A (*Perdomo* MTS Order) at 8; *see also Pandolfi v. Aviagames, Inc.*, No.

23-CV-05971-EMC, 2024 WL 4951258, at *4 (N.D. Cal. Dec. 3, 2024) (holding that

interlocutory appeal of aspects of RICO claim did not require stay of entire claim); *Avery v.*

*TEKsystems, Inc.*, 757 F. Supp. 3d 973, 977 (N.D. Cal. 2024) (holding that interlocutory appeal

did not require stay of entire case).[4] The same result is warranted here.

---

[4] Defendants' other cases involve discretionary stays. *See S.L. v. County of Riverside*, No. 5:24-cv-00249-CAS-SPx, 2025 WL 2652874, at *4-7 (C.D. Cal. Sept. 15, 2025) (holding that *Griggs* principle divested district court of jurisdiction over one claim on appeal and applying *Nken* factors to stay proceedings); *American Encore v. Fontes*, No. CV-24-01673-PHX-MTL, 2025 WL 1839464, at *2 (D. Ariz. June 26, 2025) (applying *Landis* factors to stay proceedings); *BioCorRx, Inc. v. Calista Therapeutics, Inc.*, No.

PLAINTIFFS' OPPOSITION TO MOTION TO STAY LITIGATION PENDING APPEAL
Case No. 1:25-cv-00246-JLT-CDB

3262640

**B.    There is no basis for a discretionary stay under any standard.**

Defendants also do not come close to satisfying the standard(s) for a discretionary stay. As an initial matter, the case law is split on which standard applies. The Ninth Circuit's decision in *California ex rel* suggests that cases seeking discretionary stays pending appeals are to be decided by the test set forth in *Nken v. Holder*, 566 U.S. 418, 434 (2009). *See* 139 F.4th at 768 ("*Coinbase* does not abrogate *Nken v. Holder* beyond the arbitration context"). However, some courts have suggested that the *Landis* test, as adapted in *CMAX, Inc. v. Hall*, 300 F.2d 265 (9th Cir. 1962), is the appropriate test to apply, where, as here, the movant seeks to stay the entire case (as opposed to individual orders or judgments). *See Flores v. Bennett*, 675 F. Supp. 3d 1052, 1057 (E.D. Cal. 2023).[5] Under either standard, Defendants' motion fails.

**1.    The *Nken* factors weigh decisively against a stay.**

Under *Nken*, courts weigh "(1) whether the stay applicant has made a strong showing that he is likely to succeed on the merits; (2) whether the applicant will be irreparably injured absent a stay; (3) whether issuance of the stay will substantially injure the other parties interested in the proceeding; and (4) where the public interest lies." 556 U.S. at 434. Although "[t]he first two factors . . . are the most critical," a stay "is not a matter of right, even if irreparable injury might otherwise result." 556 U.S. at 433-34. The third and fourth factors merge when the government is a party. *Leiva-Perez v. Holder*, 640 F.3d 962, 970 (9th Cir. 2011).

All four factors weigh decisively in Plaintiffs' favor. ***First,*** Defendants have not made any showing—let alone a strong one—that they are likely to succeed on the merits of their appeal. Such an argument is necessarily a motion to reconsider this Court's PI Order, which found Plaintiffs, ***not*** Defendants, likely to succeed on the merits. And the Supreme Court's unreasoned order staying a temporary restraining order in *Noem v. Perdomo*, 606 U.S. __, 2025 WL 2586537 (2025) does not change the calculus. The motion to stay the *Perdomo* TRO raised different

---

8:24-cv-00640-JVS-JDE, 2024 WL 4472376, at *3 (C.D. Cal., Aug. 14, 2024) (holding that *Griggs* divested district court of jurisdiction over one claim and issuing discretionary stay of remaining proceedings).

[5] This Court's decision in *Flores v. Bennett*, 675 F. Supp. 3d 1052, 1057 (E.D. Cal. 2023) predates *California ex rel Harrison*, and so may not reflect this Court's current approach. But because Defendants fail to satisfy either standard, the Court need not reach the issue to resolve this Motion.

factual and legal issues than the issues raised on appeal in this case.[6] While both appeals raised issues of standing, the full Court in *Noem v. Perdomo*, 606 U.S. ___, 2025 WL 2585637 (2025) did not reach the issue of standing. And Defendants' argument that Justice Kavanagh's concurrence, which was not joined by a single other Justice, "signals" their likelihood of success on the merits of appeal is misplaced. Mot at 6. As Plaintiffs explain more fully in their Sur-reply in Opposition to Defendants' Motion to Dismiss, Dkt. 116, Justice Kavanagh's concurrence considered a different record, conflicts with binding Ninth Circuit law, and "does not make precedent[.]" *United States v. Hansen*, 40 F.4th 1049, 1057 (9th Cir. 2022) (Gould, J., concurring); *see also* Greenberg Decl. Ex. A (*Perdomo* MTS Order) at 7 ("There is no basis for this Court to conclude that if the factual record were different that [Justice Kavanagh] or any other Justice would necessarily reach the same result."). This factor weighs against a stay.

