1  BRETT A. SHUMATE
   Assistant Attorney General
2  Civil Division
   ELIANIS N. PEREZ
3  Assistant Director
   MARY L. LARAKERS
4  Senior Litigation Counsel
   TIM RAMNITZ
5  Senior Litigation Counsel
   CAROLYN D. DILLARD
6  Trial Attorney
   OLGA Y. KUCHINS
7  Trial Attorney
   AYSHA T. IQBAL
8  Trial Attorney
   U.S. Department of Justice
9  Office of Immigration Litigation
   General Litigation and Appeals Section
10 P.O. Box 878, Ben Franklin Station
   Washington, DC 20044
11 202-451-7672
   Aysha.T.Iqbal@usdoj.gov
12 Attorneys for Defendants

13

14

15                IN THE UNITED STATES DISTRICT COURT

16                  EASTERN DISTRICT OF CALIFORNIA

17 UNITED FARM WORKERS, et al.,            No. 1:25-cv-00246-JLT-CDB

18          Plaintiffs,                    **DEFENDANTS' REPLY IN SUPPORT OF**
                                           **MOTION TO STAY LITIGATION PENDING**
19          v.                             **APPEAL**

20 KRISTI NOEM, Secretary of the United States
   Department of Homeland Security, et al.,  Date: No Hearing
21                                           Time: N/A
            Defendants.                      Place: N/A
22                                           Judge: Hon. Jennifer L. Thurston

23

24

25

26

27

28

## REPLY MEMORANDUM OF POINTS AND AUTHORITIES

This Court should stay further proceedings in this case pending the Defendants' Ninth Circuit appeal of this Court's Preliminary Injunction Order ("PI") (ECF No. 47), pursuant to *Coinbase, Inc. v. Bielski*, 599 U.S. 736, 741 (2023) and *Griggs v. Provident Consumer Discount Co.*, 459 U.S. 56 (1982). Defendants' Motion for a Stay of Proceedings (ECF No. 115) ("Defendants' Motion"), promptly filed in this Court following the filing of Defendants' Opening Brief in the Ninth Circuit (No. 25-4047), relies on the common-sense principle, and jurisdictional requirement, that while the question of the District Court's jurisdiction over the claims underlying the PI is pending before the Court of Appeals, this Court should stay further proceedings on those claims, given that "whether 'the litigation may go forward in the district court is precisely what the court of appeals must decide.'" *Coinbase, Inc*, 599 U.S. at 741 (citing *Bradford-Scott Data Corp. v. Physician Computer Network, Inc.*, 128 F.3d 504, 506 (7th Cir. 1997). Supreme Court precedent not only mandates a stay of the claims underlying the preliminary injunction while the appeal is pending, but considerations of judicial economy and the balance of factors also suggest that staying the remaining claims is warranted as a matter of discretion. *Landis v. N. Am. Co.*, 299 U.S. 248, 254 (1936).

Plaintiffs contend that Defendants' request for a stay is for the purpose of evading their discovery obligations.[1] However, it is well documented that Defendants continue to comply with their discovery obligations—as evidenced by the Greenberg Declaration (ECF No. 118-1 at ¶ 8-10) and the Cantu Declaration (ECF No. 115-1, at ¶ 6-10)—and they are also continuing to negotiate discovery search terms,

---

[1] Plaintiffs make broad, contradictory claims regarding Defendants' "evasion of discovery." ECF No. 115 at 3. Yet their evidence cites the steps Defendants have taken to comply with their discovery obligations. ECF No. 115-1. First, Defendants moved to vacate the scheduling conference and set aside the Joint Scheduling Report and Rule 26 requirements because it is Defendants' position that this case is exempt from regular pretrial proceedings because this is an action for review, on an administrative record, of the policy and practice that Plaintiffs challenge. ECF No. 50. While the Court declined to vacate the requirements, Defendants' position was grounded in good faith and remains valid. Plaintiffs then claim Defendants have delayed further discovery negotiations. On September 18, 2025, Defendants participated in a meet and confer with Plaintiffs (ECF No. 118-1 at ¶ 8), where Defendants did not *refuse* to substantively discuss search terms, custodians, or repositories as Plaintiffs claim, but took the questions and issues presented by Plaintiffs back to their client and then provided a substantive, written response to Plaintiffs on October 22, 2025 (ECF No. 118-1 at ¶ 10). The Parties remain in negotiations regarding the search terms and the protective order, and the general scope of discovery. Defendants continue to comply with discovery obligations and need not apprise Plaintiffs of every step they take toward litigating this matter. Plaintiffs' claim of discovery evasion is disingenuous and without merit according to their own declaration. ECF No. 118-1.

