BREE BERNWANGER - # 331731
bbernwanger@aclunc.org
MICHELLE (MINJU) Y. CHO - # 321939
mcho@aclunc.org
LAUREN DAVIS - # 357292
ldavis@aclunc.org
SHILPI AGARWAL - # 270749
sagarwal@aclunc.org
AMERICAN CIVIL LIBERTIES UNION
FOUNDATION OF NORTHERN
CALIFORNIA
39 Drumm Street
San Francisco, CA 94111
Telephone: (415) 621-2493

MAYRA JOACHIN - # 306065
mjoachin@aclusocal.org
EVA BITRAN - # 302081
ebitran@aclusocal.org
AMERICAN CIVIL LIBERTIES UNION
FOUNDATION OF SOUTHERN
CALIFORNIA
1313 West 8th Street
Los Angeles, CA 90017
Telephone: (213) 977-5000

BRISA VELAZQUEZ OATIS - # 339132
bvoatis@aclu-sdic.org
AMERICAN CIVIL LIBERTIES UNION
FOUNDATION OF SAN DIEGO &
IMPERIAL COUNTIES
P.O. Box 87131
San Diego, CA 92138-7131
Telephone: (619) 398-4199

*Attorneys for Plaintiffs*

AJAY S. KRISHNAN - # 222476
akrishnan@keker.com
JASON GEORGE - # 307707
jgeorge@keker.com
JULIA L. GREENBERG - # 333864
jgreenberg@keker.com
REAGHAN E. BRAUN - # 340526
rbraun@keker.com
KEKER, VAN NEST & PETERS LLP
633 Battery Street
San Francisco, CA 94111-1809
Telephone:    415 391 5400
Facsimile:    415 397 7188

*Attorneys for Plaintiffs*

MARIO MARTINEZ - # 200721
mmartinez@farmworkerlaw.com
EDGAR IVÁN AGUILASOCHO - # 285567
eaguilasocho@farmworkerlaw.com
MARTINEZ AGUILASOCHO LAW, INC.
900 Truxtun Avenue, Suite 300
Bakersfield, CA 93301
Telephone: (661) 859-1174
Facsimile: (661) 840-6154

*Attorneys for Plaintiff United Farm Workers*

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF CALIFORNIA
FRESNO DIVISION

| | |
|---|---|
| UNITED FARM WORKERS, et al.,<br><br>　　　　　Plaintiffs,<br><br>　　v.<br><br>KRISTI NOEM, IN HER OFFICIAL CAPACITY AS SECRETARY OF THE DEPARTMENT OF HOMELAND SECURITY; et al.,<br><br>　　　　　Defendants. | Case No. 1:25-cv-00246-JLT-CDB<br><br>**JOINT STATUS REPORT**<br><br>Dept.:　　Courtroom 4, 7th Floor<br>Judge:　　Hon. Jennifer L. Thurston<br><br>Date Filed: February 26, 2025<br><br>Trial Date: None set |

1    Pursuant to the Court's November 4, 2025 Minute Order (Dkt. 122), the Parties submit
2    this Joint Status Report regarding the upcoming hearing on pending motions. The following
3    motions are currently pending before the Court: (1) Defendants' motion to dismiss the complaint
4    (Dkt. 64); (2) Plaintiffs' motion to enforce the preliminary injunction (Dkt. 81); and (3)
5    Defendants' motion to stay the case pending the resolution of the interlocutory appeal (Dkt. 115).
6    The Court's November 4, 2025 order took the motion to stay under submission, and for the
7    remaining two motions, ordered the parties to submit a joint status report that "identifies all
8    mutually available dates in January" for the hearing; "indicates whether the parties intend to call
9    witnesses at the hearing"; and "provides time estimates for any such testimony." Dkt. 122.

10    The parties met and conferred on November 13, 2025, regarding the hearing date and
11    potential witness testimony. The parties also met and conferred about the production of the July
12    17, 2025, video footage referenced in Manuel Molina Jr.'s declaration of October 10, 2025,
13    regarding an immigration enforcement operation in Sacramento, California. Dkt. 112-2 ¶ 6. The
14    parties also discussed Defendants' position that a protective order needs to be issued in this matter
15    before the video can be produced.

16    **The Parties' Positions**

17    *Plaintiffs' Position*: In Defendants' opposition to Plaintiffs' motion to enforce the
18    preliminary injunction, filed on October 10, 2025, Defendants revealed for the first time that a
19    video feed of the July 17, 2025 Sacramento Home Depot raid existed. Rather than provide that
20    video to Plaintiffs, Defendants instead submitted a vague declaration of a person describing his
21    memory of the video—a description that provides little detail about what he saw and which,
22    according to Defendants' own account of the video now, omits details about the nature of the
23    video (i.e., that it was drone footage). Dkt. 112-2 ¶ 6.

24    It has now been over a month since Defendants revealed the existence of this video.
25    Defendants have not been "responsive" to Plaintiffs' requests. On October 16, 2025, Plaintiffs
26    requested that the video be produced immediately prior to the deadline for Plaintiffs' reply in
27    support of their Motion on October 24, 2025 (Dkt. 117). Defendants substantively responded to
28    that request for the first time only on October 31, 2025, two weeks later, agreeing to produce the

video, but stating that it would be produced only after the negotiation of a separate protective order. On the same day, October 31, Plaintiffs requested that, consistent with Defendants' prior practice, the video instead be produced pursuant to the draft protective order that the parties have now been negotiating for months. Rather than respond to that request, Defendants, the night before the parties' November 13, 2025 meet and confer, sent a new protective order with vastly modified terms from the protective order the parties had already been negotiating—which would have required the parties to start negotiations from scratch.

