UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

FRESNO DIVISION

|  |  |
|---|---|
| UNITED FARM WORKERS, et al., | Case No. 1:25-cv-00246-JLT-CDB |
| Plaintiffs, | **STIPULATED PROTECTIVE ORDER AS MODIFIED** |
| v. | |
| KRISTI NOEM, SECRETARY OF HOMELAND SECURITY, et al., | Hon. Christopher D. Baker United States Magistrate Judge |
| Defendants. | |

This Protective Order ("Order") is entered into by and among: (a) Plaintiffs United Farm Workers, Oscar Morales Cisneros, Wilder Munguia Esquivel, Juan Vargas Mendez, Maria Guadalupe Hernandez Espinoza, and Yolanda Aguilera Martinez (collectively, "Plaintiffs"); (b) Kristi Noem, in her official capacity as Secretary of the Department of Homeland Security, Rodney S. Scott, in his official capacity as Commissioner of U.S. Customs and Border Protection, Michael W. Banks, in his official capacity as Chief of U.S. Border Patrol, Gregory K. Bovino, in his official capacity as Chief Patrol Agent for El Centro Sector of the U.S. Border Patrol (collectively, "Defendants"); and (c) any other persons or entities who become bound by this Order by executing the form attached hereto as Exhibit A, for the purposes of conducting discovery in the matter of *United Farm Workers, et al., v. Noem, et al.* (Case No. 1:25-cv-00246-JLT-CDB) (the "Action").

The parties, by and through their respective attorneys of record and subject to Court approval, have agreed to entry of this Order pursuant to Rule 26 of the Federal Rules of Civil Procedure.

**<u>Good Cause Statement</u>**

1.      This action is likely to involve information, including information protected by the Privacy Act of 1974, 5 U.S.C. § 552a, as amended ("Privacy Act"), for which special protection from public disclosure and from use for any purpose other than prosecution of this action is warranted. Such information consists of items identified in paragraphs 12 and 13 below, which may be privileged or otherwise protected from disclosure under state or federal statutes, court rules, case decisions, or common law.

2.      To expedite the flow of information, to facilitate the prompt resolution of disputes over confidentiality of discovery materials, to ensure that the parties are permitted reasonably necessary uses of such material for the litigation and preparation for trial, to adequately protect information the parties are entitled to keep confidential, to address their handling at the end of the litigation, and serve the ends of justice, a protective order for such information is justified in this matter.

3.      It is the intent of the parties that information will not be designated as confidential for tactical reasons and that nothing be so designated without a good faith belief that it has been maintained in a confidential, non-public manner, and there is good cause why it should not be a part of the public

1

record of this case. The parties acknowledge that this Order does not confer blanket protections on all information exchanged between the parties.

4.    Thus, the Court has determined that there is good cause for issuance of a protective order pursuant to Federal Rule of Civil Procedure 26(c) to govern disclosure, use, and handling by the parties and their responsive agents, successors, personal representatives and assignees, or by any non-parties and their respective counsel, of certain information and items produced and received in discovery in the above-captioned action.

**IT IS HEREBY ORDERED AS FOLLOWS:**

**Scope and Purpose of Order**

1.    This Order applies to all information, documents, and things exchanged, produced, disclosed, or otherwise made available either by a Party or a non-Party (each a "Producing Party," as defined below) to any other party or non-Party (each a "Receiving Party," as defined below), formally or informally, including but not limited to, the administrative record, Preliminary Injunction ("PI") compliance documentation, any discovery under Rule 26, testimony adduced at depositions pursuant to Rule 30 or 31, answers to interrogatories pursuant to Rule 33, productions under Rule 34, and answers to requests for admissions pursuant to Rule 36, as well as any and all copies, abstracts, digests, notes, summaries, and excerpts thereof (collectively referred to as "Case Material").

2.    It is also hereby ORDERED that Defendants may: (a) produce to Plaintiffs and/or provisional class members Case Material that contains information that is protected by the Privacy Act or any other statute, and Defendants' production of such documents shall be considered to be "pursuant to the order of a court of competent jurisdiction" and authorized by 5 U.S.C. § 552a(b)(12) so long as Defendants (a) designate the documents under this Protective Order and (b) produce documents without any privacy redactions of Designated Material.  This Order binds the parties and their respective agents, successors, personal representatives, and assignees.

