1  BRETT A. SHUMATE
   Assistant Attorney General
2  Civil Division
   SAMUEL P. GO
3  Assistant Director
   MARY L. LARAKERS
4  Senior Litigation Counsel
   OLGA Y. KUCHINS
5  Trial Attorney
   TIM RAMNITZ
6  Senior Litigation Counsel
   CAROLYN D. DILLARD
7  78090 MI Bar No.
   Trial Attorney
8  U.S. Department of Justice
9  Office of Immigration Litigation
   General Litigation and Appeals Section
10 P.O. Box 878, Ben Franklin Station
   Washington, DC 20044
11 202-514-7013
12
13 Attorneys for Defendants

14

15                IN THE UNITED STATES DISTRICT COURT

16                  EASTERN DISTRICT OF CALIFORNIA

17 UNITED FARM WORKERS, et al.,          No. 1:25-cv-00246-JLT-CDB

18              Plaintiffs,              **JOINT STATUS REPORT**

19          v.

20 KRISTI NOEM, SECRETARY OF
   HOMELAND SECURITY, et al.,
21
22              Defendants.

23

24

25

26

27

28

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**JOINT STATUS REPORT**

This Joint Status Report follows the prior Joint Status Report filed on  November 14, 2025, ECF No. 124, regarding the upcoming February 5, 2026, hearing on Plaintiffs' motion to enforce the preliminary injunction, ECF No. 81, and Defendants' motion to dismiss, ECF No. 64. The parties state the following, and then set forth their respective positions below:

1. On April 29, 2025, this Court granted Plaintiffs' motion for a preliminary injunction. *See* ECF No. 47.

2. On July 14, 2025, Defendants filed a motion to dismiss the complaint. *See* ECF No. 64.

3. On August 29, 2025, Plaintiffs filed a motion to enforce this Court's preliminary injunction, and on October 10, 2025, Defendants filed an opposition to that motion. *See* ECF Nos. 81, 112. Defendants' opposition relied in part on the declaration of Manuel Molina Jr., in which Agent Molina averred his recollection of events he observed via live video footage of a Border Patrol Operation conducted on July 17, 2025. *See* ECF No. 112-2.

4. Following Defendants' opposition, Plaintiffs demanded that the video footage referenced in Mr. Molina's declaration be produced as it was responsive to discovery Plaintiffs had served on Defendants in June 2025. *See* ECF No. 117-5.

5. On October 6, 2025, the Court set the hearing on the motion to dismiss and the motion to enforce for December 1, 2025. *See* ECF No. 106.

6. On November 4, 2025, this Court entered an order indicating an intent to reset the December 1, 2025 hearing date on the two motions, and ordered that "[o]n or before November 14, 2025, the parties SHALL meet and confer before submitting a brief status report that (a) assumes both motions will proceed to hearing, at least in part; (b) identifies all mutually available dates in January for that hearing; (c) indicates whether the parties intend to call witnesses at the hearing; (d) and provides time estimates for any such testimony." *See* ECF No. 122.

Joint Status Report

1

7. On November 13, 2025, the parties met and conferred regarding the hearing date and potential witness testimony. *See* ECF No. 124 at 1. Plaintiffs informed Defendants that they were unable to fully evaluate the need for witness testimony at the upcoming hearing until reviewing Defendants' purported video footage of the July 17, 2025, operation and requested that the video be produced immediately. Defendants informed Plaintiffs of their position that "the video can only be produced under a protective order due to the sensitive law enforcement information it reveals." ECF No. 124 at 3. Defendants also informed Plaintiffs that they did not intend on calling witnesses.

8. On November 14, 2025, the parties filed a Joint Status Report providing the parties' availability for a hearing in early February and indicating that they would submit a subsequent joint status report after Defendants produced the video regarding whether the hearing on the motions would involve witness testimony. *See* ECF No. 124. The parties stated that "Defendants will produce the video feed as soon as practicable, and no later than three business days after" the Magistrate Judge rules on the protective order, and that the parties would submit the subsequent Joint Status Report two weeks after the video's production. *Id.* at 4.

9. On November 21, 2025, the Court set the hearing on the motion to dismiss and the motion to enforce for February 5, 2026. *See* ECF No. 125.

10. On November 26, 2025, the parties submitted their disputes regarding the protective order to Magistrate Judge Baker. *See* ECF No. 128.

11. On December 9, 2025, Magistrate Judge Baker ruled on those disputes, and on December 17, 2025, he entered the parties' Stipulated Protective Order. *See* ECF Nos. 130-32.

12. On December 19, 2025, Defendants' counsel sent Plaintiffs' counsel an email, which stated:

> In accordance with the parties' November 14, 2025 stipulation, ECF No. 124, we have shared the Sacramento Video, designated as "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" in accordance with the Protective Order entered in this case, ECF No. 132. You should have

Joint Status Report

2

received an email from box.com with an invitation to the "UFW v. Noem - Sacramento Video" folder.  You will need to set up a box account if you do not already have one.  Please let us know if you have not received the invitation.

