UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

UNITED FARM WORKERS, *et al.*,

           Plaintiffs,

     v.

KRISTI NOEM, *et al.*,

           Defendants.

Case No. 1:25-cv-00246-JLT-CDB

ORDER ON DEFENDANTS' REQUEST TO SEAL

(Doc. 154)

**Background**

Pending before the Court is Defendants' unopposed request to seal certain documents. (Doc. 154). In their respective filings and submissions, while the parties do not disagree that the documents to be sealed should, in fact, be sealed and that Defendants' proposed redactions to the publicly-filed versions of the documents are appropriate, the parties disagree as to whether Plaintiffs should be granted access to certain of that redacted information.

In this order, the Court resolves the parties' disputes concerning application of the law enforcement privilege to certain information Defendants seek to withhold from Plaintiffs. In a separate order, the Court will grant Defendants' request to seal and direct them to lodge with the Clerk of the Court unredacted versions of the documents to be sealed.[1]

---

[1] The parties separately dispute Defendants' redaction and withholding of a portion of a single email on attorney-client privilege grounds. The Court has conducted an *ex parte* in camera review of documents lodged by counsel for Defendants with the Court at its direction (*see* Doc. 257) via email on 4/20/2026 (*see* Doc. 159 at 84,

**Discussion – Law Enforcement Privilege**

Defendants seek to withhold from Plaintiffs (1) contact information (*i.e.*, the email addresses and telephone numbers) of law enforcement officers and agents whose information appears in numerous emails and law enforcement reports that have been filed in redacted form on the public docket (*see* Doc. 159-1), and (2) the names of law enforcement databases/systems and the results of searches of those databases or systems pertaining to specific individuals that appear in the same documents.

Based on their submissions to the Court, the parties generally agree that federal common law recognizes a qualified privilege for official information, referred to alternatively as the "official information privilege" or the "law enforcement privilege." *See Duenez v. City of Manteca*, No. 2:11-cv-1820 LKK AC, 2013 WL 684654, at *4-5 & n.1 (E.D. Cal. Feb. 22, 2013) (citing *Kerr v. U.S. Dist. Ct. for the N. Dist. of Cal.*, 511 F.2d 192, 197 (9th Cir.1975)); accord *Sanchez v. City of Santa Ana*, 936 F.2d 1027, 1033 (9th Cir. 1990)). To properly invoke this privilege, the claiming official "must have seen and considered the contents of the documents and himself have formed the view that on grounds of public interest they ought not to be produced and state with specificity the rationale of the claimed privilege." *Id*. at *5 (quoting *Kerr*, 511 F.2d at 198) (internal quotations omitted). The party invoking the privilege must at the outset make a "substantial threshold showing" by way of a declaration of affidavit from a responsible official with personal knowledge of the matters to be attested to in the affidavit. *Id*. (quoting *Soto v. City of Concord*, 162 F.R.D. 603, 613 (N.D. Cal. 1995)).

Although Defendants argue that information properly subject to the law enforcement privilege may only be disclosed if the requesting party demonstrates a "compelling need" for the information, they rely chiefly on a Second Circuit case[2] and an unpublished case from the Central District of California.[3] Defendants cite no binding Ninth Circuit authority, and the

Status Report Ex. O). The portion of the document Bates-marked "Status Report Ex. O 000007" redacted for attorney-client privilege references a confidential communication protected by the attorney-client privilege and properly is redacted and withheld by Defendants from production.

[2] *In re The City of New York*, 607 F.3d 923, 944 (2d Cir. 2010).

