UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

UNITED FARM WORKERS, *et al.*,

                Plaintiffs,

      v.

KRISTI NOEM, *et al.*,

                Defendants.

Case No. 1:25-cv-00246-JLT-CDB

ORDER RESOLVING THE PARTIES' INFORMAL DISCOVERY DISPUTES REGARDING PLAINTIFFS' REQUESTS FOR PRODUCTION OF DOCUMENTS

(Doc. 194)

Pending before the Court is a discovery dispute that the parties have agreed to submit to the Court for adjudication through the Court's informal discovery dispute procedure.

Following their submission of a joint discovery dispute letter brief (Doc. 194), on July 21, 2026, the Court convened on the record with counsel for Plaintiffs (Natalie Heim, Christopher Sun, Mayra Joachin and Emily Zhu) and counsel for Defendants (Tim Ramnitz, Samuel Go, Aysha Iqbal and Olga Kuchins) via Zoom for informal discovery dispute conference. (Doc. 196). At the beginning of the conference, the parties agreed to resolution of the identified discovery disputes outside the Local Rule 251 formal parameters and agreed to abide by an anticipated order of the Court resolving the disputes to the exclusion of seeking relief through a motion to compel or otherwise, reserving only the parties' rights to seek review of the undersigned's order by the assigned district judge pursuant to Fed. R. Civ. P. 72(a).

///

**I.**     **Relevant Background**

The parties are familiar with the relevant background of the case, which the undersigned has summarized in orders resolving the parties' earlier discovery disputes (Docs. 130, 178) and incorporates here.

The present discovery dispute involves six of Plaintiffs' requests for production of documents ("RPD") that are substantially narrowed versions of the same RPDs that were the subject of the parties' earlier discovery disputes they presented to the Court and which the Court resolved in an order dated April 17, 2026. *See* (Doc. 178). In that order, the Court found that Plaintiffs' RPDs seeking various categories of documents and information relating to Defendants' Operation at Large activities "are, at least, marginally relevant to Plaintiffs' claims that their constitutional rights were violated during operations undertaken in this district during a defined time period." However, the Court found Plaintiffs' RPDs did not satisfy Rule 26's requirement that discovery be proportional to the needs of this case. The Court observed that Plaintiffs' RPDs might be rehabilitated in this respect through narrowing of the terms defining their scope.

Over the past two months following the Court's issuance of its order resolving the parties' earlier discovery disputes, counsel for Plaintiffs undertook meet-and-confer discussions with counsel for Defendants about Plaintiffs' narrowed RPDs they maintain appropriately limit the scope of discovery consistent with the Court's order. Following initial meet/confer discussions, Plaintiffs propounded narrowed RPDs and Defendants asserted broad objections. Plaintiffs thereafter proposed during meet/confer discussions further narrowed RPDs, prompting Defendants to reassert broad objections. The impasse prompted Plaintiffs to seek the Court's intervention to resolve the remaining disputes.

**II.**     **Discussion**

The Court recited the relevant governing legal standards in its order dated April 17, 2026 (*see* Doc. 178) and incorporates that recitation here.

At issue are Plaintiffs' proposed RPDs Nos. 3, 4, 11, 23, 46, and 55, which counsel for Plaintiff presented to counsel for Defendants via a meet/confer letter after Defendants asserted

objections to an earlier version of these RPDs propounded upon Defendants in May 2026. *See* (Doc. 194, Declaration of Natalie R. Heim ["Heim Decl."], Exhibit A). In general, the RPDs seek documents "sufficient to show" Defendants' training materials, policies, guidance, and procedures concerning Operation at Large, as well as information about Defendants' goals, quotas, and intended outcomes of Operation at Large. During meet and confer discussions, Defendants agreed only in general "to produce agency-level documents," such as "a nationwide planning document, that does not apply to a particular geographic location," only if such documents are "relevant to this district." (Doc. 194 at 7, 11) (citing Heim Decl., Exhibit E); *see* Heim Decl., Exhibit E, at 65 (counsel for Defendants' 6/12/2026 email stating: "Defendants' position is that it will produce documents regarding Operation at Large relevant to immigration enforcement operations in the Eastern District of California.").

