BREE BERNWANGER - # 331731
bbernwanger@aclunc.org
MICHELLE (MINJU) Y. CHO - # 321939
mcho@aclunc.org
SHILPI AGARWAL - # 270749
sagarwal@aclunc.org
AMERICAN CIVIL LIBERTIES UNION FOUNDATION OF NORTHERN CALIFORNIA
39 Drumm Street
San Francisco, CA 94111
Telephone: (415) 621-2493

MAYRA JOACHIN - # 306065
mjoachin@aclusocal.org
AMERICAN CIVIL LIBERTIES UNION FOUNDATION OF SOUTHERN CALIFORNIA
P.O. Box 811370
Los Angeles, CA 90081
Telephone: (213) 977-5000

BRISA VELAZQUEZ OATIS - # 339132
bvoatis@aclu-sdic.org
AMERICAN CIVIL LIBERTIES UNION FOUNDATION OF SAN DIEGO & IMPERIAL COUNTIES
P.O. Box 87131
San Diego, CA 92138-7131
Telephone: (619) 398-4199

*Attorneys for Plaintiffs*

FRANCO MUZZIO - # 310618
fmuzzio@keker.com
CHRISTINA LEE - # 314339
clee@keker.com
JASON GEORGE - # 307707
jgeorge@keker.com
JULIA L. GREENBERG - # 333864
jgreenberg@keker.com
REAGHAN E. BRAUN - # 340526
rbraun@keker.com
NATALIE R. HEIM - # 340549
nheim@keker.com
Keker, Van Nest & Peters LLP
633 Battery Street
San Francisco, CA 94111-1809
Telephone: 415 391 5400
Facsimile: 415 397 7188

*Attorneys for Plaintiffs*

MARIO MARTINEZ - # 200721
mmartinez@farmworkerlaw.com
EDGAR IVÁN AGUILASOCHO - # 285567
eaguilasocho@farmworkerlaw.com
MARTINEZ AGUILASOCHO LAW, INC.
900 Truxtun Avenue, Suite 300
Bakersfield, CA 93301
Telephone: (661) 859-1174
Facsimile: (661) 840-6154

*Attorneys for Plaintiff United Farm Workers*

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF CALIFORNIA
FRESNO DIVISION

UNITED FARM WORKERS, et al.,

Plaintiffs,

v.

KRISTI NOEM, IN HER OFFICIAL CAPACITY AS SECRETARY OF THE DEPARTMENT OF HOMELAND SECURITY; et al.,

Defendants.

Case No. 1:25-cv-00246-JLT-CDB

**JOINT STATUS REPORT**

Dept.: Courtroom 4, 7th Floor
Judge: Hon. Jennifer L. Thurston

Date Filed: February 26, 2025

Trial Date: None set

Pursuant to the Court's Minute Order (ECF No. 205), the Parties jointly provide this status report to the Court regarding their proposal for addressing the U.S. Court of Appeals for the Ninth Circuit's remand of Defendants' appeal.

**JOINT REQUEST FOR SUPPLEMENTAL BRIEFING RE STANDING**

On September 3, 2026, the Parties met and conferred regarding the Ninth Circuit's remand. The Parties agree and hereby request that the Court order supplemental briefing for the limited purpose of addressing Plaintiffs' standing for their preliminary injunction. The Parties agree to limit Plaintiffs' post-remand supplemental brief regarding standing to 15 pages, Defendants' opposition to 15 pages, and Plaintiffs' reply to 10 pages.

In addition, the Parties agree to, and hereby request that the Court order, the following briefing schedule for the post-remand supplemental briefs:

| Filing | Deadline |
|---|---|
| Post-Remand Supplemental Brief re Standing in Support of Preliminary Injunction | September 17, 2026 |
| Opposition to Supplemental Brief re Standing | October 1, 2026 |
| Reply in Support of Supplemental Brief re Standing | October 15, 2026 |

The Parties, however, disagree as to whether supplemental record evidence may be provided in the supplemental briefs. Each party's respective position is provided below.

