**UNITED STATES DISTRICT COURT**

**EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| UNITED FARM WORKERS, et al.,<br>Plaintiffs,<br>v.<br>NOEM, et al.,<br>Defendants. | Case No. 1:25-cv-00246 JLT CDB<br>ORDER RE SUPPLEMENTAL BRIEFING ON REMAND RE STANDING<br>(Doc. 207) |

On April 29, 2025, the Court provisionally certified the Plaintiff classes and entered a preliminary injunction. (Doc. 47) (hereinafter, the "PI Order"). On June 26, 2025, Defendants appealed from the PI Order. (Doc. 59.) On August 24, 2026, the Ninth Circuit concluded that even though the issue was not raised by the parties, the Court erred by failing to address *sua sponte* whether Plaintiffs have standing to seek prospective injunctive relief. (Doc. 204.) The Ninth Circuit explained:

> The district court considered only Plaintiffs' allegations of past harm. Although past harm may support standing to seek damages, it does not, on its own, establish standing to seek prospective injunctive relief. *See City of Los Angeles v. Lyons*, 461 U.S. 95, 102 (1983) (explaining that evidence of past wrongs "in itself" is insufficient to establish standing for prospective relief but may bear on whether there is a real and immediate threat of repeated injury). Defendants did not raise in the district court the standing arguments they now advance on appeal, but standing is a jurisdictional consideration that cannot be waived by the parties. *Virginia House of Delegates v. Bethune-Hill*, 587 U.S. 658, 662–63 (2019).

> Accordingly, we remand to the district court for the limited purpose of determining in the first instance whether Plaintiffs have standing to seek prospective relief. Without assurance of standing, we lift the preliminary injunction, but if new allegations of harm arise during the pendency of this remand, nothing precludes the district court from considering additional requests for relief. The parties shall notify this court when the district court has made the ruling identified in this order within five days of issuance. In the event the district court has not ruled within 120 days of this order, the parties shall file a status report at that time. We note that we previously denied Defendants' motion to supplement the record with a muster issued after the district court's ruling. If, on remand, the district court considers the muster or any other additional evidence, the parties shall clearly identify the materials considered by the district court.
>
> Subject to this limited remand, we retain jurisdiction over this appeal. *See Cel-A-Pak v. Cal. Agric. Lab. Rels. Bd*., 680 F.2d 664, 668 (9th Cir. 1982) (per curiam) (noting the "power to retain appellate jurisdiction and order a limited remand"). We stay further proceedings in this court while this matter is before the district court on remand.

(*Id*. at 2–4.)

On August 28, 2026, the Court directed the parties to meet and confer before submitting joint status report proposing an approach to addressing the remand, including whether they plan to rely on the existing motion to dismiss record or supersede that motion. (Doc. 205.) On September 10, 2026, the parties responded to that request, agreeing to a joint schedule for supplemental briefing, but expressing disagreement over whether it is appropriate to permit Federal Defendants to supplement the evidentiary record as part of their supplemental briefing. (Doc. 207.)

Plaintiffs take the position that the Court cannot consider new evidence because to do so would amount to revisiting factual findings it made when it issued the PI Order. (Doc. 207 at 3.) In support of this argument, Plaintiffs cite *United States v. Thrasher*, 483 F.3d 977, 981–83 (9th Cir. 2007), for the proposition that the Court may not "revisit its already final determinations unless the mandate allowed it." (Doc. 207 at 3.) Though this is an accurate quotation from *Thrasher*, it is not the whole story. In *Thrasher*, the Ninth Circuit emphasized that it had repeatedly held "in both civil and criminal cases, that a district court is limited by this court's remand in situations <u>where the scope of the remand is clear</u>." 483 F.3d at 982. There, the mandate specifically remanded to the district court for the singular purpose of holding "a hearing to

resolve *a* critical disputed fact: whether [one witness told another] that she was going to testify unfavorably to Thrasher." *Id*. at 983 (emphasis in original). Subject to those instructions, the district court could not address independent issues on remand. *Id*.

Here, the scope of the remand does not clearly preclude the consideration of new evidence. To the contrary, the Ninth Circuit remanded this matter "for the limited purpose of determining in the first instance whether Plaintiffs have standing to seek prospective relief." (Doc. 204 at 3.) This forward-looking language mirrors the well-established concept that the standing must be maintained throughout the litigation and is subject to re-examination. As the district court in Perdomo v. Noem, 815 F. Supp. 3d 1057, 1074 (C.D. Cal. 2025), summarized:

> If new evidence becomes available that establishes plaintiff does not actually have standing, it is appropriate for the court to reexamine the standing issue. *See Murthy v. Missouri*, 603 U.S. 43, 58 (2024) ("[P]laintiff 'bears the burden of establishing standing as of the time [s]he brought th[e] lawsuit and maintaining it thereafter." (alteration in original) (quoting *Carney v. Adams*, 592 U.S. 53, 59 (2020))); *Gladstone Realtors v. Vill. of Bellwood*, 441 U.S. 91, 115 n. 31 (1979) ("Although standing generally is a matter dealt with at the earliest stages of litigation, usually on the pleadings, it sometimes remains to be seen whether the factual allegations of the complaint necessary for standing will be supported adequately by the evidence adduced at trial.").

Moreover, the Ninth Circuit appears to have specifically envisioned the possibility that the Court might consider additional evidence on remand by stating: "We note that we previously denied Defendants' motion to supplement the record with a muster issued after the district court's ruling. If, on remand, the district court considers the muster or any other additional evidence, the parties shall clearly identify the materials considered by the district court." (Doc. 204 at 3.)[1] Thus, the Court concludes the mandate does not preclude consideration of additional evidence relevant to the remanded issue.

Of course, evidence submitted with the supplemental brief(s) will not necessarily be considered. Plaintiffs raise several issues with the speed and breadth of discovery conducted thus far and may, as appropriate, raise such concerns as objections to any evidence submitted and/or

[1] For this reason, the Court does not find persuasive Plaintiffs' alternative argument that supplemental evidence should be precluded simply because Federal Defendants did not move to supplement the record at the preliminary injunction phase and/or were unsuccessful at supplementing the record before the Ninth Circuit. (Doc. 207 at 3–4 & n.1.)

request additional time to conduct pointed responsive discovery. Given this Court's extraordinarily heavy workload, both sides **must** be concise, cooperative, and reasonable in their approach to these submissions.

**CONCLUSION AND ORDER**

For the reasons set forth above, the Court **ORDERS**:

1. Plaintiffs shall file any post-remand supplemental brief addressing standing in support of the preliminary injunction on or before **September 17, 2026**.
2. Federal Defendants shall file any opposition, including any supplemental evidence, on or before **October 1, 2026**.
3. Plaintiffs may file a reply, including any objections to the supplemental evidence, on or before **October 15, 2026.**
4. If necessary, Federal Defendants may respond to any evidentiary objections on or before **October 22, 2026.**[2]

IT IS SO ORDERED.

Dated: September 14, 2026

UNITED STATES DISTRICT JUDGE

[2] In light of the Court's ruling that supplemental evidence may be submitted, the Court will entertain any reasonable stipulations regarding these deadlines.