**UNITED STATES DISTRICT COURT**

**EASTERN DISTRICT OF CALIFORNIA**

UNITED FARM WORKERS, OSCAR MORALES CISNEROS, WILDER MUNGUIA ESQUIVEL, YOLANDA AGUILERA MARTINEZ, JUAN VARGAS MENDEZ, and MARIA GUADALUPE HERNANDEZ ESPINOSA,

Plaintiffs,

v.

MARKWAYNE MULLIN[1], as Secretary of the Department of Homeland Security, et al.,

Defendants.

Case No.: 1:25-cv-00246 JLT CDB

ORDER GRANTING REQUEST TO SEAL PORTIONS OF EXHIBITS A, B, C, AND D TO GREENBERG DECLARATION IN SUPPORT OF POST-REMAND SUPPLEMENTAL BRIEF ORDER GRANTING; AND PERMITTING ADDITIONAL REDACTIONS PROPOSED BY FEDERAL DEFENDANTS

The Court has reviewed Plaintiffs' September 17, 2026 Request to seal ("PRS"), which addresses the sealing Plaintiffs' post-remand brief and certain exhibits thereto, as well as Federal Defendants' response ("FDR"), which proposes additional redactions.

In general, documents filed in civil cases are presumed to be available to the public. *Kamakana v. City and County of Honolulu*, 447 F.3d 1172, 1178 (9th Cir. 2006); *Foltz v. State Farm Mut. Auto Ins. Co.*, 331 F.3d 1122, 1134 (9th Cir. 2003). Documents related to dispositive motions may be sealed

[1] Pursuant to Fed. R. Civ. P. 25(d), the current Secretary of the Department of Homeland Security is substituted for former Secretary Noem.

only when there are "compelling reasons" for doing so outweigh the public's right of access. *Kamakana*, 447 F.3d 1178–79.

The parties agree that Plaintiffs' entire post-remand brief and the Declaration of Julia L. Greenberg should be filed on the public docket without redactions. (*See* FDR at 9.) Thus, Plaintiffs' request to seal those documents, filed in an abundance of caution, is **DENIED**.

Similarly, the parties agree it is not necessary to entirely seal Exhibits A, B, C, or D, all of which were stamped "CONFIDENTIAL" in discovery. (*See generally* FDR.) The parties agree to instead redact personally identifiable and/or sensitive private information from those documents as reflected in proposed redactions provided to the Court, which include the names, addresses, and other personally identifying information of individuals detained by ICE and members of their families, as well as the names and contact information for ICE agents who prepared documents and/or took part in related communications disclosed in discovery. There is authority to support redacting the personally identifying information of detainees because using redaction in those circumstances minimizes the risks of disclosure while preserving public access to the case record. *See Cancino Castellar v. Mayorkas*, No. 17-CV-00491-BAS-AHG, 2021 WL 3678440, at *3 (S.D. Cal. Aug. 19, 2021). Likewise, at least at this stage of the case, where the identifying information of the agents (who are not parties to the case) does not appear to be relevant, redaction will protect those individuals while allowing the public to access meaningful information. *See Liles v. Cnty. of Sacramento*, No. 2:24-CV-00416-KJM-CKD, 2024 WL 1971882, at *2 (E.D. Cal. May 3, 2024).

One issue remains in dispute. Defendants propose to add additional redactions to three Forms I-213 on the ground that revealing the information in question "would risk circumvention of law enforcement." (FDR at 5.) Specifically, they seek to redact the "Records Checked" section of those I-213's because that reveals "sensitive law enforcement databases or systems and results of searches of those database" which, if disclosed to "bad actors such as cartels and their affiliates" would allow those bad actors to "adapt their actions to circumvent these law enforcement techniques." (Declaration of Gregory Lairmore, ¶ 9 ("For example, if a cartel was aware that certain types of information are available in CBP systems, they may select individuals to further their illicit activity for whom that type of information is not present, avoiding for example referral for more thorough inspection at a port of

entry.")).)[2] The Court finds that Defendants have presented a specific, compelling reason why this information should be redacted and that the offered reason outweighs the minimal interest in disclosing which databases ICE checks.

Thus, the Court **ORDERS**:

1. Plaintiffs' request to file their post remand brief and associated declaration of counsel under sealed is **DENIED**. Plaintiffs may file those documents on the public docket.
2. Plaintiffs' request to redact the agreed-upon personally identifying information from Exhibits A, B, C, and D is **GRANTED**.
3. Defendants' request to require Plaintiffs to also redact the "Records Checked" information from their exhibits is **GRANTED**.
4. Plaintiffs **SHALL** prepare versions of those documents that reflect both sets of redactions, **SHALL** file redacted versions of those documents on the public docket and **SHALL** file unredacted versions under seal.

IT IS SO ORDERED.

Dated: September 29, 2026

Jennifer L. Thurston
UNITED STATES DISTRICT JUDGE

[2] Defendants acknowledge that the Court previously rejected Defendants' attempt to apply the law enforcement privilege to tis "Records Checked" information, (Doc. 184 at 4), but the Court agrees that refusing to allow Defendants to withhold this information from Plaintiffs is distinct from the question of whether it should be made public. Plaintiffs oppose these proposed redactions. (FDR at 7 n.5.)