**UNITED STATES DISTRICT COURT**

**EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| UNITED FARM WORKERS, OSCAR MORALES CISNEROS, WILDER MUNGUIA ESQUIVEL, YOLANDA AGUILERA MARTINEZ, JUAN VARGAS MENDEZ, and MARIA GUADALUPE HERNANDEZ ESPINOSA,<br><br>Plaintiffs,<br><br>v.<br><br>MARKWAYNE MULLIN[\], as Secretary of the Department of Homeland Security, et al.,<br><br>Defendants. | Case No.: 1:25-cv-00246 JLT CDB<br><br>ORDER GRANTING IN PART REQUEST TO SEAL EXHIBITS A-D TO DEFENSE POST-REMAND SUPPLEMENTAL BRIEF<br><br>(Doc. 216) |

The Court has reviewed Defendants' October 1, 2026 Request to seal, which addresses the sealing of certain exhibits attached to Defendants' post-remand supplemental brief, as well as Plaintiffs' response to that request.

In general, documents filed in civil cases are presumed to be available to the public. *Kamakana v. City and County of Honolulu*, 447 F.3d 1172, 1178 (9th Cir. 2006); *Foltz v. State Farm Mut. Auto Ins. Co.*, 331 F.3d 1122, 1134 (9th Cir. 2003). Documents related to dispositive motions may be sealed only when there are "compelling reasons" for doing so outweigh the public's right of access. *Kamakana*, 447 F.3d 1178–79.

First, Plaintiffs do not oppose the Defense request to redact personal identifying information

from the designated exhibits, which include names/titles of federal employees, their contact information, and sensitive information about members of the public, including the age of certain minors who might otherwise be identifiable because of the context in which they are discussed. As the Court has noted previously, where the identifying information of the agents (who are not parties to the case) does not appear to be relevant, redaction will protect those individuals while allowing the public to access meaningful information. *See Liles v. Cnty. of Sacramento*, No. 2:24-CV-00416-KJM-CKD, 2024 WL 1971882, at *2 (E.D. Cal. May 3, 2024). The same reasoning holds true for information that might allow for the identification of uninvolved minors. *See M.E. by & through Elizalde v. Lowe's Homes Centers, LLC*, No. 2:22-CV-00654-DC-DMC, 2025 WL 1067389, at *2 (E.D. Cal. Apr. 9, 2025).

Second, the "unredacted" versions of the exhibits provided to the Court contain numerous pre-existing redactions of what appear to be email addresses or portions thereof. Plaintiffs do not object to the redaction of that contact information from the publicly filed versions of those exhibits, so the request to redact is **GRANTED**.[1]

This leaves several additional issues in dispute, which concern material Defendants assert should be redacted as "law enforcement sensitive." This material falls into three general categories:

- **Operational Classifications**:

Defendants' declarant indicates that Exhibit A, pages 1 (Bates 0001346) and 12–13 (0001356-57), and Exhibit C, pages 3-4 (not Bates stamped) contain information related to the classification of Border Patrol enforcement operations, which should not be disclosed because "if released and aggregated or combined with other pieces of information, would provide criminals with information regarding [Border Patrol] presence, capabilities, and enforcement posture that would in turn facilitate circumvention of law enforcement efforts and impact agent and public safety." (Exhibit E at 2–3.) According to the Defense, disclosure would "allow bad actors to avoid law enforcement should operations of a similar scope occur. Disclosure of the operation classification information would also

[1] Plaintiffs do object that the email contact information was withheld from them. (Pltf. Opp. at 4.) If Plaintiffs believe the underlying contact information has been improperly withheld in discovery, they shall direct that concern to the magistrate judge.

disclose the various CBP personnel that review operations of different classifications, which bad actors and criminal organizations could utilize to adjust their tactics to avoid review by certain personnel." (*Id*. at 4.) These sweeping assertions of potential harm are entirely speculative. The classification codes themselves do not obviously reveal information that could be detrimental to law enforcement operations, and Declarant fails to explain how disclosure could lead to adverse results. Given the presumption in favor of disclosure, the request to redact the classification codes is **DENIED**.[2]

