UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED FARM WORKERS, *et al.*,<br>Plaintiffs,<br>v.<br>KRISTI NOEM, *et al.*,<br>Defendants. | Case No. 1:25-cv-00246-JLT-CDB<br>ORDER RESOLVING THE PARTIES' INFORMAL DISCOVERY DISPUTES REGARDING PLAINTIFFS' REQUESTS FOR PRODUCTION OF DOCUMENTS AND ESI<br>(Doc. 243) |

Pending before the Court is a discovery dispute that the parties have agreed to submit for adjudication through the Court's informal discovery dispute procedure. Following review of the parties' joint discovery dispute brief (Doc. 243), on November 6, 2026, the Court convened on the record with counsel for Plaintiffs (Natalie Heim, Christopher Sun, and Bree Bernwanger) and counsel for Defendants (Tim Ramnitz, Aysha Iqbal and Olga Kuchins) via Zoom for conference. (Doc. 249). At the beginning of the conference, the parties agreed to resolution of the identified discovery disputes outside the Local Rule 251 formal parameters and agreed to abide by an anticipated order of the Court resolving the disputes to the exclusion of seeking relief through a motion to compel or otherwise, reserving only the parties' rights to seek review of the undersigned's order by the assigned district judge pursuant to Fed. R. Civ. P. 72(a). For the reasons set forth below and preserved on the record of the informal discovery dispute conference, the Court rules as follows.

# I. Relevant Background

The parties are familiar with the relevant background of the case, which the undersigned has summarized in orders resolving the parties' earlier discovery disputes (Docs. 130, 178, 198) and incorporates here. The discovery dispute now before the Court involves three issues:

First, Plaintiffs challenge Defendants' objections and failure to produce documents in response to six identified requests for production of documents ("RPD"). On July 23, 2026, the Court addressed and resolved the parties' earlier discovery disputes regarding these same RPDs and some of the same objections. *See* (Doc. 198).

Second, Plaintiffs challenge Defendants' demand following extensive meet-and-confer efforts to incorporate certain limits on the search-terms Defendants will employ in their anticipated search and collection of ESI subject to discovery.

Third, Plaintiffs challenge Defendants' identification of Corey Lewandowski as the sole document custodian within DHS to be searched for discoverable information.

# II. Discussion

The Court cited the relevant governing legal standards in its order dated April 17, 2026 (*see* Doc. 178) and incorporates that recital here.

## A. Plaintiffs' RPDs Nos. 3, 4, 11, 23, 46, and 55

On July 23, 2026, the Court entered an order overruling Defendants' anticipated assertion of relevance and proportionality objections to Plaintiffs' RPDs Nos. 3, 4, 11, 23, 46, and 55. (Doc. 198). Nevertheless, on August 17, 2026, Defendants served upon Plaintiffs objections and responses to Plaintiffs' RPDs in which they assert, among other objections, "Objections That Apply to All Requests for Production," including relevance and proportionality objections. (Doc. 243, Declaration of Reaghan E. Braun ["Braun Decl."], Exhibit B). Defendants also asserted in their specific responses to Plaintiffs' RPDs Nos. 3, 4, 11, 23, 46, and 55 objections on the grounds of "unduly broad, overly burdensome, and disproportionate." *Id.* When questioned by the Court at the informal discovery dispute conference about this discrepancy, counsel for Defendants acknowledged that there is no

remaining dispute that Defendants are prohibited from objecting to and refusing to produce documents and information responsive to Plaintiffs' RPDs Nos. 3, 4, 11, 23, 46, and 55 on relevance and proportionality grounds. (Doc. 257 at 4).

Defendants' assertion of these objections just four weeks after the Court entered its order plainly overruling Defendants' relevance and proportionality objections implicates bad faith. To the extent Defendants take the position that objections on overbreadth and burdensomeness grounds are somehow not subsumed by the Court's earlier ruling that the RPDs are not disproportionate to the needs of the case—that position is meritless. The Court's orders on the parties' earlier discovery disputes involving Plaintiffs' RPDs Nos. 3, 4, 11, 23, 46, and 55 indisputably resolved Defendants' overbreadth challenge in finding the RPDs narrowly tailored. And in finding the RPDs proportional to the case, the Court necessarily considered and overruled Defendants' burdensomeness objection. *See* Fed. R. Civ. P. 26(b)(1) (proportionality requires balancing party's burden against benefit to the case); *see also Marchand v. Mercy Med. Ctr*., 22 F.3d 933, 936 (9th Cir. 1994) (admonishing parties to "focus on the goal of the Rules, full and efficient discovery, not evasion and word play"). The Court admonishes Defendants' counsel that it will not tolerate disregard or subversion of its plain rulings that inevitably results in unreasonable multiplication of these proceedings and unnecessary consumption of the Court's limited resources.