**Second**, Defendants will not suffer any legally-cognizable irreparable harm absent a stay "during the period before the appeal is decided." *Doe #1 v. Trump*, 957 F.3d 1050, 1058–59 (9th Cir. 2020). Defendants complain that they will have to spend time and resources on discovery. Mot. at 9. But, under *Nken* and its progeny, "[m]ere litigation expense, even substantial and unrecoupable cost, does not constitute irreparable injury." *FTC v. Standard Oil Co. of Cal.*, 449 U.S. 232, 244 (1980), *quoted with approval in Coinbase*, 599 U.S. 736 (2023) (discussing discretionary stays); *see also Flores v. Bennett*, 675 F.Supp.3d 1052, 1060 (E.D. Cal. 2023) (this Court denying stay of PI and noting that legal costs in discovery were not irreparable harm under *Nken*).

Defendants' claim of burden also lacks credibility when they have not produced any documents to date and repeatedly delayed substantive discussions related to Plaintiffs' requests. *See* Greenberg Decl. ¶¶ 6-10; *see also Shouldertap Techs, Inc. v. Fizz Social Corp.*, No. 25 CIV. 1487 (ALC) (SLC), 2025 WL 2371152, at *1 (S.D.N.Y. Aug. 14, 2025) (a party's "first remedy" when confronted with "overly broad" discovery requests is to "meet and confer . . . to narrow the

---

[6] *Compare Vasquez Perdomo v. Noem*, No. 25-4312, Emergency Motion Under Circuit Rule 27-3 For Stay Pending Appeal and Immediate Administrative Stay, ECF No. 6.1 (9th Cir. July 14, 2025) (raising standing, the Fourth Amendment, and the district-wide scope of the injunction) *with* Mot. at 4 (listing standing, mootness, irreparable harm, and the issuance of a "follow the law injunction" as the issues on appeal here).

1    requests."). Defendants cannot manufacture irreparable harm out of their desire to avoid the

2    discovery process. Defendants cite no cognizable harm that could justify a stay.

3        ***Third and fourth***, a stay of proceedings will substantially injure the Plaintiffs and the

4    public interest. Defendants argue that a stay will not prejudice Plaintiffs because the PI will

5    remain in place, Mot. at 9, but the PI does not cover Plaintiffs' Fifth Amendment claims, which

6    seek relief for two Plaintiffs who are ***currently*** languishing in Mexico as a result of Defendants'

7    unlawful conduct. Dkt. 1 ¶ 9-12, 125, 162; *see e.g., City of Sacramento v. Wells Fargo & Co*.,

8    No. CV 18-cv-00416-KJM-GGH, 2019 WL 11093495, at *3 (E.D. Cal. Nov. 20, 2019) (ongoing

9    harm to plaintiffs from Defendants' alleged unlawful actions weighs against stay); *Cheverez v.*

10   *Plains All Am. Pipeline*, LP, No. CV15-4113 PSG (JEMX), 2016 WL 4942328, at *5 (C.D. Cal.

11   Feb. 25, 2016) (ongoing harm from plaintiffs' loss of livelihoods weighs against stay of

12   litigation). Nor does the PI protect members of the putative Voluntary Departure Class, who face

13   a risk of future harm because Defendants' unlawful voluntary departure practices remain

14   unchecked.[7] *See California Trout, Inc. v. United States Bureau of Reclamation*, 115 F. Supp. 3d

15   1102, 1117 (C.D. Cal. 2015) (risk of future harm to plaintiffs weighs against stay of litigation).

16       Indeed, Defendants are ***currently*** violating the PI, including provisions protecting the

17   Fourth Amendment rights of the Suspicionless Stop Class. *See* Dkt. 81. A stay will strip

18   Plaintiffs' ability to hold Defendants to the PI and will halt discovery on issues (ones that

19   Defendants have put into contention) regarding their non-compliance. *See* Dkt. 117 at 1 & n.8;

20   *see also Manchester Farms, Inc. v. Supremas, Inc*., 165 F. Supp. 3d 1366, 1371 (M.D. Ga. 2016)

21   (an injunction that cannot be enforced is "effectively meaningless"). And "it is always in the

22   public interest to prevent the violation of a party's constitutional rights." *Melendres v. Arpaio*,

23   695 F.3d 990, 1002 (9th Cir. 2012) (internal citations omitted). Thus, the public interest aligns

24   with Plaintiffs' and weighs against a stay.

25           **2.    Defendants are not entitled to a stay under *CMAX*.**

26       Plaintiffs also prevail under the test articulated in *CMAX, Inc. v. Hall*, 300 F.2d 265 (9th

27

28   _____
     [7] As explained in Plaintiffs' Opposition to Defendants' Motion to Dismiss, Defendants' vague and
     piecemeal muster on voluntary departure does not mitigate this harm. Dkt. 74.