1   the terms of the protective order, and the Electronically Stored Information Protocol—the latest drafts of

2   which are currently with Plaintiffs as of the date of this filing, pending further discussions between the

3   parties. Defendants' request to stay proceedings is not for duplicitous purposes, but to potentially

4   streamline litigation upon insight from the Ninth Circuit on how this matter should proceed. Despite

5   Plaintiffs' alternative interpretation, courts within and outside of the Ninth Circuit have applied *Coinbase*

6   or *Griggs,* in the context of a variety of cases not limited to the arbitration context, to stay litigation where

7   it is required, and moreover, sensible. *See infra* at 8. This Court, too, should stay this litigation pending

8   the Ninth Circuit appeal, because the appeal concerns this Court's jurisdiction to issue preliminary relief

9   on claims I-III, the very claims on which Plaintiff seek permanent relief. ECF No. 1; Prayer for Relief. On

10  claim IV, and alternatively on claims I-III, this Court should stay proceedings as a matter of discretion.

    *I.    The Issues on Appeal Directly Impact the Issues Before this Court*

    *i.    Subject Matter Jurisdiction is a Dispositive, Threshold Issue*

13          The Supreme Court's decision in *Coinbase*, applying the *Griggs* principle, applies squarely to this

14  case and requires that this Court stay proceedings while the court of appeals considers the threshold

15  jurisdictional questions at the heart of this litigation. *Coinbase, Inc.*, 599 U.S. at 741 (citing *Griggs*, 459

16  U.S. at 58). While Defendants appeal the jurisdictional issues in the context of the PI order, the Ninth

17  Circuit's opinion will inform this Court's jurisdiction over claims I-III, arguments Defendants have also

18  put forth in their Motion to Dismiss. *See* Defs.' Mot. At 6; ECF No. 64. Defendants have established that

19  because the appeal considers threshold legal, jurisdictional issues that will govern how this case proceeds

20  in the district court, the "the entire case is essentially 'involved in the appeal.'" *Coinbase, Inc.*, 599 U.S.

21  at 741 (citing *Griggs*, 459 U.S. at 58). Plaintiffs argue that because the underlying dispute in *Coinbase*

22  concerned whether or not arbitration should occur—which is distinct from what is being litigated in this

23  case—it is inapposite. However, Plaintiffs' interpretation disregards case law applying *Coinbase* and the

24  *Griggs* principle in a variety of contexts beyond arbitration, including decisions from the Ninth Circuit.

25  *See infra* at 8; Defs.' Mot. at 7 citing (*Newsom v. Trump*, No. 25-cv-04870-CRB, 2025 WL 2609917 (N.D.

26  Cal., Sept. 9, 2025)). A reasonable interpretation and application of Supreme Court precedent and common

27  sense mandate a stay in this case.