Without the video that Defendants have relied on (but not produced), Plaintiffs have not been able to fully evaluate the need for witnesses at the hearing on Plaintiffs' motion to enforce the preliminary injunction. As Defendants affirmatively rely on the video, and concede in their statement below that it bears on the truthfulness of the I-213 "arrest reports" at issue in Plaintiffs' motion, the video is necessary to determine whether witnesses need to be called, and if so, who those witnesses will be. The video may moot the need for witnesses or may require a witness to explain how the video was taken or who is shown in the video. And because the declarants who were present in the Home Depot parking lot, Isael Mazariegos and Filiberto de Jesus Rivera-Molina (Dkt. 74-8 and Dkt. 74-9), have now both been expelled from the country, Plaintiffs need sufficient time to address logistical complications with obtaining their testimony after evaluating the video feed, should their testimony be necessary.

Although Plaintiffs do not understand the need for a protective order to be officially entered before the video is produced, given Defendants' own past practice in this case of producing documents "subject to the agreed terms of the parties' draft protective order," Dkt. 86 at 1, and in light of the fact that the video purportedly depicts events that occurred in public, Plaintiffs believe that the two narrow disputes at issue in the protective order the parties have been negotiating over the past six months can be submitted to the Magistrate Judge and resolved quickly.

*Defendants' Position*: In Plaintiffs' motion to enforce the preliminary injunction they asserted the government falsified arrest reports from a July 17, 2025, operation in Sacramento.  *See* Dkt. 81-1.  81-12, 74-8, 74-9.  In response to Plaintiffs' claims of falsification,

2

1  the government, in part, submitted a declaration from a Patrol Agent in Charge who was present
2  during the Sacramento operation and who corroborated the arrest reports.  Dkt. 81-1; 112.  The
3  Patrol Agent in Charge explained that he observed the operation unfold from a live video
4  feed. Dkt. 112-2.  Plaintiffs thereafter requested that Defendants produce the video.  Plaintiffs
5  subsequently renewed this request with urgency following the Court's November 7, 2025, order
6  to state whether the parties intended to present witnesses at a hearing considering the motion to
7  enforce.

8  Defendants were responsive to Plaintiffs' request for the video, immediately engaging in
9  internal discussions as to whether and under what circumstances the video footage could be
10 produced.  As these discussions required input from headquarters-level offices within the agency,
11 they necessarily took some time.  Defendants ultimately determined that the video can only be
12 produced under a protective order due to the sensitive law enforcement information it reveals,
13 particularly pertaining to the agency's tactics, techniques, and procedures regarding deployment
14 of Small Unmanned Aircraft Systems (SUAS).  The video depicts non-public capabilities of
15 SUAS assets and other sensitive law enforcement information that could allow circumvention of
16 law enforcement if publicly disclosed, and as such, a court-ordered protective order is needed.

17 Accordingly, Defendants proposed a limited protective order to Plaintiffs, which would
18 apply solely to the video and which would not contain the disputed terms that are in the more
19 general protective order.  While Defendants are ready to proceed with a hearing on the pending
20 motions and provided Plaintiffs their available dates in January, Defendants are amenable to
21 resolving the outstanding disagreements in the broader protective order prior to producing the
22 video and setting a hearing date on the motions in February 2026.

23 **The Parties' Proposed Course of Action**

24 The parties propose that the Court set a hearing date on Defendants' motion to dismiss and
25 Plaintiffs' motion to enforce the preliminary injunction in February 2026, to allow sufficient time
26 for the parties to resolve issues related to the protective order and production of the video and to
27 address any issues related to witness testimony.

28 The parties are available on the following dates: February 2-6, 2026; February 9-11, 2026.

In addition, the parties propose the following steps to resolve the issues related to the production of the video feed, and the determination of a need for witnesses:

- The parties will submit their disputes regarding the draft protective order to the Magistrate Judge by November 25, 2025;
- Once the Magistrate Judge rules on those disputes and enters the Protective Order into the record, Defendants will produce the video feed as soon as practicable, and no later than three business days after such ruling;
- Within two weeks of production, the parties will submit an updated status report regarding the need for witness testimony, how much time will be necessary for such testimony, if any, and whether a further extension of the hearing date is necessary.

Dated:  November 14, 2025

KEKER, VAN NEST & PETERS LLP

By:  */s/ Jason George*
JASON GEORGE

*Attorney for Plaintiffs*

Dated: November 14, 2025

BRETT A. SHUMATE
Assistant Attorney General

SAMUEL P. GO
Assistant Director

MARY L. LARAKERS
Senior Litigation Counsel

TIM RAMNITZ
Senior Litigation Counsel

CAROLYN D. DILLARD
Trial Attorney

AYSHA T. IQBAL
Trial Attorney

|   |   |
|---|---|
| By: | */s/ Olga Y. Kuchins* <br> OLGA Y. KUCHINS <br> Trial Attorney <br> U.S. Department of Justice <br> Civil Division <br> Office of Immigration Litigation <br> General Litigation and Appeals Section <br> P.O. Box 878, Ben Franklin Station <br> Washington DC  20044 <br> Tel: (771) 202-1392 <br> Fax: (202) 305-7000 <br> Email:Olga.y.kuchins@usdoj.gov <br> Bar No. 312901 (CA Bar) |

*Attorneys for Defendants*