3.    The parties have sought or may seek certain Case Material on a voluntary basis and/or as provided by the Federal Rules of Civil Procedure or the Local Rules of this Court.  As a result, the parties have produced, provided access to, and made available, and/or will produce, provide access to, and make available, certain Case Material.  The phrase "Case Material" used generally in this Order

2

includes "Designated Material" as defined below.  Any person or entity that produces, provides, or makes available Case Material to any party in connection with this Action is a "Producing Party."  Any person or entity that receives Case Material directly or indirectly from any Producing Party is a "Receiving Party."

4.      The purpose of this Order is to facilitate and expedite the production, exchange, and treatment of Case Material and to safeguard Case Material that a party or non-party seeks to maintain as confidential in accordance with the terms hereof.  The protections conferred by this Order cover Case Material designated as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL—ATTORNEYS' EYES ONLY" ("Designated Material"), any information copied or extracted therefrom, all copies, excerpts, summaries, or compilations thereof, and testimony, conversations, or presentations to or in court, or in other settings that might reveal Designated Material.  Regardless of the format or medium in which such Designated Material is generated, stored, or maintained the parties agree that such information, so long as it retains its designation, shall not be disclosed or used for any purpose not authorized under the terms of this Order, absent further order of the Court.

5.       The protections conferred by this Order do not cover the following information: (a) any information that is in the public domain at the time of disclosure to a Receiving Party, or becomes part of the public domain after its disclosure to a Receiving Party as a result of publication not involving a violation of this Order, including becoming part of the public record through trial or otherwise; (b) any information that is or was independently obtained by a Party without violating its obligations under this Order; and (c) any information known to the Receiving Party prior to the disclosure or obtained by the Receiving Party after disclosure from a source who obtained the information lawfully and under no obligation of confidentiality to the Producing Party.

6.      Nothing in this Order —including the fact that a party is a party to this Order—entitles or is intended to entitle any party or non-party to any Case Material for any purpose, including in connection with any dispute.

7.      Even after the final resolution of this proceeding, through and including exhaustion of any appeals, the confidentiality obligations imposed by this Order shall remain in effect until a

Designating Party agrees otherwise in writing or a court order otherwise directs, or the confidentiality obligation otherwise expires by operation of law.

8.     This Order is a procedural device intended to protect Designated Material.  Nothing in this Order shall affect any party's or non-party's rights or obligations unrelated to the Designated Material.

9.     Nothing contained herein shall be deemed a waiver or relinquishment by any party or non-party of any objection, including but not limited to, any objection concerning the alleged confidentiality or proprietary nature of any documents, information, or data requested by a party or non-party, any right to object to any discovery request, or any right to object to the admissibility of evidence on any ground, or to seek any further protective order, or to seek relief from this Court or any other applicable court from any provision of this Order by application on notice on any grounds.

**Designating Case Material**

10.     Any Producing Party may designate Case Material as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL—ATTORNEYS' EYES ONLY" in accordance with the following provisions.

11.     Exercise of Restraint and Care in Designating Material for Protection: The parties must designate for protection only those parts of material, documents, items, or oral or written communications that qualify, and must not designate confidential any portions or attachments that do not qualify for protection. If it comes to a Producing Party's attention that information or items that they designated for protection do not qualify for protection, the Producing Party must promptly notify all other parties that they are withdrawing the mistaken designation.

12.     CONFIDENTIAL Designation: A Producing Party may designate Case Material as "CONFIDENTIAL" if such Producing Party believes in good faith that such Case Material: contains information that is not in the public domain, or is improperly in the public domain, and qualifies for protection under applicable law, statutes, or regulations, including, but not limited to:

a.     a trade secret or other confidential research, development, or commercial information as such terms are used in Federal Rule of Civil Procedure 26(c)(1)(G);

b.     the names, addresses, dates of birth, alien registration numbers ("A numbers"), citizenship status, country of birth, passport numbers, driver's license numbers, phone numbers, email addresses,

information related to any pending application for immigration relief or related appeals, and any other personally identifiable information of individual Plaintiffs, the alleged class members identified in ECF. No.1, and any other alleged class member;

c.   any other personally identifiable information covered by the Privacy Act, 5 U.S.C § 552a and identified in Federal Rule of Civil Procedure 5.2, including but not limited to information about an individual regarding his or her education, financial transactions, medical history, criminal or employment history that contains his or her name, or the identifying number symbol, or other particular identifier assigned to the individuals, such as a finger or voice print or photograph;

d.   any personally identifiable information related to third parties, including but not limited to information related to immigration status and history, past or current addresses, family relationships, employment history, medical history, criminal history, and financial information;

e.   government personnel information, including names, job titles, phone numbers, email addresses, identifying numbers, images, or other identifying information of federal employees or contractors, where disclosure could pose privacy, safety, or operational concerns, except the names and job titles of federal employees in the positions of Chief Patrol Agent and above shall not be confidential;