13. Also on December 19, 2025, Plaintiffs' counsel sent Defendants' counsel an email, which stated:

We have received the Box account link, but it appears that accessing the video requires agreeing to terms (pasted below) that differ from the Protective Order in this matter. Today, please provide a download link that does not require us to enter an agreement to additional requirements as part of your production of materials in this matter. Alternatively, we can send a link for you to upload and send the video through our secure file transfer program.

. . . .

U. S. Department of Justice Terms of Service
You are accessing a U.S. Government Information System. This information system is for U.S. Government authorized used only. Unauthorized or improper use of this system may result in disciplinary action, and civil and criminal penalties. By using this system, you understand and consent to the following: You have no reasonable expectation of privacy regarding any communications transmitted through or stored on this system. At any time, the government may monitor, intercept, search and/or seize data transiting or stored on this system. Any communications transmitted through or stored on this system may be disclosed or used for any U.S. Government authorized purpose. Further information can be found in the Department of Justice "USE AND MONITORING OF DOJ COMPUTERS AND COMPUTER SYSTEMS"Order. JEFS User Rules of Behavior: • Use DOJ information systems for lawful, official use and authorized purposes in accordance with current guidelines. • Protect and safeguard all DOJ information, including that containing personally identifiable information (PII), commensurate with the sensitivity and value of the data at risk, from unauthorized access, unauthorized or inadvertent modification, disclosure, destruction, denial of service, and improper sanitization or use in accordance with applicable Department policy, practices, and procedures. • Screen-lock or log off your computer when leaving the work area and log off when departing for the day. • Do not attempt to circumvent or test the security controls of the system. Privacy Act Notice The Department of Justice Privacy Policy can be found at http://www.justice.gov/doj/privacy-policy

14. The parties exchanged several emails since December 19, 2025, regarding whether it would be possible and reasonable to produce the video in a format other than through the use of the Justice Enterprise File Sharing ("JEFS") account. To date, the parties have been unable to reach

Joint Status Report

3

1
2

an agreement on this issue and submit the following separate statements explaining their

positions below.

3
4
5

Plaintiffs' Position:

6
7

In November, Plaintiffs made clear to Defendants that they had to review Defendants' video of the

July 17, 2025 raid in Sacramento before determining whether they would have to call witnesses at the

8

upcoming hearing on Plaintiffs' motion to enforce the preliminary injunction. Defendants repeatedly

9

delayed in producing the video to Plaintiffs and are now requiring Plaintiffs to agree to broad requirements

10

that go above and beyond the Stipulated Protective Order before accessing the video. As a result, Plaintiffs

11
12

to date have been unable to review the video and fully assess whether witness testimony is necessary at

the upcoming hearing.

13
14

As discussed in the prior Joint Status Report, ECF No. 124 at 2-3, Defendants' October 10, 2025

15

opposition to Plaintiffs' motion to enforce revealed for the first time the existence of a video feed of the

16

July 17, 2025 Sacramento raid. Rather than submit the video to the Court or produce it to Plaintiffs,

17

Defendants instead submitted a declaration of a Border Patrol agent generally describing what he recalls

18

seeing in the video. Dkt. 112-2 ¶ 6.  After weeks of negotiating over the video's production, Defendants

19
20

agreed to produce it once the Court resolved the pending disputes over the parties' Stipulated Protective

21

Order and entered that order. ECF No. 124 at 3. On December 17, after resolving those disputes, the Court

22

entered the parties' Stipulated Protective Order.  ECF Nos. 130, 132.

23

Now, following months of delay in producing the video, Defendants have added conditions to their

24

production of the video by requiring that Plaintiffs' counsel enter an additional contractual agreement with

25

Defendants, the "U.S. Department of Justice Terms of Service," to access the video.  When attempting to

26

access the video on the website Defendants used to produce the video, the website indicates that Plaintiffs'

27
28

counsel are accessing a "U.S. Government Information System" and requires Plaintiffs' counsel to "agree

Joint Status Report

4

1

2    to the external terms of service of U.S Department of Justice." Those terms of service purport to impose

3    a series of vague "Rules of Behavior" on Plaintiffs' counsel related to the video's production, including

4    that Plaintiffs' counsel follow unstated "current guidelines" for "DOJ information systems" and also

5    "[p]rotect and safeguard all DOJ information, including that containing personally identifiable

6    information (PII), . . . in accordance with applicable Department policy, practices, and procedure." The

7    terms also micromanage Plaintiffs' use of their computers, asserting that Plaintiffs' counsel must lock

8    their screen or "log off" their computer when walking away from their "work area" once the production

9    has been accessed. Defendants have not established that these specific terms are appropriate or necessary,

10   and they are not part of the Protective Order that the Magistrate Judge entered after months of negotiation

11   and litigation by the parties. *See* ECF No. 132.