[3] *United States v. City of Los Angeles*, No. 2:11-cv-00974, 2023 WL 6370887, at *8-9 (C.D. Cal. Aug. 28, 2023).

undersigned is aware of none, shifting the burden to a party seeking disclosure of information subject to the law enforcement privilege to demonstrate a "compelling need" for the information.  Moreover, in the *City of Los Angeles* case cited by Defendants, the district court did not impose such a burden, but rather, held that "[i]n assessing whether to disclose information subject to the law enforcement/investigative privilege, courts balance the civil litigant's need for the discovery against the government's interest in maintaining the integrity of the official investigation" according to a number of non-exhaustive factors often referred to as the "*Frankenhauser* factors."  2023 WL 6370887, at *9 (citing *Frankenhauser v. Rizzo*, 59 F.R.D. 339, 344 (E.D. Pa. 1973)).

The Court has weighed the *Frankenhauser* factors and concludes as follows:

### A.  Law Enforcement Contact Information

Having reviewed the parties' submissions and the documents submitted in camera, the Court concludes that the law enforcement privilege applies in part to contact information of law enforcement personnel and that Defendants may redact and withhold certain of this information.  *See Doe 1 v. McAleenan*, No. 18-cv-02349-BLF(VKD), 2019 WL 4235344, at *7 (N.D. Cal. Sept. 6, 2019) (finding law enforcement privilege protected disclosure of contact information, but not the names or agency affiliation of law enforcement personnel).  While Plaintiffs have not articulated any need for access to the contact information, for instance, to facilitate their ability to contact the associated law enforcement personnel, they have articulated the need to know the agency affiliation for email senders and recipients (which information Defendants seek to withhold).  Defendants have not refuted the legitimacy of this litigation need.  Accordingly, to balance the competing interests, the Court will permit Defendants to withhold from Plaintiffs cellular telephone numbers and the username of email addresses (*i.e.*, the information on the left-hand side of the ampersand) but will require Defendants to disclose the domain information of those email addresses (*i.e.*, the information on the right-hand side of the ampersand).

### B.  Law Enforcement Databases/Systems

Having reviewed the parties' submissions and the documents submitted in camera, the

3

Court concludes that the law enforcement privilege does not apply to shield Defendants from producing to Plaintiffs unredacted versions of certain Form I-213s ("Record of Deportable/Inadmissible Alien").  The information Defendants seek to withhold from Plaintiffs identifies "Records Checked" for the noncitizen that is the subject of the particular Form I-213. Defendants do not carry their burden of making a "substantial threshold showing" that the law enforcement privilege should apply to shield this information from disclosure to Plaintiffs. First, in connection with the recent surge of commencement of immigration-related habeas corpus proceedings in this Court, the government commonly files Form I-213s on the public docket without redacting this information, thus tending to undermine the assertions of Defendants' declarant about the harm that would result from disclosing this same information to Plaintiffs.  *E.g., Zambrano v. U.S. Attorney General, et al.*, No. 1:26-cv-2484-KES-CDB (HC) (Doc. 6-2); *Medina v. Warden, et al.*, No. 1:26-cv-3011-JLT-CDB (HC) (Doc. 7-1). Second, Plaintiffs have a significant need for the information Defendants seek to withhold as it informs a key issue implicated in Plaintiffs' Fourth Amendment claims – whether and the extent to which reasonable suspicion and/or probable cause supported Defendants' detentive stops of Plaintiffs and putative class members.  Third, the parties' stipulated protective order, which prohibits use of information marked "confidential" for any purpose outside of this litigation, provides suitable protection for the information sought to be withheld under these circumstances.

**Conclusion and Order**

Based on the foregoing, IT IS HEREBY ORDERED that Defendants shall produce to Plaintiffs within seven (7) days of entry of this order:

1. Versions of the emails they seek to file under seal (*see* Doc. 159-1) without redacting either the names of email authors and recipients or the email address domain information of such authors/recipients; and

///

///

///

4

2. Versions of the I-213s they seek to file under seal (*see* Docs. 159-1, "Status Report Ex. N" at 000002, 000006, 000009, and 000013) without redacting the "Records Checked" sections.

IT IS SO ORDERED.

Dated:    **May 11, 2026**

_____
UNITED STATES MAGISTRATE JUDGE