Thus, because it appears Defendants intend to assert in their response to Plaintiffs' anticipated propounding of narrowed RPDs an objection on the grounds of relevance and proportionality, the undersigned sought during the discovery dispute conference to determine the merits of such objections. For instance, RPD No. 3 seeks generally documents "sufficient to show" any training materials concerning Operation Return to Sender and Operation at Large, specifically identifying a number of training topics, including:

> how to carry out such enforcement operations; officer conduct during such enforcement operations; the requisite level of suspicion or cause to conduct a Stop or Arrest; what to do once a Stop is initiated; how and/or when to document a Stop; the determination of immigration status or whether someone is in the U.S. in violation of immigration law; the standards used to establish probable cause reasonable suspicion, or to conduct warrantless Arrests; the determination of flight risk …

In response to the undersigned's questioning, counsel for Defendants conceded that all these training topics are implicated in Plaintiffs' claims that Defendants and their agents violated Plaintiffs' constitutional rights. Nevertheless, when asked by the undersigned to describe a document that would warrant a relevancy objection because it was not relevant to operations in this District but otherwise was responsive to RPD No. 3, counsel could not describe such a document and maintained that he could not speculate about the existence of such a document without reviewing the universe of Defendants'

3

potentially discovery materials.

Counsel similarly agreed that the calls of RPD No. 4 (documents concerning Defendants' Operation at Large stop/detain policies, practices, and procedures), RPD No. 11 (documents concerning Defendants' Operation at Large warrantless arrest policies, practices, and procedures), and RPD No. 23 (documents concerning Defendants' Operation at Large voluntary departure policies, practices, and procedures) are implicated in Plaintiffs' claims that Defendants and their agents violated Plaintiffs' constitutional rights.  And counsel similarly could not describe any documents and declined to speculate about the existence of documents that would be responsive to these RPDs but still properly subject to a relevancy/proportionality objection because the documents were not relevant to immigration enforcement operations in the District.

Although the calls of RPD Nos. 46 and 55 are slightly different in nature and structure than the preceding RPDs, counsel likewise conceded that the common object of these two RPDs (documents concerning goals, quotas, and intended outcomes of Operation at Large) are implicated in Plaintiffs' claims but that otherwise responsive documents could exist that would not necessarily be relevant to Operation at Large activities in this District.[1]

Here, the undersigned agrees that the six narrowed RPDs that are at issue seek information that is relevant to Plaintiffs' claims and the proportionality issues that prompted the Court to sustain Defendants' objections to Plaintiffs' earlier RPDs (*see* Doc. 178) have been resolved.  Defendants have not presented in either their written briefing or at the informal discovery dispute conference any meritorious argument that a document responsive to the narrowed RPDs – which they concede target relevant information – nevertheless could be irrelevant.  "The party who resists discovery has the burden to show that discovery should not be allowed, and has the burden of clarifying, explaining, and supporting its objection." *Jadwin*

---

[1] The undersigned observes that whether or not the goals, quotas, and intended outcomes of Operation at Large are relevant to the merits of Plaintiffs' claims, these subjects at least are relevant to Plaintiffs' standing to assert claims given their request for injunctive relief and need thereto to establish a "credible threat of future injury."  *See* (Doc. 64 [Defendants' Motion to Dismiss] at 21) (arguing that a plaintiff seeking prospective equitable relief "must show a credible threat of future injury that is sufficiently concrete and particularized to meet the 'case or controversy' requirement of Article III.") (citing *City of Los Angeles v. Lyons*, 461 U.S. 95, 101-04 (1983)).

4

*v. Cnty. of Kern*, No. 1:07-cv-0026-OWW-TAG, 2008 WL 2025093, at *1 (E.D. Cal. May 9, 2008) (citation omitted); *see Blankenship v. Hearst Corp.*, 519 F.2d 418, 429 (9th Cir. 1975) ("Under the liberal discovery principles of the Federal Rules defendants were required to carry a heavy burden of showing why discovery was denied.").  Defendants have not carried their burden in this regard and, accordingly, the Court will overrule Defendants' anticipated relevancy and proportionality objections to these six RPDs, with one exception.  RPD No. 3 seeks documents sufficient to show "training materials concerning Operation Return to Sender and Operation at Large," and identifies specific training topics included within the call of the RPD.  Although there is no dispute that the identified training topics are relevant to Plaintiffs' claims, it is unclear whether other training topics not identified in RPD No. 3 might be irrelevant.  Thus, Defendants' anticipated relevancy and proportionality objections will be overruled as to the identified training topics, and sustained as to any unidentified training topics.

**IV.    Conclusion and Order**

Based on the foregoing and for the reasons set forth and preserved on the record of the informal discovery dispute conference, IT IS HEREBY ORDERED that Defendants' anticipated objections to Plaintiffs' requests for production of documents ("RFP") Nos. 3, 4, 11, 23, 46, and 55 as reflected in the parties' joint submission (Doc. 194, Heim Decl., Exhibit A) on the grounds that the requests are not relevant or proportional to the needs of the case are OVERRULED consistent with this order.

IT IS SO ORDERED.

Dated:   **July 22, 2026**

_____
UNITED STATES MAGISTRATE JUDGE