**PLAINTIFFS' POSITION ON PI EVIDENTIARY RECORD**

Plaintiffs oppose Defendants' request to supplement the preliminary injunction record with additional evidence. The Ninth Circuit remanded Defendants' appeal for the limited purpose of permitting this Court to undertake the prospective standing analysis on the established preliminary injunction record. It did not order this Court to conduct a new preliminary injunction proceeding. Nor does the Court need to revisit the factual findings it ***already made*** in its preliminary injunction order to apply those facts to this prospective standing analysis, which are more than enough to support Plaintiffs' standing under binding precedent. *See* Dkt. 47 at 58, 62,

76, 83-84. Indeed, the Ninth Circuit's "remand for the limited purpose of addressing standing," *see* Dkt. 204, means that the Court cannot revisit factual findings that it made that are beyond the scope of the remand. *See United States v. Thrasher*, 483 F.3d 977, 981-83 (9th Cir. 2007) (explaining it is jurisdictional error, violating the rule of mandate, for the district court to consider issues that have not been remanded or "revisit its already final determinations unless the mandate allowed it").[1] Defendants had the opportunity to raise standing and submit evidence during the original preliminary injunction proceedings, as they concede below, but chose not to do so (beyond their self-serving muster). *See* Dkt. 47 at 2 n.2 ("Defendants do not object to the declarations or exhibits submitted by Plaintiffs in support of the motion[] . . . for a preliminary injunction nor do they deny the factual allegations made in Plaintiffs' evidence"). Defendants refuse to identify their new evidence, but to the extent they seek to reopen or contradict the Court's factual findings on other issues (which support the prospective standing analysis), the Court should deny their request, given the Ninth Circuit limited the remand solely to standing.

Moreover, allowing Defendants to rely on the handful of cherrypicked documents they have thus far produced would be highly prejudicial to Plaintiffs. To date, Defendants have refused to comply with their discovery obligations under the Federal Rules. For example, Defendants have produced ***only 494 documents***, along with their administrative record, after ***more than a year of discovery***; failed to produce their purported official policies or training materials regarding stops or warrantless arrests, other than the self-serving musters created after this case was filed; refused to run Plaintiffs' requested relevant and proportional search terms to conduct ESI discovery, including delaying negotiations on those terms for months; withheld (and continue to withhold) non-privileged responsive documents for many months based on groundless

[1] Nothing in the Ninth Circuit's remand order requires the Court to consider additional evidence. *See* Dkt. 204. Indeed, the Ninth Circuit "previously denied Defendants' motion to supplement the record with a muster issued after the district court's ruling." *See id.* at 3.

objections;[2] and admitted that they have not preserved core evidence for key witnesses, like communications from Operation Return to Sender leader Gregory Bovino's government-issued cell phone. In fact, the documents produced to date are largely hundreds of nonsubstantive travel and logistics documents; the handful of more substantive documents are heavily redacted or withheld in their entirety on improper privilege grounds. And, in a discovery letter sent to Plaintiffs on August 18, Defendants explain that they, indeed, do have non-privileged responsive custodial and non-custodial documents, but refuse to commit to any timeline for production of them. The Parties are engaged in multiple unresolved, ongoing discovery disputes related to these issues, and Defendants should not be rewarded for their discovery gamesmanship and delay.

As a practical matter, permitting Defendants to supplement the record would also only complicate and prolong these proceedings. Discovery has been—charitably put—slow and remains far from complete, as Defendants' own statement confirms. Allowing Defendants to introduce a selectively assembled handful of documents from their incomplete production would create a one-sided and potentially misleading record. It would also require the Court to determine what additional discovery Plaintiffs need to test and rebut that evidence, and to afford Plaintiffs a full and fair opportunity to do so. There is no need to invite those collateral disputes and attendant delay. The Court can—and should—avoid them entirely by deciding standing on the existing preliminary injunction record.

Finally, Defendants cited cases below are inapposite. In *Fellowship of Christian Athletes* and *Ocean Beauty Seafoods*, the parties seeking to supplement the record formally moved to do so prior to the district court's preliminary injunction decisions and the related appeals. 46 F.4th 1075, 1099 n.11 (9th Cir. 2022); 611 Fed App'x 385, 387 (9th Cir. 2015). And, similarly in *Earth Island*, the court considered declarations provided in the course of briefing for a preliminary

[2] *See* 7/21/26 Hr'g Tr. 22:2-23:12 (The Court: "So you're asking the Court to speculate about your objection because you've provided [] no merits argument that objection actually could operate here. You're asking the Court to just work in a fantasyland. . . . You've resisted so vehemently producing the documents that I feel it's, it's a reasonable inference to make that you have some general notion of what the universe of documents looks like. I would have expected three months after we were gathered here on [the prior] discovery dispute that some effort has been made to flesh this out a bit. But instead, I'm just left with what, in some respects, is an arbitrary desire to cling to a relevance objection, although you haven't described a single way that such a relevance objection could operate on the facts of this case.")