- **Intelligence about Transnational Criminal Organization Activity:**

Defendants next assert that Exhibit A at internal page 6 (Bates 0001351) contains information "derived from intelligence collection tactics, techniques, and procedures that drives law enforcement decision-making, including how, where, and when to conduct targeted enforcement operations." (Exhibit E at 4-5.) Plaintiffs object to this proposed redaction, claiming it only contains a "general description[ ] of Bakersfield." (Pltf. Opp. At 3.) Though the redaction could perhaps be more narrowly tailored, the material does contain some sensitive law enforcement information, including general descriptions of how criminal organizations seek to avoid areas with persistent law enforcement in the relevant region. Requiring disclosure of arguably generic information intertwined with the sensitive information would not aid public understanding of anything, so this request to redact is **GRANTED**.

Defendants make a similar assertion regarding intelligence information about page 3 of Exhibits B (Bates 0000798) and D (not Bates-stamped). (Exhibit E at 4–5.) On those pages, there is a single word in the center of a paragraph that has been redacted under the Law Enforcement Privilege. Because the Court has not been provided with an unredacted version of that Exhibit, it cannot possibly determine whether, as Defendants' declarant asserts, that information could possibly be characterized as "law enforcement sensitive." The request is **DENIED WITHOUT PREJUDICE** as to that redaction.

///

///

[2] Given that the Court has separately permitted redaction of agent personal identifying information, it is unnecessary to address Defendants' separate argument that disclosure of the classification information would "disclose the various CBP personnel that review operations of different classifications, which bad actors and criminal organizations could utilize to adjust their tactics to avoid review by certain personnel." (Exhibit E at 4.)

- **Operational Roles**

The Defense advances a slightly different “law enforcement sensitive” argument for sealing a bullet-list of information about the roles of various Border Patrol units in the operation. The Declarant argues:

> Such details would provide transnational criminal organizations and those seeking to avoid law enforcement with knowledge of USBP’s enforcement posture and resources that could be exploited to undermine USBP’s enforcement efforts, particularly when aggregated or combined with other pieces of information. For example, knowledge of the types of technology and assets used by different units could allow bad actors to identify agents conducting intelligence, surveillance, or transportation, and avoid further detection by law enforcement. Disclosure of the identified operational details could allow bad actors to deduce law enforcement presence, and conversely, areas where investigative resources may not be focused, and exploit that information to develop and employ more effective countermeasures to diminish the effectiveness of USBP’s law enforcement mission, and impact agent and public safety.

(Exhibit E at 5.) Plaintiffs object that the information on page 7 of Exhibit A (Bates 1352) is generic and does not include details about the kinds of technology and assets used by different units. (Pltf. Opp. at 4.) While it is not highly specific, the bullet-list does disclose some information about how Border Patrol performs operations involving certain types of subjects and generally the kinds of surveillance they employ.[3] Thus, the request to redact is **GRANTED** as to this material. However, if appropriate, the Court will entertain a request to unseal this information if it turns out to be material to the disposition of an issue in this case, as that would indicate a stronger public interest in the withheld information.

Thus, the Court **ORDERS**:

1. Defendants’ request to file Exhibits A-D with redactions is **GRANTED IN PART AND DENIED IN PART** as set forth above.
2. Defendants **SHALL** prepare versions of Exhibits A-D that reflect the Court’s rulings and **SHALL** permit Plaintiffs an opportunity to review the new versions before

[3] The Court does not believe this information is analogous to the material the magistrate judge discussed in his September 15, 2025 order. (*See* Doc. 90 at 5-7 (denying request to seal generic information that was either already public in some form or were not so uniquely sensitive to outweigh the public’s right to know about the types of enforcement techniques in dispute in this case).)

submitting them to the Court for docketing. *See* L.R. 141(e)(2)(i).

IT IS SO ORDERED.

Dated: _October 15, 2026_

UNITED STATES DISTRICT JUDGE