As for the additional objections asserted on grounds of vagueness and overbreadth and the specific objections asserted by ICE in response to Plaintiffs' RPDs Nos. 3, 4, 11, 23, 46, and 55, they are overruled for the reasons set forth and preserved on the record of the informal discovery dispute conference (*see* Doc. 257 at 31-35). *Jadwin v. Cnty. of Kern*, No. 1:07-cv-0026-OWW-TAG, 2008 WL 2025093, at *1 (E.D. Cal. May 9, 2008) ("The party who resists discovery has the burden to show that discovery should not be allowed, and has the burden of clarifying, explaining, and supporting its objection.") (citation omitted).

**B. Defendants' ESI Search-Term Limits**

For the reasons set forth and preserved on the record of the informal discovery dispute conference (*see, e.g.*, Doc. 257 at 5-9), Defendants' proposed geographical and operational

limits on ESI search terms (*see* Braun Decl., Appendix 1, red text) are overruled.

**C. Defendants' DHS Custodian**

Defendants' proposal to search a single DHS custodian (Corey Lewandowski) for information and materials responsive to Plaintiffs' discovery requests—particularly a custodian whose tenure at DHS began after many of the relevant events at issue in this case occurred and whose position and authority is undefined by statute or regulation and has not been clarified by Defendants in their briefing—is plainly inadequate. In response to Plaintiffs' argument that records and information maintained by Defendant Noem should be searched, Defendants raise two principal challenges. First, they argue that she, like Lewandowski, was not installed at DHS until immediately after Operation Return to Sender was undertaken. However, Defendant Noem was serving as Secretary of DHS leading up to and during the execution and aftermath of the Sacramento-based component of Operation at Large and it is reasonable to expect that, given the proximity of her installation immediately after Operation Return to Sender was undertaken, that she obtained and maintained custody of relevant documents and materials. And, unlike Lewandowski, her position and authority as DHS's senior official are clearly defined.

Second, Defendants argue that searching Defendant Noem would be unduly burdensome. Aside from the obvious implications of searching a cabinet's senior official for materials in connection with a party's discovery requests (*i.e.*, that a vast amount of information will be subject to search and review), Defendants make little to no effort to quantify the supposed burden involved.

For these reasons, and because Defendants have proposed no alterative, the Court will direct Defendants to add Defendant Noem as a DHS custodian.

## IV. <u>Conclusion and Order</u>

Based on the foregoing and for the reasons set forth and preserved on the record of the informal discovery dispute conference, IT IS HEREBY ORDERED that:

1. Within 10 days, Defendants shall serve an amended version of their pleading entitled "DEFENDANTS' OBJECTIONS AND RESPONSES TO PLAINTIFFS' PROPOSED

FURTHER NARROWING OF RFP Nos. 3, 4, 11, 23, 27, 46, 53, 55, AND 56," dated August 17, 2026 (*see* Braun Decl., Exhibit A) that removes all objections overruled by the Court in previous orders and herein;

2. Within 21 days, Defendants shall commence rolling production of documents and information (including both ESI and non-ESI) reviewed to date and deemed responsive to Plaintiffs' operative requests for production of documents and agreed-upon search terms;
3. Within 30 days, Defendants shall use Plaintiffs' proposed Collection Terms (*see* Braun Decl., Appendix 1) to search for and collect the full scope of custodial documents that hit on Plaintiffs' Collection Terms, upload those documents to Defendants' document review platform, and provide to Plaintiffs de-duplicated, per-term search term reports ("STRs") on Plaintiffs' Collection Terms;
4. Defendants shall include Defendant Noem, Cori Lewandowski, and any other necessary DHS custodian in connection with the document and ESI search ordered herein;
5. No later than seven (7) days following Defendants' service upon Plaintiffs of the hit counts referenced in Paragraph 3 above, Plaintiffs shall serve upon Defendants proposed Review Set Terms;
6. No later than 14 days after Plaintiffs serve Defendants with Plaintiffs' Review Set Terms, Defendants shall provide to Plaintiffs their position and counterproposals and shall provide a STR for Plaintiffs' and Defendants' Review Set Terms; and

*Remainder of This Page Intentionally Left Blank*

7. Within seven (7) days after completion of the duties described in Paragraphs 3 through 6 above, Defendants shall initiate meet and confer efforts with Plaintiffs to address any disputes regarding search terms and collection/review/production methodology. If meet/confer efforts are not fully successful in resolving such disputes, Plaintiffs are authorized to file a motion to compel pursuant to Rule 37. In support of any such motion to compel for which expenses or sanctions are sought, Plaintiffs may include relevant declarations and billing records. *See* Fed. R. Civ. P. 16(f), 37(a)(5) & (b)(2).

IT IS SO ORDERED.

Dated: **November 23, 2026**

UNITED STATES MAGISTRATE JUDGE