Cir. 1962), which balances the "competing interests" that could be affected by a stay, including (1) "the hardship or inequity which a party may suffer in being required to go forward" and (2) "the orderly course of justice," including whether a stay will narrow legal and factual issues in a case. *Id.* at 268. If there is even a "fair possibility [a stay] will work damage to someone else," the moving party must "make out a clear case of hardship or inequity in being required to go forward." *Id.* (quoting *Landis v. N. Am.Co.*, 299 U.S. 248, 255 (1936)).

Defendants' motion fails this test at the gate. As explained above, Defendants cite ***no*** legally-cognizable injury they would incur without a stay, let alone the "clear case of hardship or inequity" required in the face of the potential harm to Plaintiffs. *Id.* Defendants also overstate the impact their PI appeal will have on the remainder of this litigation. Unlike their cited cases, which concern appeals with a potentially dispositive effect on the ***merits*** of a case or motion, the appeal here does not address any of Plaintiffs' substantive legal claims. *See* Mot. at 10; *Finder v. Leprino Foods Company*, No. 1:13-CV-02059-AWI-BAM, 2017 WL 1355104, at *1, *4 (E.D. Cal., Jan. 20, 2017) (interlocutory appeal would determine applicable standard for half of plaintiffs' lost wage claims); *Gilbert v. 7-Eleven, Inc.*, No. 2:21-cv-01984 WBS KJN, 2023 WL 8477959, at *1 (E.D. Cal., Dec. 7, 2023) (staying only motion for attorneys' fees when appeal would be dispositive on entitlement to fees); *Coalition on Homelessness v. City and County of San Francisco*, No. 22-cv-05502-DMR, 2024 WL 815552, *9 (N.D. Cal. Feb. 23, 2024) (staying case pending appeal of precedential cases on which Plaintiffs' claims depended).[8]

Defendants close their brief with the alternative argument that the Court "must stay further litigation on the Fourth Amendment, 8 U.S.C. § 1357(a)(2), and 8 C.F.R. § 287.8(c)(2)(ii)." Mot. at 10. But their appeal does not challenge this Court's ruling on the merits of those claims, and any ruling on standing or mootness will be confined to the preliminary factual record before the Ninth Circuit. *See* Def.'s Opening Brief (see Dkt. 117-9). Defendants have provided no basis to preclude Plaintiffs from further developing that record in the interim. Defendants fail to meet any

---

[8] Nor does this case create the risk of duplicative procedures at issue in *Electric Solidus, Inc. v. Proton Management Ltd.*, No. 2:24-cv-08280, 2025 WL 1712363, at *4 (C.D. Cal., May 27, 2025), Mot. at 10, where some parties may have had a right to defend against the plaintiffs' claims in arbitration, but others did not, and the interlocutory appeal would determine whether the claims should be split between the two tribunals, or all proceed in district court.

1    standard for a discretionary stay in whole or in part, and this Court should deny their motion.

2    **IV.    CONCLUSION**

3            For the foregoing reasons, this Court should deny Defendants' motion.

4

5    Dated:  October 31, 2025                    AMERICAN CIVIL LIBERTIES UNION
6                                                FOUNDATION OF NORTHERN
                                                 CALIFORNIA

7                                                */s/ Bree Bernwanger*
8                                    By:         (as authorized on October 31, 2025)
                                                 BREE BERNWANGER
9                                                MICHELLE (MINJU) Y. CHO
                                                 LAUREN DAVIS
10                                               SHILPI AGARWAL

11

12   Dated:  October 31, 2025        By:         AMERICAN CIVIL LIBERTIES UNION
                                                 FOUNDATION OF SOUTHERN
13                                               CALIFORNIA

14                                               */s/ Mayra Joachin*
                                                 (as authorized on October 31, 2025)
15                                               MAYRA JOACHIN
16                                               EVA BITRAN

17

18   Dated:  October 31, 2025        By:         AMERICAN CIVIL LIBERTIES UNION
                                                 FOUNDATION OF SAN DIEGO &
19                                               IMPERIAL COUNTIES

20                                               */s/ Brisa Velazquez Oatis*
                                                 (as authorized on October 31, 2025)
21                                               BRISA VELAZQUEZ OATIS

22                                               Attorneys for Plaintiffs

23
     Dated:  October 31, 2025                    KEKER, VAN NEST & PETERS LLP
24
                                     By:         */s/ Natalie Heim*
25                                               AJAY S. KRISHNAN
                                                 JASON GEORGE
26                                               JULIA L. GREENBERG
                                                 REAGHAN E. BRAUN
27
                                                 Attorneys for Plaintiffs
28

                                          13

1

2

Dated:  October 31, 2025                                    By:    MARTINEZ AGUILASOCHO LAW, INC.

3

4

*/s/ Edgar Ivan Aguilasocho*
(as authorized on October 31, 2025)
MARIO MARTINEZ
EDGAR IVÁN AGUILASOCHO

5

6

Attorneys for Plaintiff United Farm Workers

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

PLAINTIFFS' OPPOSITION TO MOTION TO STAY LITIGATION PENDING APPEAL
Case No. 1:25-cv-00246-JLT-CDB

3262640