28          First, the basis for Defendants' Motion to Stay is straightforward: because the PI appeal concerns

Reply in Support of Motion to Stay Litigation Pending Appeal

the scope of this Court's jurisdiction to issue relief on Claims I-III, a decision in that appeal will impact the entirety of the case, including whether the case may even proceed, because jurisdiction is a threshold dispositive issue that Defendants also challenge via their Motion to Dismiss (ECF No. 64). *See Davis v. Federal Election Com'n*, 554 U.S. 724, 734 (2008) (citations omitted) ("while the proof required to establish standing increases as the suit proceeds . . . the standing inquiry remains focused on whether the party invoking jurisdiction had the requisite stake in the outcome when the suit was filed."). The Court's PI orders preliminary relief on the same claims on which Plaintiffs seek permanent relief. Compare ECF No. 1, Prayer for Relief and ECF No. 47, Order. If Plaintiffs did not establish jurisdiction to seek the preliminary relief on the same claims that they seek the same permanent relief, then it reasonably follows that they did not establish jurisdiction over the claims altogether. *See Pacific Radiation Oncology, LLC v. Queen's Medical Center*, 810 F.3d 631, 636 (9th Cir. 2015) (citations omitted) ("The relationship between the preliminary injunction and the underlying complaint is sufficiently strong where the preliminary injunction would grant 'relief of the same character as that which may be granted finally.'"). Therefore, Defendants *have* identified the specific impact that a possible reversal of the PI will have on this litigation: it would inform this Court's jurisdiction to preside over the case, especially considering the fact that Defendants have raised the same jurisdictional arguments (standing and mootness) on all of Plaintiffs claims, including the Fifth Amendment claim not previously addressed by the Court's PI. *See* Defs.' Mot. At 6-8; ECF No. 64; *Rogers v. Sacramento*, No. 2:24-cv-00237, 2024 WL 266504, at \*2 (E.D. Cal., 2024) citing *Offshore Inc. v. Greenpeace, Inc.*, 864 F. Supp. 2d 839, 842 (D. Alaska 2012), *aff'd*, 709 F.3d 1281 (9th Cir. 2013) ("A district court may not grant a preliminary injunction if it lacks subject matter jurisdiction over the claim before it.").

Next, contrary to Plaintiffs' position that "[e]ven the jurisdictional issues Defendants raise on appeal are not, *at this stage*, dispositive because they are inherently *factual*," Pls.' Opp. at 6, basic tenets of civil procedure establish that jurisdiction is a dispositive issue properly raised at the pleadings stage (or at any time thereafter throughout litigation), and it is Defendants' position that Plaintiffs cannot establish standing over their claims or demonstrate their claims are not moot. *See* FRCP 12(b)(1); *Thalheimer v. City of San Diego*, 645 F.3d 1109, 1116 (9th Cir. 2011) ("the burden of proof at the preliminary injunction phase tracks the burden of proof at trial."). Plaintiffs assert that the standing issue on appeal is not

dispositive because prospective standing includes a factual inquiry, and because these proceedings are still at the pleadings stage, perhaps they will later establish sufficient facts for prospective standing. Pls.' Mot. at 6. But Plaintiffs' burden requires them to establish standing at every stage of proceedings, including the pleadings stage, and they are not permitted to kick the can down the road and fish for facts establishing standing that they lacked at the outset. *See Ministerio Roca Solida v. U.S. Dept. of Fish and Wildlife*, 288 F.R.D. 500, 506 (D. Nev., 2013) (citing *Morongo Band of Mission Indians v. Cal. State Bd. of Equalization*, 858 F.2d 1376, 1380 (9th Cir. 1988) ("As '[s]ubject matter jurisdiction must exist as of the time the action is commenced,' permitting plaintiff to engage in discovery in an attempt to establish jurisdiction is inappropriate."); *Davis*, 554 U.S. at 732-733. And subject matter jurisdiction is a threshold issue that cannot be manufactured. *See Bland v. Kandow*, No. 2:24-cv-2346, 2025 WL 18993, at *3 (E.D. Cal., Jan. 2, 2025) (citing *Morongo Band of Mission Indians*, 858 F.2d at 1380) ("If jurisdiction is lacking at the outset, the district court has 'no power to do anything with the case except dismiss.'"). If the Ninth Circuit were to decide there was no jurisdiction to issue the preliminary injunction on claims I-III because Plaintiffs lacked standing and the claims were moot, then there would be no jurisdiction over claims I-III generally, given that Plaintiffs ultimately seek the same, but permanent, relief on the same claims. Defs.' Mot. at 6, 9. Defendants have advanced jurisdictional defenses to all of Plaintiffs' claims, both before the Ninth Circuit on the Fourth Amendment claims, and before this Court on both the Fourth and Fifth Amendment claims. As such, the *Griggs* principle, later extended by *Coinbase* provides a legal basis for a stay, because the appeal "divests the district court of its control over those aspects of the case involved in the appeal." *Griggs*, 459 U.S. at 56; *see also Morgan Stanley & Co., LLC v. Couch*, No. 1:15-cv-1291; 2015 WL 7271717, at *3 (E.D. Cal., 2015) (finding the notice of appeal divests the court of jurisdiction over the case where the PI appeal challenges the court's jurisdiction to enjoin the challenged action, and citing cases following *Griggs* that have "winnowed down *Plotkin's* broad holding").[2]