f.   sensitive information about the internal investigations processes, programs, procedures, staffing, resources, databases, intelligence, training, and/or methods, which is law enforcement sensitive, the release of which to the public may adversely impact identifiable law enforcement or national security interests, including information compiled for law enforcement purposes, including but not limited to investigative files and techniques related to the integrity of the immigration system, criminal activity, public safety, or national security, investigative referrals, and body camera or other video footage;

g.   information pertaining to applications for asylum or withholding of removal, which are subject to disclosure conditions under 8 C.F.R. §§ 1003.27(c) and 1208.6(a), as well as information pertaining to applications for Temporary Protected Status under 8 U.S.C. § 1254a; information that relates to an alien who is the beneficiary of an application for relief under 8 U.S.C. §§ 1101(a)(15)(T), (15)(U), (51) or 1229b(b)(2);

5

h.   any other information that is protected or restricted from disclosure by Court order, statutes, rules or regulations, which otherwise could subject either party to civil or criminal penalties or other sanctions in the event of unauthorized disclosure;

i.   any other information protected or restricted from disclosure by federal statute or regulation, including but not limited to 8 U.S.C. § 1367, which otherwise could subject either party to civil or criminal penalties or other sanctions in the event of unauthorized disclosure.

13.   <u>HIGHLY CONFIDENTIAL—ATTORNEYS' EYES ONLY DESIGATION</u>:   A Producing Party may designate Case Material as ATTORNEYS' EYES ONLY if at the at time of its production in discovery in the Action, or thereafter, is so designated by the Producing Party because of a good faith belief that the information is so highly sensitive that the disclosure to those identified in paragraph 18 below but not identified in paragraph 17 below would create a substantial risk of harm that could not be avoided by any less restrictive means.

14.   <u>Manner and Timing of Designations</u>: Except as otherwise provided in this Order or as otherwise stipulated or ordered, disclosure of Case Material that qualifies for protection under this Order must be clearly so designated before or when the material is disclosed.

a.   Where reasonably practicable, any Case Material other than oral deposition testimony shall be designated by the Producing Party as such by marking such page "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL—ATTORNEYS' EYES ONLY."   Native file documents may be designated as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL—ATTORNEYS' EYES ONLY" by including such term in the file name thereof or on a slip sheet attached thereto or by adding a "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL—ATTORNEYS' EYES ONLY" field in the production data associated with the document.   Electronic information that is not amenable to visible marking shall have a file name beginning with "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL—ATTORNEYS' EYES ONLY." And the media on which the Designated Material is provided must be and remain plainly labeled with "CONFIDENTIAL" or" HIGHLY CONFIDENTIAL—ATTORNEYS' EYES ONLY" unless and until the protection of the data within the media is removed.

b.   In the case of depositions, if counsel for a party or a party believes that a portion of the testimony given at a deposition should be Designated Material, such testimony may be designated as

appropriate by: (a) stating so orally on the record and requesting that the relevant portion(s) of testimony is so designated; or (b) providing written notice within thirty (30) calendar days of the party's receipt of the final transcript from the court reporter that the relevant portion(s) of such transcript or recording of a deposition thereof is so designated. Extensions may be allowed if mutually agreed to by the parties to accommodate voluminous transcripts or other case-related obligations. Such designation and notice shall be made in writing to the court reporter, with copies to all other counsel, identifying the portion(s) of the transcript that is so designated, and directing the court reporter to treat the designated portion(s) of the transcript as Designated Material. Until the aforesaid period to designate the deposition has passed, (1) the entire transcript shall automatically be deemed "CONFIDENTIAL," unless the Designating Party requests that it be treated as "HIGHLY CONFIDENTIAL—ATTORNEYS EYES ONLY," in which case it will be deemed "HIGHLY CONFIDENTIAL—ATTORNEYS' EYES ONLY" under the terms of this agreement and (2) any court filings including information derived from any deposition shall be filed under seal in accordance with the local rules unless otherwise agreed by the parties.

15.     <u>Inadvertent Failures to Designate</u>: If a Producing Party inadvertently fails to designate material at the time of production, they shall take reasonable steps to notify the Receiving Party of the failure within five (5) business days of discovering the failure.  The Producing Party shall promptly supply the Receiving Party with new copies of any documents bearing corrected confidentiality designations, and the Receiving Party shall return or destroy the original materials and certify in writing to the Producing Party that such information has been destroyed.  Production of such Designated Material, in and of itself, shall not constitute waiver of any claim of confidentiality.