12          It is improper for Defendants to condition the production of the video (or any discovery) on

13   Plaintiffs' counsel entering a contract that differs from the terms of the Protective Order. Defendants,

14   however, have refused every proposed alternative. Plaintiffs requested that the video be provided through

15   other means that do not require Plaintiffs to enter a separate contractual agreement with Defendants, such

16   as by providing a direct download link, using an upload link that Plaintiffs' counsel has provided, or

17   sending the video on a physical media device (e.g. a thumb drive). Despite acknowledging that production

18   via other means such as physical media is "possible," Defendants have refused to provide the video

19   through that or any other method. As an alternative solution, Plaintiffs proposed that Defendants

20   affirmatively agree that the Stipulated Protective Order controls Plaintiffs' and their counsels' obligations

21   with respect to production of the video and other discovery, and that it supersedes any purported agreement

22   or contractual obligation or "terms of service" associated with accessing the video or other productions.

23   Defendants refused that option as well—apparently because Defendants want to preserve the ability to

24   argue that the terms of service impose obligations above and beyond those of the Protective Order.

25

26

27

28

Joint Status Report

As of the filing of this Joint Status Report, Defendants' refusal to adequately produce the video of the July 17, 2025 Sacramento raid has prevented Plaintiffs from fully evaluating the need for witnesses at the February 5, 2026 hearing. As Defendants affirmatively rely on the video and have asserted that it bears on the truthfulness of the I-213s at issue in Plaintiffs' motion, Plaintiffs must review the video before determining whether they will need to call witnesses at the hearing on their motion to enforce, and if so, who those witnesses will be.

Plaintiffs had hoped to resolve this issue through agreement with Defendants so that the hearing on Plaintiffs' motion to enforce could proceed on February 5 without further delay, but it now appears likely that this Court's intervention will be necessary. Plaintiffs are evaluating next steps, including whether to move to compel production of the video and/or seek a continuance of the February 5, 2026 hearing. Plaintiffs will endeavor to provide an additional update to the Court on or before January 14, 2026 on these issues.

Defendants' Position:

On December 19, 2025, within two days of Magistrate Baker's entry of the protective order, Defendants produced the video referenced in Manuel Molina Jr.'s declaration to Plaintiffs' counsel. Given that Defendants produced the video, the instant joint status report is due January 2, 2026, which is two weeks after December 19, 2025. *See* ECF No. 124 at 5. Defendants do not intend to call any witnesses at this time, and Defendants do not at this time seek an extension of the February 5, 2026, hearing on Defendants' motion to dismiss and Plaintiffs' motion to enforce the preliminary injunction.

Regarding Plaintiffs' refusal to accept production of the video though JEFS, Defendants have continued to explain to Plaintiffs that the government may only electronically produce the video through the JEFS box account, which we previously shared. And on December 22, 2025, Defendants' counsel referred Plaintiffs' counsel to DOJ's Policy Memo, which prohibits producing the video by other means. *See* Department of Justice Information Technology Reference Documents

Joint Status Report

6

1   https://www.justice.gov/digitalstrategy/policyarchive (last visited December 31, 2025) (DOJ Order 0904,

2   Section II addressing information system security and privacy requirements). Defendants do not agree

3   with Plaintiffs' framing of Defendants' position above in the portion of this Joint Status Report that states

4   "Plaintiffs Position." Defendants' counsel has advised Plaintiffs' counsel that they will need to present

5   their dispute to the Court.

6

7

8           January 2, 2026,                                      Respectfully submitted

9
                                                                  BRETT A. SHUMATE
10                                                                Assistant Attorney General
                                                                  Civil Division
11

12                                                                SAMUEL P. GO
                                                                  Assistant Director
13                                                                United States Department of Justice
                                                                  Civil Division
14                                                                Office of Immigration Litigation
                                                                  P.O. Box 878
15                                                                Washington, DC 20044
                                                                  (202) 353-9923
16                                                                Samuel.go@usdoj.gov

17
                                                                  MARY L. LARAKERS
18                                                                Senior Litigation Counsel
                                                                  United States Department of Justice
19                                                                Civil Division
                                                                  Office of Immigration Litigation
20                                                                P.O. Box 878
                                                                  Washington, DC 20044
21                                                                (202) 353-4419
                                                                  Mary.l.larakers@usdoj.gov
22

23
                                                    By:    /s/ Carolyn D. Dillard
24                                                         CAROLYN D. DILLARD
                                                           U.S. Department of Justice, Civil Division
25                                                         Office of Immigration Litigation
                                                           General Litigation and Appeals Section
26                                                         P.O. Box 878, Ben Franklin Station
                                                           Washington, D.C. 20044
27                                                         Tel: (202) 514-7013
                                                           Fax: (202) 305-7000
28                                                         Carolyn.D.Dillard@usdoj.gov


Joint Status Report

7

1

2

*Attorneys for Defendants*

3

4    Dated:  January 2, 2026                                    KEKER, VAN NEST & PETERS LLP

5                                                        By:    */s/ Jason George*
                                                                JASON GEORGE

6

7                                                        *Attorney for Plaintiffs*

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Joint Status Report

8