injunction. 2020 WL 1936701, at *6 (E.D. Cal., Apr. 21, 2020). Here, Defendants did not seek to introduce any evidence during the preliminary injunction proceedings, and did not move to supplement the record prior to this point, even though they concede that the evidence predates the filing of the complaint. As such, "[t]here is no discernible reason why [Defendants] could not have sought to introduce this evidence much earlier in the proceedings." *E.E.O.C. v. Peabody Western Coal Co.*, 773 F.3d 977, 989-90 (9th Cir. 2014) (affirming district court's denial of motion to supplement the record as untimely). They should not be able to do so now.[3]

Accordingly, the Court should address standing on the current evidentiary record presented in connection with Plaintiffs' preliminary injunction.[4]

**DEFENDANTS' POSITION ON PI EVIDENTIARY RECORD**

Defendants seek to supplement the record with evidence that pertains to the issue of standing. On August 28, 2026, the Court issued a Minute Order, directing the Parties "to address the issues on remand, including whether they plan to rely on the existing motion to dismiss record or supersede that motion." ECF No. 205. Defendants believe the Court would benefit from considering evidence that, according to Defendants, indisputably refutes Plaintiffs' standing for prospective relief. *See Fellowship of Christian Athletes v. San Jose Unified School District Board of Education*, 46 F.4th 1075, 1099 (9th Cir. 2022) (reversing a district court's denial of a motion to supplement the preliminary injunction record where the evidence "is highly relevant for determining standing."); *see also Ocean Beauty Seafoods, LLC v. Pacific Seafood Group Acquisition Co., Inc.*, 611 Fed. App'x 385, 387 (9th Cir. 2015) (remanding to the district court for reconsideration of the preliminary injunction motion where the court failed to consider documents in the motion to supplement the record (which was filed following the party's receipt of discovery

[3] Footnote 7 mischaracterizes the Parties' process for finalizing this joint status report. Plaintiffs made minor revisions in response to Defendants' position, which Plaintiffs received on the day of filing. Defendants had full opportunity to address them and chose not to do so.

[4] While the Court should limit its analysis of standing to the current preliminary injunction evidentiary record, to the extent the Court reopens the evidentiary record as to standing, it should permit both Plaintiffs and Defendants to supplement the record if they seek to do so. Plaintiffs reserve their rights to supplement the record with additional evidence if Defendants are permitted to supplement the record regarding standing, and also reserve their rights to seek expedited or additional discovery if needed to resolve the standing issues.

responses)). This evidence has been produced to Plaintiffs over four separate document productions and an administrative record, predates the complaint, and has been in Plaintiffs' possession for months.[5] They can demonstrate no meritorious reason to exclude consideration of relevant evidence which they have already seen, and that would routinely be filed in support of an opposition motion.

Defendants, meanwhile, may submit opposition evidence when responding to a preliminary injunction motion. *See Earth Island Institute v. Nash*, No. 1:19-cv-01420, 2020 WL 1936701, at *6 (E.D. Cal., Apr. 21, 2020) ("[I]n considering a motion for preliminary injunction, a court may consider and rely upon declarations, affidavits, and exhibits submitted by the parties."); *see also* § 2949 Procedure on an Application for a Preliminary Injunction, 11A Fed. Prac. & Proc. Civ. § 2949 (3d ed.) ("Evidence that goes beyond the unverified allegations of the pleadings and motion papers must be presented to support or oppose a motion for a preliminary injunction."). Plaintiffs' opposition to this approach is based on alleged discovery deficiencies regarding ESI search terms—which the Parties have been diligently negotiating—and evidence preservation allegations which are not substantiated and not matters of record (and are also mischaracterizations) and which are, consequently, inappropriate here.[6] The instant filing is not for raising and resolving discovery disputes.

As this Court's August 28, 2026 Minute Order recognizes, the Ninth Circuit did not cabin its remand for further consideration of standing to the evidentiary record in place at the time of the preliminary injunction and, on the contrary, contemplated submission of "additional evidence." *See* No. 25-4047, ECF No. 69 at 3; ECF No. 205. This comports with the standard

---

[5] In a September 3, 2026, Meet and Confer conducted pursuant to the Court's August 28, 2026 Minute Order, Defendants asked Plaintiffs whether they intended to submit additional evidence, and Plaintiffs stated no. Defendants then stated they intended to submit additional evidence from the already produced documents. Plaintiffs provided no position on Defendants' proposal, but requested Defendants specify which particular produced documents Defendants considered significant as to standing. Defendants, in the Meet and Confer and a subsequent email, declined to provide Plaintiffs with their deliberative opinion as to what documents they considered legally significant, noting that the Court merely directed the Parties to state whether they plan to rely on the existing motion to dismiss record. *See* ECF No. 205.