### ii. Coinbase and Griggs Apply Beyond the Arbitration Context

The Supreme Court's reasoning in *Coinbase* supports its application in the instant case. While

---

[2] *See* Pls.' Opp. at 1 ("This request flouts the well-settled rule that 'an appeal from an interlocutory order does not divest the trial court of jurisdiction to continue with other phases of the case.'" *Plotkin v. Pac. Tel. & Tel. Co.*, 688 F.2d 1291, 1293 (9th Cir. 1982)).

*Coinbase* considered the distinct question of whether a district court must stay a matter while the court of appeals considers a ruling on arbitration, the underlying basis for the Court's decision is universal. In both *Coinbase* and the instant action, the court is tasked with deciding whether a case should proceed in district court while the court of appeals deliberates and may ultimately decide the case may not proceed in district court. In *Coinbase*, the reason the case may not proceed in district court is because it belongs in arbitration. *Coinbase, Inc*, 599 U.S. at 741. In the instant action, the reason the case may not proceed is because this court lacks jurisdiction over claims I-III. As is the case in an appeal concerning the Court's jurisdiction "when a party appeals the denial of a motion to compel arbitration, whether 'the litigation may go forward in the district court is precisely what the court of appeals must decide." *Coinbase, Inc.*, 599 U.S. at 741 citing *Bradford-Scott Data Corp,*, 128 F.3d at 506. Indeed, under other circumstances, an appeal of a preliminary injunction may resolve only a fraction of the claims and merits of a case, as Plaintiffs point out (Pls.' Opp. at 6), but here, Defendants' appeal of the PI has the potential to dispose of the Fourth Amendment claims altogether in the event that the Ninth Circuit concludes Plaintiffs did not establish subject matter jurisdiction at the outset based on the facts in the complaint.[3] Therefore, like in *Coinbase*, the issue pending before the Court of Appeals will inform nearly every aspect of this case, beginning with the very threshold question of whether there exists proper subject matter jurisdiction for a majority of Plaintiffs' claims. The *Coinbase* holding applies to the question before this Court.

Next, Plaintiffs cannot reasonably dismiss the legal implications of *Coinbase* merely because it addressed subject matter different from that involved in this case. *See Chalamalesetty v. Jaddou,* 2023 WL 6387976, at *3 (D. Neb., 2023) (an immigration case concluding it had jurisdiction to resolve the jurisdictional issues, but acknowledging "the general principle that an appeal, including an interlocutory appeal, divests the district court of its control over those aspects of the case involved in the appeal," and citing to *Coinbase, Inc. v. Bielski*, 143 S. Ct. 1915, 1919 (2023)). Plaintiffs ask this Court to read *California by and through Harrison v. Express Scripts, Inc.*, 139 F.4th 763 (9th Cir. 2025) as precluding

---

[3] It is for this very reason that "dispositive motions which raise issues of the court's jurisdiction, venue, or immunity are commonly situations in which the court determines that staying discovery pending a ruling on a dispositive motion is appropriate." *Zabeti v. Arkin*, No. 2:14-cv-00018, 2014 WL 1764358, at *3 (D. Nev., Apr. 28, 2014) (citing *Wood v. McEwen,* 644 F.2d 797, 801 (9th Cir. 1981)).