**<u>Use and Disclosure of Designated Material</u>**

16.     <u>General Limitations on Use and Disclosure of all Designated Material:</u>

Except as expressly set forth herein, all Designated Material shall be used by the Receiving Parties solely and exclusively for the purposes of this Action, and any appeal of any decision in respect thereof, and shall not be used in any other litigation, judicial proceedings, or disputes unrelated to this Action, including immigration enforcement and immigration removal proceedings, or for any governmental, commercial, administrative, law enforcement, or any other purpose or function, without further order of

this Court. Designated Material may be disclosed only to the categories of persons and under the conditions described in this Order

In addition, any Designated Material concerning (a) Plaintiffs and/or (b) putative or certified class members shall not be used for any purpose outside this litigation. Nor shall such information be shared with any government agency or sub-agency, such as U.S. Immigration and Customs Enforcement (ICE), Homeland Security Investigations (HSI), or U.S. Citizenship and Immigration Services (USCIS) for any purposes other than litigating this Action.

Upon the final resolution of the Action, through and including any appeals, a Receiving Party or person in receipt of material designated under this Order must comply with the provisions of Paragraph 28, below.

Designated Material must be stored and maintained by a Receiving Party or a person in receipt of material designated under this Order at a location and in a secure manner that ensures access is limited to persons authorized under this Order and that the confidentiality of such material is maintained. Nothing in this Order shall preclude the disclosure of Designated Material to a class member to whom the information pertains. This Order shall not preclude Plaintiffs' counsel from using the information obtained from Defendants through discovery production, or otherwise, to identify and contact current or former class members, their attorneys, or their family members, provided that Plaintiffs' counsel does not disclose any Designated Material subject to this Protective Order to individuals who are not authorized to receive such information under its terms.

17.    Disclosure of Case Material Designated "CONFIDENTIAL": "CONFIDENTIAL" Material, and any and all information contained therein, shall be disclosed, summarized, described, characterized, given, shown, made available in whole or in part, or communicated only to the following persons:

a.    Counsel of Record for Plaintiffs and Defendants, students working under the supervision of such counsel and employees necessary to assist counsel in this Action, but only after such students and employees have been required to read the terms of this Order and sign a copy of the "Acknowledgment and Agreement to be Bound," attached hereto as Exhibit A;

b.      Current employees of the Receiving Party (including agency, organizational, or government counsel) assisting with respect to this Action who have read the terms of this Order and execute the form attached hereto as Exhibit A. Such disclosure shall only be to the extent reasonably necessary for such employee to perform his or her work related to this Action;

c.      Experts and consultants (and their respective staff) who are retained by the parties to this order, provided that counsel desiring to disclose "CONFIDENTIAL" Material to such experts or consultants (and their respective staff) shall first require each such expert or consultant and each of his or her personnel who would require access to "CONFIDENTIAL" Material to read the terms of this Order and execute the form attached hereto as  Exhibit A. Such disclosure shall only be to the extent reasonably necessary for such expert witness or consultant to perform his or her work related to this Action;

d.      Any person who is indicated on the face of a document to have been an author or recipient of a document containing Case Material that is designated "CONFIDENTIAL" or a custodian of the document, or other person who otherwise possessed or knew the information contained in the Case Material designated "CONFIDENTIAL;"

e.      The parties themselves, but only after the parties have been required to read the terms of this Order and sign a copy of the "Acknowledgment and Agreement to be Bound," attached hereto as Exhibit A;

f.      Witnesses, potential witnesses, and deponents, including their counsel, who agree to be bound by the terms of the Order and execute the form attached hereto as Exhibit A. Such disclosure shall only be to the extent reasonably necessary for such witnesses, potential witnesses, and deponents in relation to this Action;

g.      Any adverse witness during the course of a deposition where counsel questioning the witness reasonably and in good faith believes that questioning the witness regarding the Designated Material is reasonably necessary;

h.      Any interpreter or translator assisting any person described in paragraphs (e) or (f) above;

i.      The Court and its personnel;

j.      Court reporters, stenographers, or videographers who record deposition or other testimony in connection with the Discovery Requests;

k.    Mediators or arbitrators assigned by the Court or engaged by the parties to the Action;

l.    Photocopying, data imaging, graphic production, or litigation support services as necessary for the Action;

m.    Any other person or entity with respect to whom the Producing Party consents in writing, provided that such person shall be required first to read the terms of the Order and execute the form attached hereto as Exhibit A; and

n.    Any other person or entity the Court orders to have access.