[6] The Court has considered and resolved some discovery disputes, *see* ECF Nos. 178 and 198, but negotiations of some issues, including ESI search terms and alleged preservation issues, remain ongoing.

approach to preliminary injunction litigation, which contemplates the consideration of a fulsome record. *See Earth Island Institute*, 2020 WL 1936701, at *6. And while discovery is ongoing, to be sure, following the Court's December 2025 resolution of the Parties' protective order, *see* ECF No. 132, the Court's January 2026 denial of Defendants' motion to stay discovery pending appeal, *see* ECF No. 138, and resolution of the Parties' first discovery disputes of record in March 2026, *see* ECF No. 178, and even though, for example, some ESI search terms remain outstanding, Defendants immediately began producing documents based on agreed-upon search terms, custodians, and repositories. The produced documents involve email traffic concerning the challenged operation, Operation Return to Sender. The produced documents were not "cherry-picked" and unfavorable documents have not been purposefully withheld. This evidence was produced in the normal course of discovery based on the agreed-upon search terms, custodians, and repositories, and Plaintiffs' meritless allegations do not meaningfully challenge the consideration of potentially relevant evidence.

Defendants believe the Court would benefit from seeing evidence produced in discovery, which this Court contemplates, *see* ECF No. 205, because this evidence, in Defendants' analysis, indisputably refutes prospective standing. If the Court, upon consideration of the Parties' briefs and Defendants' supplemental evidence, believes a factual issue as to standing remains in dispute, it can issue orders accordingly.[7]

Respectfully submitted,

Dated: September 10, 2026

AMERICAN CIVIL LIBERTIES UNION FOUNDATION OF NORTHERN CALIFORNIA

By: */s/ Bree Bernwanger*

---

[7] Defendants respond to the draft arguments Plaintiffs initially served on September 9, in which Plaintiffs opposed supplementing the record due to alleged discovery deficiencies concerning ESI search terms and preservation issues. Plaintiffs thereafter, on the day due for filing, substantially revised their original arguments following receipt of Defendants' responsive position on September 10, rather than replying to Defendants' position as Defendants proposed. Defendants, consequently, lacked a reasonable opportunity to respond to Plaintiffs' 11th-hour changes.

BREE BERNWANGER
MICHELLE (MINJU) Y. CHO
LAUREN DAVIS
SHILPI AGARWAL

Dated: September 10, 2026

By: AMERICAN CIVIL LIBERTIES UNION FOUNDATION OF SOUTHERN CALIFORNIA

*/s/ Mayra Joachin*
MAYRA JOACHIN

Dated: September 10, 2026

By: AMERICAN CIVIL LIBERTIES UNION FOUNDATION OF SAN DIEGO & IMPERIAL COUNTIES

*/s/ Brisa Velazquez Oatis*
BRISA VELAZQUEZ OATIS

*Attorneys for Plaintiffs*

Dated: September 10, 2026

KEKER, VAN NEST & PETERS LLP

By: */s/ Julia L. Greenberg*

FRANCO MUZZIO
CHRISTINA LEE
JASON GEORGE
JULIA L. GREENBERG
REAGHAN E. BRAUN
NATALIE R. HEIM

*Attorneys for Plaintiffs*

Dated: September 10, 2026

By: MARTINEZ AGUILASOCHO LAW, INC.

*/s/ Mario Martinez*
MARIO MARTINEZ
EDGAR IVÁN AGUILASOCHO

*Attorneys for Plaintiff United Farm Workers*

Dated: September 10, 2026

Respectfully submitted,

BRETT A. SHUMATE
Assistant Attorney General
Civil Division

SAMUEL P. GO
Assistant Director

MARY L. LARAKERS
Senior Litigation Counsel

AYSHA T. IQBAL
Trial Attorney

OLGA Y. KUCHINS
Trial Attorney

JAIME DURR
Trial Attorney

By: /s/ *Tim Ramnitz*
TIM RAMNITZ
Senior Litigation Counsel
U.S. Department of Justice, Civil Division
Office of Immigration Litigation
P.O. Box 878, Ben Franklin Station
Washington, D.C. 20044
Tel: (202) 616-2686
Tim.ramnitz@usdoj.gov

*Attorneys for Defendants*