application of *Coinbase* outside of the arbitration context, but *California* declined to apply *Coinbase* in the federalism context for reasons irrelevant to this case. *See* Pls. Opp. At 7; Defs.' Mot. At 6-7. The introduction of the Ninth Circuit's opinion in *California* explicitly reduces the matter to one that answers the question of whether "*Coinbase's* logic should extend **to the federal officer removal context** . . ." *California*, 139 F.4th at 766 (emphasis added). Other Courts in the Ninth Circuit have applied *Griggs* or *Coinbase* (following the decision in *California)* in contexts outside of arbitration. *See, e.g.*, *Newsom*, No. 25-cv-04870-CRB, 2025 WL 2609917, at *2; *S.L. et al. v. Cnty. of Riverside et al.*, No. 5:24-cv-00249, 2025 WL 2652874, at *4-7 (C.D. Cal., Sept. 15, 2025). To be sure, the court in *California* also decided that "*Coinbase* does not abrogate *Nken v. Holder* beyond the arbitration context." *California*, 139 F.4th at 768. But despite this broad language, the Court's reasoning thereafter was "crucially" reliant on the unique "federalism concerns" at issue in the federal officer removal context. *Id*. *Nken* should continue to apply in this context, the Court explained, because a more flexible approach is needed in order to prevent "infring[ing] upon the rights of state courts." *Id*. At 768-69. Consequently, any application of *California* beyond the federal officer removal context, or a context involving principles of comity, makes little sense, as it is not supported by the Court's reasoning.

Then, Plaintiffs pivot to an unpersuasive attempt to discount *Newsom*. Pls.' Opp. At 7. But there is no need to complicate *Newsom* based on an examination of its procedural history when the reasoning and holding provide the requisite insight sought here. In *Newsom*, the District Court for the Northen District of California concluded that the issues before the Ninth Circuit were "inextricably tied up with the merits of Plaintiffs' new motion." *See Newsom*, No. 25-cv-04870-CRB, 2025 WL 2609917, at *2 (citing *Coinbase* and staying further proceedings). Yes, in *Newsom*, the court initially issued a temporary restraining order ("TRO") that was stayed by the Ninth Circuit. *Id.* at *1. Yes, the Ninth Circuit stayed that TRO pending appeal. *Id.* Yes, the plaintiffs then filed a separate preliminary injunction on the same legal basis, the event that then triggered the defendants' motion to stay proceedings. *Id.* at *2. But just like in this case, the issues underlying the preliminary injunction were to be informed by the decision of the Ninth Circuit in the pending TRO appeal. So ultimately: *Newsom* (a case not concerning arbitration) applied *Coinbase* to stay all proceedings related to a motion related to the matter pending a Ninth Circuit appeal, and this Court, too, should apply *Coinbase*. It is a stretch to demand that legal support mirror a

case procedurally or substantively for it to serve as precedent or persuasive authority.[4]

Plaintiffs ask this Court to look to the court's order on the motion to stay in *Perdomo* (*See* ECF No. 15-1, Greenberg Decl. Ex. A (*Perdomo* MTS Order)), Pls' Opp. at 1-2, but as the order in that case explains, the Defendants in *Perdomo* sought a stay based on an distinct legal theory (*Trump v. Boyle*, 606 U.S. ___ (2025)), arguing that because the Supreme Court stayed their Fourth Amendment TRO pending appeal, the District Court should stay Fourth Amendment litigation, because in *Trump*, the Supreme Court issued a stay of an order pending appeal based on its reasoning for issuing a stay of another court's identical order pending appeal. ECF No. 15-1 at 9. The court denied the stay in *Perdomo*, and then went on to issue an indicative ruling indicating that it would *dissolve* the Fourth Amendment TRO on appeal, and cited to the potential absence of an appeal in its decision to deny a stay ("there would be harm to the Plaintiffs of not being permitted to develop the record factually—particularly if no active appeal is pending." *Id.* at 12). The order in that case does not even address *Coinbase*. In fact, the court's order cites to the fact that the Supreme Court noted in the *Perdomo* stay order that the plaintiffs, at the very least, retained standing to seek damages, so the district court decided it inappropriate to stay all proceedings when standing on some claims and relief remain. *Id.* at 11 (citing *Noem v. Vasquez Perdomo*, No. 25A169, 606 U.S. ____ (2025)). Here, no damages are sought (*see* ECF No. 1, Prayer for Relief), and it is Defendants' position that a decision from the Ninth Circuit will resolve the question of jurisdiction for the claims underlying the PI. While the stay request in that case may bear some similarities, that order is not instructive here.