For all persons described in a - n above who are required to execute the form attached hereto as Exhibit A, counsel for the party requesting execution of the form shall retain copies of the acknowledgment form for 120 days from the conclusion of the litigation (including any appeals).

18.    <u>Disclosure of Case Material Designated "HIGHLY CONFIDENTIAL—ATTORNEYS' EYES ONLY"</u>: Material designated "HIGHLY CONFIDENTIAL—ATTORNEYS' EYES ONLY," and any and all information contained therein, shall be disclosed, summarized, described, characterized, given, shown, made available in whole or in part, or communicated only to the following persons:

a.    Counsel of Record for Plaintiffs and Defendants, students working under the supervision of such counsel, and legal support staff necessary to assist counsel in this Action;

b.    Experts and consultants (and their respective staff) who are retained by the parties to this order, provided that counsel desiring to disclose "HIGHLY CONFIDENTIAL—ATTORNEYS' EYES ONLY" Material to such experts or consultants (and their respective staff) shall first require each such expert or consultant and each of his or her personnel who would require access to "HIGHLY CONFIDENTIAL—ATTORNEYS' EYES ONLY " Material to read the terms of this Order and execute the form attached hereto as  Exhibit A. Such disclosure shall only be to the extent reasonably necessary for such expert witness or consultant to perform his or her work;

c.    Witnesses affiliated with the Producing Party in their depositions, including their counsel, as reasonably necessary, who agree to be bound by this Protective Order and have signed a declaration in the form attached hereto as "Exhibit A;

d.    This Court (including any judicial officer to whom this Court may refer this matter for settlement purposes), jurors, and Court personnel;

e.    Court reporters, videographers, interpreters, and their staff; and

f.    Any other person agreed to by the parties.

Persons receiving material designated "HIGHLY CONFIDENTIAL—ATTORNEYS' EYES ONLY" pursuant to the terms of this Order are prohibited from disclosing it to any person except in conformance with this Protective Order.

19.    <u>Sealing of Designated Material Filed with or Submitted to Court</u>:

Before filing Designated Material with the Court, or discussing or referencing such material in court filings, the filing party shall confer with opposing counsel (where practical, at least seven (7) days prior to the intended date of use) to determine whether the counsel that added the designation will remove it, whether the document can be redacted, or whether a motion to seal or stipulation and proposed order is warranted. Any party that seeks to file or present any material designated under this Protective Order by another party must comply with Civil Local Rule 140. The parties will attempt, to the extent possible, to minimize the volume of material that must be filed under seal.

Reference by the parties to Designated Material at a hearing or trial, pursuant to an order entered by the Court as described in this paragraph, shall be considered to be: (1) "pursuant to the order of the court of competent jurisdiction" and authorized by 5 U.S.C. § 552a(b)(12) or any other similar statutory provision governing disclosure

20.    <u>Use of Discovery Material in Open Court</u>:

Counsel for any party who desires to offer or use such Designated Material at a hearing to be held in open court shall first meet and confer in good faith with the Producing Party to discuss procedures for such hearing. Parties shall give the other parties notice if they reasonably expect a deposition, hearing or other proceeding to include Designated Material so that the other parties can ensure that only authorized individuals who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A) are present at those proceedings. The use of a document as an exhibit at a deposition shall not in any way affect its designation as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL—ATTORNEYS' EYES ONLY." Any use of Protected Material at trial shall be governed by a separate agreement or order.

If the parties are unable to resolve a dispute related to such Designated Material without Court intervention, they shall comply with the discovery dispute procedures set forth in Civil Local Rule 251

and any applicable standing orders of this Court. The party seeking to maintain that Designated Material shall not be used at trial or at a hearing held in open court has the burden to demonstrate such limitation is appropriate. While the dispute is pending before the Court, the Designated Material shall not be offered or otherwise used at trial or any hearing held in open court.

In the event that any Designated Material is used in any court proceeding relating to matters in this Action while the dispute is pending, the Designated Material shall not lose its status as Confidential Designated Material ("CONFIDENTIAL" or "HIGHLY CONFIDENTIAL—ATTORNEYS' EYES ONLY") through such use.

Reference by the parties to Designated Material at a hearing or trial, pursuant to an order entered by the Court as described in this paragraph, shall be considered to be: (1) "pursuant to the order of the court of competent jurisdiction" and authorized by 5 U.S.C. § 552a(b)(12) or any other similar statutory provision governing disclosure.