---

[4] Plaintiffs also attempt to discount *S.L. v. County of Riverside*, No. 5:24-cv-00249-CAS-SPx, 2025 WL 2652874, at *4-7 (C.D. Cal. Sept. 15, 2025) on the basis that the stay in that case was discretionary and not mandatory, per *Coinbase*. Pls.' Opp. at 13 n4. Defendants specified that in that case, the court ordered both an automatic stay, citing the *Griggs* principle, and a discretionary stay on the remaining claims. *See* Defs.' Mot. at 7. Plaintiffs attempt to discount *BioCorRx, Inc. v. Calista Therapeutics, Inc.*, No. 8:24-cv-00640-JVS-JDE, 2024 WL 4472376, at *3 (C.D. Cal., Aug. 14, 2024) on the same basis. Pls.' Opp. at 13 n4. Defendants specified that in that case, per the *Griggs* principle, the court found it lacked jurisdiction over issues involved in the appeal and also stayed aspects of the case not involved in the appeal to promote economy of time and efficiency. Defs.' Mot. at 8. Plaintiffs attempt to discount *American Encore v. Fontes*, No. CV-24-01673-PHX-MTL, 2025 WL 1839464, at *2 (D. Ariz. June 26, 2025) because the Court applied the discretionary stay factors (Pls.' Opp. At 13 n4), but the court in that case also decided that "the *Griggs* divestiture rule also supports a stay." *See* Defs.' Mot. at 7-8 citing cases decided both before and after *California*, that apply the *Griggs* principle, or *Coinbase,* and order an automatic stay in conjunction with a discretionary stay on the remaining claims.

This Court can, instead, look to courts in other districts that have analyzed and applied *Coinbase* in a variety of contexts to extend the *Griggs* principle where it is appropriate. *See Murray v. King Cnty. Court*, No. 24-cv-00239, 2025 WL 754524 (W.D. Wash., 2025); *Black v. West Virginia State Police*, No. 3:22-cv-0096, 2023 WL 6850027 (S.D. W. Va., Oct. 17, 2023); *Dressen v. AstraZeneca AB*, No. 2:24-cv-00337, 2025 WL 252793 (D. Utah, Jan. 21, 2025); *Global Innovative Concepts, LLC v. Division of Emergency Management*, No. 5:23-CV-69, 2023 WL 8099111 (E.D.N.C., Nov. 21, 2023). In fact, Plaintiffs themselves cite case law that supports a more universal application of *Coinbase* and the *Griggs* principle, *Schultz v. Emory Univ.*, erroneously arguing that the court there declined to extend *Coinbase*. Pls.' Mot. at 7. That court declined to stay appellate briefing and decided to exercise jurisdiction over a class action certification while a motion to decertify was simultaneously pending before the district court. No. 23-12929, 2024 WL 4534428 (11th Cir. Oct. 21, 2024). But that court, citing *Coinbase*, also specified that it is "*mindful*" (emphasis added) that "a clear background principle" in appellate jurisprudence is that "[a]n appeal, including an interlocutory appeal, 'divests the district court of its control over those aspects of the case involved in the appeal.'" *Id.*, at *3 (citing *Coinbase, Inc.* 143 S. Ct. at 1919) (quoting *Griggs*, 459 U.S. at 58). Because *Coinbase* did not preclude the court from exercising jurisdiction in that case does not compel the conclusion that the court declined to consider *Coinbase* at all. Plaintiffs put forth no genuine basis for the rejection of *Coinbase* and the *Griggs* principle. As such, this Court should conclude that because the preliminary injunction appeal challenges this Court's subject matter jurisdiction, a decision which will impact the entirety of the litigation, *Coinbase* and *Griggs* require the Court to stay litigation pending the appeal.