**Challenging Confidentiality Designations**

21.    Challenge Notice: If any party to this Order objects to the designation of any documents or information as Confidential Material, the party shall first state the objection in writing to the other party, explaining the basis for its belief that the confidentiality designation was not proper (a "Challenge Notice"). The parties agree to confer within ten (10) business days of receipt of the written objection to such designation, in a good faith to attempt to resolve any dispute regarding any such designation. Extensions may be allowed if mutually agreed to by the parties to accommodate review of voluminous challenged designations or other case-related obligations.

22.    Judicial Intervention. Pursuant to Local Rule 302(c)(1), any challenge to a confidentiality designation will be brought as a motion before the Court only after having exhausted the Court's mandatory informal discovery dispute procedures as set forth herein: No written discovery motions shall be filed without the prior approval of Judge Baker. A party with a discovery dispute must first confer with the opposing party in a good faith effort to resolve by agreement the issues in dispute. If that good faith effort is unsuccessful, prior to making any filing, the requesting party promptly shall seek a conference with all involved parties and Judge Baker. To schedule this conference, the parties should contact the Courtroom Deputy Clerk, Cori Boren, at (661) 326-6620 or via email at

CBoren@caed.uscourts.gov.  At least two days before the conference, counsel shall file a joint, informal letter brief detailing each party's position.  Each party's narrative shall not exceed five pages, excluding exhibits, and shall cite relevant authority in support of the party's position.  At the commencement of the conference, if the parties jointly agree to Judge Baker's consideration and resolution of the discovery disputes outside the formal Local Rule 251 procedures, the Court will entertain arguments by the parties and issue a written ruling. If the parties do not jointly agree to the informal discovery dispute resolution procedures set forth herein, the requesting party may then seek relief through motion to compel.  If the parties cannot resolve a challenge without court intervention, the Designating Party shall serve their portion of a  Joint Statement Regarding a Discovery Dispute under Local Rule 251 within three (3) business days of the parties  conferring and agreeing they cannot resolve the dispute; the Challenging Party shall serve their portion of the joint statement within two (2) business days of the receipt of the Designating Party's portion of the joint statement; and the Designating Party shall file and serve the motion one (1) business day following receipt of the Challenging Party's portion of the joint statement.  The burden of persuasion in any such motion shall be on the Designating Party.  All parties shall continue to maintain the material in question as confidential until the court rules on the challenge.

23.    Timing of Challenges: A Challenging Party shall not be obliged to challenge the propriety of a designation of "CONFIDENTIAL" or "ATTORNEYS' EYES ONLY" at the time the designation is made, and a failure to do so shall not preclude a subsequent challenge thereto.

**Miscellaneous Provisions**

24.    Unauthorized Disclosure Of Designated Material: In the event of a disclosure by a Receiving Party of Designated Material to persons or entities not authorized by this Order to receive such Designated Material, the Receiving Party making the unauthorized disclosure shall, upon learning of the disclosure: (a) immediately notify the person or entity to whom the disclosure was made that the disclosure contains Designated Material subject to this Order; (b) immediately make reasonable efforts to recover the disclosed Designated Material and preclude further dissemination or use by the person or entity to whom the disclosure was made; (c) inform the person or persons to whom unauthorized disclosures were made of all the terms of this agreement; (d) request that such person or persons execute the "Acknowledgment and Agreement to Be Bound" that is enclosed hereto as Exhibit A; and (e) immediately

notify in writing the Producing Party of the identity of the person or entity to whom the disclosure was made, the circumstances surrounding the disclosure, and the steps taken to recover the disclosed Designated Material and ensure against further dissemination or use thereof. Disclosure of Designated Material other than in accordance with the terms of this Order may subject the disclosing person to such sanctions and remedies as the Court may deem appropriate.

25.    Inadvertent Production of Designated Material: Nothing herein shall be deemed or construed as a waiver of any applicable privilege, right of privacy, or proprietary interest with respect to any information or item. The parties agree to follow Federal Rule of Civil Procedure 26(b)(5)(B) with respect to any inadvertently or unintentionally produced or disclosed Designated Material.

26.    Production of Privileged Case Material: Nothing in this Order shall require disclosure of information that is protected from disclosure by the attorney-client privilege, work-product immunity, or any other legally cognizable privilege. This Order is entered pursuant to Rule 502(d) of the Federal Rules of Evidence. If a Producing Party produces materials that the Producing Party later discovers to be privileged or subject to other protection, such as work-product protection, the Producing Party will follow the procedures set forth in the "Stipulated Clawback Agreement" in this case. Consistent with the ethical duties imposed by California Rules of Professional Conduct 4.4, if during the review of any material produced in this action the Receiving Party becomes aware of any material that the Receiving Party has reason to believe is privileged, the Receiving Party shall in good faith take reasonable steps to promptly notify the Producing Party and sequester the material until the Producing Party has had a reasonable opportunity to determine whether it wishes to claim that the information is subject to a claim of privilege.