## II.    *Defendants Have Established a Stay is Warranted as a Matter of Discretion*

Defendants have established that a stay is warranted, in the alterative, and on the Fifth Amendment Claim that is not subject to the PI appeal, as a matter of discretion pursuant to the *CMAX* factors. *See CMAX, Inc. v. Hall*, 300 F.2d 265, 268 (9th Cir. 1962) (citing *Landis*, 299 U.S. at 254-55)[5]. All factors,

---

[5] Plaintiffs suggest that because this Court's decision in *Flores v. Bennett*, 675 F. Supp. 3d 1052, 1057 (E.D. Cal. 2023) predates *California,* and because *California* applies the *Nken* factors as opposed to the *CMAX* factors when considering a discretionary stay, that there is a split on which standard should apply in this context. But *Flores* clearly distinguishes the standard for a **stay of proceedings** (*CMAX* factors*)* versus the standard for a **stay of an order** (*Nken* factors) (*See Flores*, 675 F. Supp. 3d at 1057),

including: "the possible damage which may result from the granting of a stay, the hardship or inequity which a party may suffer in being required to go forward, and the orderly course of justice measured in terms of the simplifying or complicating of issues, proof, and questions of law which could be expected to result from a stay," *CMAX, Inc.*, 300 F.2d at 268, balance in favor of granting a stay of proceedings, and Plaintiffs fail to put forth any persuasive argument to the contrary. *See* Pls.' Opp. At 11-13. As such, because Defendants have established the *CMAX* factors favor a stay this Court should grant a stay. Defs.' Mot. at 9-10.

As to the first factor, there is no possible damage which may result from the granting of a stay. Not only have Plaintiffs obtained preliminary relief as to their Fourth Amendment claims, but also, they cannot establish *ongoing* harm as to their Fourth or Fifth Amendment claims for the purposes of establishing standing. *See* MTD, ECF No. 64; Pls.' Opp. At 11. Further, on July 11, 2025, USBP issued a Voluntary Return Muster recommitting to consistently informing aliens of their right to a hearing before an immigration judge and the consequences of alternatively choosing to voluntarily depart, which renders Plaintiffs' Fifth Amendment claim moot. *See Id*. And when considering a stay, courts are "generally unwilling to presume delay is harmful without specific supporting evidence." *Aliphcom v. Fitbit, Inc.*, 154 F. Supp. 3d 933, 938 (N.D. Cal., 2015*)*. Further, Plaintiffs can resume discovery on the alleged unlawful policies and practices that they challenge once there is clarity on whether they even have standing and subject matter jurisdiction to pursue their claims, and Plaintiffs do not allege any time constraints in that regard. Given that the Ninth Circuit appeal is pending, and that Defendants request *expedited consideration* in their opening brief, a stay would likely be short in duration. *North River Ins. Co. v. Leffingwell Ag Sales Co., Inc.*, 2011 WL 304579, at *7 (E.D. Cal., 2011) (citing *Leyva v. Certified Grocers of Cal., Ltd.*, 593 F.2d 857, 864 (9th Cir. 1979)) ("general policy favoring stays of short, or at least