27.    Use of Non-Designated Material: Nothing in this Order shall limit a party's ability to use Non-Designated Material for any purpose, including in a deposition, hearing, trial, or otherwise, in connection with this Action.

28.    Obligations Following Conclusion of this Action: Within sixty (60) business days after the conclusion of this action, including all appeals and any monitoring agreed to or ordered, a Receiving Party shall take all reasonable steps to destroy or, if preferred by the Producing Party, return to the Producing Party all Designated Material, and all copies thereof in their possession, custody, or control. Materials that exist on back-up tapes, systems, or similar storage need not be immediately deleted or destroyed, and,

instead, such materials shall be overwritten and destroyed in the normal course of business. Until they are overwritten in the normal course of business, the Receiving Party will take reasonable steps to limit access, if any, to the persons necessary to conduct routine information technology ("IT") and cybersecurity functions.  In the course of disposing of information in its possession under this paragraph, the Receiving Party also will take reasonable steps to notify persons to whom it distributed Designated Material pursuant to this Order that such information should be returned to Receiving Party or destroyed by the person possessing the information with written confirmation to Receiving Party.

a.    Counsel of record for the parties shall be entitled to retain Designated Material that constitutes or reflects counsel's work product, or that of retained consultants and experts, in their files in accordance with the provisions of this Protective Order.

b.    Counsel of record for the parties shall also be entitled to retain an archival copy of all pleadings; affidavits, motion papers, trial, deposition and hearing transcripts; legal memoranda; correspondence; deposition and trial exhibits; expert reports; briefs; other papers filed with the Court; and any other parts of the trial record, even if such material contains Designated Material.  Even after the final disposition of this and any related actions, the terms of this Protective Order shall continue to govern the disclosure, use, and handling of any Designated Material unless and until its Designating Party agrees otherwise in writing or a court order directs.

c.    In particular, attorneys for the United States may maintain copies of any Designated Material in their case file for this Action, and may maintain copies of any notes or summaries containing such material in their case file for this Action, subject to 44 U.S.C. § 3101, *et. seq.*, and 5 U.S.C. § 552 *et. seq.*

29.    <u>Designated Materials Subpoenaed or Ordered Produced in Other Litigation:</u> If a party or anyone subject to this Order is served with a subpoena under Federal Rule of Civil Procedure 45 (or an equivalent mechanism under state law) or a court order issued in other litigation that seeks or compels disclosure of any Designated Material, that person must (a) promptly notify the Designating Party in writing and include a copy of the subpoena or court order; (b) promptly notify in writing the party who caused the subpoena or order to issue that some or all of the material covered by the subpoena or order is subject to this Order and include a copy of this Order; and (c) shall not disclose any Designated Material

until the Designating Party has had a reasonable opportunity to inform the subpoenaed person either that the Designating Party does not object to the production of the requested information or that the Designating Party will seek appropriate relief or protection from the proper Court to prevent the production. If the Designating Party timely seeks a protective order, the party served with the subpoena shall not disclose the Designated Material before a determination by the body from which the subpoena issued. The Designating Party shall bear the burden and expense of seeking protection of its Designated Material. Nothing in this Protective Order should be construed as authorizing or encouraging a subpoenaed person to disobey a lawful directive from this or another court. In the event that Designated Material is produced to a nonparty to this Action in response to a subpoena, the parties to this Action shall continue to treat such Designated Material in accordance with its designation. During the pendency of this Action, the Court shall retain jurisdiction over this Protective Order, and persons who receive Designated Material shall be subject to this Protective Order.

30. <u>Use of Case Material by Producing Party</u>: Nothing in this Order shall preclude any party or their counsel from: (a) showing any Designated Material to an individual who prepared, authored, or received the Designated Material; or (b) using or disclosing its own Case Material in any way, including information the party itself has designated as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL— ATTORNEYS' EYES ONLY," in accordance with applicable law. Disclosure pursuant to this paragraph will not waive the protections of this Order and will not otherwise entitle other parties or their attorneys to use or disclose such Designated Material in violation of this Order. Notwithstanding the foregoing, any Producing Party that intentionally publicly disseminates its own Designated Material, including in a filing not sealed with the Court or in open court, may not subsequently restrict other parties' public use of the same Case Material on the grounds that such material constitutes Designated Material. Nothing in this Order affects the right of any Producing Party under applicable law to claw back Designated Material.