---

and *California* concerned an appeal of a motion to stay a **remand order** to state court. *See California by and through Harrison*, 139 F. 4th at 767. Following *California*, Courts continue to cite to *CMAX and Landis* when deciding whether to **stay proceedings**. *See Peoples v. Western Refining Retail, LLC*, No. 1:25-cv-00480, 2025 WL 2762449, at *6 (E.D. Cal., Sept. 26, 2025); *California High-Speed Rail Authority, v. U.S. Dep't of Transportation, et al.*, 2025 WL 3013980, at *2 (E.D. Cal., Oct. 28, 2025); *Mirabelli v. Olson, et al.*, No.: 3:23-cv-768, 2025 WL 2998373, at *2 (S.D. Cal., Oct. 24, 2025)*; ZIIP Inc. v. Carol Cole Co.*, No. 25-cv-02281, 2025 WL 2988365, at *2 (S.D. Cal., Oct. 23, 2025); *Sulton v. Trate*, No. 1:23-cv-00709, 2025 WL 2979626, at *1 (E.D. Cal., Oct. 22, 2025).

1    reasonable duration"). As such, there is no projected harm to Plaintiffs from a short stay of litigation.

2         On the other hand, Defendants submit the Cantú Discovery Declaration (ECF No. 115-1), which

3    represents the burden class-wide discovery presents at this juncture, a burden that may be mooted, or even

4    narrowed, once a decision on subject matter jurisdiction from the Ninth Circuit informs the remainder of

5    this litigation, and contrary to Plaintiffs' arguments (Pls.' Opp. At 10), this Court has found that this is a

6    valid basis for a stay. *See Peoples v. Western Refining Retail*, LLC, 2025 WL 2762449, at *6 (E.D. Cal.,

7    2025) citing (*Vance v. Google LLC*, No. 20-cv-04696-BLF, 2021 WL 534363, at *5 (N.D. Cal. Feb. 12,

8    2021)) ("Where a denial of stay would cause both parties to incur significant expenses on litigation that

9    may be rendered moot, 'the potential hardship from denying the stay weighs slightly in favor in granting

10   it.'"). A stay is in the interest of judicial economy. And on that note, Defendants have established that the

11   orderly course of justice also favors a stay. Defs.' Mot. at 9-10. While the appeal here does not consider

12   the merits of the claims, the appeal considers jurisdictional issues that are indeed potentially dispositive.

13   *Finder v. Leprino Foods Co.*, No. 1:13-CV-02059-AWI-BAM, 2017 WL 1355104, at *4 (E.D. Cal. Jan.

14   20, 2017) (citation omitted) (granting a stay where "the court expects that the resolution of the issues now

15   pending before the Ninth Circuit will dramatically simplify the questions of law and potentially the

16   questions of proof now pending before the court."). The factors balance in favor of granting a discretionary

17   stay of the Fifth Amendment claim, and in the alternative, of all claims and proceedings.

18                                             **CONCLUSION**

19        For the compelling reasons discussed above, the Court should stay this litigation pending appeal.

20

21   DATED: November 10, 2025                          Respectfully submitted,

22                                                     BRETT A. SHUMATE
                                                       Assistant Attorney General
23                                                     Civil Division

24                                                     ELIANIS N. PEREZ
25                                                     Assistant Director

26                                                     MARY L. LARAKERS
                                                       Senior Litigation Counsel
27

28                                                     /s/ *Aysha T. Iqbal*
                                                       AYSHA T. IQBAL

Trial Attorney
United States Department of Justice
Civil Division
Office of Immigration Litigation, GLA
P.O. Box 878, Ben Franklin Station
Washington, DC 20044
Tel.: (202) 451-7672
Fax: (202) 305-7000
Email: Aysha.T.Iqbal@usdoj.gov
DC Bar No. 241424
*Attorneys for Defendants*

**CERTIFICATE OF SERVICE**

On November 10, 2025, I electronically submitted the foregoing document with the Clerk of Court for the U.S. District Court, Eastern District of California, using the electronic case filing system of the Court. I hereby certify that I have served counsel and/or pro se parties of record electronically or by another manner authorized by Federal Rule of Civil Procedure 5(b)(2).


                                        */s/ Aysha T. Iqbal*
                                        AYSHA T. IQBAL
                                        Trial Attorney