31. <u>Obligations of Parties</u>: Nothing herein shall relieve a Party of its obligations under the Federal Rules, Local Rules, or under any future stipulations and orders, regarding the production of documents or the making of timely responses to Discovery Requests.

32. <u>Effective Upon Signing</u>: By signing this Order, the parties agree to be bound by its terms and until those terms are modified by order of the Court.

33.    <u>Enforcement:</u> The provisions of this Order constitute an order of this Court and violations of the provisions of this Order are subject to enforcement and the imposition of legal sanctions in the same manner as any other order of the Court.

34.    <u>Right to Further Relief:</u> Nothing in this Order abridges the right of any party to seek its modification by the Court in the future.

35.    <u>Right to Assert Other Objections:</u> By stipulating to entry of this Order, no party waives any right it otherwise would have to object to disclosing or producing any information or item on any ground not addressed in this Order.

36.    <u>Modification:</u> No modification of this Order shall be binding or enforceable unless in writing and signed by the parties, or ordered by the Court.

**IT IS SO STIPULATED, THROUGH COUNSEL OF RECORD.**

**Counsel for Plaintiffs:**
*/s/ Julia L. Greenberg*

Julia L. Greenberg
KEKER, VAN NEST & PETERS LLP
*Attorney for Plaintiffs*

*/s/ Michelle (Minju) Cho*

Michelle (Minju) Cho
AMERICAN CIVIL LIBERTIES UNION
FOUNDATION OF NORTHERN
CALIFORNIA

Ajay S. Krishnan
Franco Muzzio                    Bree Bernwanger
Zainab O. Ramahi                 Michelle Y. Cho
Julia L. Greenberg               Lauren Davis
Keker, Van Nest & Peters LLP     Shilpi Agarwal
633 Battery Street
San Francisco, CA 94111

973-986-7325
Email: jgreenberg@keker.com

Mayra Joachin
Eva Bitran
AMERICAN CIVIL LIBERTIES
UNION FOUNDATION OF
SOUTHERN CALIFORNIA
1313 West 8th Street
Los Angeles, CA 90017
213-977-5000
mjoachin@aclusocal.org

AMERICAN CIVIL LIBERTIES UNION
FOUNDATION OF NORTHERN
CALIFORNIA
39 Drumm Street
San Francisco, CA 94111
415-621-2493
bbernwanger@aslunc.org

Brisa Velazquez Oatis
AMERICAN CIVIL LIBERTIES UNION
FOUNDATION OF SAN DIEGO &
IMPERIAL COUNTIES
P.O. Box 87131
San Diego, CA 92138-7131
619-398-4199
bvoatis@asclu-sdic.org

**Counsel for Defendants:**

BRETT A. SHUMATE
Assistant Attorney General

SAMUEL P. GO
Assistant Director

MARY L. LARAKERS
Senior Litigation Counsel

TIM RAMNITZ
Senior Litigation Counsel

OLGA Y. KUCHINS
Trial Attorney

CAROLYN D. DILLARD
Trial Attorney

*/s/ Aysha T. Iqbal*
AYSHA T. IQBAL
Trial Attorney
U.S. Department of Justice, Civil
Division
Office of Immigration Litigation
P.O. Box 878, Ben Franklin Station
Washington, DC 20044
(771) 202-1392
Olga.Y.Kuchins@usdoj.gov

IT IS SO ORDERED.

Dated:  __**December 17, 2025**__

_____
UNITED STATES MAGISTRATE JUDGE

# EXHIBIT A

**EXHIBIT A**
**ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND**

I, _____ [print or type full name], of

_____ [print or type full address], declare under penalty

of perjury that I have read in its entirety and understand the Stipulated Protective Order that was

issued in the case of *United Farm Workers, et al. v. Noem, et al.*, pending in the District of

Eastern California and bearing Case No. 1:25-cv-00246-JLT-CDB.  I agree to comply with and

to be bound by all the terms of this Stipulated Protective Order and I understand and

acknowledge that failure to so comply could expose me to sanctions and punishment in the

nature of contempt.  I solemnly promise that I will not disclose in any manner any information

or item that is subject to this Stipulated Protective Order to any person or entity except in strict

compliance with the provisions of this Order.

I further agree to submit to the jurisdiction of the United States District Court for the

Eastern District of California for the purpose of enforcing the terms of this Stipulated Protective

Order, even if such enforcement proceedings occur after termination of this action.


Date: _____

City and State where sworn and signed: _____

Printed name: _____

Signature: _____